United States District Court
Southern District of Texas
FILED

SEP 0 9 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GUADALUPE AND AMELIA GUERRA, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVES OF THE ESTATE OF CINDY GUERRA, DECEASED, and LISA GUERRA, INDIVIDUALLY, <br><br> RENE GARZA AND PATRICIA GARZA, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVES OF THE ESTATE OF JENNIFER GARZA, DECEASED, <br><br> and <br><br> JOE ALFARO, INDIVIDUALLY, <br><br> Plaintiffs, <br><br> VS. <br><br> ALLIED VAN LINES, INC. and SORENSEN MOVING AND STORAGE COMPANY INC., <br><br> Defendants. | CIVIL ACTION NO. B-03-142 <br><br> TRIAL BY JURY REQUESTED |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW Plaintiffs Guadalupe and Amelia Guerra, individually and as personal representatives of the estate of Cindy Guerra, deceased; Lisa Guerra, individually; Rene Garza and Patricia Garza, individually and as personal representatives of the estate of Jennifer Garza, deceased; and Joe Alfaro, individually, and file this First Amended Complaint against the Defendants Allied Van Lines, Inc., and Sorensen Moving and Storage Company Inc. In support thereof, Plaintiffs would respectfully show the Court that:

## A. Parties

1. Plaintiffs Guadalupe and Amelia Guerra, individually and as personal representatives of the estate of Cindy Guerra, deceased, and Lisa Guerra, individually, are citizens and residents of Cameron County, Texas, in the Brownsville Division of the Southern District of Texas.

Plaintiffs Guadalupe and Amelia Guerra bring this action individually and as personal representatives of the estate of the decedent, their natural daughter, Cindy Guerra, who was a citizen and resident of Cameron County, Texas, in the Brownsville Division of the Southern District of Texas, and as beneficiaries entitled to recover under the Texas Wrongful Death Statute and the Texas Survival Statute, TEX. CIV. PRAC. & REM. CODE ANN. § 71.001 *et seq.*, and 71.021, respectively, and all other applicable laws. Such Plaintiffs are the only known beneficiaries entitled to recover pursuant to Texas law, but in the event other parties are determined to be beneficiaries, Plaintiffs bring this action in behalf of and as representatives of all beneficiaries, and reserve the right to amend this pleading accordingly.

2. Plaintiffs Rene Garza and Patricia Garza, individually and as personal representatives of the estate of Jennifer Garza, deceased, are citizens and residents of Cameron County, Texas, in the Brownsville Division of the Southern District of Texas.

Plaintiffs Rene and Patricia Garza bring this action individually and as personal representatives of the estate of the decedent, their natural daughter, Jennifer Garza, who was a citizen and resident of Cameron County, Texas, in the Brownsville Division of the Southern District of Texas, and as beneficiaries entitled to recover under the Texas

Wrongful Death Statute and the Texas Survival Statute, TEX. CIV. PRAC. & REM. CODE ANN. § 71.001 *et seq.,* and 71.021, respectively, and all other applicable laws. Such Plaintiffs are the only known beneficiaries entitled to recover pursuant to Texas law, but in the event other parties are determined to be beneficiaries, Plaintiffs bring this action in behalf of and as representatives of all beneficiaries, and reserve the right to amend this pleading accordingly.

3.    Plaintiff Joe Alfaro, individually is a citizen and resident of Cameron County, Texas, in the Brownsville Division of the Southern District of Texas.

4.    Defendant Allied Van Lines, Inc. is incorporated in the State of Delaware and has its principal place of business in the State of Indiana. The Defendant is doing business in and is licensed to do business in the State of Texas. Defendant has been served with citation but has not yet answered.

5.    Defendant Sorensen Moving and Storage Company Inc. is incorporated in the State of Florida and has its principal place of business in the State of Florida. At all times material hereto, the Defendant Sorensen Moving and Storage Company Inc. was acting as an agent of the Defendant Allied Van Lines, Inc., and was doing business in that capacity in the State of Texas. Such Defendant does not have a registered agent for service in Texas and service of process on such Defendant has been mailed to the Texas Secretary of State according to the laws of the State of Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 et. seq. as follows: The Secretary of the State of Texas, P.O. Box 12887, Austin, Texas 78711-2887. The Secretary of State will then immediately mail a copy of the process by registered or certified mail, return receipt requested, to the President/Chief Executive Officer or officer or agent for service of Sorensen Moving and

Storage Company Inc., 950 Eau Gallie Boulevard, Melbourne, Florida 32935. Defendant has not yet answered.

### B. Jurisdiction

6.   The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332 because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

### C. Venue

7.   Venue is proper in the Brownsville Division of the Southern District of Texas, where all the Plaintiffs reside and where all applicable probate proceedings will be filed, pursuant to 28 U.S.C. § 1391, in that Texas is a State which has more than one judicial district and in which the Defendants are subject to personal jurisdiction in Texas as of the time of the commencement of this action. Thus, such Defendants are deemed to reside in the Southern District of Texas because such Defendants maintain contacts that would be sufficient to subject them to personal jurisdiction if the Southern District of Texas were a separate State.

8.   At all times material hereto, Defendants Allied Van Lines, Inc. and Sorensen Moving and Storage Company Inc. were interstate trucking motor carriers operating their trucks in interstate commerce nationwide and maintaining trucking operations through agencies within the State of Texas.

9.   At all times material hereto, Defendants Allied Van Lines, Inc. and Sorensen Moving and Storage Company Inc. regularly and systematically do business on a continuing basis

in the State of Texas, including but not limited to conducting regular motor carrier interstate operations throughout the State of Texas and in the Southern District of Texas.

