IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GUADALUPE AND AMELIA GUERRA, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVES OF THE ESTATE OF CINDY GUERRA, DECEASED, and LISA GUERRA, INDIVIDUALLY | § § § § § § § | |
| RENE GARZA AND PATRICIA GARZA, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JENNIFER GARZA, DECEASED, | § § § § | CIVIL ACTION NO. B-03-142 |
| and | § § | TRIAL BY JURY REQUESTED |
| JOE ALFARO, INDIVIDUALLY, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | |
| ALLIED VAN LINES, INC. and SORENSON MOVING AND STORAGE COMPANY, INC., | § § § § | |
| Defendants. | § § | |

## ORIGINAL ANSWER OF DEFENDANT, ALLIED VAN LINES, INC. TO PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, ALLIED VAN LINES, INC. ("**ALLIED**"), one of the Defendants herein, and files this Original Answer in response to Plaintiffs' Original Complaint and would show the Court as follows:

### I.

### **Affirmative Defense**

ALLIED affirmatively denies that venue is proper in the Brownsville Division of the Southern District of Texas under 28 U.S.C. § 1391 and pursuant to 28 U.S.C. § 1406(a) this Court should dismiss this lawsuit or alternatively transfer this case to the Lafayette Division of the Western District of Louisiana where the subject accident occurred. Alternatively, and if necessary, at the appropriate time ALLIED will file a 28 U.S.C. 1404a Motion for Transfer Venue to the Lafayette Division of the Western District of Louisiana.

### II.

1.   ALLIED admits Plaintiffs, Guadalupe and Amelia Guerra, have sued in this action in the capacities they allege. Allied is presently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in ¶ 1 and therefore, denies the same.

2.   ALLIED admits Plaintiffs, Rene Garza and Patricia Garza, have sued in this action in the capacities they allege. ALLIED is presently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in ¶2 and therefore, denies the same.

3.   ALLIED is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶3 and therefore, denies the same.

4.   ALLIED admits it is incorporated in the State of Delaware but its principal place of business is in the State of Illinois, not Indiana.

5.   ALLIED admits that Sorensen Moving and Storage Company, Inc. is incorporated and has its principal place of business in the State of Florida. Whether Sorensen Moving and Storage Company, Inc.. was acting as an agent of ALLIED in connection with the movement of the shipment in question is a legal question which depends upon facts not yet established and written

contracts which are the best evidence of the agreement between the parties. ALLIED is without sufficient information to state whether Sorensen Moving and Storage Company, Inc. was doing business in any capacity in the State of Texas. ALLIED admits on information and belief that Sorensen Moving and Storage, Inc. does not have a registered agent for service in Texas. ALLIED is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of ¶5 and therefore, denies the same.

6. ALLIED admits this Court has jurisdiction.

7. ALLIED denies that venue is proper in the Brownsville Division of the Southern District of Texas pursuant to 28 U.S.C. § 1391. ALLIED is presently without knowledge or information sufficient to form a belief as to Plaintiffs' residence and probate proceedings and, therefore, denies the same. ALLIED denies that it is deemed to reside in the Southern District of Texas and denies on information and belief that Sorensen Moving and Storage, Company, Inc. is deemed to reside in the Southern District of Texas.

8. ALLIED admits it is an interstate carrier. ALLIED is presently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in ¶8 and therefore, denies the same.

9. ALLIED admits it does business in the State of Texas. ALLIED is presently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in ¶9 and therefore, denies the same.

10. ALLIED admits the allegations in ¶ 10.

11. ALLIED is presently without knowledge or information sufficient to form a belief as to how Mr. Guerra was operating his vehicle and therefore denies that portion of ¶ 11. ALLIED admits that a tractor trailer vehicle operated on its behalf either struck or caused another vehicle to strike

the Guerras' vehicle. Whether Sorensen Moving and Storage Company, Inc. operated the tractor trailer is a legal question which depends upon facts not yet established and written contracts which are the best evidence of the agreement between the parties.

