IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 7 2003

Michael N. Milby
Clerk of Court

GUADALUPE AND AMELIA GUERRA, §
INDIVIDUALLY AND AS PERSONAL §
REPRESENTATIVES OF THE ESTATE §
OF CINDY GUERRA, DECEASED, and §
LISA GUERRA, INDIVIDUALLY §
§
RENE GARZA AND PATRICIA GARZA, §
INDIVIDUALLY AND AS PERSONAL §
REPRESENTATIVE OF THE ESTATE §
OF JENNIFER GARZA, DECEASED, §     CIVIL ACTION NO. B-03-142
§
and §                              TRIAL BY JURY REQUESTED
§
JOE ALFARO, INDIVIDUALLY, §
§
Plaintiffs, §
§
VS. §
§
ALLIED VAN LINES, INC. and §
SORENSEN MOVING AND STORAGE §
COMPANY, INC., §
§
Defendants. §

**ORIGINAL ANSWER OF DEFENDANT, SORENSEN MOVING
AND STORAGE COMPANY, INC. TO PLAINTIFFS'
FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, SORENSEN MOVING AND STORAGE COMPANY, INC. ("SORENSEN"), one of the Defendants herein, and files this Original Answer in response to Plaintiffs' First Amended Original Complaint and would show the Court as follows:

I.

## Affirmative Defense - No Jurisdiction

SORENSEN affirmatively denies that this Court has personal jurisdiction over it. SORENSEN does not do business in Texas and is not subject to process in Texas. SORENSEN has had no minimum contacts with Texas. The Court's assumption of jurisdiction over SORENSEN:

(1)   offends traditional notions of fair play and justice;

(2)   violates due course of law under the Texas Constitution, art. I, §§ 13 and 19; and

(3)   violates due process under the U.S. Constitution, 14th Amendment.

II.

## Affirmative Defense - Improper Venue

Alternatively, SORENSEN affirmatively denies that venue is proper in the Brownsville Division of the Southern District of Texas under 28 U.S.C. § 1391 and pursuant to 28 U.S.C. § 1406(a) this Court should dismiss this lawsuit or alternatively transfer this case to the Lafayette Division of the Western District of Louisiana where the subject accident occurred. Alternatively, and if necessary, at the appropriate time SORENSEN will file a 28 U.S.C. 1404a Motion for Transfer Venue to the Lafayette Division of the Western District of Louisiana.

III.

1.   SORENSEN admits Plaintiffs, Guadalupe and Amelia Guerra, have sued in this action in the capacities they allege. SORENSEN is presently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in ¶ 1 and therefore, denies the same.

2.   SORENSEN admits Plaintiffs, Rene Garza and Patricia Garza, have sued in this action in the capacities they allege. SORENSEN is presently without knowledge or information sufficient to

form a belief as to the truth of the remainder of the allegations in ¶ 2 and therefore, denies the same.

3. SORENSEN is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 3 and therefore, denies the same.

4. SORENSEN admits that Allied Van Lines, Inc. is incorporated in the State of Delaware but its principal place of business is in the State of Illinois, not Indiana.

5. SORENSEN admits it is incorporated and has its principal place of business in the State of Florida. Whether SORENSEN was acting as an agent of Allied Van Lines, Inc. in connection with the movement of the shipment in question is a legal question which depends upon facts not yet established and written contracts which are the best evidence of the agreement between the parties; to the extent, if any, a relationship existed between SORENSEN and Allied Van Lines, Inc. for the subject tractor trailer trip and accident, it was an agent/principal relationship. SORENSEN admits that it does not have a registered agent for service in Texas. SORENSEN denies that service of process has been mailed to Texas Secretary of State according to the laws of the State of Texas. SORENSEN denies that it is subject to personal jurisdiction in this Court. SORENSEN is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of ¶ 5 and therefore, denies the same.

6. SORENSEN admits the Court has subject matter jurisdiction under 28 U.S.C. § 1332 but as previously stated, SORENSEN denies that this Court has personal jurisdiction over it.

7. SORENSEN denies that venue is proper in the Brownsville Division of the Southern District of Texas pursuant to 28 U.S.C. § 1391. SORENSEN is presently without knowledge or information sufficient to form a belief as to Plaintiffs' residence and probate proceedings and, therefore, denies the same. SORENSEN denies that it and Allied Van Lines, Inc. are deemed to reside in the Southern District of Texas.

8. SORENSEN admits that Allied Van Lines, Inc. is an interstate carrier. SORENSEN denies the allegations in ¶ 8 as they pertain to SORENSEN.

9. SORENSEN admits that Allied Van Lines, Inc. does business in the State of Texas. SORENSEN denies the allegations in ¶ 9 as they pertain to SORENSEN.

