IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GUADALUPE AND AMELIA GUERRA, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVES OF THE ESTATE OF CINDY GUERRA, DECEASED, and LISA GUERRA, INDIVIDUALLY, | § § § § § § | |
| RENE GARZA AND PATRICIA GARZA, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVES OF THE ESTATE OF JENNIFER GARZA, DECEASED, | § § § § § § | CIVIL ACTION NO. B-03-142 TRIAL BY JURY REQUESTED |
| and | § § | |
| JOE ALFARO, INDIVIDUALLY, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | |
| ALLIED VAN LINES, INC. and SORENSEN MOVING AND STORAGE COMPANY INC., | § § § § | |
| Defendants. | § § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN

1.   State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   **The meeting of the parties was held by a telephone conference call on Tuesday, November 11, 2003, at 10:00 a.m. Counsel present for the Plaintiffs were Richard Warren Mithoff, William J. Stradley, and Janie L. Jordan, and counsel for the Defendants were Tom Lockhart and John W. Waters, Jr.**

2.   List the cases related to this one that are pending in any state or federal court with the case number and court.

   **None currently.**

3. Specify the allegation of federal jurisdiction.

   **Jurisdiction is based upon diversity of the parties.**

4. Name the parties who disagree and the reasons.

   **The parties agree as to subject matter jurisdiction. However, Defendant Sorensen Moving and Storage Company, Inc. does not agree to personal jurisdiction for the reasons set out in Sorensen's Answer paragraph 1.**

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **At this time the parties know of no other additional parties but reserve the right to seek permission and leave of court to add any additional appropriate parties identified during discovery.**

6. List anticipated interventions.

   **None known at this time.**

7. Describe class-action issues.

   **None.**

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   *The parties have agreed to make their initial disclosures within 14 days of November 11, 2003, the date of their Rule 26(f) conference.*

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

      **(1) The parties know of no changes that should be made in the timing, form, or requirement for disclosure under Rule 26(a) and their Rule 26(a)(1) disclosures will be made within 14 days of November 11, 2003, the date of their Rule 26(f) conference.**

      **(2) The parties anticipate that discovery may be needed on the subjects of jurisdiction and venue, liability and damages. Further, the parties anticipate beginning with discovery on the issue of jurisdiction and**

venue as the Defendants have advised they intend to file preliminary motions addressing jurisdiction and venue. The parties agree that they can reasonably complete all discovery in this case by July 31, 2004.

(3) The parties know of no changes that should be made in the limitations on discovery under the federal rules or by local rule, except that the parties have agreed that there will be no limit on the number of interrogatories that may be propounded by any party.

(4) The parties are not aware of any other orders that should be entered by the Court.

B.  When and to whom the plaintiff anticipates it may send interrogatories.

**Plaintiffs anticipate that they will send interrogatories beginning December 1, 2003 to the Defendants and may send additional interrogatories to individuals or entities as discovery develops and that are indicated by the discovery.**

C.  When and to whom the defendant anticipates it may send interrogatories.

**Plaintiffs.**

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

At this time, Plaintiffs anticipate that they will take the oral depositions of the following individuals or representatives:

(1) Representatives of Defendants, including representatives regarding the safety, hiring, training, monitoring, and supervision of drivers.

(2) Certain investigators and governmental employees and/or officials who were involved in the investigation of the incident in question which may include Trooper Harold Williams and Master Trooper Richard Elliott who investigated the incident in question for the Louisiana State Police and the coroner and deputy coroner.

(3) Medical providers and treaters for the Plaintiffs, including Dr. Andrew Hargroder, Dr. Ray Acebo, and Dr. Maria Dill.

(4) Certain witnesses to the incident in question which may include Kristen and Jason Bybee, Matthew Voelkel, Dr. Ken LeBlanc, Kim and Jeff Hebert, Paul Trahan, Lea Guidry, Gerald and Debbie Valentine.

  **(5) Defendants experts.**

  **As discovery develops, Plaintiffs may have other individuals or representatives they wish to depose including other witnesses to the incident in question, other individuals involved in the investigation in question, other medical providers and treaters of the Plaintiffs, and other fact witnesses.**

  **Plaintiffs anticipate beginning deposition testimony as soon as possible and anticipate that they will be completed within the proposed discovery deadline.**

E.  Of whom and by when the defendant anticipates taking oral depositions.

  **Plaintiffs.**

F.  When the plaintiff (or the party with the burden of proof of an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

  **Plaintiffs anticipate that they will be able to designate and provide reports from their experts by April 1, 2004.**

  **Defendants anticipate that they will be able to designate and provide reports from their experts by May 17, 2004.**

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

  **Plaintiffs anticipate taking the depositions of Defendants' expert witnesses that are designated and anticipate completing these depositions on or before the proposed discovery deadline of July 31, 2004.**

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

  **Defendants anticipate taking the depositions of Plaintiffs' expert witnesses that are designated and anticipate completing these depositions on or before the proposed discovery deadline of July 31, 2004.**

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **The parties have agreed to this discovery plan.**

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **The parties have exchanged informal discovery.**

12. State the date the planned discovery can reasonably be completed.

    **The planned discovery can reasonably be completed by July 31, 2004.**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **The parties discussed scheduling mediation after there has been sufficient time for the evaluation of the Plaintiffs' claims.**

