IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GUADALUPE AND AMELIA GUERRA, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVES OF THE ESTATE OF CINDY GUERRA, DECEASED, and LISA GUERRA, INDIVIDUALLY, | § § § § § § | |
| RENE GARZA AND PATRICIA GARZA, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVES OF THE ESTATE OF JENNIFER GARZA, DECEASED, | § § § § § | CIVIL ACTION NO. B-03-142 |
| and | § § | |
| JOE ALFARO, INDIVIDUALLY, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | |
| ALLIED VAN LINES, INC. and SORENSEN MOVING AND STORAGE COMPANY INC., | § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL OF
SORENSEN MOVING AND STORAGE COMPANY, INC. WITHOUT PREJUDICE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiffs herein and move the Court for an Order dismissing Sorensen Moving and Storage Company Inc. without prejudice in accordance with Federal Rule of Civil Procedure 41(a)(2) and in support thereof, Plaintiffs would respectfully show as follows:

1.   The Defendant Allied Van Lines, Inc. has appeared and answered herein. In its answer the Defendant Allied Van Lines, Inc. (hereinafter referred to as "Allied"), admits the allegations in paragraph 18 of Plaintiffs' Original Complaint to the extent that those allegations apply to Allied. Accordingly, Allied, in its answer, admits that it, and those for whom Allied is in law fully responsible, were operating the tractor-trailer vehicle in interstate commerce at the time of the collision. Further, in its answer, Allied admits that a tractor-trailer vehicle operated on its

1

behalf either struck or caused another vehicle to strike the Guerras' vehicle. See Allied's Original Answer at ¶¶ 11 & 18.

2. Sorensen Moving and Storage Company Inc. (hereinafter referred to as "Sorensen"), filed its answer herein on or about November 7, 2003 in which it denied that the service of process for Sorensen had been mailed to the Texas Secretary of State according to the laws of the State of Texas. See Sorensen's Original Answer at ¶ 5. Sorensen further alleges in paragraph 4 of its Motion for Extension of Time to File Original Answers that "[o]n September 3, 2003, SORENSEN was served with Summons and Plaintiffs' First Amended Complaint through service on the Secretary of State for delivery to 'The President/Chief Executive Officer or officer or agent for service of Sorensen' instead of 'the home office'."

3. Furthermore, Sorensen in its original answer admits, among other things, that Allied is an interstate carrier, that Allied does business in the State of Texas, and that a tractor-trailer vehicle operated on behalf of Allied either struck or caused another vehicle to strike the Guerras' vehicle. See Sorensen's Original Answer at ¶¶ 8, 9, & 11.

4. Because Allied has admitted that, at the time of the collision, the driver of the Allied tractor-trailer was acting in behalf of Allied and has further admitted that Allied is responsible for the acts and omissions of the driver of the Allied tractor-trailer at the time of the collision, Allied has established that it is responsible in law for the acts and omissions of the driver in question. Moreover, Sorensen maintains in its answer and in its Motion for Extension of Time to File Original Answers, as noted above, that there has been an insufficiency of service of process in this case as to Sorensen.

5. Allied has not filed a counterclaim.

6. There have been no previous dismissals of any parties and/or claims in this action.

7. Based on the foregoing, Plaintiffs respectfully request that the Court dismiss Sorensen from this case without prejudice. Plaintiffs will proceed with their case against the Defendant Allied Van Lines, Inc. in accordance with their First Amended Complaint on file herein.

For these reasons, Plaintiffs respectfully request that Sorensen Moving and Storage Company Inc. be dismissed without prejudice.

Respectfully submitted,

MITHOFF & JACKS, L.L.P.
500 Dallas, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 [FAX]

BY: _____
RICHARD WARREN MITHOFF
ATTORNEY IN CHARGE FOR PLAINTIFFS
State Bar No. 14228500
Federal I.D. No. 2102
WILLIAM J. STRADLEY
State Bar No. 19353000
Federal I.D. No. 397
JANIE L. JORDAN
State Bar No. 11012700
Federal I.D. No. 17407


Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal I.D. No. 1944
Joseph A. (Tony) Rodriguez
State Bar No. 17146600
Federal I.D. No. 10107
R. Patrick Rodriguez
State Bar No. 24002861
Federal I.D. No. 22949
RODRIGUEZ, COLVIN & CHANEY, LLP
Local Counsel
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 (Fax)

Counsel for Plaintiffs, Guadalupe and Amelia Guerra, individually and as personal representatives of the estate of Cindy Guerra, deceased; Lisa Guerra, individually; Rene Garza and Patricia Garza, individually and as personal representatives of the estate of Jennifer Garza, deceased; and Joe Alfaro, individually

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs has conferred with counsel for Defendant Sorenson Moving & Storage Company, Inc., regarding the filing of this motion. Counsel for Defendant is not in a position to agree or disagree with said Motion because he is contacting his client.

_____
Eduardo Roberto Rodriguez

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of December, 2004, a true and correct copy of the foregoing instrument was forwarded to all counsel of record by certified mail, return receipt requested, and/or hand delivery, and/or fax transmission, as hereinbelow noted:

Mr. Tom Lockhart
Mr. Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. John W. Waters, Jr.
Bienvenu, Foster, Ryan & O'Bannon
1010 Common St., Suite 2200
New Orleans, Louisiana 70112-2401

_____
Eduardo Roberto Rodriguez