32

United States District Court
Southern District of Texas
FILED

MAR 0 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUADALUPE GUERRA, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-03-142 |
| | § | **(JURY)** |
| ALLIED VAN LINES, INC., | § | |
| | § | |
| *Defendant.* | § | |

PLAINTIFFS GUERRA, ET AL.'S RESPONSE TO
DEFENDANT ALLIED VAN LINES, INC.'S MOTION TO TRANSFER VENUE

MITHOFF & JACKS, L.L.P.

RICHARD WARREN MITHOFF
*Attorney-in-Charge for Plaintiffs*
State Bar No. 14228500
Federal I.D. No. 2102
WILLIAM J. STRADLEY
State Bar No. 19353000
Federal I.D. No. 397
JANIE L. JORDAN
State Bar No. 11012700
Federal I.D. No. 17407
HERRICK L. SOVANY
State Bar No. 24037533
Federal I.D. 33292
500 Dallas, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 [FAX]

RODRIGUEZ, COLVIN, CHANEY
& SAENZ, L.L.P.

EDUARDO ROBERTO RODRIGUEZ
State Bar No. 17144000
Federal I.D. No. 1944
R. PATRICK RODRIGUEZ
State Bar No. 24002861
Federal I.D. No. 22949
*Local Counsel*
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 [FAX]

ATTORNEYS FOR PLAINTIFFS

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT AND NATURE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.    Venue is Proper in the Southern District of Texas. . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.    Venue in This Case Is Determined as of the Time Allied Filed Its
            Motion to Transfer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            1.    *The greater weight of authority holds that venue*
                 *under the facts in this case is determined at the*
                 *time the motion to transfer venue is filed.* . . . . . . . . . . . . . . . . . . . . . 5

            2.    *Allied's arguments are inconsistent with this*
                 *Court's discretionary authority to cure any venue*
                 *defect by dismissing or severing any party over*
                 *whom venue was improper.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        B.    Venue Is Proper as to Allied, the Sole Defendant at the Time the
            Motion to Transfer Venue Was Filed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        C.    Allied Lacks Standing to Object to Venue. . . . . . . . . . . . . . . . . . . . . . . . . . 11

    II.    Because Allied Has Not Proven That the Alternative Forum Is "Clearly"
        More Convenient, the Court Should Deny Allied's Motion to Transfer
        Venue Pursuant to 28 U.S.C. § 1404(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        A.    Allied Bears the Burden of Proving that Private and Public
            Factors Clearly Favor an Alternative Forum. . . . . . . . . . . . . . . . . . . . . . . . 12

B.   Allied Has Not Met Its Burden Demonstrating That the Private
     Interest Factors Favor the Western District of Louisiana over the
     Southern District of Texas. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

     1.   *Plaintiffs' Choice of Forum.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

     2.   *Convenience of Parties.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

     3.   *Convenience of Witnesses.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

     4.   *Place of the Alleged Wrong.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

     5.   *Cost of Obtaining the Attendance of Willing
          Witnesses and Availability of Compulsory
          Process for the Unwilling Witnesses.* . . . . . . . . . . . . . . . . . . . . . . . 20

     6.   *Accessibility of Relevant Evidence.* . . . . . . . . . . . . . . . . . . . . . . . 21

     7.   *Risk of Delay or Prejudice.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

C.   Allied Has Not Met Its Burden Demonstrating That the Public
     Interest Factors Favor the Western District of Louisiana over the
     Southern District of Texas. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

     1.   *Administrative Difficulties Caused by Court
          Congestion.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

     2.   *Local Interest in Adjudicating the Dispute.* . . . . . . . . . . . . . . . . . . 23

     3.   *Burden of Jury Duty.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

     4.   *Choice of Law.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

CONCLUSION AND PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

**TABLE OF CITATIONS**

**CASES**                                                                                    **Page**

*Baird v. Bell Helicopter Textron,*
    491 F. Supp. 1129 (N.D. Tex. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Balawajder v. Scott,*
    160 F.3d 1066 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Blansett v. Continental Airlines, Inc.,*
    203 F. Supp.2d 736 (S.D. Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 17-19, 21

*Box v. Ameritrust Texas, N.A.,*
    810 F. Supp. 776 (E.D. Tex. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Camp v. Gress,*
    250 U.S. 308 (1919) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii, 9, 11

*Champion Spark Plug Co. v. Karchmar,*
    180 F. Supp. 727 (S.D.N.Y. 1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*De La Fuente v. ICC,*
    451 F. Supp. 867 (N.D. Ill. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

*Dupre v. Spanier Marine Corp.,*
    810 F. Supp. 823 (S.D. Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii, 17

*Exxon Corp. v. F.T.C.,*
    588 F.2d 895 (3rd Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Goldberg v. Wharf Constructers,*
    209 F. Supp. 499 (N.D. Ala. 1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

*Gulf Oil Co. v. Gilbert,*
    330 U.S. 501 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 23

*Henderson v. AT&T Corp.,*
    918 F. Supp. 1059 (S.D. Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Holmes v. Energy Catering Servs.,*
    270 F. Supp.2d 882 (S.D. Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Horihan v. Hartford Ins. Co.,*
    979 F. Supp. 1073 (E.D. Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

iii

*Houston Trial Reports, Inc. v. LRP Publications, Inc.,*
　　85 F. Supp.2d 663 (S.D. Tex. 1999) ....................................... 12, 13

*In re McDonnell Douglas Corp.,*
　　647 F.2d 515 (5th Cir. Unit A May 1981) ..................................... 13

*Int'l Software Sys. v. Amplicon,*
　　77 F.3d 112 (5th Cir. 1996) ................................................ 13

*Knowlton v. Allied Van Lines,*
　　900 F.2d. 1196 (8th Cir. 1990) ................................... vii, 5, 6, 10, 11

*LeBouef v. Gulf Operators, Inc.,*
　　20 F. Supp.2d 1057 (S.D. Tex. 1998) ........................................ 17

*Louisiana Ice Cream Distrib., Inc. v. Carvel Corp.,*
　　821 F.2d 1031 (5th Cir. 1988) .............................................. 12

*McCaskey v. Continental Airlines, Inc.,*
　　133 F. Supp.2d 514 (S.D. Tex. 2001) ..................................... vii, 8

*Mohamed v. Mazda Motor Corp.,*
　　90 F. Supp.2d 757 (E.D. Tex. 2000) .................................. 16, 18, 19

*Moore v. Coats Co.,*
　　270 F.2d 410 (3rd Cir. 1959) .............................................. 9, 10

*Peteet v. Dow Chem. Co.,*
　　868 F.2d 1428 (5th Cir. 1989) ............................................ 12, 14

*Pratt v. Rowland,*
　　769 F. Supp. 1128 (N.D. Cal. 1991) ........................................ 11

*Scheidt v. Klein,*
　　956 F.2d 963 (10th Cir. 1992) .............................................. 17

*Schexnider v. McDermott Int'l,*
　　817 F.2d 1159 (5th Cir. 1987) ....................................... 12, 14, 25

*Seguros Commercial America, S.A. de C.V. v. American President Lines, LTD,*
　　934 F. Supp. 243 (S.D. Tex. 1996) .......................................... 12