### D. Facts

10. This lawsuit arises from a collision that occurred on or about July 20, 2003, on Interstate 10 eastbound between Butte La Rose and Whiskey Bay, Louisiana. The Guerra family, including the driver Guadalupe Guerra and his wife Amelia Guerra, and their two daughters, Lisa and Cindy Guerra, together with Jennifer Garza and Joe Alfaro were in a vehicle traveling eastbound on Interstate 10.

11. Mr. Guerra was operating his vehicle reasonably and prudently when a tractor trailer vehicle operated by Defendants Allied Van Lines, Inc. and Sorensen Moving and Storage Company Inc. either struck or caused another vehicle to strike the Guerras' vehicle from behind.

12. As a result of the collision, the Plaintiffs and Plaintiffs' decedents suffered devastating injuries and death.

13. Plaintiffs Guadalupe, Amelia, and Lisa Guerra and Joe Alfaro suffered burns and injuries to their bodies.

14. Decedents Cindy Guerra and Jennifer Garza sustained severe burns and other injuries and died as a result of the collision.

### E. Negligence

15. At all times material to this cause of action the Defendants Allied Van Lines, Inc. and Sorensen Moving and Storage Company Inc., and those for whom they are in law fully responsible, including but not limited to the driver of the tractor-trailer vehicle involved in

the collision of July 20, 2003, engaged in conduct constituting negligence and gross negligence in the operation of the tractor-trailer vehicle and in the screening, hiring, training, and supervising of the driver of the tractor-trailer vehicle in question.

16. More specifically at the time of the collision, the driver of the tractor-trailer was the statutory employee of such Defendants by operation of law under the Federal Motor Carrier Safety Act, 49 USCA § 14102 (2001); 49 CFR § 376.11-12 (2001), and other applicable law, and such Defendants had a duty to exercise ordinary care and operate such vehicle reasonably and prudently at the time of the collision in question.

17. Such Defendants, and those for whom they are in law fully responsible, including the driver of the tractor-trailer vehicle, breached that duty and the breach of that duty by the Defendants was a proximate cause of the occurrence in question and the deaths of Cindy Guerra and Jennifer Garza and the injuries and damages sustained by all of the Plaintiffs herein.

18. At the time of the collision, the Defendants, and those for whom they are in law fully responsible, were operating such tractor-trailer vehicle in interstate commerce.

### F. Damages

19. As a direct and proximate result of the Defendants' negligence and gross negligence, Plaintiffs suffered the following injuries and damages:

    a. physical pain and mental anguish in the past and future;

    b. lost earnings in the past and future;

    c. loss of earning capacity in the past and future;

    d. disfigurement in the past and future;

    e. physical impairment in the past and future;

f.  medical, hospital, and related expenses in the past and future;

g.  loss of consortium in the past and future;

h.  loss of the positive benefits flowing from the love, comfort, companionship, and society that Guadalupe and Amelia Guerra, in reasonable probability, would have received from Cindy Guerra had she lived;

i.  emotional pain, torment, and suffering experienced by Guadalupe and Amelia Guerra because of the death of Cindy Guerra;

j.  loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Guadalupe and Amelia Guerra, in reasonable probability, would have received from Cindy Guerra had she lived;

k.  the conscious physical and emotional pain, torment, and suffering experienced by Cindy Guerra before her death as a result of the occurrence in question;

l.  loss of the positive benefits flowing from the love, comfort, companionship, and society that Rene and Patricia Garza, in reasonable probability, would have received from Jennifer Garza had she lived;

m.  emotional pain, torment, and suffering experienced by Rene and Patricia Garza because of the death of Jennifer Garza;

n.  loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Rene and Patricia Garza, in reasonable probability, would have received from Jennifer Garza had she lived; and

o.  the conscious physical and emotional pain, torment, and suffering experienced by Jennifer Garza before her death as a result of the occurrence in question.

As a result of such occurrence, and the death of Cindy Guerra and the extensive and devastating injuries to Lisa Guerra, Plaintiffs Guadalupe Guerra and Amelia Guerra are entitled to recover for their damages by reason of witnessing the events and occurrences giving rise to the death of Cindy Guerra and the

devastating injuries to Lisa Guerra, and hereby bring suit to recover damages as bystanders as allowed by the laws and the Constitution of the State of Texas.

### G. Prayer

20. WHEREFORE, Plaintiffs Guadalupe and Amelia Guerra, individually and as personal representatives of the estate of Cindy Guerra, deceased; Lisa Guerra, individually; Rene Garza and Patricia Garza, individually and as personal representatives of the estate of Jennifer Garza, deceased; and Joe Alfaro, individually, respectfully pray for judgment as follows:

    a. For all compensatory damages as allowed by law against Defendants in an amount to be proved at trial;

    b. For all exemplary damages as allowed by law against Defendants in an amount to be proved at trial;

    c. For costs of suit;

    d. Prejudgment and post-judgment interest; and

    e. For such other and further relief as this Court deems proper.

### Jury Demand

Plaintiffs have previously requested a trial by jury.

Respectfully submitted,

MITHOFF & JACKS, L.L.P.

_____
RICHARD WARREN MITHOFF
Attorney-In-Charge
State Bar No. 14228500
Federal I.D. No. 2102
WILLIAM J. STRADLEY
Of Counsel
State Bar No. 19353000
Federal I.D. No. 397
JANIE L. JORDAN
Of Counsel
State Bar No. 11012700
Federal I.D. No. 17407
500 Dallas Street, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 (Fax)

**ATTORNEYS FOR THE PLAINTIFFS**