12.   ALLIED admits that Cindy Guerra and Jennifer Garza died and Lisa Guerra and Jose Alfaro were seriously injured, but ALLIED is presently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in ¶12 and therefore, denies the same.

13.   ALLIED admits that Lisa Guerra and Jose Alfaro suffered burns and injuries. ALLIED is presently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in ¶13 and therefore, denies the same.

14.   ALLIED admits the allegations in ¶ 14.

15.   ALLIED denies the allegations in ¶ 15.

16.   ALLIED denies the allegations in ¶ 16, which calls for legal conclusions.

17.   ALLIED denies the allegations in ¶ 17.

18.   ALLIED admits the allegations in ¶ 18 to the extent the allegations apply to ALLIED. Whether Sorensen Moving and Storage Company, Inc. operated the tractor trailer is a legal question which depends upon facts not yet established and written contracts which are the best evidence of the agreement between the parties.

19.   ALLIED denies the allegations in ¶ 19.

20.   ALLIED denies that Plaintiffs are entitled to their claims for relief contained in their Prayer.

### III

### Choice of Law

ALLIED pleads the applicability of Louisiana Law.

## IV.

## Comparative Fault

If ALLIED is found to be at fault, which is denied, it is only responsible for its own degree or percentage of fault, and is not responsible for any degree or percentage of fault of others, whether a party to this action or not, including but not limited to any fault assignable to those that caused the traffic tie up before the accident in question or those responsible for the design, maintenance and operation of Interstate 10 where the accident occurred.

## V.

## Unconstitutionality of Punitive Damages

**These legal contentions are for the court only.** The claims for punitive, exemplary, or enhanced damages and/or any judgment for same are unenforceable due to the following:

1. On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages are criminal or quasi-criminal in nature, and Plaintiffs should therefore be required to prove the basis of such damages beyond a reasonable doubt; the failure to require Plaintiffs to do so amounts to a denial of due process and due course of law and of equal protection under the Constitutions of the United States of America and the State of Texas.

2. On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would constitute a taking of property without due process of law in contravention of the due process and due course of law provision of the Constitutions of the United States of America and the State of Texas.

3. On their face and as applied to the facts of this case, under Texas law the measure of damages is so vague and ambiguous that the basis of such damages cannot clearly and readily be identified in advance so as to guide the behavior of individuals and entities in their actions, thus constituting an ex post facto law, which is prohibited by the Constitutions of the United States of America and the State of Texas.

4. On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States of America, as applied through the Fourteenth Amendment of the same constitution.

4.1 On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would result in the imposition of grossly excessive or arbitrary punishment on Defendant in violation of the Fourteenth Amendment due process clause of the Constitution of the United States of America. *State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 Sup. Ct. 1513 (2003).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **ALLIED VAN LINES, INC.** prays that pursuant to 28 U.S.C. § 1406(a) this Court dismiss this lawsuit or alternatively transfer this case to the Lafayette Division of the Western District of Louisiana where the subject accident occurred; and upon final hearing that it be discharged without liability and be granted all other relief, either in law or in equity, which the Court deems proper.

Respectfully submitted,

**John W. Waters, Jr.**
LA State Bar No. 13258
LA Federal I.D. No. 13258
**BIENVENU, FOSTER, RYAN & O'BANNON**
1010 Common Street, Suite 2200
New Orleans, LA 70112-2401
Telephone No.: (504) 581-2146
Telecopier No.: (504) 522-7859

By:_____
**Tom Lockhart**
Texas State Bar No. 12473500
Texas Federal I.D. No. 2257
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, TX 78551-1429
Telephone No.: (956) 428-7495
Telecopier No.: (956) 428-2954

**ATTORNEYS FOR DEFENDANT ALLIED VAN LINES**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of September, 2003, a true and correct copy of the above and foregoing pleading was mailed to counsel for Plaintiffs as follows:

Mr. Richard Warren Mithoff
Mr. William J. Stradley
Ms. Janie J. Jordan
**MITHOFF & JACKS, L.L.P.**
500 Dallas Street, Suite 3450
Houston, Texas 77002
Attorneys for Plaintiffs

_____
TOM LOCKHART