10. SORENSEN admits the allegations in ¶ 10.

11. SORENSEN is presently without knowledge or information sufficient to form a belief as to how Mr. Guerra was operating his vehicle and therefore denies that portion of ¶ 11. SORENSEN admits that a tractor trailer vehicle operated on behalf of Allied Van Lines, Inc. either struck or caused another vehicle to strike the Guerras' vehicle. SORENSEN'S relationship, if any, with the operation of the subject tractor trailer vehicle is a legal question which depends upon facts not yet established and written contracts which are the best evidence of the agreement between the parties; if any relationship existed, it was as the agent of Allied Van Lines, Inc.

12. SORENSEN admits that Cindy Guerra and Jennifer Garza died and Lisa Guerra and Jose Alfaro were seriously injured, but SORENSEN is presently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in ¶ 12 and therefore, denies the same.

13. SORENSEN admits that Lisa Guerra and Jose Alfaro suffered burns and injuries. SORENSEN is presently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in ¶ 13 and therefore, denies the same.

14. SORENSEN admits the allegations in ¶ 14.

15. SORENSEN denies the allegations in ¶ 15.

16. SORENSEN denies the allegations in ¶ 16, which calls for legal conclusions.

17. SORENSEN denies the allegations in ¶ 17.

18.    SORENSEN admits the allegations in ¶ 18 as they pertain to Allied Van Lines, Inc. SORENSEN'S relationship, if any, with the operation of the subject tractor trailer vehicle is a legal question which depends upon facts not yet established and written contracts which are the best evidence of the agreement between the parties; if any relationship existed, it was as the agent of Allied Van Lines, Inc.

19.    SORENSEN denies the allegations in ¶ 19.

20.    SORENSEN denies that Plaintiffs are entitled to their claims for relief contained in their Prayer.

## IV.

### Choice of Law

SORENSEN pleads the applicability of Louisiana Law.

## V.

### Comparative Fault

If SORENSEN is found to be at fault, which is denied, it is only responsible for its own degree or percentage of fault, and is not responsible for any degree or percentage of fault of others, whether a party to this action or not, including but not limited to any fault assignable to those that caused the traffic tie up before the accident in question or those responsible for the design, maintenance and operation of Interstate 10 where the accident occurred.

## VI.

### Unconstitutionality of Punitive Damages

**These legal contentions are for the court only.** The claims for punitive, exemplary, or enhanced damages and/or any judgment for same are unenforceable due to the following:

1.    On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages are criminal or quasi-criminal in nature, and Plaintiffs should therefore be required to prove the basis of such damages beyond a reasonable

doubt; the failure to require Plaintiffs to do so amounts to a denial of due process and due course of law and of equal protection under the Constitutions of the United States of America and the State of Texas.

2. On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would constitute a taking of property without due process of law in contravention of the due process and due course of law provision of the Constitutions of the United States of America and the State of Texas.

3. On their face and as applied to the facts of this case, under Texas law the measure of damages is so vague and ambiguous that the basis of such damages cannot clearly and readily be identified in advance so as to guide the behavior of individuals and entities in their actions, thus constituting an ex post facto law, which is prohibited by the Constitutions of the United States of America and the State of Texas.

4. On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States of America, as applied through the Fourteenth Amendment of the same constitution.

4.1 On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would result in the imposition of grossly excessive or arbitrary punishment on Defendant in violation of the Fourteenth Amendment due process clause of the Constitution of the United States of America. *State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 Sup. Ct. 1513 (2003).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **SORENSEN MOVING AND STORAGE COMPANY, INC.** prays it be dismissed from this lawsuit based on lack of personal jurisdiction or alternatively pursuant to 28 U.S.C. § 1406(a) this Court dismiss this lawsuit or alternatively transfer this case to the Lafayette Division of the Western District of Louisiana where the subject accident occurred; and upon final hearing that it be discharged without liability and be granted all other relief, either in law or in equity, which the Court deems proper.

Respectfully submitted,

**John W. Waters, Jr.**
LA State Bar No. 13258
LA Federal I.D. No. 13258
**BIENVENU, FOSTER, RYAN & O'BANNON**
1010 Common Street, Suite 2200
New Orleans, LA  70112-2401
Telephone No.:   (504) 581-2146
Telecopier No.:  (504) 522-7859

By:_____
**Tom Lockhart**
Texas State Bar No. 12473500
Texas Federal I.D. No. 2257
**Roger W. Hughes**
Texas State Bar No. 10229500
Texas Federal I.D. No.: 5950
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, TX 78551-1429
Telephone No.:  (956) 428-7495
Telecopier No.: (956) 428-2954

**ATTORNEYS FOR DEFENDANT SORENSEN MOVING AND STORAGE COMPANY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___7th___ day of November, a true and correct copy of the above and foregoing pleading was mailed to counsel for Plaintiffs:

Mr. Richard Warren Mithoff
Mr. William J. Stradley
Ms. Janie J. Jordan
**MITHOFF & JACKS, L.L.P.**
500 Dallas Street, Suite 3450
Houston, Texas 77002
Attorneys for Plaintiffs

_____
**TOM LOCKHART**