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **The Plaintiffs have provided the Defendants with documentation regarding their claims, including medical records, billing records, photographs, and a videotape. The Defendants have provided Plaintiffs with documents regarding contractual agreements between the Defendants, documentation regarding the driver of the tractor trailer as well as trip information, and insurance coverage information.**

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    **The parties agree that mediation is suitable for this case and should be conducted after there has been sufficient time for the evaluation of the Plaintiffs' claims.**

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The parties are opposed to having this case heard before a magistrate judge.**

17. State whether a jury demand has been made and if it was made on time.

    **Plaintiffs made a timely demand for a jury trial.**

18. Specify the number of hours it will take to present the evidence in this case.

    **The parties anticipate that it will take approximately 80 hours (7-10 days) to present the evidence in this case.**

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **There are currently no pending motions.**

20. List other motions pending.

    **There are currently no pending motions.**

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **Defendants anticipate filing Rule 12(b) and (d) Motions to Dismiss Sorensen for Lack of Jurisdiction and Dismiss Allied and Sorensen for improper venue and alternatively Rule 1404 Motions to Transfer Venue on behalf of Allied and Sorensen.**

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

Richard Warren Mithoff
Mithoff & Jacks, L.L.P.
Attorney-In-Charge
State Bar No. 14228500
Federal I.D. No. 2102
William J. Stradley
State Bar No. 19353000
Federal I.D. No. 397
Janie L. Jordan
State Bar No. 11012700
Federal I.D. No. 17407
500 Dallas Street, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 (Fax)

Counsel for Plaintiffs, Guadalupe and Amelia Guerra, individually and as personal representatives of the estate of Cindy Guerra, deceased; Lisa Guerra, individually; Rene Garza and Patricia Garza, individually and as personal representatives of the estate of Jennifer Garza, deceased; and Joe Alfaro, individually

Eduardo Roberto Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
State Bar No. 17144000
Federal I.D. No. 1944
Joseph A. (Tony) Rodriguez
State Bar No. 17146600
Federal I.D. No. 10107
R. Patrick Rodriguez
State Bar No. 24002861
Federal I.D. No. 22949
Local Counsel
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 (Fax)

Date  11/25/03

Tom Lockhart
Adams & Graham, L.L.P.
Attorney-In-Charge
State Bar No. 12473500
Federal I.D. No. 2257
Roger Hughes
State Bar No. 10229500
Federal I.D. No. 5950
P.O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)

Counsel for Defendants, Allied Van Lines, Inc. and Sorensen Moving and Storage Company, Inc.

John W. Waters, Jr.
Bienvenu, Foster, Ryan & O'Bannon
LA State Bar No. 13258
LA Federal I.D. No. 13258
1010 Common St., Suite 2200
New Orleans, Louisiana 70112-2401
(504) 581-2146
(504) 522-7859 (Fax)

Date  11-25-03

Respectfully submitted,

*/s/ Richard Warren Mithoff*
Richard Warren Mithoff
Mithoff & Jacks, L.L.P.
Attorney-In-Charge
State Bar No. 14228500
Federal I.D. No. 2102
William J. Stradley
State Bar No. 19353000
Federal I.D. No. 397
Janie L. Jordan
State Bar No. 11012700
Federal I.D. No. 17407
500 Dallas Street, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 (Fax)

Counsel for Plaintiffs, Guadalupe and Amelia Guerra, individually and as personal representatives of the estate of Cindy Guerra, deceased; Lisa Guerra, individually; Rene Garza and Patricia Garza, individually and as personal representatives of the estate of Jennifer Garza, deceased; and Joe Alfaro, individually

*/s/ Eduardo Roberto Rodriguez*
Eduardo Roberto Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
State Bar No. 17144000
Federal I.D. No. 1944
Joseph A. (Tony) Rodriguez
State Bar No. 17146600
Federal I.D. No. 10107
R. Patrick Rodriguez
State Bar No. 24002861
Federal I.D. No. 22949
Local Counsel
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 (Fax)

*/s/ Tom Lockhart*
Tom Lockhart
Adams & Graham, L.L.P.
Attorney-In-Charge
State Bar No. 12473500
Federal I.D. No. 2257
Roger Hughes
State Bar No. 10229500
Federal I.D. No. 5950
P.O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)

*JW w/ permission*
John W. Waters, Jr.
Bienvenu, Foster, Ryan & O'Bannon
LA State Bar No. 13258
LA Federal I.D. No. 13258
1010 Common St., Suite 2200
New Orleans, Louisiana 70112-2401
(504) 581-2146
(504) 522-7859 (Fax)

Counsel for Defendants, Allied Van Lines, Inc. and Sorensen Moving and Storage Company, Inc.
8

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record by certified mail, return receipt requested, and/or hand delivery, and/or fax transmission, this 25th day of November, 2003.

Mr. Eduardo Roberto Rodriguez
Mr. Joseph A. (Tony) Rodriguez
Mr. R. Patrick Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
P.O. Box 2155
Brownsville, Texas 78522

Mr. Tom Lockhart
Mr. Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. John W. Waters, Jr.
Bienvenu, Foster, Ryan & O'Bannon
1010 Common St., Suite 2200
New Orleans, Louisiana 70112-2401

JANIE L. JORDAN