*Sidco Indus. Inc. v. Wimar Tahoe Corp.,*
　　768 F. Supp. 1343 (D. Or. 1991) ........................................... 6

iv

*Smith v. Colonial Penn Ins. Co.*,
  943 F. Supp. 782 (S.D. Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*State Street Capital Corp. v. Dente*,
  855 F. Supp. 192 (S.D. Tex. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Stewart Org., Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*TV-3, Inc. v. Royal Ins. Co.*,
  28 F. Supp.2d 407 (E.D. Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 16

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Vance Trucking Co. v. Canal Ins. Co.*,
  338 F.2d 943 (4th Cir. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii, 11

*Walter Fuller Aircraft Sales v. Republic of Philippines*,
  965 F.2d 1375 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## STATUTES

28 U.S.C. § 1391(a) (West 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii, 8, 10, 11

28 U.S.C. § 1391(c) (West 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. § 1391(e) (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

28 U.S.C. § 1404(a) (West 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii, 3, 12

28 U.S.C. § 1406 (West 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## RULES

Fed. R. Civ. P. 32(a)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Fed. R. Civ. P. 41(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fed. R. Civ. P. 45(a)(1)(A) & (B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## TREATISES

15 Wright, Miller & Cooper, Federal Practice and Procedure § 3849
  (2d ed. 1986 & Supp. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

v

15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3829
     (2d ed. 1986 & Supp. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii, 12

15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3807
     (2d ed. 1986 & Supp. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii, 5, 9

35A C.J.S., *Federal Civil Procedure* § 540
     (updated 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

DAVID HITTNER ET AL., RUTTER GROUP PRAC. GUIDE:
     FED. CIV. PRO. BEFORE TRIAL §§ 11:2262-63
     (5th Cir. ed., The Rutter Group 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 25.33
     (3rd ed. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## ISSUES PRESENTED

1.  **Must this Court transfer this case to the Western District of Louisiana simply because it may lack jurisdiction over a non-party that was voluntarily dismissed by agreement of all parties before the motion to transfer was filed?**

    a.  **Is venue determined in this case based on the parties originally sued or the parties in the suit at the time the motion to transfer is filed?** Venue is determined in this case based on the parties in the suit at the time the motion to transfer is filed. *See Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1200 (8th Cir. 1990); *McCaskey v. Continental Airlines, Inc.*, 133 F. Supp.2d 514, 524-25 (S.D. Tex. 2001); 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3807 (2d ed. 1986 & Supp. 2003).

    b.  **Was venue proper in this District when Allied moved to transfer?** YES. The only defendant was Allied; Allied has conceded it resides in this District; since the only defendant resides in the District, venue is proper. *See Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1200 (8th Cir. 1990); 28 U.S.C. § 1391(a).

    c.  **Does Allied have standing to raise the venue objection of a former co-defendant?** NO. *See Camp v. Gress*, 250 U.S. 308, 316 (1919); *Vance Trucking Co. v. Canal Ins. Co.*, 338 F.2d 943, 944 (4th Cir. 1964); 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3829 (2d ed. 1986 & Supp. 2003).

2.  **Has Allied overcome the strong presumption favoring a plaintiff's choice of venue by demonstrating that convenience factors clearly point to Western Louisiana?** NO. Plaintiffs all reside in the Southern District of Texas. Allied does business throughout the United States, including the Southern District of Texas and the Rio Grande Valley, is incorporated in Delaware, and is headquartered in Illinois. *See* Apps. C, F-1. All significant non-party witnesses have agreed to attend trial in Brownsville. *See* Apps. B, D-E, G-Q. Whether to transfer venue under 28 U.S.C. § 1404(a) rests within the sound discretion of the trial court. *See Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993).

vii

TO THE HONORABLE HILDA TAGLE:

## INTRODUCTION

This is a suit for severe personal injuries and deaths arising out of gross negligence on the part of Allied Van Lines, Inc. ("Allied") and its driver. An Allied tractor-trailer traveling at a high rate of speed struck the rear of a stopped vehicle in which the Plaintiffs or their family members were passengers, causing it to burst into flames. Two passengers in the vehicle died as a result of severe burns. Two survivors were severely burned over 65-80 percent of their bodies.

Allied has moved to transfer venue. Importantly, Allied does not contest the propriety of venue for, or jurisdiction over, Allied. Rather, Allied asserts that venue is improper because of a lack of jurisdiction over a non-party. Jurisdiction over a party that was never properly served, was voluntarily dismissed by agreement of all of the parties, and whose presence in the litigation is not sought by any party is irrelevant to determining proper venue against Allied. Allied also asserts that it would be more "convenient" for Allied, a huge interstate carrier, incorporated in Delaware, headquartered in Illinois, and doing business throughout the United States, to litigate this case in Louisiana. Allied's arguments about convenience do not come close to overcoming the strong presumption in favor of a plaintiff's choice of venue, and the enormous hardship of requiring severely injured victims and their family members to travel to Louisiana for depositions, mediation, and trial. The principal surgeon, the investigating officers, and eleven key eyewitnesses, all have agreed to give their depositions and to travel to Brownsville to testify at trial. The motion to transfer venue should be denied.

## PARTIES

The Plaintiffs consist of three families with a total of ten surviving family members, all of whom reside and either work or go to school in Cameron County, Texas, in the Brownsville Division of the Southern District of Texas. Probate and guardianship proceedings are pending before Judge Elia

1

Cornejo-Lopez, in County Court at Law No. 2 of Cameron County, in the Southern District of Texas. Lisa Guerra, age 21, daughter of Guadalupe and Amelia Guerra, sustained second and third degree burns over 65 percent of her body and underwent over four months of hospitalization and intensive rehabilitation and is now undergoing and is scheduled to undergo many more months—even years—of rehabilitation in the Harlingen area. Cindy Guerra, age 18 at the time of the collision, daughter of Guadalupe and Amelia Guerra, sustained second and third degree burns over her entire body and died at the scene of the collision. Jose Angel Alfaro, Jr., age 21, son of Graciela Marroquin, sustained second and third degree burns over 80 percent of his body and underwent over four months of hospitalization and intensive rehabilitation and is now undergoing and is scheduled to undergo many more months—even years—of rehabilitation in the Harlingen area. Jennifer Garza, age 9 at the time of the collision, daughter of Rene and Patricia Garza, sustained second and third degree burns over her entire body and died at the scene of the collision.

Allied is a huge interstate trucking company that does business throughout the United States—including the Southern District of Texas and the Rio Grande Valley. Allied is incorporated in Delaware and is headquartered in Illinois.

### STATEMENT AND NATURE OF THE PROCEEDINGS

Plaintiffs filed their original complaint against Allied and Sorensen Moving and Storage Company, Inc. ("Sorensen"). After Sorensen objected to the sufficiency of service of process, personal jurisdiction, and venue, Plaintiffs voluntarily moved to dismiss Sorensen. Neither Allied nor Sorensen—both of which were represented by the same attorney—opposed the motion. The Court dismissed Sorensen from the lawsuit.

Over 30 days after Sorensen was no longer a party, Allied moved to transfer venue to the Western District of Louisiana. Allied seeks a transfer under either 28 U.S.C. § 1406 ("improper

2

venue") or § 1404(a) ("transfer for convenience").

## SUMMARY OF THE ARGUMENT

I.    *Venue is proper in the Southern District of Texas*

This Court should base its venue determination in this case on the parties to the suit at the time Allied filed its motion to transfer venue. Since the Court previously dismissed Sorensen, it cured any defect in venue. When Allied moved to transfer venue, Allied was the only defendant. Allied concedes that it corporately "resides" in the Southern District of Texas. If the only defendant resides in a district, venue in that district is proper. Allied's assertion that venue is improper is based entirely on a lack of jurisdiction over Sorensen in the Southern District of Texas. But those jurisdictional defects were cured by the dismissal of Sorensen, by agreement of all parties, and venue is proper against the remaining Defendant, Allied, in the Southern District of Texas. Moreover, even if Sorensen remained in the suit and had a legitimate venue objection, Allied, a resident defendant, would still have no standing to object to venue based on the lack of improper venue over a co-defendant. Thus, the Court should deny Allied's motion to transfer based on improper venue.

II.   *Allied has not clearly proven that litigation in Louisiana would be more convenient*

As the party moving to transfer based on convenience, Allied bears the burden of overcoming a strong presumption in favor of the plaintiffs' choice of venue by demonstrating that the factors affecting convenience "clearly point toward" trial in Louisiana. Allied has not met that burden. The Plaintiffs all reside in Cameron County, Texas, in the Brownsville Division of the Southern District of Texas. The sole defendant does business throughout the United States, including the Southern District of Texas and the Rio Grande Valley, is incorporated in Delaware, and is headquartered in Illinois. The only factor that could possibly weigh in favor of litigating in Louisiana is the presence of witnesses and records in that state. But most if not all of the records have been obtained, any remaining records can

3

still be easily obtained, and all of the principal witnesses who have been identified by the Plaintiffs have not only agreed to be deposed but also have agreed to come to trial in Brownsville, Texas. Allied has not identified a single significant witness who is not available by deposition or who would be inconvenienced by trial in Brownsville. Under these circumstances, there are no factors that "clearly point to" litigating in Louisiana. Since Allied has failed to meet its burden of showing that Louisiana would clearly be more convenient, the Court should deny Allied's motion to transfer based on convenience.

## ARGUMENT AND AUTHORITIES

### I. VENUE IS PROPER IN THE SOUTHERN DISTRICT OF TEXAS.

#### A. Venue in This Case Is Determined as of the Time Allied Filed Its Motion to Transfer.

Allied's entire argument that venue is improper is based on the threshold assumption that venue in this case is determined as of the date the suit was originally filed. Based on that incorrect assumption, Allied then devotes most of its briefing on this point to demonstrating that this Court lacks jurisdiction over Sorensen—a non-party that no party to the litigation is claiming to be indispensable and that no party is attempting to bring into the litigation.

Plaintiffs do not disagree that this Court may lack jurisdiction over Sorensen: that is why Plaintiffs voluntarily dismissed Sorensen with the agreement of all parties before Allied filed its motion to transfer venue. But the flaw in Allied's argument is in its first assumption: that venue in this case is determined based on a snapshot in time, taken when the suit was first filed, and that no subsequent dismissal of one of the parties to cure any defect in venue could have any effect on subsequent motions to transfer venue. This view is contrary to the great weight of authority on this subject, and is inconsistent with the Court's discretionary authority to cure venue defects by dismissal or severance.

4

1.    *The greater weight of authority holds that venue under the facts in this case is determined at the time the motion to transfer venue is filed.*

The leading treatise on federal courts in this country, as well as the most recent circuit court case to address this subject, both conclude that a court should under the facts in this case assess the propriety of venue based on circumstances that exist when venue is contested, as opposed to when the complaint was first filed, and before one of the defendants was voluntarily dropped out of the case to cure any defect in venue. *See* 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3807 (2d ed. 1986 & Supp. 2003)(App. T-1); *Knowlton v. Allied Van Lines*, 900 F.2d. 1196, 1200 (8th Cir. 1990).

The *Knowlton* case not only involves the same defendant as this case—Allied Van Lines—it also presents facts remarkably similar to this case. In *Knowlton*, the plaintiff, a Minnesota resident, was injured in Iowa when her car was rear-ended by an Allied moving van. The van was owned by Merchants Transfer, which operated the van as an agent of Allied. *Id.* Plaintiff filed suit against Allied and Schick Movers, the successor of Merchants, in federal district court in Minnesota, her home state. *Id.* at 1198. Plaintiff subsequently dropped her claim against Schick because the district court in Minnesota had no jurisdiction over Schick. *Id.* Allied moved to dismiss the action for lack of personal jurisdiction and improper venue. *Id.* The district court concluded that it did not have personal jurisdiction over Allied and transferred the case to the District Court for the Southern District of Iowa, where that court dismissed the complaint based on Iowa's two-year statute of limitations. *See id.*

The Eighth Circuit held that the Minnesota district court erred in transferring the case because Allied consented to be sued in Minnesota by appointing a registered agent. *Id.* at 1198-1200. With regard to Allied's objection to venue in Minnesota, the Eighth Circuit explained:

> Because Schick has dropped out as a co-defendant, the District of Minnesota is now a district in which all defendants (that is, Allied) reside. Venue is proper there in a diversity case. 28 U.S.C. § 1391(a). **It is proper to assess the propriety of venue on the basis of circumstances as they now exist, as opposed to the state of affairs that**

5

**obtained when the complaint was first filed against two defendants.**

*Id.* (emphasis added). Thus, faced with almost the exact factual situation presented in our case, the

Eighth Circuit held that the district court's venue determination should not even include consideration

of a party originally sued but dismissed for want of jurisdiction. *See id.* To the contrary, the court of

appeals held that the district court should have looked only to the remaining defendant, Allied, when

ascertaining the propriety of venue. *Id.*

      In its motion, Allied does not even mention this precedent from a circuit court case—in which

it was a party—under almost identical circumstances. Rather, it relies on two district court cases:

*Holmes v. Energy Catering Servs.*, 270 F. Supp.2d 882 (S.D. Tex. 2003), and *Horihan v. Hartford Ins.*

*Co.*, 979 F. Supp. 1073 (E.D. Tex. 1997). In *Holmes*, the cited language is non-binding dictum. Judge

Sam Kent upheld venue based on admiralty venue rules, and merely cited *Horihan* in a footnote that

has no bearing on the outcome or the holding of the case. *See Holmes*, 270 F. Supp.2d at 885-86.

      The *Horihan* decision does hold that venue under the facts in that case is determined at the time

suit was filed, but it reaches that conclusion without acknowledging the statement of the opposite rule

applicable under the facts in this case in Wright, Miller & Cooper, or the precedent established in

*Knowlton*. Instead, it cites to three other district court cases, and one circuit court case that predates

*Knowlton* and involves multiple plaintiffs, not multiple defendants. Those cases are all either

distinguishable on the facts, or the "rule" is stated in dicta or taken out of context.

      For example, *Horihan*'s primary citation is to *Sidco Indus. Inc. v. Wimar Tahoe Corp.*, 768 F.

Supp. 1343, 1344-45 (D. Or. 1991). *See Horihan*, 979 F. Supp. at 1076. But the statement cited in

*Sidco* also is dictum, because the district court concluded that venue was proper, and denied a venue-

based motion to dismiss for improper venue. Thus, the statement that venue was to be determined at

the time suit was filed had no bearing on the holding, and was non-binding dictum.

6

Moreover, both *Sidco* and *Horihan* rely on a statement taken out of context from *Exxon Corp. v. F.T.C.*, 588 F.2d 895 (3rd Cir. 1978). *Exxon* involved the issue of the impact of the substitution of parties on venue. In *Exxon*, several oil companies brought an action against the FTC for injunctive relief and a declaratory judgment in federal district court in Delaware. The oil companies brought this action under an *entirely different* venue provision than the provision involved here. Such venue provision, 28 U.S.C. § 1391(e), provides as follows:

> (e) A civil action in which a defendant is an officer or employee of the United States or an agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

28 U.S.C. § 1391(e) (1976); *see Exxon*, 588 F.2d at 898.

The district court dismissed the complaint on multiple grounds, including venue, and certain oil companies appealed. *Id.* at 897. The FTC argued that (1) one or more properly venued plaintiffs do not provide proper venue for other co-plaintiffs and (2) the early dismissal of the properly venued plaintiffs deprives the other plaintiffs of proper venue. *Id.* at 898. The panel rejected both arguments, holding that (1) venue was proper because at least one plaintiff did reside in Delaware, and (2) dismissal of all of plaintiffs' claims did not deprive nonresident plaintiffs of their right to appeal the district court judgment. *Id.* at 899. The panel explained:

> The relief sought by the resident plaintiffs here was the same as that sought by the other plaintiffs including Exxon and Gulf. The dismissal of those plaintiffs and their failure to appeal does not deprive Exxon and Gulf of proper venue since venue is determined at the outset of the litigation and is not affected by a subsequent change in parties.

*Id.* (citing 3B Moore's Federal Practice ¶ 25.05, p.25-167 (2d ed. 1978)[1]). Thus, the rule stated in *Exxon* applied to a situation where multiple plaintiffs had established proper venue against a single defendant pursuant to 28 U.S.C. § 1391(e) permitting venue to be established if at least one plaintiff was a resident of the district, all the plaintiffs were dismissed, but only the nonresident plaintiffs appealed. Because venue was properly established under 28 U.S.C. § 1391(e), and because at least one plaintiff resided in Delaware, the fact that a nonresident plaintiff was no longer party to the case merely acted as a substitution of parties. *See generally* JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 25.33 (3rd ed. 2002) (App. U). There is no indication that the court intended this rule to allow a defendant for whom venue is proper under 28 U.S.C. § 1391(a)—an entirely different provision—to be able to transfer venue based on a lack of jurisdiction over a party who was voluntarily dismissed by agreement of all parties. When that exact situation was presented in *Knowlton*, the circuit court refused to extend the statement made under different circumstances in *Exxon*. This Court should be bound by *Knowlton*, not by *Exxon*.

Similarly, to the extent that this Court should consider other Texas district court opinions, it should look to *McCaskey v. Continental Airlines, Inc.*, 133 F. Supp.2d 514, 524-525 (S.D. Tex. 2001), which is not only another case from the Southern District of Texas, but a case cited by Allied in its motion to transfer venue. *See* Allied's Mot. at 5 (Dkt. # 23). In *McCaskey*, the court acknowledged the *Horihan* decision, but instead chose to cite with approval and follow the reasoning in *Knowlton*, stating that the "*Knowlton* opinion usefully illustrates the necessarily pragmatic approach courts should take when analyzing venue." *Id.* This Court should follow *McCaskey*, not *Horihan*.

Thus, the more recent and better reasoned cases, as well as Wright, Miller & Cooper, all conclude that venue under the facts in this case should be determined at the time that a motion to

---

[1]    Recodified as JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 25.33 (3d ed. 2002) (App.U).

transfer venue is filed and at a time when any venue defect has been cured. This Court should follow the reasoning of those authorities.

**2.**      *Allied's arguments are inconsistent with this Court's discretionary authority to cure any venue defect by dismissing or severing any party over whom venue was improper.*

Allied's theory of mandatory transfer based on lack of jurisdiction over a dismissed defendant is entirely inconsistent with a district court's discretionary authority to cure venue defects. A court is not required to dismiss all defendants or transfer an entire suit simply because venue is improper as to some of the defendants. *See De La Fuente v. ICC*, 451 F. Supp. 867, 871 (N.D. Ill. 1978). Rather, "in cases involving multiple dispensable defendants of diverse residences, the accepted and more just procedure is to sever, as permitted by FED. R. CIV. P. 21, and dismiss or transfer only the claims against those parties as to whom venue is improper." *Goldberg v. Wharf Constructers*, 209 F. Supp. 499, 504 (N.D. Ala. 1962) (citations omitted). Wright, Miller & Cooper acknowledges this principle:

> **Failing all else, unless the party for whom venue is improper is "indispensable" in the conclusory sense in which that term is used in Rule 19(b), the court may dismiss the action as to that party and continue the litigation for the other parties.**

15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3807 (emphasis added) (citing *Camp v. Gress*, 250 U.S. 308 (1919)) (App. T-1).

Similarly, a court may permit a plaintiff to file an amended pleading to try and cure a venue defect in a previous pleading. *See Moore v. Coats Co.*, 270 F.2d 410, 411-12 (3rd Cir. 1959). That is exactly what occurred in this case. Plaintiffs moved to dismiss their claims against Sorensen after Sorensen objected to service of process, personal jurisdiction and venue. Absent any objection or opposition from Allied or Sorensen, the Court dismissed Sorensen before Allied moved to transfer venue. *See* Dkt. # 20-22. Thus, any potential defect in venue that may have existed prior to the dismissal of Sorensen was cured when the Plaintiffs dismissed Sorensen from this lawsuit. *See Moore*,

270 F.2d 411-12; *see also Knowlton*, 900 F.2d at 1200-01.

If Sorensen were still a party to this suit, the Court could cure the alleged venue defect by either dismissing the action as to Sorensen or permitting Plaintiffs to re-plead. *See Moore*, 270 F.2d at 411-12. Yet, under Allied's theory, even if a court severed and dismissed one nonresident defendant expressly to retain venue as to the remaining resident defendant, that remaining resident defendant could still force a transfer because the court is required to determine venue based on the original complaint without regard to whether any defect in venue had subsequently been cured. Thus, according to Allied's theory, a court has no discretion with regard to curing venue defects, or allowing parties to replead. This theory is entirely inconsistent with the case law and well-recognized secondary authorities.[2] Allied's motion should be denied.

### B.    Venue Is Proper as to Allied, the Sole Defendant at the Time the Motion to Transfer Venue Was Filed.

The Court's jurisdiction in this case is founded on diversity of citizenship. Accordingly, venue is governed by 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject to the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (West 2004).

Subsection (c) provides the guidelines to determine the residence of corporations for venue

---

[2]    The absurdity of Allied's argument is truly revealed by the fact that Plaintiffs could nonsuit this case as to Allied and subsequently refile their case against Allied alone. *See* FED. R. CIV. P. 41(a). The case would in turn be transferred back to this Court and Allied could raise no objection to venue. *See* Allied's Answer to Second Amended Complaint, at 3 (Dkt. # 30) (Allied admits that "it is deemed to reside in the Southern District of Texas because it is subject to personal jurisdiction in Texas and the Southern District of Texas"); Allied's Mot. at 7 (same).

purposes:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c) (West 2004).

Allied was the sole defendant in the lawsuit when it filed its motion to transfer venue. Allied admits that "it is deemed to reside in the Southern District of Texas because it is subject to personal jurisdiction in Texas and the Southern District of Texas." *See* Allied's Answer at 3 (Dkt. # 30); *see also* Allied's Mot. at 7 (same). Therefore, under 28 U.S.C. § 1391(a)(1), the Southern District of Texas is a proper venue for this lawsuit, because it is a District in which the only defendant in the lawsuit resides. *See Knowlton.*, 900 F.2d at 1200 (venue proper in the district in which the case was originally filed, because that district became the district in which all defendants resided following plaintiff's dismissal of one of two co-defendants).

### C.    Allied Lacks Standing to Object to Venue.

Even though venue for Sorensen is a moot issue, any venue objection that Sorensen may have had cannot be asserted by Allied. Venue is a personal privilege of each individual defendant and may not be raised by a co-defendant. *Camp v. Gress*, 250 U.S. 308, 316 (1919) (objection to improper venue is personal to party to whom it applies and resident defendant cannot avail itself of transfer or dismissal as to nonresident defendant unless latter is an indispensable party); *see also Vance Trucking Co. v. Canal Ins. Co.*, 338 F.2d 943, 944 (4th Cir. 1964); *Pratt v. Rowland*, 769 F. Supp. 1128, 1131-32 (N.D. Cal. 1991); *De La Fuente*, 451 F. Supp. at 870-71; *Goldberg*, 209 F. Supp. at 503-04; *Champion Spark*

11

*Plug Co. v. Karchmar*, 180 F. Supp. 727, 729-30 (S.D.N.Y. 1960); 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3829 (2d ed. 1986 & Supp. 2003) (App. T-2); 35A C.J.S., *Federal Civil Procedure* § 540 (updated 2003) (App. V).

Allied also lacks standing to assert objections based on a lack of jurisdiction over Sorensen in the Southern District of Texas. *See Seguros Commercial America, S.A. de C.V. v. American President Lines, LTD*, 934 F. Supp. 243, 245 (S.D. Tex. 1996).

Because Allied's improper venue argument is based solely on its allegation that Plaintiffs cannot establish personal jurisdiction over Sorensen in Texas, Allied's motion should be dismissed because Allied lacks standing to challenge venue by relying on Sorensen's objection.

II.     BECAUSE ALLIED HAS NOT PROVEN THAT THE ALTERNATIVE FORUM IS "CLEARLY" MORE CONVENIENT, THE COURT SHOULD DENY ALLIED'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a).

This Court has "broad discretion" to deny a transfer under 28 U.S.C. § 1404(a). *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998); *Houston Trial Reports, Inc. v. LRP Publications, Inc.*, 85 F. Supp.2d 663, 667 (S.D. Tex. 1999). Denial of a motion to transfer cannot be immediately appealed. *See Louisiana Ice Cream Distrib., Inc. v. Carvel Corp.*, 821 F.2d 1031, 1033 (5th Cir. 1988).

A.     Allied Bears the Burden of Proving that Private and Public Factors Clearly Favor an Alternative Forum.

There is "a strong presumption in favor of the plaintiff's choice of forum." *Schexnider v. McDermott Int'l*, 817 F.2d 1159, 1163 (5th Cir. 1987). This strong presumption against a transfer may be overcome only if the defendant proves that the relevant factors "clearly point towards trial in the alternative forum." *Id.*; *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). "The quantum of proof necessary has sometimes been described to be as stringent as 'clear and convincing evidence.'" *TV-3, Inc. v. Royal Ins. Co.*, 28 F. Supp.2d 407, 411 (E.D. Tex. 1998). Thus, "[u]nless the balance is

12

strongly in favor of the defendant, the Supreme Court has said that the plaintiff's choice of forum is not to be disturbed." *In re McDonnell Douglas Corp.*, 647 F.2d 515, 517 (5th Cir. Unit A May 1981) (citing *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947)); *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996).

When ruling on a motion to transfer based on convenience, courts consider two categories of factors: (1) private factors affecting the convenience of the litigants and the witnesses, and (2) public interest factors concerning the fair and efficient administration of justice. *Gulf Oil Co. v. Gilbert*, 330 U.S. at 508-09; *Int'l Software Sys. v. Amplicon*, 77 F.3d 112, 115 (5th Cir. 1996).

The "private interest" factors include: (1) the plaintiff's right to choose the forum; (2) the convenience of the parties and witnesses; (3) the place of the alleged wrongful act; (4) the cost of obtaining attendance of willing witnesses, and the availability of compulsory process for the attendance of unwilling witnesses; (5) the accessibility of relevant evidence; and (6) the risk of delay and prejudice if transfer is granted. *See Houston Trial Reports*, 85 F. Supp.2d at 668; *TV-3, Inc.*, 28 F. Supp.2d at 411.

The "public interest" factors include: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating the dispute; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of problems concerning choice of law. *Walter Fuller Aircraft Sales v. Republic of Philippines*, 965 F.2d 1375, 1389 (5th Cir. 1992).

There is no formula for analyzing these factors; each case turns on its unique facts. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (requiring an "individualized, case-by-case consideration of convenience and fairness"); *Houston Trial Reports*, 85 F. Supp.2d at 668.

13

**B.    Allied Has Not Met Its Burden Demonstrating That the Private Interest Factors Favor the Western District of Louisiana over the Southern District of Texas.**

### 1.    *Plaintiffs' Choice of Forum.*

Because of a strong tradition that plaintiffs may choose their forum, the Fifth Circuit has emphasized that "plaintiff's choice of forum should rarely be disturbed." *Schexnider*, 817 F.2d at 1162; *Peteet*, 868 F.2d at 1436 (plaintiff's choice of forum is "highly esteemed"); *Blansett v. Continental Airlines, Inc.*, 203 F. Supp.2d 736, 738 (S.D. Tex. 2002) (plaintiff's choice of forum is entitled to great deference); *Box v. Ameritrust Texas, N.A.*, 810 F. Supp. 776, 780-81 (E.D. Tex. 1992) ("It is well recognized that the plaintiff's choice of forum is the primary factor to be considered in determining motions under § 1404(a)"). Thus, the Plaintiffs' choice of the Southern District of Texas supports the retention of venue in this District, and Allied has shown nothing to the contrary.

### 2.    *Convenience of Parties.*

Allied has put forward no evidence that the Western District of Louisiana would be more convenient to the parties. To the contrary, the Plaintiffs consist of three families with a total of ten surviving family members. All of the Plaintiffs reside and either work or go to school in Cameron County, Texas, in the Brownsville Division of the Southern District of Texas and all of the probate and guardianship proceedings are pending before Judge Elia Cornejo-Lopez, in County Court at Law No. 2 of Cameron County, in the Southern District of Texas. *See* App. A, Alegria Aff. Requiring all of the family members—including two severely injured Plaintiffs—to litigate this case in the Western District of Louisiana would be inconvenient and would pose a substantial hardship on these families.

Specifically Lisa Guerra, age 21, daughter of Guadalupe and Amelia Guerra, sustained second and third degree burns over 65 percent of her body and underwent over four months of hospitalization and intensive rehabilitation and is now undergoing and is scheduled to undergo many more

months—even years—of rehabilitation in the Harlingen area. *See* App. A; App. B, Hargroder Aff. & Exs. Cindy Guerra, age 18 at the time of the collision, daughter of Guadalupe and Amelia Guerra, sustained second and third degree burns over her entire body and died at the scene of the collision. The guardianship proceeding for Lisa Guerra, as well as the probate proceeding for the estate of Cindy Guerra, are both pending in the County Court at Law No. 2 of Cameron County, Texas. *See* App. A. The hardship of having to litigate this case in Louisiana is only magnified when considering Lisa Guerra's medical condition and continuing medical treatment and therapy in Cameron County. *See* Apps. A, B & Exs.

Jose Angel Alfaro, Jr., age 21, son of Graciela Marroquin, sustained second and third degree burns over 80 percent of his body and underwent over four months of hospitalization and intensive rehabilitation and is now undergoing and is scheduled to undergo many more months—even years—of rehabilitation in the Harlingen area. *See* App. A, B & Exs. The guardianship proceeding for Jose Alfaro is pending in the County Court at Law No. 2 of Cameron County, Texas. As in the case of Lisa Guerra, the hardship of having to litigate this case in Louisiana is only magnified when considering Jose Alfaro's medical condition and continuing medical treatment and therapy in Cameron County. *See* Apps. A, B & Exs.

Jennifer Garza, age 9 at the time of the collision, daughter of Rene and Patricia Garza, sustained second and third degree burns over her entire body and died at the scene of the collision. The probate proceeding of Jennifer Garza is pending in the County Court at Law No. 2 of Cameron County, Texas. The hardship on the Garza family of litigating this case in Louisiana is likewise significant.

On the other hand, Allied is one of the largest interstate carriers in North America, is incorporated in Delaware and headquartered in Illinois. *See* Allied's Answer, ¶ 4. Allied does business in all 50 states. *See* App. C, at p.11, ¶ 22. In fact, Allied has six active agencies in the Southern District

15

of Texas alone, including the Rio Grande Valley. *See* App. C, at p.3, ¶ 3 & Ex. 1. Thus, Allied will hardly be inconvenienced by a trial in Brownsville, Texas. *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp.2d 757, 776 (E.D. Tex. 2000) (disregarding convenience of defendant where defendant maintained its principal place of business and was incorporated in California since there was "not much difference" between Marshall, Texas, and Dallas, Texas). In any event, Allied has failed to even show that it has any place of business in the Western District of Louisiana. Under these circumstances alone, there is no reason to believe—and Allied has failed to show—that the Western District of Louisiana would be more convenient than the Southern District of Texas for this interstate trucking company.

Allied has not "clearly" demonstrated that trial of this case in Brownsville, Texas, would be inconvenient, particularly given its national operations and significant financial resources. *See* 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3849 (2d ed. 1986 & Supp. 2003) (considering the relative financial strength of the parties as part of convenience analysis) (App. T-3). Nor has Allied demonstrated that transferring this case to another forum would do anything other than merely place the burden of inconvenience on Plaintiffs. *Id.*; *see also Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient").

In short, Allied has not met its burden of demonstrating that transferring this case to the other forum "would make it substantially more convenient for the parties to litigate." *State Street Capital Corp. v. Dente*, 855 F. Supp. 192, 197 (S.D. Tex. 1994).

### 3. *Convenience of Witnesses.*

Allied places great weight on the supposed inconvenience to non-party witnesses, but there is no proof supporting its assertions. The convenience of non-party witnesses must be assessed on the basis of careful analysis and evidence, considering the quality and importance of the witnesses. *TV-3*,

16

*Inc.*, 28 F. Supp.2d at 412. In this case, Allied has produced no evidence clearly showing that the Western District of Louisiana is more convenient for key non-party witnesses.

On the other hand, Plaintiffs have demonstrated that any perceived inconvenience is not a factor that would prevent such witnesses from giving deposition or trial testimony in Brownsville. Specifically, the two principal Louisiana State Police Troopers who investigated this collision, Richard Elliot and Harold Williams, have signed letter agreements confirming that they will voluntarily honor subpoenas, give their video depositions, and attend the trial in Brownsville, Texas. *See* Apps. D, E. Allied characterizes "the police" as "key non-party witnesses." Allied's Mot. at 17. For purposes of determining convenience, these officers—who have voluntarily promised to attend trial here in Brownsville—should be treated like local residents. Thus, the Troopers' willingness to attend the trial in Brownsville disproves the basis for Allied's motion.

Moreover, Allied merely asserts that the police and firefighters and most of the healthcare providers and non-party witnesses reside in Louisiana or outside Texas. *See* Allied's Mot. at 17. Yet, to meet its burden of proof, "the moving party must do more than make a general allegation that certain key witnesses are needed. The movant must specifically identify the key witnesses and outline the substance of their testimony." *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Blansett*, 203 F. Supp.2d at 739 ("Without a realistic and comprehensive summary of the testimony, it is impossible for the Court to determine if a witness' appearance is cumulative or unnecessary for trial."); *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp.2d 1057, 1060 (S.D. Tex. 1998). Conclusory assertions of inconvenience and vague statements that unknown or unnamed witnesses will be inconvenienced are insufficient to meet Allied's burden of proof. *See Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992); *Smith v. Colonial Penn Ins. Co.*, 943 F. Supp. 782, 784 (S.D. Tex. 1996); *see also LeBouef*, 20 F. Supp.2d at 1060 ("the moving party must offer more than mere allegations that certain

17

key witnesses are not available or are inconveniently located."). Allied has not met that strict burden.

Allied only attached Plaintiffs' Rule 26(a) Initial Disclosures to its Motion . *See* Allied's Mot. at Ex. 1. But Allied's reliance on Plaintiffs' Rule 26(a) Initial Disclosures does not even come close to meeting its burden. *See Blansett*, 203 F. Supp.2d at 739; *Mohamed*, 90 F. Supp.2d at 775-76. Interestingly, Allied's own Rule 26(a) Initial Disclosures and the two supplements thereto do not list *any* Louisiana residents as persons with discoverable information that it "may use to support its claims or defenses" pursuant to Rule 26. *See* App. F-1, at p.2, ¶ (A); App. F-2, at p.2, ¶ (A).

Again, Plaintiffs have shown just the opposite. Plaintiffs have identified Andrew Hargroder, M.D., the treating physician for the Plaintiffs, Lisa Guerra and Jose Angel Alfaro, Jr., while they were patients in the Baton Rouge General Medical Center Burn Unit. *See* App. B & Exs. Dr. Hargroder has agreed to give his video deposition and voluntarily attend the trial in Brownsville. *See* App. B. Plaintiffs also have identified eleven other key non-party eyewitnesses to the collision, all of whom have agreed to give their video depositions and voluntarily attend the trial in Brownsville. *See* Apps. G-Q. These key non-party eyewitnesses who have promised to attend trial in Brownsville should be treated like local residents for purposes of determining convenience.

In sum, Allied has not carried its burden of offering specific, detailed evidence to show that the Western District of Louisiana is more convenient for non-party witnesses. On the contrary, the only evidence on this factor is the agreements of the principal investigating officers, eleven key eyewitnesses identified by the Plaintiffs, and the principal treating physician at the Burn Unit—*all* of whom have agreed to attend trial in Brownsville, Texas. *See* Apps. B, D-E, G-Q. In short, Allied has not met—and in the face of these agreements cannot meet—its burden of showing that the Western District of Louisiana would be substantially more convenient for key non-party witnesses.

### 4.   *Place of the Alleged Wrong.*

Allied has failed to show that the alleged wrong took place in Louisiana.  Allied simply asserts that the place of the alleged wrong is the Western District of Louisiana, but that assertion misunderstands this factor.  While the personal injuries from the collision occurred in Louisiana, Allied's negligence in screening, hiring, training, and supervising the driver of the tractor-trailer vehicle in question, the falsification of driver's logs, and all of the violations of Department of Transportation regulations, did not occur in Louisiana.  Indeed, the evidence shows that the violation of DOT regulations, identified by one of the investigating officers as a possible factor in fatigue leading to the cause of the collision, occurred in *Texas*.  *See* Apps. R-S.

Once Allied made a decision to violate the federal safety regulations, a tragic accident was inevitable.  *See* Apps. R-S.  Because Allied trucks travel all over the United States in interstate commerce, the location of the collision was a mere fortuity.  *See, e.g., Blansett*, 203 F. Supp.2d at 743 (court declined to disturb plaintiffs' choice of forum noting that "the place of the alleged wrong cannot be pinpointed to one particular location, but rather spans the entire flight path from Houston to London...It is obvious that Continental enjoys an overwhelming business presence in the Galveston Division, such that this Court and the citizens of this Division have a substantial and legitimate interest in the outcome of this lawsuit.").  Accordingly, the place of the alleged wrong in this case cannot be confined to the Western District of Louisiana.  *See Mohamed*, 90 F. Supp.2d at 776-77 ("the place of the alleged wrong—whether it be the accident in the Northern District of Texas or the manufacture and design of the allegedly defective product in an unknown district—neither supports nor weighs against transfer to the Northern District of Texas in this product liability case.").  In any event, Allied has not shown that the alleged wrong wholly or solely took place in Louisiana.

In short, Allied has failed to meet its burden of demonstrating that the Western District of

19

Louisiana is substantially more convenient than the Southern District of Texas.

### 5.     *Cost of Obtaining the Attendance of Willing Witnesses and Availability of Compulsory Process for the Unwilling Witnesses.*

Allied has not put forth any evidence of either the cost of obtaining the attendance of willing witnesses or the availability of compulsory process for unwilling witnesses favors transferring this case to the Western District of Louisiana. Allied simply makes a blanket statement that it will be less costly for non-party witnesses to attend trial in Louisiana. *See* Allied's Mot. at 18. Allied also states that non-party witnesses who reside in Louisiana or outside Texas are not subject to this Court's subpoena power. *Id.* at 17. Again, it offers no evidence, and no analysis, to support these assertions.

First, Plaintiffs will bear the cost of bringing all the witnesses they have identified to Brownsville, if their trial testimony is needed. The only witnesses Allied has identified in its Motion or in its Rule 26(a) Initial Disclosures and supplements are: (1) Tom Lambert, Allied's Director of Agency Services in Fort Wayne, Indiana; (2) Mark Davison, Allied's Director of Safety Administration in Fort Wayne, Indiana; and (3) Scott Sorensen of Sorensen Moving and Storage, Inc. in Melbourne, Florida. *See* App. F-1 at p.2, ¶ (A); App. F-2 at p.2, ¶ (A). All of these are employees and/or agents of Allied; none resides anywhere close to Louisiana.

Allied also suggests a problem with the availability of compulsory process, but offers no evidence that any witnesses would refuse to testify. Without any such evidence, the availability of compulsory process is not a factor. *See* DAVID HITTNER ET AL., RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL §§ 11:2262-63 (5th Cir. ed., The Rutter Group 2003) (App. W); FED. R. CIV. P. 45(a)(1)(A) & (B); *see also* FED. R. CIV. P. 32(a)(3)(B) (permitting any out of state resident can testify by deposition).

Moreover, Plaintiffs have submitted evidence that the principal investigating Troopers, eleven

eyewitnesses, and the principal treating physician, have all agreed to give their video deposition and to voluntarily testify at trial in Texas. *See* Apps. B, D-E, G-Q. To preserve this argument, Allied would have to first identify unwilling witnesses, then provide a brief summary of their likely testimony, and now show that any testimony of unwilling witnesses would be necessary for trial and not cumulative. *Cf. Blansett*, 203 F. Supp.2d at 739. Allied has done nothing.

In short, Allied has failed to meet its burden by offering no evidence or analysis to support a conclusion that the cost of obtaining the attendance of witnesses or the availability of compulsory process substantially favors transferring this case to the Western District of Louisiana. In light of Plaintiffs' evidence and Allied's complete lack of proof, the Southern District of Texas remains the proper venue.

### 6.    *Accessibility of Relevant Evidence.*

Allied has failed to show that the relevant evidence is only accessible or more conveniently accessible in Louisiana. Allied generally states that since its records are in Indiana and Illinois, the burden for Allied to produce its records in Texas or Louisiana is the same, but that "this is not true of key records of non-parties, *e.g.*, police and fire investigation." *See* Allied's Mot. at 18. Allied then summarily concludes that "[o]n the whole, this factor favors transfer." *Id.* Yet, Allied does not provide any evidence, or identify any "key records of non-parties" that will not be easily accessible. Moreover, most if not all of the significant records have already been obtained or can easily be obtained, and neither the Court nor the jury will require access to the scene of the collision, nor will they be asked to examine the remains of the tractor-trailer. Rather, the Court and the trier of fact will base their decisions on the testimony of experts who will examine the scene and the physical evidence, and on evidence offered in court. *See Blansett*, 203 F. Supp.2d at 741-42 (location of books and record in personal injury action is not of paramount importance, especially since relevant documents can be

21

produced and examined anywhere for discovery purposes).

In short, Allied has failed to meet its burden of demonstrating that the Western District of Louisiana is substantially more convenient than the Southern District of Texas.

### 7. *Risk of Delay or Prejudice.*

Allied has failed to show that transferring this case to the Western District of Louisiana would not delay or prejudice this case. To the contrary, a transfer of this case would significantly delay the trial of this matter. This Court has already given the parties a trial setting of October 7, 2004. *See* Dkt. #26. Moreover, any transfer of this case would severely prejudice the Plaintiffs by imposing additional hardship on them. *See* App. A.

In short, Allied has failed to meet its burden of demonstrating that there would be no risk of delay or prejudice in transferring this case to the Western District of Louisiana.

In short, Allied has not met its burden of demonstrating that the private interest factors favor any district other than the Southern District of Texas. Moreover, Allied has totally failed to show that these factors "clearly point to" transferring venue to the Western District of Louisiana.

### C. Allied Has Not Met Its Burden Demonstrating That the Public Interest Factors Favor the Western District of Louisiana over the Southern District of Texas.

### 1. *Administrative Difficulties Caused by Court Congestion.*

Allied has not met its burden of showing that there is any administrative difficulty caused by court congestion. In fact, Allied does not even address this factor in its motion. In any event, any argument based on court congestion that Allied may have would fly in the face of the fact that this Court has already set this case for trial on October 7, 2004. *See* Dkt. # 26.

In short, Allied has not met its burden of showing the existence of any administrative difficulty or court congestion by keeping this case in the Southern District of Texas.

22

### 2.    *Local Interest in Adjudicating the Dispute.*

Allied has not met its burden of showing that the Western District of Louisiana has an interest in adjudicating this case. In fact, the Western District of Louisiana has no interest in adjudicating this case. According to the Supreme Court, the local interest factor refers to "localized controversies" that "touch the affairs of many persons" in a given district. *Gulf Oil Co.*, 330 U.S. at 509. None of the parties are Louisiana residents and, as noted above, we do not know where Allied's negligent hiring and supervision took place. Because this is not a "localized controversy," and its outcome will not "touch the affairs of many persons" in the Western District of Louisiana, the local interest factor does not support transfer to the Western District of Louisiana.

On the other hand, the citizens of the Southern District of Texas have a significant interest in adjudicating this dispute because Allied maintains an agency in the Rio Grande Valley and five additional agencies in the Southern District of Texas. *See* App. C at 3, ¶ 3 & Ex. 1. As a result, Texas residents are regularly exposed to the risks of Allied's dangerous business practices, and the citizens of Texas have an interest in regulating that misconduct. *See* App. S. Because the resolution of this case will "touch the affairs of many persons" in the Southern District of Texas, *Gulf Oil*, 330 U.S. at 509, and because Allied has not shown otherwise, the Southern District of Texas remains the proper venue.

In short, Allied has not met its burden of showing that the Western District of Louisiana has a greater interest—let alone any interest—in adjudicating this case than the Southern District of Texas.

### 3.    *Burden of Jury Duty.*

Allied has not met its burden of showing—let alone argue—that it would be either fair or preferable that Louisiana citizens serve as jurors in this case. In fact, for the same reasons as stated above, it would be improper to burden the citizens of the Western District of Louisiana with jury duty in this case. The place of the collision was fortuitous, the parties are not from Louisiana—Plaintiffs are

23

all from Cameron County, Texas, and Allied is huge interstate carrier, doing business throughout the United States, incorporated in Delaware, and headquartered in Illinois. At the same time, there is no evidence that Allied's negligent hiring and supervision occurred in Louisiana. *See* App. S. To the contrary, the evidence shows that the violation of DOT regulations, identified by one of the investigating officers, was probably a factor in fatigue leading to the cause of the collision, occurred in *Texas*. *See generally* App. S. This suit is brought to redress wrongs inflicted on residents of South Texas, therefore it is both fair and preferable that Texas citizens serve as jurors in this case.

In short, Allied has not met its burden of showing that it would be either fair and preferable to burden Louisiana citizens with jury duty in this case.

### 4.    *Choice of Law.*

Allied has not met its burden of showing that Louisiana law will apply to this case. Allied acknowledges that Texas choice of law rules apply, but nevertheless states that Louisiana law will control. *See* Allied's Mot. at 18. But under the facts and circumstances of this case, Texas has the most significant contacts, therefore Texas law applies.

In this case, each of the victims of this tragedy was in route from Harlingen, Texas, to Disney World in Orlando, Florida. They had to pass through five states, including Texas and Florida, to reach their destination. The mere fortuity that the Allied van, which also had to travel through Texas on its way from California to Florida, collided with the Plaintiffs' vehicle in Louisiana, just 123 miles east of the Texas border, rather than Texas, Mississippi, Alabama, or Florida, should not in and of itself be determinative of the choice of law. *See, e.g., Baird v. Bell Helicopter Textron*, 491 F. Supp. 1129, 1139 (N.D. Tex. 1980) (noting that the location of the accident is a fortuity with regard to plaintiff's personal injury claim where the parties were all either Texas or Canadian citizens, the aircraft in question was manufactured in Texas, and plaintiff's employers were subscribers to the Canadian worker's

24

compensation system). Well accepted choice of law principals and the most significant contacts doctrine make it clear that this Court should consider—at the time the matter is appropriately raised—the proposition that Texas law will apply.

In light of all the substantial contacts with Texas, Allied has failed to show that Louisiana law, rather than Texas law, will apply to this case. By the same token, Allied has not demonstrated that the ease and convenience in determining the applicable law favors transferring this case or that the district court sitting in the Western District of Louisiana would have any easier time determining the applicable law in this case.

When the Court considers the presumption in favor of the plaintiff's chosen forum, and the defendant's burden to demonstrate that the relevant factors "clearly point towards trial in the alternative forum," *Schexnider*, 817 F.2d at 1163, it is evident that this case should not be transferred. Because the Southern District of Texas is the appropriate forum, Allied's Motion should be denied.

## CONCLUSION AND PRAYER FOR RELIEF

For all these reasons, Plaintiffs respectfully request that the Court deny Allied's Motion, and for any and all other relief to which they are entitled.

Respectfully submitted,

MITHOFF & JACKS, L.L.P.                    RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

RICHARD WARREN MITHOFF                      EDUARDO ROBERTO RODRIGUEZ
*Attorney-in-Charge for Plaintiffs*        State Bar No. 17144000
State Bar No. 14228500                      Federal I.D. No. 1944
Federal I.D. No. 2102                       *Local Counsel*
500 Dallas, Suite 3450                      P.O. Box 2155
Houston, Texas 77002                        Brownsville, Texas 78522
(713) 654-1122                              (956) 542-7441
(713) 739-8085 [FAX]                        (956) 541-2170 [FAX]

ATTORNEYS FOR PLAINTIFFS

25

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record by certified mail, return receipt requested, and/or hand delivery, and/or fax transmission, this 2nd day of March, 2004.

Mr. Tom Lockhart                     Mr. John W. Waters, Jr.
Mr. Roger Hughes                     Bienvenu, Foster, Ryan & O'Bannon
Adams & Graham, L.L.P.               1010 Common St., Suite 2200
P.O. Drawer 1429                     New Orleans, Louisiana 70112-2401
Harlingen, Texas 78551-1429

EDUARDO ROBERTO RODRIGUEZ

26