IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 2 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| GUADALUPE AND AMELIA GUERRA, § <br> INDIVIDUALLY AND GUDALUPE § <br> GUERRA AS ADMINISTRATOR § <br> OF THE ESTATE OF CINDY GUERRA, § <br> DECEASED; AMELIA GUERRA AS § <br> TEMPORARY GUARDIAN OF THE § <br> ESTATE AND PERSON OF LISA § <br> GUERRA, AN INCAPACITATED § <br> PERSON; RENE GARZA AND § <br> PATRICIA GARZA, INDIVIDUALLY § <br> AND RENE GARZA AS § <br> ADMINISTRATOR OF THE ESTATE § <br> OF JENNIFER GARZA, DECEASED; § <br> GRACIELLA MARROQUIN AS § <br> TEMPORARY GUARDIAN OF THE § <br> ESTATE AND PERSON OF § <br> JOSE ANGEL ALFARO, JR., § <br> AN INCAPACITATED PERSON § <br> § <br> VS. § <br> § <br> ALLIED VAN LINES, INC. § | CIVIL ACTION NO. B-03-142 |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

**Tom Lockhart**
**Roger W. Hughes**
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, TX 78551-1429

**John W. Waters, Jr.**
**BIENVENU, FOSTER, RYAN**
**& O'BANNON**
1010 Common Street, Suite 2200
New Orleans, LA  70112-2401

**ATTORNEYS FOR DEFENDANT**
**ALLIED VAN LINES**

# TABLE OF CONTENTS

Page:

I. Summary of Argument ........................................................... 1

II.    Defendant ALLIED is entitled to a transfer under §1406(a) due to improper venue.
       ........................................................................... 2

       A.    Venue is determined on the case's posture when the case was filed, not when the
             motion to transfer is filed. ................................................. 2

       B.    Court's power to "cure" venue defects by dismissal/severance is limited to cases
             where it cannot transfer the entire case to a proper venue. .................... 6

       C.    Allied has standing to request a transfer due to improper venue under
             section 1406(a). ........................................................... 8

III.   Because the record overwhelmingly establishes that the vast majority of key witnesses
       reside in Louisiana outside subpoena range, the alleged wrong occurred in Louisiana and
       Louisiana law controls, the court should transfer venue pursuant
       to 28 U.S.C. §1404(a) ........................................................ 9

       A.    Plaintiffs' choice of forum is not decisive. ................................ 11

       B.    The Convenience of the Parties does not weigh against a transfer to Lousiana  . 11

       C.    Convenience of Material, Non-Party Witnesses Strongly
             Favors a Transfer ......................................................... 13

       D.    Place of Alleged Wrong is in Louisiana ..................................... 16

       E.    A Transfer will not unreasonably delay or prejudice Plaintiffs .............. 18

       F.    Public Interest Factors Weigh in Favor of a Transfer. ...................... 19

             1.    Choice of Law Favors Transfer to A Forum Familiar with
                   Applicable Law ....................................................... 19

             2.    Localized Controversy and Burden of Jury Duty Favor
                   Louisiana ............................................................ 22

IV. Objections to Plaintiffs' Evidence ........................................... 22

V. Conclusion ..................................................................... 23

# TABLE OF AUTHORITIES

Page:

Cites:

*A.J. Taft Coal Co., Inc. v. Barnhart*, 291 F.Supp2d 1290
    (N.D. Ala, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 8

*Bear Stearns Co., Inc. v. Laballe*, 2001 WL 406217
    (N.D. Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Blansett v. Continental Airlines*, 203 F.Supp.2d 736
    (S.D. Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Camp v. Gress*, 250 U.S. 308 (1919) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Coffey v. Van Dorn Iron Works*, 796 F.2d 217
    (7th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*De La Fuente v. ICC*, 451 F.Supp. 867 (M.D. Ill 1978) . . . . . . . . . . . . . . . . . . . . . . . 7-9

*Exxon Corporation v. F.T.C.*, 588 F.2d 895 (3rd Cir. 1978) . . . . . . . . . . . . . . . . . . . . . 6

*Goldberg v. Wharf Constructors*, 209 F.Supp. 499
    (N.D. Al 1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gulf Oil Co. v. Gilbert*, 330 U.S. 501 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Gutierrez v. Collins*, 583 S.W.2d 312 (Tex. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Hess v. Gray*, 85 F.R.D. 15 (D.C. Ill. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Holmes v. Energy Catering Services*, 270 F.Supp.2d 882
    (S.D. Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Horihan v. Hartford Insurance Co.*, 979 F.Supp. 1073
    (ED Tex. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hotel Constr., Inc. v. Seagrave Corp.*, 543 F.Supp. 1048
    (D.C.Ill. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re Ethicon, Inc.*, Case Number 95-40546 (5th Cir. 1995),
    [unpublished], *cert. denied sub. nom.*
    *Luther v. Ethicon, Inc.*, 516 U.S. 971 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Horseshoe Entertainment*, 337 F.3d 429
    (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9-11, 18, 19

*International Software Systems v. Amplicon, Inc.*, 77 F.3d 112
    (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Kauman v. Miller,* 405 S.W.2d 820
    (Tex. Civ. App.–Beaumont 1966), *rev'd on other grounds,*
    414 S.W.2d 164 (Tex. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Knowlton v. Allied Van Lines,* 900 F.2d 1196
    (8th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Labranche v, Embassy Suites, Inc.*, 1999 WL 5841
    (E.D. La. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Lemery v. Ford Motor Co.,* 244 F.Supp.2d 720
    (S.D.Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-14, 16

*McCasky v. Continental Airlines, Inc.*, 133 F.Supp.2d 514
    (S.D. Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Mohamed v. Mazda Motor Corp.*, 90 F.Supp2d 757
    (E.D. Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Moore v. Coats Co.*, 270 F.2d 410 (3rd Cir. 1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Morgan v. Ill. Cent. R. Co.*, 161 F.Supp. 119
    (S.D. Tex. 1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 22

*Neuman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 26 (1989) . . . . . . . . . . . . . . . . . . . . . . . . 4

*Norwood v. Kirkpatric*, 349 U.S. 29 (1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Paul v. Int'l Precious Metals Corp.*, 613 F.Supp. 174
    (D.C. Mss. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Perkins v. Brown,* 236 So.2d 579 (La. App.–1st Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . 18

*Peteet v Dow Chem. Co.,* 868 F.2d 1428 (5th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Piper Aircraft v. Reyno*, 454 U.S. 235 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Pratt v. Rowland,* 769 F.Supp. 1128 (N.D.Cal. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Robertson v. Kiamichi Railway R. Co.*, 42 F.Supp.2d 651

(E.D. Tex. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Sampson Industries, Inc. v. Amega Industries, Inc.*,
    1998 WL 826907 (N.D. Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159
    (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Sorrels Steal Co. v. Great Southwest Corp.*, 651 F.Supp. 623
    (S.D. Ms. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Stewart Org., Inc. v. Ricoh Corp.*, 47 U.S. 28 (1998) . . . . . . . . . . . . . . . . . . 10

*United Pentacostal Church of Hodge v. Interstate Surplus*
    *Underwriters*, 368 So.2d 1104 (La. App.–2nd Cir. 1979) . . . . . . . . . . . . . . . . 18

*Van Dussen v. Barrack*, 376 U.S. 512 (1964) . . . . . . . . . . . . . . . . . . . . . . . . 11

*Vance Trucking Co. v. Canal Ins. Co.*, 338 F.2d 943
    (4th Cir. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665
    (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19-21

*Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243
    (5th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Vizcarra v. Roldan*, 925 S.W.2d 89
    (Tex. App.–El Paso 1996, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Walter Fuller Air Craft Sales v. Republic of Phillipines*,
    965 F.2d 1375 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10


Texas Civil Practice & Remedies Code:

§33.003(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8


Federal Rules of Civil Procedure:

Rule 12(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Rule 12b(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Rule 12b(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Rule 26(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Rule 32(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Rule 32(a)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Rule 45(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Federal Rules of Evidence:

Rule 602 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Rule 701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Rule 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Rule 801(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Rule 802 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Federal Statutes:

28 U.S.C. § 1821(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

28 U.S.C. § 1920 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

28 U.S.C. §1391 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. §1391(1)(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

28 U.S.C. §1391(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. §1391(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

28 U.S.C. §1391(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. §1391(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. §1391(e)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. §1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-11

28 U.S.C. §1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-9

28 U.S.C. §1653 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. §1821 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

28 U.S.C. §98(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28 U.S.C. §98(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Treatises:

15 Wright, Miller & Cooper, Fed. Prac. & Proc. §3807 . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 7

Hitner, Rutter Group Practice Guide: Federal Civil
        Procedure Before Trial, §11:2263 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Hitner, Rutter Group Practice Guide: Federal Civil
        Procedure Before Trial, §11:2262 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Restatement (Second) on Conflict of Laws, section 175 . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

Restatement (Second) of Conflict of Laws section 145 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Restatement (Second) of Conflict of Laws section 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

Restatement (Second) of Conflicts of Law, Sections 146 . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

Wright, & Miller, Fed. Prac. & Proc. § 3854 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 22

Wright, & Miller, Fed. Prac. & Proc. §1352 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Wright, & Miller, Fed. Prac. & Proc. §1373 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Wright, Miller & Cooper Fed. Prac. & Pro., §3851 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Wright, Miller & Cooper, Fed. Prac. & Pro. §3848 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Wright, Miller & Cooper, Fed. Prac. & Pro. §3849 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Wright, Miller & Cooper, Fed. Prac. & Proc. §327a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Louisiana Revised Statute Code Ann.:

Art. 2315 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

<u>DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, ALLIED VAN LINES, INC. (**"ALLIED"**) and files this Reply in Support of Motion to Transfer Venue and would show the Court as follows:

### I. Summary of Argument

Plaintiffs' Response reveals the only connections between this District and the accident is that Plaintiffs live here and Allied transacts some business here. None of the alleged events took place in this District. Nearly all the material non-party witnesses reside in other states (mostly Louisiana) and some will come to South Texas for trial if someone pays their way and compensates them for lost income. When it appeared that joining Sorensen destroyed their venue grounds and would cause a transfer to Louisiana, Plaintiffs drop Sorensen like a scalding horseshoe. Plaintiffs cannot explain why Louisiana law does not control, which means a court already overburdened with criminal cases must learn the legal intricacies of a civil law state. This is transparent forum shopping so this case can be tried in their backyard, regardless of the expense and inconvenience to the Court, the material witnesses, or Allied. Sections 1406(a) and 1404(a) exist to prevent this and the Court should transfer.

Allied's Original Answer raised venue as "issue # 1" before Plaintiffs dismissed Sorensen or amended their venue allegation. Under Rules 12(b) and 12(d), Allied's answer was sufficient for the court to rule on venue at the preliminary hearing. Thus, it is not factually correct that Sorensen was dismissed before Allied objected to venue.

Plaintiffs struggle vainly to find authority that venue must be determined based on the posture at the time the motion is filed. Other cases within the Fifth Circuit have followed the rule

that venue is determined by the posture at the time suit is filed and is not changed by subsequent change of parties.  Adopting such a rule now will only encourage parties to engage in post-filing tactics to fix or defeat venue.

With respect to a Section 1404(a) transfer, Plaintiffs' choice is not entitled to decisive weight; it has minimal weight if the events occurred in another venue.  The critical factors are the convenience of material non-party witnesses and the place of the alleged wrong.  On those points Plaintiffs prove Allied's argument.  None of the events occurred in this District and nearly all the material non-party witnesses live in Louisiana or some other state.  Plaintiffs propose to make this District "convenient" for them by "buying" venue, i.e., spend large sums of money to video the witnesses' depositions or bring them live.  The caselaw is clear that live testimony is the "gold standard." Subpoena power is the only way a court can guarantee Allied's ability to present or cross-examine material witnesses.

The alleged wrongdoing occurred in Louisiana; Plaintiffs offer nothing to show any substantial part of their claim arose in this District.  Their claim that Texas law will control liability for a truck/auto collision in Louisiana is unsupported and is suspect on its face.

After all the section 1404(a) factors are balanced, the convenience of the material non-party witnesses, the location of the wrongdoing, and the choice-of-law factors all point one way: Louisiana.  Plaintiffs cite no case that their residency in and preference for the Brownsville Division should override these important factors.

**II.  Defendant ALLIED is entitled to a transfer under §1406(a) due to improper venue.**

**A.    Venue is determined on the case's posture when the case was filed, not when the motion to transfer is filed.**

Plaintiffs' Response (Dkt#32) argues venue is to be determined at the time Allied filed its

motion to transfer which Plaintiffs claim became operative after they dismissed Sorensen. This statement is not factually accurate or legally correct.

Plaintiffs moved to dismiss Sorensen on December 9, 2003. Dkt.# 20, 22. However, Allied's Answer, ¶ I, (filed September 24, 2003) objected to venue and prayed for a transfer of venue. Dkt# 10. Venue can be raised by a *pleading* as well as by motion. FED. R. CIV. P. 12b(3), 12(d). It is well recognized that the defense of improper venue can be raised simply by a responsive pleading. Wright & Miller, FED. PRAC. & PROC. §1352, p. 261 (1990). The court can consider venue at a preliminary hearing under Rule 12(d) simply because the answer raised it as a Rule 12b(b) defense. Wright & Miller, FED. PRAC. & PROC. §1373, p. 547 (1990).

Therefore, even assuming *arguendo* venue were decided on the circumstances when Allied objected to venue, Plaintiffs still lose. Allied's Answer "moved" to transfer for improper venue while Sorensen was still a party and while Plaintiffs claimed venue based on Allied and Sorenson being "residents" of Texas.

The authorities Plaintiffs cite for the alleged rule do not expressly say venue is to be determined based on the circumstances when the motion is filed. See Response, p. 5, Dkt# 22, citing *Knowlton v. Allied Van Lines*, 900 F.2d 1196, 1200 (8th Cir. 1990); 15 Wright, Miller & Cooper, FED. PRAC. & PROC. §3807, pp. 78-79 (1986), p. 47 (Supp. 2003). Neither authority says that.

In *Knowlton*, plaintiff sued Allied Van Lines (a successor of Merchants Transfer) and Schick Movers. 900 F.2d at 1198. Plaintiff dismissed the Schick Movers for lack of personal jurisdiction. *Id.* at 1198 n. 2. Allied moved to dismiss for lack of jurisdiction and improper venue, or alternatively for a section 1404(a) transfer. *Id.* The opinion does not state whether Allied moved before or after Schick was dismissed.

The district court concluded it lacked personal jurisdiction over Allied and therefore

3

transferred the case to Iowa under section 1406(a). *Id.* The Iowa district court then dismissed based on the Iowa's statute of limitations. *Id.* The Eighth Circuit concluded that Allied had consented to personal jurisdiction in Minnesota, and therefore technically, the Iowa court should not have granted judgment. *Id.* at 1200.

Allied argued that, apart from considerations of jurisdiction, the transfer was correct because venue was not proper in Minnesota.[1] *Id.* The Eighth Circuit did state that, because Schick had been dropped, Minnesota was now a district of proper venue. *Id.* However, its opinion stated that it was proper to assess propriety of venue on the basis of circumstances "as they now exist." *Id.*, citing *Neuman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 26 (1989). However, *Neuman-Green* addressed only the effect of dismissed parties on *diversity jurisdiction*, not venue. *See A.J. Taft Coal Co., Inc. v. Barnhart*, 291 F.Supp2d 1290, 1303 (N.D. Ala, 2003) (declining to follow *Knowlton*). Moreover, the court did not say it was proper for a district court to analyze venue based on the circumstances when the motion is filed or considered. Thus, *Knowlton* may address the scope of appellate remedies rather than trial court procedure.

Likewise, Wright, Miller & Cooper nowhere in section 3807 state venue is determined on the posture of the case at the time the motion is filed. It simply cites the *Knowlton* case in a footnote without comment. See §3807, p. 47 n. 22 (Supp. 2003).

The Response appears to argue that *Horihan v. Hartford Insurance Co.*, 979 F.Supp. 1073 (ED Tex. 1987) is an anomaly within the Fifth Circuit. First, no court within the Southern District has rejected *Horihan*. *See Holmes v. Energy Catering Services*, 270 F.Supp.2d 882, 885-86 (S.D. Tex. 2003); *McCasky v. Continental Airlines, Inc.*, 133 F.Supp.2d 514, 524 (S.D. Tex. 2001). In

---

[1] Allied and its counsel in *Knowlton* advise that their records in the case no longer exist. Exhs. 8, 9.

4

*Holmes*, Judge Kent clearly stated that venue under section 1391 is determined when suit is filed and not affected by subsequent events such as the dismissal of a defendant. 270 F.Supp.2nd at 885 n. 1.   Though this was not decisive to his ruling, he made the statement without criticism or qualification.

Two years earlier in *McCasky*, Judge Kent noted *Knowlton* and *Horihan* did not seem to agree. 133 F.Supp.2d at 524. However, he determined *Knowlton* was distinguishable and did not directly control the case. *Id.* In *McCasky*, plaintiff had named Mr. Dang as a defendant and had issued process, but Dang had not answered and there was no information about his residence. *Id.* at 524. Thus, the issue was whether venue could be judged "prospectively." *Id.* The court declined to decide venue based on potential parties who had not answered and whose residence were unknown. *Id.* at 525. That Judge Kent two years later cited *Horihan* uncritically in *Holmes* suggests the rule is sound. 270 F.Supp.2d at 885 n.1.

Second, two other courts within the Fifth Circuit have followed *Horihan*. *See Labranche v, Embassy Suites, Inc.*, 1999 WL 5841 (E.D. La. 1990); *Sampson Industries, Inc. v. Amega Industries, Inc.*, 1998 WL 826907 (N.D. Tex. 1998). In *Labranche*, plaintiff sued Promus Hotel, Inc., Lumbermans Mutual Casualty Insurance Co. and the Hammons companies. *Id.* at *1. Plaintiff then dismissed Hammons for lack of personal jurisdiction in the forum. *Id.* The court determined Hammons was not subject to personal jurisdiction in Louisiana; venue would be judged at the time the complaint is filed and therefore venue under section 1391(a)(c) could not be sustained. *Id.*

Likewise, in *Sampson*, the court included in its section 1391(a)(1) analysis a dismissed defendant corporation that resided in South Texas. *Id.* at *3 n. 9.

In *Exxon Corporation v. F.T.C.*, 588 F.2d 895, 899 (3rd Cir. 1978), a case under 28 U.S.C. §1391(e), the Third Circuit clearly stated that "venue is determined at the outset of the litigation and

5

is not affected by subsequent change in parties." *Id.* at 899. Plaintiffs argue this is inapposite because §1391(e) lays venue in the district where one plaintiff resides. 28 U.S.C. §1391(e)(4). If venue based on the plaintiff's residence is not altered by a subsequent change of parties, then there is no reason for a different rule when venue is determined by a defendant's residence. *See e.g. Taft Coal Co.*, 291 F.Supp.2d at 1303-04 (the fact that the resident plaintiffs' claims became moot after the case was filed did not change the section 1391(e) venue analysis for nonresident plaintiffs; venue would be analyzed as if their claims still existed).

Finally, Plaintiffs' proposed rule will only lead to great mischief. Under their rule, a defendant could change states of residences between when the suit is filed and it files a section 1406(a) motion in order to defeat venue. Individual defendants would be encourage to "pull up stakes" as soon as they are served in order to argue that they are no longer residents. Their rule encourages dilatory tactics to stall venue rulings while claimants find a basis to justify forum shopping. Venue should be resolved early. *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. 2003). Plaintiffs should not delay the case so they can experiment by amending pleadings and changing parties until they find arguable venue grounds. Otherwise, resolving venue will become like trying to hit a "moving target."

**B.    Court's power to "cure" venue defects by dismissal/severance is limited to cases where it cannot transfer the entire case to a proper venue.**

Plaintiffs' arguments about "discretionary" power to "cure" venue is misplaced because their authorities concern cases where either (a) defendant requests a section 1406(a) *dismissal* rather than a transfer, or (b) there is no federal court that could have jurisdiction and venue over all defendants.

Section 1406(a) provides

"The district court of a district in which is filed a case laying venue in the wrong division or district *shall dismiss, or* if it be in the interest of justice, *transfer such*

6

*case* to any district or division in which it could have been brought."

[emphasis added]. Prior to the enactment of section 1406(a) the only remedy for improper venue was dismissal. Section 1406(a) was enacted in 1948 to defeat technicalities that required *dismissal* merely because the plaintiff had made a bad guess about venue. Wright, Miller & Cooper, FED. PRAC. & PROC. §3827, p. 261(1986), citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Therefore, a transfer is to be preferred over dismissal. *Id.* § 3827, p. 261.

Plaintiffs quote Wright, Miller & Cooper, §3807, p. 79, but omit the prior sentence that, if proper venue objection is made and there is some other district in which venue would be proper for all parties and they are subject to service there, the suit can be transferred there. *Id.* at pp. 78-79. Thus, the quote that "failing all else" the court may dismiss a party refers to the case where it cannot transfer the suit to a venue where all parties are subject to personal jurisdiction. *Id.* at p. 79. That is certainly not the case here.

Plaintiffs argued that they can amend pleadings to "cure a venue defect", citing *Moore v. Coats Co.*, 270 F.2d 410, 411-12 (3rd Cir. 1959). Again, the defendant in *Moore* was dismissed for improper venue; the case was not transferred. *Id.* at 411. As support, the Third Circuit cited 28 U.S.C. §1653, which permits amendments to cure defects in jurisdictional allegations at anytime. *Id.* It cited a congressional intent to avoid *dismissal* based on technicalities. *Id.* at 412.

Plaintiffs also cite *De La Fuente v. ICC*, 451 F.Supp. 867, 871 (M.D. Ill 1978), and *Goldberg v. Wharf Constructors*, 209 F.Supp. 499, 504 (N.D. Al 1962). *De La Fuente* actually proves the rule because it granted a section 1406(a) to transfer. 451 F.Supp.2d at 871-2.

The *Goldberg* ruling may have been greatly diluted by the same court's recent decision in *Taft Coal Co.*, 291 F.Supp.2d at 1303. Moreover, in *Goldberg* the Labor Department sued several employers at a single construction site to enjoin FSLA wage violations. 451 F.Supp.2d at 500. The

two defendants who were severed and sent to Texas were partners of one of the employers; the court questioned whether they were properly parties because an injunction against the partnership automatically bound them, but chose to transfer them because the partnership remained a party before it. *Id.* at 507-8.

In any case, it is highly unlikely that, but for the dismissal, this Court would have severed Sorensen and transferred the claims against Sorensen to Louisiana, and kept Allied here. If that were the case, Plaintiffs would not have dismissed Sorenson.

Plaintiffs concede that the court may not sever and dismiss a party that is "indispensable." They originally alleged Sorensen and Allied were joint tortfeasors. Dkt# 4, ¶¶ 15-18. They also allege Texas law applies. Dkt# 28, ¶ 24. Yet Texas law would require the joint tortfeasors to be tried together. See TEX. CIV. PRAC. & REM. CODE ANN. §33.003(a) (Vernon Supp. 2004) (requiring the court to submit to the trier of fact the comparative fault of each defendant). Because the law Plaintiffs allege controls this case would require the two be tried together, the court could not have treated Sorensen as dispensable. Section 1406(a) would require the Court transfer the entire case to a venue in which Sorensen was subject to jurisdiction.

**C.    Allied has standing to request a transfer due to improper venue under section 1406(a).**

Plaintiffs argue Allied is attempting to assert Sorensen's venue objections and that it has no standing to do so. Response, p. 11 citing *Camp v. Gress*, 250 U.S. 308, 316 (1919); *Vance Trucking Co. v. Canal Ins. Co.*, 338 F.2d 943, 944 (4th Cir. 1964); and *Pratt v. Rowland*, 769 F.Supp. 1128, 1131-32 (N.D.Cal. 1991). The correct issue is whether Allied has standing to seek a section 1406(a) transfer based on improper venue of the case.

*Camp v. Gress* was decided when the only remedy for improper venue was dismissal. 250 U.S. at 316. *Vance Trucking* also involved a only dismissal, not a transfer. 338 F.2d at 943. In

*Pratt,* defendants waived venue by not objecting to it until after plaintiff asked to add new parties. *Id.* at 1132.

Plaintiffs' "standing" argument flies in the face of the statute. Section 1406(a) applies to a ". . . court of a district in which is filed a case laying venue in the wrong division of district . . . ." It has no requirement that only nonresident defendants can pursue the motion; rather, it applies if the *case* lays venue in the wrong district. On its face, section 1391(a)(1) makes venue proper only if all defendants reside in the same state. It does not say venue is proper for some if less than all are residents. Therefore, there is no reason why any defendant cannot urge a section 1406(a) transfer.

If a "resident" defendant cannot seek a section 1406(a) transfer then it could not join in a non-resident's proper motion to have an entire case transferred to a district of proper venue. Then the court would not be able to transfer the entire case under section 1406(a) as the statute obviously says it can. One case Plaintiffs cite noted that the resident defendant did join in such a motion and the entire case was transferred. *De La Fuente*, 451 F.Supp. at 871-72.

### III. Because the record overwhelmingly establishes that the vast majority of key witnesses reside in Louisiana outside subpoena range, the alleged wrong occurred in Louisiana and Louisiana law controls, the court should transfer venue pursuant to 28 U.S.C. §1404(a)

The court has discretion in granting or denying a section 1404(a) transfer. *Peteet v Dow Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir. 1989). However, that discretion is not unbridled and may be reviewed by mandamus. *In re Horseshoe Entertainment*, 337 F.3d at 432; *see also In re Ethicon, Inc.*, Case No. 95-40546 (5th Cir. 1995), [unpublished], *cert. denied sub. nom. Luther v. Ethicon, Inc.*, 516 U.S. 971 (1995).[2]

---

[2] In *Luther*, Judge Vela denied Ethicon's motion to transfer under 1404 to the Northern District of Texas. See "Luther v. Ethicon" Cause No. 95-CV-42, Dkt# 30. The Fifth Circuit granted the writ of mandamus and ordered a transfer after two days consideration without requesting a response from Luther or holding oral argument.

Plaintiffs argue much about the weight accorded to their choice of forum. However, Plaintiffs do not discuss the Fifth Circuit's recent holding that their preference is not decisive or controlling. *In re Horseshoe Entertainment*, 337 F.3d at 434. Plaintiffs' choice is not entitled to much deference when the material witnesses are and the accident occurred in another district.

Much of Plaintiffs' section 1404(a) argument is flawed because many of the cases they cite involve *forum non convenient* ("FNC") dismissals [3] or contractual forum selection clauses.[4] For example, Plaintiffs cite *Schexnider*[5] for the proposition that their venue choice should be "rarely disturbed." 817 F.2d at 1162. However, *Schexnider* is an FNC dismissal case. 817 F.2d at 1160. Section 1404(a) transfers are "quite different" from FNC dismissals. *Norwood v. Kirkpatric*, 349 U.S. 29, 31 (1955); *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1247 (5th Cir. 1983). Standards for FNC dismissal and section 1404(a) dismissal are "simply inapplicable" to each other. *Piper Aircraft v. Reyno*, 454 U.S. 235, 253 (1981). Section 1404(a) transfers are intended to be federal "housekeeping" means facilitating an "easy change of venue" within a unified federal system. *Piper,* 454 U.S. at 253-54; *Veba-Chemie,* 711 F.2d at 1247.

Plaintiffs' analysis of the "public interest" factors is flawed because they cite only FNC cases for what factors to consider. Response, p. 13. Section 1404(a) requires consideration of the "interest of justice." The "public interest" factors for section 1404(a) focus on judicial economy and efficient administration of the court system. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 221 (7th Cir. 1986), *citing Van Dussen,* 376 U.S. at 645. The most frequent factor is the desire to avoid a

---

[3] See for example *Gulf Oil Co. v. Gilbert*, 330 U.S. 501 (1947) (FNC dismissal); *Walter Fuller Air Craft Sales v. Republic of Phillippines*, 965 F.2d 1375, 1389 (5th Cir. 1992).

[4] See *Stewart Org., Inc. v. Ricoh Corp.*, 47 U.S. 28, 29 (1998); *International Software Systems v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir. 1996) (forum selection clause for trial in foreign nation; court rejects analogy to section 1404(a) for cases involving forum selection clauses for trial in foreign nations).

[5] *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1162 (5th Cir. 1987).

multiplicity of litigation from a single transaction; a court examines the number of related cases in its venue and in the potential transferee forum. Wright, Miller & Cooper, FED. PRAC. & PROC. §3854 p. 441 (1986). Another important public interest is the advantage to be gained by having a federal judge familiar with the applicable state's law handle the case. *Van Dusen,* 376 U.S. at 645; *Morgan v. Ill. Cent. R. Co.*, 161 F.Supp. 119, 121 (S.D. Tex. 1958); Wright, Miller & Cooper, §3854 p. 46 (1986).

## A.    Plaintiffs' choice of forum is not decisive.

There are a "bewildering variety of formulations" on the weight to be attributed Plaintiffs' choice of venue. Wright, Miller & Cooper FED. PRAC. & PRO. §3848, p. 142 (Supp. 2003); *Robertson v. Kiamichi Railway R. Co.*, 42 F.Supp.2d 651, 655-56 (E.D. Tex. 1999). The Fifth Circuit has recently said that plaintiffs' choice of venue is a factor, but is neither "conclusive nor determinative." *In re Horseshoe Entertainment*, 337 F.3d at 434. Plaintiffs' choice is entitled to "only minimal consideration" when the events took place in another forum. *Morgan,* 161 F.Supp. at 120 (in personal injury case for train collision in Illinois, plaintiff's residence and the presence of four treating doctors in Southern District of Texas was not sufficient to prevent a section 1404(a) transfer). Plaintiffs' choice is simply not decisive when the material witnesses and events are located in another venue. Wright & Miller, FED. PRAC. & PROC. § 3854, p. 46; *Robertson,* 42 F.Supp.2d at 656. Therefore, after *Horseshoe Entertainment*, it is clear that Plaintiffs' choice of forum is not decisive, particularly where the alleged wrongdoing and witnesses are located in another venue. 337 F.3d at 435.

## B.    The Convenience of the Parties does not weigh against a transfer to Lousiana

While the Brownsville division may have some greater convenience for Plaintiffs, it is not of itself enough to outweigh all the other factors.

Plaintiffs argue that the medical conditions and continuing treatment for Plaintiffs Lisa Guerra and Jose Alfaro present a hardship and inconvenience on them to litigate in Louisiana. First, this is all based on the incompetent speculation of Ms. Alegria. See below at pp. 22-3. Second, the same probate court proceedings they cite show Lisa Guerra and Jose Alfaro are (1) mentally incompetent to testify and (2) physically unable to attend trial anywhere. Exhs. 6 & 7. Lisa Guerra was alleged to be totally incapacitated; her doctor agreed, stating that she was bedridden and the medication rendered her unable to make decisions or participate in court proceedings. Exh. 6. Jose Alfaro's physician said the same of him. Exh. 7. Lisa Guerra and Jose Alfaro, Jr. offer no proof how it is a hardship on them if the other Plaintiffs attend trial in Louisiana. Plaintiffs offer no evidence why they must be present to assist in their care. *Compare Lemery v. Ford Motor Co.,* 244 F.Supp.2d 720, 731 (S.D.Tex. 2001)(in wrongful death case, hardship for deceased's autistic mentally impaired child to travel to New York was not a compelling interest when there was no evidence he would be an active participant at trial).

Plaintiffs then argue the court can consider the parties' relative financial strength as part of the "convenience" analysis, Response, p. 16 citing Wright, Miller & Cooper, FED. PRAC. & PROC. §3849 (1986). This argument misses the point. The issue is not the relative wealth of the parties, rather, it is their financial ability to bear the burden of trial in another forum. *Sorrels Steel Co. v. Great Southwest Corp.*, 651 F.Supp. 623, 631 (S.D. Ms. 1986). However, this is just a factor and it cannot overcome the place of the wrongdoing. *Bear Stearns Co., Inc. v. Laballe*, 2001 WL 406217, * 4 (N.D. Tex. 2001).

Furthermore, Plaintiffs's own evidence defeats them. Plaintiffs can afford to bring a medical specialist on burns, two Louisiana State Troopers, and nine fact witnesses to Texas (including reimbursing them for lost wages). A transfer to Louisiana will save Plaintiffs most of those expenses

12

and they will incur only the relatively modest expense of their own travel.

Finally Plaintiffs claim that Allied will "hardly be inconvenienced" by a trial in the Brownsville division. Response p. 16 citing *Mohamed v. Mazda Motor Corp.*, 90 F.Supp2d 757, 776 (E.D. Tex. 2000). First, it is quite clear that Allied's and Sorensen's employee witnesses are located in Indiana, Illinois, and in Florida respectively. Exhs. 2-4; Dkt# 23. Therefore, they must travel the additional length of Texas to get to trial, not an minor expense. Moreover, the Western District of Louisiana sits in Lafayette. 28 U.S.C. §98(c). That is close to the accident scene in St. Martin Parish and to New Orleans, which has a major airport. Consequently air travel for out-of-state witnesses is more convenient there. *Compare, Lemery,* 244 F.Supp.2d at 730-31 (rejecting argument that Ford cannot be seriously inconvenienced by trying auto collision case in Galveston when all the witnesses were New York).

Second, *Mohamed* does not support Plaintiffs, for in that case a California defendant requested a transfer to the Northern District of Texas from the Eastern District. 90 F.Supp.2d at 776. Here, the distances are considerably greater.

## C.    Convenience of Material, Non-Party Witnesses Strongly Favors a Transfer

Plaintiffs' first argue that Allied has not identified the key nonparty witnesses or provided a summary of their expected testimony. Response, p. 17. In the same breath, Plaintiffs offer affidavits, statements, and reports from nonparty witnesses proving that they are critical and most reside in Louisiana. Exhs. B, D, E, G-Q, Dkt# 32. Their own evidence ends up, driving home Allied's point; most of the key non-party material witnesses are in Louisiana (not Texas). The convenience of key witnesses is the most significant factor. *Lemery,* 244 F.Supp.2d at 730-731. However, out of an abundance of caution, Allied offers Exh. 5, the Louisiana State Police report by Trooper Harold Williams, the lead investigator; Plaintiffs provided it as exhibit G to their Initial

13

Disclosures. It summarizes the testimony of Louisiana troopers and eight witnesses who are all Louisiana residents.

Rather than concede the obvious, Plaintiffs argue that the witnesses are willing to come to South Texas or do videotaped depositions. First, videotaped depositions do not satisfy the standard. The "convenience" of witnesses focuses on obtaining their <u>live</u> testimony at trial. Wright, Miller & Cooper FED. PRAC. & PROC., §3851, p. 420 (1986). The prime concern is ensuring live presence of material non-party witnesses at trial; a party should not be forced to rely on deposition evidence if live testimony can be procured. *Hotel Constr., Inc. v. Seagrave Corp.,* 543 F.Supp. 1048, 1051 (D.C.Ill. 1982). Videotape depositions of key non-party witnesses are not a substitute. *See Paul v. Int'l Precious Metals Corp.*, 613 F.Supp. 174, 179 (D.C. Mass. 1985); *Hess v. Gray*, 85 F.R.D. 15, 25 (D.C. Ill. 1979); *see also Lemery,* 244 F.Supp.2d at 731 (noting Ford would suffer "unfair prejudice" if it had to rely on deposition testimony to present its defense). If the case is not transferred, Plaintiffs would be free to play their depositions at trial without explaining why they did not come live. FED. R. CIV. P. 32(a)(3)(B) (permitting party to use deposition at trial if witness is more than 100 miles from place of trial).

Depositions are no substitute for examining the witness at trial. Pre-trial discovery is evolutionary and often at the time of the deposition one does not yet have all the evidence upon which to cross-examine a witness. The trial is often the first time when counsel can confront the witness with all the evidence obtained in discovery. Moreover, cross-examination is most effective when done live.

Plaintiffs argue that the availability of compulsory process is irrelevant because Allied has not shown the witnesses will not voluntarily appear in South Texas. Response, p. 20 (Dkt# 32), citing *Blansett v. Continental Airlines*, 203 F.Supp.2d 736, 739 (S.D. Tex. 2002); Hitner, RUTTER

GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, §§11:2262-63 (2003); and FED. R. CIV. P. 45(a), 32(a)(3). The Hitner citation and Rules 32 and 45 do not address venue at all. *Blansett* is no support. First, the opinion nowhere say Allied must show the witnesses are "unwilling" to come. Rather, it talks of the "cost of obtaining attendance of witnesses and other trial expenses." *Id.* at 738. Second, the parties in *Blansett* agreed that all material witnesses lived in the Southern District of Texas. *Id.* at 738-39.

Plaintiffs' tactic is particularly troubling. First, the witnesses can at best express only a present willingness to attend. There are no guarantees that they can or will honor their "willingness" at the time of trial in South Texas. The Louisiana State Police Troopers are subject to the control of their superiors who are free to deny them leave, etc. Dr. Hardgroder may decide that he cannot leave his patients without his services. The fact witnesses can always change their minds. If a witness reneges after jury selection, it is not likely this Court will want to transfer the case at that point. Allied will not be forced to endure these uncertainties if it has the subpoena power of a local court.

Second, permitting this tactic can essentially allow one party to "buy" the convenience of witnesses. These witnesses may be perfectly willing to cooperate and attend at Plaintiffs' request, but may not be quite so willing if Allied wants them to attend for cross-examination. Likewise, this puts material witnesses in a position to bargain for substantial "compensation,"e.g. generous lost wages, deluxe, first class hotels and airfare, etc. This could lead to a "bidding" war between financially-able litigants to see who can offer to make their desired venues "convenient" for the witnesses.

Also, Plaintiffs argue that Allied has not shown what is the relative cost of obtaining attendance of witnesses in Louisiana. Response p. 20, Dkt# 32. However, Plaintiffs' own proof

shows that a doctor, two police officers and nine fact witnesses will incur substantial travel expenses from Louisiana to attend trial in Brownsville.[6] Under 28 U.S.C. §1821, each is entitled to $40 a day, plane fare, and a daily per diem for overnight travel. Their expenses are taxable as court costs. 28 U.S.C. §§ 1821(c), 1920. It does not require any effort to conclude that a trial in Louisiana cost considerably less because the witnesses can travel by car and be done in a day. *Compare Lemery,* 244 F.Supp.2d at 732 (concluding that trial would be less costly in New York even though Ford did not specifically prove the difference in travel costs between trial in Galveston and in New York).

Consequently, this factor decidedly favors a transfer.

## D.    Place of Alleged Wrong is in Louisiana

First, Plaintiffs claim that Allied has failed to show the place where the alleged wrongdoing took place in Louisiana. This is a bizarre assertion when Plaintiffs plead the collision occurred in Louisiana. Complaint, ¶XXIX, Dkt#28. Plaintiffs plead that Defendant's negligence was in "the operation of the tractor trailer vehicle" and in hiring the driver in question. Complaint, ¶XIV, Dkt# 28. The accident report (Exh. 5) shows the allegedly negligent operation of the truck that caused the accident occurred in Louisiana. Even more important, Plaintiffs do *not* allege venue is proper on the grounds that any part of the cause of action occurred in Texas. Instead, they rely on Allied's "residence."

Plaintiffs argue that Allied's negligent hiring and alleged falsification of driver's logs did not occur in Louisiana. Response, p. 19, Dkt# 32. This misses the point: they did not occur in Texas either. Plaintiffs do not controvert Defendant's evidence that the selection of Mr. Gorski as the driver did not occur in Texas. Exhs. 2-4, Dkt# 32. The Louisiana Trooper Elliott concluded that Mr.

---

[6] The nine fact witnesses state their willingness to attend will depend on compensation for lost wages. Exhs. G-Q, Dkt# 32. It is likely the doctor and two police officers will want the same.

Gorski had falsified his logs for the period of June 30 to July 13, 2001, but that report shows these were records of trips in other states. Pltf Exh. S, p. 2-3, Dkt# 32. The accident destroyed the records for the five days before the accident. Pltf Exh. S, p. 2, Dkt# 32. Thus there is no evidence Gorksi falsified logs in Texas or during this trip. None of this justifies trial in Texas rather than Louisiana.

Instead, Plaintiffs claim that one possible strand of their case may have occurred in Texas. Response, p. 19, citing Pltfs' Exhs. R&S, Dkt# 32.. The day *before* the accident, Mr. Gorski drove to someplace near Houston, Texas. Exh. S, pp. 3-4, Dkt# 32. Gorski's cell phone records showed activity that day from 11:30 a.m. until 11:00 p.m. Exh. S, pp. 4, Dkt# 32. Based on that, Trooper Elliott concluded that, on the day *before* the accident, Gorski may have exceeded the 10 hour driving rule by 2-4 hours. Exh. S, p. 4, Dkt# 32. However, the Louisiana officer noted that a witnesses said Gorski stopped in Louisiana the day of the accident for an extended period of time. Exh. S, p. 4, Dkt# 32. This hardly justifies the claim that any significant part of the alleged wrongdoing occurred in Texas.

Whether Gorski drove too many hours the day before the accident is merely evidentiary, not the ultimate issue for this accident. If Texas law were to apply (which Allied denies), any proof of driving while fatigued the day before or that day would be evidentiary but not the ultimate issue of negligence. *See Kauman v. Miller,* 405 S.W.2d 820, 824 (Tex. Civ. App.–Beaumont 1966), *rev'd on other grounds,* 414 S.W.2d 164 (Tex. 1967)(trial court properly refused to submit question on driving while fatigued because it was not the ultimate issue; fatigue cannot cause an accident unless it causes some act or omission that is the proximate cause of the collision). Louisiana law requires the act to cause damage before it can be the subject of a remedy. LSA CIV. CODE, art. 2315 ("Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."). No cause of action arises until the act causes damages. *United Pentacostal Church of Hodge*

*v. Interstate Surplus Underwriters,* 368 So.2d 1104 (La. App.–2nd Cir. 1979); *Perkins v. Brown,* 236 So.2d 579, (La. App.–1st Cir. 1970). Therefore, any driving over hours the day before cannot itself be a cause of action in Louisiana if it did not itself cause damages.

**E.    A Transfer will not unreasonably delay or prejudice Plaintiffs**

Plaintiffs argue that a transfer may cancel trying the case in October 2004. Given that the accident occurred in July 2003, a delay in the trial date due to a transfer will not prejudice them. If a transfer delays trying the case in the fall, that is the result of asking for more time on the venue motion while asking for a quick trial date. Any delay may be minimal because the Lafayette Division of the Western District of Louisiana has three district judges and two magistrate judges. See www.lawd.uscourts.gov.

Plaintiffs cite no case that Allied must establish there will be no delay if the case is transferred to the Western District of Louisiana. Indeed, the Fifth Circuit has said the possibility of delay or prejudice is a factor only in "rare and special circumstances." *In re Horseshoe Entertainment,* 332 F.3d at 434. Moreover, it said the existence of delay must be established by "clear and convincing evidence." *Id.* It does not say that the movant must negate it by such clear evidence; rather, this suggests it is up to the nonmovant (Plaintiffs) to show what is the prejudicial delay. Indeed, in *Horseshoe,* the Fifth Circuit ordered the case transferred to the Western District of Louisiana. *Id.* at 435. This shows that there is little risk a transfer will harm Plaintiffs.

Moreover, the Fifth Circuit has condemned the use of "bootstrapping" elements to create a problem. *Id.* From the beginning, Plaintiffs insisted on obtaining more time to prepare to defend their venue choice while clamoring for a quick trial date. From the time suit was filed, the parties were under order from this court to develop a discovery schedule for the *entire* case. Dkt#2. At the November 11, 2003, Rule 26(f) conference, venue was discussed because Defendants advised they

18

would be filing the motion to transfer venue shortly. Dkt.# 17, pp. 2-3, 6. At that time, Plaintiffs' counsel made it clear they needed "adequate time" to do discovery on venue but did wanted to go to trial soon. It was agreed that initial discovery would be focused on venue of the case and jurisdiction over Sorensen. Dkt# 17, pp. 2-3. At the January 2004 hearing Plaintiffs asked for and were granted more time to conduct discovery and answer the motion. See Dkt.# 27. At the same hearing, Allied advised the Court it was cooperating to provide initial discovery voluntarily on the venue issues so that the Court could rule promptly in the interest of judicial economy.

In short, any delay for an October trial date is due to accommodating Plaintiffs' demand for more time to respond to the motion to transfer. Accepting their argument will force defendants to resist any effort to enter into a scheduling order or conduct discovery for fear the opponent will claim that any transfer will delay a trial date. This will only frustrate the Court's attempts to sensibly manage its docket and discourages parties from resolving their disputes by agreement.

**F.      Public Interest Factors Weigh in Favor of a Transfer.**

    1.      <u>Choice of Law Favors Transfer to A Forum Familiar with Applicable Law</u>

Plaintiffs do not dispute there would be a great advantage to having a Louisiana federal judge apply Louisiana law. Instead, Plaintiffs argue, without explanation, that Texas law will control because Texas has the most significant contacts. Response, p. 24. Plaintiffs do not discuss a recent controlling decision: *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 674 (5th Cir. 2003).

A federal court sitting in diversity jurisdiction applies the forum's choice of law rules. *Vasquez*, 325 F.3d at 674. Texas applies the "most significant relationship" test as stated in the Restatement (Second) of Conflict of Laws sections 6 & 145. *Vasquez*, 325 F.3d at 674, citing *Gutierrez v. Collins*, 583 S.W.2d 312, 318-19 (Tex. 1979).

The Restatement, section 6, requires the court to consider:

1.    the needs of the interstate and international systems

2.    the relevant policies of the forum

3.    the relevant policies of the interested states and the relevant interests of those states
in the determination of the particular issue

4.    the protection of justified expectations

5.    the basic policies underlying the particular field of law,

6.    certainty, predictability and a uniformity of result, and

7.    the ease of determination of application of the law to be applied.

*Id.* at 318. The Restatement, section 6, provides that, with respect to tort claims, the law of the state
with the most significant relationship to the occurrence and the parties should control. *Id.* at 319.
The contacts to be considered are:

1.    The place where the injury occurred,

2.    The place where the conduct causing the injury occurred,

3.    The domicile, residence, nationality, etc. of the parties, and

4.    The places where the relationship, if any, between the parties is centered.

*Id.* at 319. This does not turn on the number of the contacts but on their qualitative nature. *Id.*

The Restatement, sections 146 and 175, provides that in an action for personal injury or
death, the law where the injury occurred should determine the rights and liabilities of the parties,
unless with respect to that issue some other state has the more significant relationship under the
general rules of Restatement, section 6. When the conduct causing injury and the injury or death
occur in the same state, that state law usually will control. RESTATEMENT (SECOND) CONFLICT OF
LAWS §§ 146, cmt (d), and 175, cmt (e). Given that the conduct causing the accident and the
injuries/death occurred in Louisiana, Texas' choice of law rule would favor Louisiana. *See Vasquez,*

325 F.3d at 674; *Vizcarra v. Roldan,* 925 S.W.2d 89, 91-92 (Tex. App.–El Paso 1996, no writ).

In *Vasquez*, the accident occurred in Mexico between Mexican nationals as a result of an alleged defect in tires manufactured and purchased in Mexico. 325 F.3d at 674. Vasquez argued that Texas law could control because it was possible that the tires had been designed in Texas. *Id.* The Fifth Circuit rejected this argument. *Id.* The alleged wrongful design was too far back in the causal chain; the real conduct causing the injury was the manufacture and delivery of the product, which occurred in Mexico. *Id.* at 674. Even if the tire design could have qualified as "conduct causing injury," the balance of the other facts favored applying Mexican law. *Id.* at 674.

Just as tire design was too far back in the chain, Mr. Gorski's alleged actions the day before could not be the direct cause of the accident. Even assuming the contrary, on balance the other factors still point to Louisiana. The most direct causes of the collision occurred there, the accident investigation took place there, the death/injuries occurred there, and the weight of the relationship between Plaintiffs and Allied is in Louisiana, not Texas.

*See also Vizcarra*, 925 S.W.2d at 91-2 (Mexican law applied to auto accident in Mexico between Texas defendant and plaintiffs from Texas and Mexico; Texas had no important interest at stake and Mexico had strong interest in regulating drivers within its borders).

Plaintiffs do not explain why Texas has a superior interest to Louisiana. To accept their argument would require one to believe that Texas has a superior interest in regulating a driver passing through Texas because he might go to another state and have an accident. This seems hardly superior to the interest of the state where the accident occurs in preventing accidents and injuries on its own highways.

Moreover, as the accident report makes clear (Exh. 5), Plaintiffs were not the only persons injured in the accident. Two Louisiana residents died and another two were injured by the collision.

Exh. 5. It would be manifestly unjust to conclude their claims should be governed by Louisiana law while the Guerra's claim should be governed by Texas law.

Therefore, this issue should weigh heavily in the court's analysis. Louisiana law is based on the civil law system, which is in turn driven by familiarity with statutory codes. Given the Court's already substantial criminal docket, there is no reason why this Court should burden itself with learning Louisiana law in order to try just this one case.

2.    Localized Controversy and Burden of Jury Duty Favor Louisiana

Plaintiffs' Response argues Louisiana has no local interest and its jurors should not be burdened. Again, it is not clear these are proper factors, but if they are, they still go against Plaintiffs. First, Louisiana residents were killed and injured. Second, the safety of Louisiana highways was an issue, and Louisiana law enforcement clearly spent considerable effort investigating this accident. Third, a Louisiana hospital has a $1.2 million lien in this case. Dkt# 29, Exhs. A & B. This gives Louisiana a paramount interest.

The better authority is that the burden of jury duty on Texans or Louisianans is not a factor. Wright, Miller & Cooper, FED. PRAC. & PROC. §3854, p. 46. In any case, this issue goes against Plaintiffs. That Plaintiffs and some health care providers reside in this District does not justify imposing jury duty on South Texas residents. *Morgan,* 161 F.Supp. at 121.

### IV. Objections to Plaintiffs' Evidence

Defendant makes the follow objections to the Affidavit of Anabelle Alegria, Plaintiffs' Exh. "A":

1.    Ms. Alegria testifies that she met with Lisa Guerra, Jose Alfaro Jr., and their guardians and relates what was told about the wards' treatment in Louisiana and Texas, their current health care treatment/therapy, and expectations for current and future care. This is all hearsay and

22

thus inadmissible. FED. R. EVID. 801(c), 802.

2.    Ms. Alegria gives her opinion it would be a hardship on the wards and their families if the case were transferred and would interfere with their care, treatment, and recovery. If this is a lay opinion, it is objectionable because (1) it is not rationally based on her perceptions, and (2) a lay opinion is not helpful to understanding her testimony nor helpful to determine a fact in issue. FED. R. EVID. 701.

3.    Ms. Alegria gives her opinion it would be a hardship on the wards and their families if the case were transferred and would interfere with their care, treatment, and recovery. If this is an expert opinion, it is objectionable because (1) it is not on a specialized, scientific, or technical subject on which the jury needs the assistance of an expert, (2) Ms. Alegria has not shown her opinion is based on sufficient facts or data, and (3) Ms. Alegria has not justified her methodology for analyzing the data is reliable and employed properly. FED. R. EVID. 702. Moreover, Plaintiffs not demonstrated Ms. Alegria has sufficient qualifications to give opinions on health care issues, i.e., the effect of going to Louisiana on their physical condition or treatment needs.

4.    Ms. Alegria gives her opinion it would be a hardship on the wards and their families if the case were transferred and would interfere with their care, treatment, and recovery. She has not shown she has sufficient personal knowledge of the facts supporting this statement and it is therefore inadmissible. FED. R. EVID. 602.

### V. Conclusion

**WHEREFORE, PREMISES CONSIDERED,** Defendant **ALLIED VAN LINES, INC.** prays that its motion be considered, the Court have an evidentiary hearing on said motion, and upon hearing same, the Court sustain Allied objections to the evidence and grant a transfer of venue.

Respectfully submitted,

By: _____
     **Tom Lockhart**
     Texas State Bar No. 12473500
     Texas Federal I.D. No. 2257
     **Roger W. Hughes**
     Texas State Bar No. 10229500
     Texas Federal ID No. 5950
     **ADAMS & GRAHAM, L.L.P.**
     P. O. Drawer 1429
     Harlingen, TX 78551-1429
     Phone No.: (956)428-7495;
     Fax:(956)428-2954

     **John W. Waters, Jr.**
     LA State Bar No. 13258
     LA Federal I.D. No. 13258
     **BIENVENU, FOSTER, RYAN**
       **& O'BANNON**
     1010 Common Street, Suite 2200
     New Orleans, LA  70112-2401
     Phone: (504) 581-2146;
     Fax: (504) 522-7859

     **ATTORNEYS FOR DEFENDANT**
     **ALLIED VAN LINES**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of March, 2004, a true and correct copy of the above and foregoing pleading was mailed to counsel for Plaintiffs as follows:

Mr. Richard Warren Mithoff                   *CM/RRR 7003 2260 0000 0440 2763*
Mr. William J. Stradley                             *& Fax: 713/739-8085*
Ms. Janie J. Jordan
**MITHOFF & JACKS, L.L.P.**
500 Dallas Street, Suite 3450
Houston, Texas 77002
Attorneys for Plaintiffs

24

Mr. Eduardo Rodriguez                                    Via Ordinary Mail
Mr. Joseph A. Rodriguez
Mr. R. Patrick Rodriguez
**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**
1201 East Van Buren
Brownsville, TX 78520

TOM LOCKHART

G

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**

TOTAL NUMBER OF VEHICLES INVOLVED: `1`

`* 3 2 0 3 7 5 1 *`

LAT. `30.34803 N`
LONG. `91.70155 W`
DATE OF CRASH `07 20 2003`    TIME (0000) `1720`    DISTRICT/ZONE `N/A`    TROOP `I`

CONSTR./MAINT. ZONE
HIT & RUN
PAGE # `01`

IN PARISH OF `STE Martin`    PARISH CODE `50`

PROPERTY DAMAGE `X`    PHOTOS MADE

ON PRIMARY ROADWAY `I 10`

PERSON INJURED    FATAL-ITY `X`

`I-306 (53m)`

MILEPOST `123.0`    CITY OR TOWN `N/A`

CRASH OCCURRED ON
A. INTERSTATE
B. U.S. HWY
C. STATE HWY
D. PARISH ROAD
E. CITY STREET
F. PRIVATE PROPERTY
G. TOLL ROAD
H. OTHER

DISTANCE `0 0 0.0`    MILES `X` NE    FEET `E` SW    STREET/HIGHWAY `LA 347`    ☐ AT INTERSECTION    ☒ NOT AT INTERSECTION

`A`

DISTANCE `N/A.`    MILES ☐ NE    FEET ☐ SW    STREET/HIGHWAY `N/A`    ☐ AT INTERSECTION    ☐ NOT AT INTERSECTION

**VEHICLE #01**

A. PASSENGER CAR
B. LT. TRUCK (P.U., ETC.)
C. VAN
D. A, B, OR C WITH TRAILER
E. MOTORCYCLE
F. PEDALCYCLE
G. OFF-ROAD VEHICLE
H. EMERGENCY VEHICLE
I. SCHOOL BUS
J. OTHER BUS
K. MOTOR HOME
L. SINGLE UNIT TRUCK
M. TRUCK WITH TRAILER(S)
N. FARM EQUIPMENT
O. OTHER

`m`

YEAR `1999`    MAKE `Volvo`    MODEL `Tractor Truck`    # DOORS `2`    # AXLES `05`    # TIRES `18`

V.I.N. `4VG7DARJ1XW782348`    VEHICLE TOWED A. YES B. NO C. LEFT AT SCENE    REMOVED BY `Rick's Towing`

LICENSE PLATE    YEAR `2004`    STATE `FL`    NUMBER `A5321K`    TYPE `Apportioned`

REASON TOWED
A. VEHICLE DAMAGE
B. DRIVER ARRESTED
C. INSURANCE VIOLATION
D. OTHER

`A`

TRAILER DESCRIPTION    YEAR `1999`    MAKE `KENT`    TYPE `Van`    LICENSE PLATE    YEAR `Perm`    STATE `FL`    NUMBER `C2620R`

DRIVER'S NAME (LAST,FIRST,MI) `Wladyslaw Gorski`    DATE OF BIRTH `09/12/1955`

STREET ADDRESS `1779 Eagle Ridge Blvd`    TELEPHONE # `N/A`

| POSI-TION | EJEC-TION | EXTRI-CATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|
| A | A | C | D | H | M | W | 47 | A |

CITY `Palm Harbor`    STATE `FL`    ZIP `34685`

TRANSPORTED TO MEDICAL FACILITY A. YES C. UNKNOWN B. NO D. REFUSED AID `B`

STATE `FL`    CLASS `A`    ENDORSEMENTS `N/A`    DRIVER'S LICENSE NUMBER `G620880555320`    INSTRUCTED TO EXCHANGE INFORMATION? YES `X` NO    NAME OF FACILITY `Lafayette Parish Morgue`

OWNER'S NAME (LAST,FIRST,MI OR COMPANY NAME)

SAME AS DRIVER? `X` YES ☐ NO
SR-10 FURNISHED? ☐ YES `X` NO
PROOF OF INSURANCE? `X` YES ☐ NO

STREET ADDRESS

NOTICE OF VIOLATION ISSUED? ☐ YES `X` NO

CITY _____ STATE _____ ZIP _____

OCCUPANT'S NAME (LAST,FIRST,MI) `None`

| POSI-TION | EJEC-TION | EXTRI-CATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|

STREET ADDRESS

TRANSPORTED TO MEDICAL FACILITY A. YES C. UNKNOWN B. NO D. REFUSED AID    NAME OF FACILITY

CITY _____ STATE _____ ZIP _____

INVESTIGATING AGENCY `Louisiana State Police / Troop I`    TIME OF NOTIFICATION `1720`    TIME OF ARRIVAL `1749`    TIME ALL LANES OPENED `0512`

INVESTIGATION COMPLETE ☐ YES `X` NO    INVESTIGATING POLICE AGENCY `A`  A. STATE C. PARISH B. CITY D. OTHER    REPORT COMPLETED `08 15 2003`

**VEHICLE #02**

| | |
|---|---|
| A. PASSENGER CAR | E. MOTORCYCLE |
| B. LT. TRUCK (P.U., ETC.) | F. PEDALCYCLE |
| C. VAN | G. OFF-ROAD VEHICLE |
| D. A, B, OR C WITH TRAILER | H. EMERGENCY VEHICLE |

| | |
|---|---|
| I. SCHOOL BUS | M. TRUCK WITH TRAILER(S) |
| J. OTHER BUS | N. FARM EQUIPMENT |
| K. MOTOR HOME | O. OTHER |
| L. SINGLE UNIT TRUCK | |

} A

PAGE # 02

YEAR: 2001  MAKE: Pontiac  MODEL: Grand Prix  # DOORS: 2  # AXLES: 02  # TIRES: 04

V.I.N.: 1G2WP52K01F146063  VEHICLE TOWED: A (A. YES B. NO C. LEFT AT SCENE)  REMOVED BY: A-1 Towing

LICENSE PLATE: YEAR 2005 STATE LA NUMBER ITD589  TYPE: Passenger Car

REASON TOWED: A
A. VEHICLE DAMAGE
B. DRIVER ARRESTED
C. INSURANCE VIOLATION
D. OTHER

TRAILER DESCRIPTION: YEAR None MAKE TYPE  LICENSE PLATE None YEAR STATE NUMBER

DRIVER'S NAME (LAST,FIRST,MI): Miller Shawn  DATE OF BIRTH: 10/7/1972

| POSI-TION | EJEC-TION | TRANS EXTRI-CATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|
| A | A | A | B | D | M | W | 30 | D |

STREET ADDRESS: 16223 Bristoe Ave #C  TELEPHONE #: N/A

CITY: Baton Rouge  STATE: LA  ZIP: 70816

TRANSPORTED TO MEDICAL FACILITY: A. YES C. UNKNOWN B. NO D. REFUSED AID: D

STATE: LA  CLASS: E  ENDORSEMENTS: N/A  DRIVER'S LICENSE NUMBER: 0006000005547856

INSTRUCTED TO EXCHANGE INFORMATION? X YES  NO

NAME OF FACILITY:

OWNER'S NAME (LAST,FIRST,MI OR COMPANY NAME):

SAME AS DRIVER? X YES  NO
SR-10 FURNISHED? YES  X NO
PROOF OF INSURANCE? X YES  NO
NOTICE OF VIOLATION ISSUED? YES  X NO

STREET ADDRESS:

CITY:  STATE:  ZIP:

OCCUPANT'S NAME (LAST,FIRST,MI): Miller Alexa

| POSI-TION | EJEC-TION | TRANS EXTRI-CATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|
| C | A | A | B | D | F | W | 04 | D |

STREET ADDRESS: 16223 Bristoe Ave #C  TRANSPORTED TO MEDICAL FACILITY: A. YES C. UNKNOWN B. NO D. REFUSED AID: D

CITY: Baton Rouge  STATE: LA  ZIP: 70816  NAME OF FACILITY:

| SEATING POSITION | EJECTION | TRAPPED OR EXTRICATED | AIRBAG | OCCUPANT PROTECTION SYSTEM USED | INJURY |
|---|---|---|---|---|---|
| A - FRONT SEAT-LEFT SIDE (MOTORCYCLE DRIVER)<br>B - FRONT SEAT-MIDDLE<br>C - FRONT SEAT-RIGHT SIDE<br>D - SECOND SEAT-LEFT SIDE (MOTORCYCLE PASSENGER)<br>E - SECOND SEAT-MIDDLE<br>F - SECOND SEAT-RIGHT SIDE (MOTORCYCLE PASSENGER)<br>G - THIRD ROW-LEFT SIDE (MOTORCYCLE PASSENGER)<br>H - THIRD ROW-MIDDLE<br>I - THIRD ROW-RIGHT SIDE | J - SLEEPER SECTION OF CAB (TRUCK)<br>K - PASSENGER IN OTHER ENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT)<br>L - PASSENGER IN OTHER UNENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT)<br>M -PASSENGER ON TRAIN OR STREET CAR<br>N -TRAILING UNIT<br>O -RIDING ON VEHICLE EXTERIOR (NON-TRAILING UNIT)<br>P -UNKNOWN | A - NOT EJECTED<br>B - TOTALLY EJECTED<br>C - PARTIALLY EJECTED<br>D- UNKNOWN | A - NOT TRAPPED<br>B - TRAPPED/EXTRI-CATED<br>C- TRAPPED/NOT EXTRICATED<br>D- UNKNOWN | A- DEPLOYED<br>B- NOT DEPLOYED<br>C-NOT DEPLOYED/SWITCH OFF<br>D- NOT APPLICABLE<br>E- UNKNOWN | A- NONE USED-VEHICLE OCCUPANT<br>B- SHOULDER BELT ONLY USED<br>C- LAP BELT ONLY USED<br>D- SHOULDER AND LAP BELT USED<br>E- CHILD SAFETY SEAT IMPROPERLY USED<br>F- CHILD SAFETY SEAT USED<br>G- HELMETS USED<br>H- RESTRAINT USE UNKNOWN | A- FATAL<br>B-INCAPACITATING/SEVERE<br>C- NON-INCAPACITATING / MODERATE<br>D- POSSIBLE/COMPLAINT<br>E- NO INJURY |

| INSURANCE VEHICLE # 1 | | INSURANCE VEHICLE # 2 | |
|---|---|---|---|
| INSURANCE CO. NAME (NOT AGENCY NAME): Transguard Ins. of America Inc | EFFECTIVE DATE: 02-01-03 | INSURANCE CO. NAME (NOT AGENCY NAME): GEICO General Ins. Co. | EFFECTIVE DATE: 03-07-03 |
| POLICY NUMBER: TCP400001-03 | EXPIRATION DATE: 02-01-03 | POLICY NUMBER: #800-841-8842 | EXPIRATION DATE: 09-07-03 |
| AGENT'S NAME: Vanguard Ins. Agt | PHONE #: (Unk) | AGENT'S NAME: None | PHONE #: (800) 841-8842 |
| AGENT'S ADDRESS: 700 Oakmont Lane | | AGENT'S ADDRESS: Unknown | |
| Westmont, IL 60559 | | | |

| | TIME CALLED | ARRIVED SCENE | DEPARTED SCENE | ARRIVED HOSPITAL | | TIME CALLED | ARRIVED SCENE |
|---|---|---|---|---|---|---|---|
| EMERGENCY SERVICES X AMBULANCE | 1727 | 1746 | 1827 | 1843 | RESCUE UNIT X | 1730 | 1740 |

AMBULANCE SERVICE: Acadian



# STATE OF LOUISIANA
## UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
### CONTRIBUTING FACTORS AND CONDITIONS

COMPUTER NUMBER: 3 2 0 3 7 5 1 - 0 3  PAGE #
I-3016 (BSM)

WRITE APPROPRIATE LETTER IN BLOCK

## ROAD SURFACE (ONE PER COLUMN)

**A** **A**

A. DRY
B. WET
C. SNOW/SLUSH
D. ICE
E. CONTAMINANT (SAND, MUD, DIRT, OIL, ECT.)
F. UNKNOWN
G. OTHER _____

## ROADWAY CONDITIONS **J**

A. NO DEFECTS
B. DEFECTIVE SHOULDERS
C. HOLES
D. DEEP RUTS
E. BUMPS
F. LOOSE SURFACE MATERIAL
G. CONSTRUCTION, REPAIR
H. OVERHEAD CLEARANCE LIMIT
I. CONSTRUCTION - NO WARNING
J. PREVIOUS CRASH
K. FLOODING
L. ANIMAL IN ROADWAY
M. OBJECT IN ROADWAY
N. OTHER DEFECTS _____

## TYPE OF ROADWAY **A**

A. ONE-WAY ROAD
B. TWO-WAY ROAD WITH NO PHYSICAL SEPARATION
C. TWO-WAY ROAD WITH A PHYSICAL SEPARATION
D. TWO-WAY ROAD WITH A PHYSICAL BARRIER
E. UNKNOWN
F. OTHER _____

## WEATHER **A**

A. CLEAR
B. CLOUDY
C. RAIN
D. FOG/SMOKE
E. SLEET/HAIL
F. SNOW
G. SEVERE CROSSWIND
H. BLOWING SAND, SOIL,DIRT, SNOW
I. UNKNOWN
J. OTHER _____

## LIGHTING **A**

A. DAYLIGHT
B. DARK - NO STREET LIGHTS
C. DARK - CONTINUOUS STREET LIGHT
D. DARK - STREET LIGHT AT INTERSECTION ONLY
E. DUSK
F. DAWN
G. UNKNOWN

## VIOLATION **S** **U**

A. EXCEEDING STATED SPEED LIMIT
B. EXCEEDING SAFE SPEED LIMIT
C. FAILURE TO YIELD
D. FOLLOWING TOO CLOSELY
E. DRIVING LEFT OF CENTER
F. CUTTING IN, IMPROPER PASSING
G. FAILURE TO SIGNAL
H. MADE WIDE RIGHT TURN
I. CUT CORNER ON LEFT TURN
J. TURNED FROM WRONG LANE
K. OTHER IMPROPER TURNING
L. DISREGARDED TRAFFIC CONTROL
M. IMPROPER STARTING
N. IMPROPER PARKING
O. FAILED TO SET OUT FLAGS, FLARES
P. VEHICLE CONDITION
Q. DRIVER CONDITION
R. CARELESS OPERATION
S. UNKNOWN VIOLATIONS
U. NO VIOLATIONS
V. OTHER _____

## KIND OF LOCATION **G**

A. MANUFACTURING OR INDUSTRIAL
B. BUSINESS CONTINUOUS
C. BUSINESS, MIXED RESIDENTIAL
D. RESIDENTIAL DISTRICT
E. RESIDENTIAL SCATTERED
F. SCHOOL OR PLAYGROUND
G. OPEN COUNTRY
H. OTHER _____

## REASON FOR MOVEMENT **K** **J**

A. TO AVOID OTHER VEHICLE
B. TO AVOID PEDESTRIAN
C. TO AVOID ANIMAL
D. TO AVOID OTHER OBJECT
E. PASSING
F. VEHICLE OUT OF CONTROL, NO PASSING
G. VEHICLE OUT OF CONTROL, PASSING
H. FOR TRAFFIC CONTROL
I. DUE TO CONGESTION
J. DUE TO PRIOR CRASH (COLLISION)
K. DUE TO DRIVER CONDITION
L. DUE TO DRIVER VIOLATION
M. DUE TO VEHICLE CONDITION (FAILURE)
N. DUE TO HIGH WIND
O. HIGH WIND
P. NORMAL MOVEMENT
Q. REASON UNKNOWN
R. OTHER _____

## PRIMARY FACTOR **D**

## SECONDARY FACTOR **H**

A. VIOLATIONS
B. MOVEMENT PRIOR TO CRASH
C. VISION OBSCUREMENTS
D. CONDITION OF DRIVER
E. VEHICLE CONDITIONS
F. ROAD SURFACE
G. ROADWAY CONDITION
H. LIGHTING
I. WEATHER
J. TRAFFIC CONTROL
K. KIND OF LOCATION
L. CONDITION OF PEDESTRIAN
M. PEDESTRIAN ACTIONS

## ACCESS CONTROL **C**

A. NO CONTROL (UNLIMITED ACCESS TO ROADWAY)
B. PARTIAL CONTROL (LIMITED ACCESS TO ROADWAY)
C. FULL CONTROL (ONLY RAMP ENTRANCE & EXIT)
D. UNKNOWN
E. OTHER _____

## VISION OBSCUREMENTS **O** **O**

A. RAIN, SNOW, ETC. ON WINDSHIELD
B. WINDSHIELD OTHERWISE OBSCURED
C. VISION OBSCURED BY LOAD
D. TREES, BUSHES, ETC.
E. BUILDING
F. EMBANKMENT
G. SIGN BOARDS
H. HILLCREST
I. PARKED VEHICLES
J. MOVING VEHICLES
K. BLINDED BY HEADLIGHTS
L. BLINDED BY SUNGLARE
M. DISTRACTED BY NEON LIGHTS IN FIELD OF VIEW
N. UNKNOWN
O. NO OBSCURENCES
P. OTHER _____

## CONDITION OF DRIVER **K** **A**

A. NORMAL
B. INATTENTIVE OR DISTRACTED
C. PHYSICAL IMPAIRMENT (EYES, EAR, LIMB)
D. ILLNESS
E. FATIGUED
F. APPARENTLY ASLEEP/BLACKOUT
G. HAD BEEN DRINKING - IMPAIRED
H. HAD BEEN DRINKING - NOT IMPAIRED
I. DRUG USE - IMPAIRED
J. DRUG USE - NOT IMPAIRED
K. UNKNOWN
L. OTHER _____

## VEHICLE LIGHTING **D** **B**

A. HEADLIGHTS ON
B. HEADLIGHTS OFF
C. DAYTIME RUNNING LIGHTS
D. UNKNOWN

## HARMFUL EVENTS

A. OVERTURNED
B. FIRE/EXPLOSION
C. IMMERSION
D. JACKKNIFE
E. OTHER NONCOLLISION
F. PEDESTRIAN
G. PEDALCYCLE
H. RAILWAY TRAIN
I. ANIMAL
J. MOTOR VEHICLE IN TRANSPORT
K. MOTOR VEHICLE IN TRANSPORT IN OTHER ROADWAY
L. PARKED MOTOR VEHICLE
M. OTHER OBJECT (NOT FIXED)
N. IMPACT ATTENUATOR
O. BRIDGE-PIER OR ABUTMENT
P. BRIDGE-PARAPET END
Q. BRIDGE-RAIL
R. GUARDRAIL FACE
S. GUARDRAIL END
T. MEDIAN BARRIER
U. HIGHWAY TRAFFIC SIGN POST
V. OVERHEAD SIGN SUPPORT
W. LUMINAIRE/LIGHT SUPPORT
X. UTILITY POLE
Y. OTHER POLE
Z. CULVERT
AA. CURB
BB. EMBANKMENT
CC. MAIL BOX
DD. DITCH
EE. FENCE
FF. TREE
GG. OTHER FIXED OBJECT

**VEH 1**
FIRST HARMFUL EVENT **J**
MOST HARMFUL EVENT **B**

**VEH 2**
FIRST HARMFUL EVENT **J**
MOST HARMFUL EVENT **J**

## RELATION TO ROADWAY **A**

A. ON ROADWAY
B. SHOULDER
C. MEDIAN
D. BEYOND SHOULDER - LEFT
E. BEYOND SHOULDER - RIGHT
F. OFF ROADWAY
G. GORE
H. UNKNOWN
I. OTHER _____

## ALIGNMENT **A**

A. STRAIGHT-LEVEL
B. STRAIGHT LEVEL ELEVATED
C. CURVE-LEVEL
D. CURVE-LEVEL ELEVATED
E. ON GRADE-STRAIGHT
F. ON GRADE-CURVE
G. HILLCREST-STRAIGHT
H. HILLCREST-CURVE
I. DIP, HUMP-STRAIGHT
J. DIP, HUMP-CURVE
K. UNKNOWN
L. OTHER _____

## MOVEMENT PRIOR TO CRASH **B** **Q**

A. STOPPED
B. PROCEEDING STRAIGHT AHEAD
C. TRAVELING WRONG WAY
D. BACKING
E. CROSSED MEDIAN INTO OPPOSING LANE
F. CROSSED CENTER LINE INTO OPPOSING LANE
G. RAN OFF ROAD (NOT WHILE MAKING TURN AT INTERSECTION)
H. CHANGING LANES ON MULTI-LANE ROAD
I. MAKING LEFT TURN
J. MAKING RIGHT TURN
K. STOPPED PREPARING TO, OR MAKING U-TURN
L. MAKING TURN, DIRECTION UNKNOWN
M. STOPPED, PREPARING TO TURN LEFT
N. STOPPED PREPARING TO TURN RIGHT
O. SLOWING TO MAKE LEFT TURN
P. SLOWING TO MAKE RIGHT TURN
Q. SLOWING TO STOP
R. PROPERLY PARKED
S. PARKING MANEUVER
T. ENTERING TRAFFIC FROM SHOULDER
U. ENTERING TRAFFIC FROM MEDIAN
V. ENTERING TRAFFIC FROM PARKING LANE
W. ENTERING TRAFFIC FROM PRIVATE LANE
X. ENTERING FREEWAY FROM ON RAMP
Y. LEAVING FREEWAY VIA OFF RAMP

## VEHICLE CONDITION **L** **K**

A. DEFECTIVE BRAKES
B. DEFECTIVE HEADLIGHTS
C. DEFECTIVE REAR LIGHTS
D. DEFECTIVE SIGNAL LIGHTS
E. ALL LIGHTS OUT
F. DEFECTIVE STEERING
G. TIRE FAILURE
H. WORN OR SMOOTH TIRES
I. ENGINE FAILURE
J. DEFECTIVE SUSPENSION
K. NO DEFECTS OBSERVED
L. DEFECTIVE WHEELS
M. OTHER _____

## TRAFFIC CONTROL CONDITIONS **A** **A**

A. CONTROLS FUNCTIONING
B. CONTROLS NOT FUNCTIONING
C. CONTROLS OBSCURED
D. LANE MARKING UNCLEAR OR DEFECTIVE
E. NO CONTROLS
F. CONDITION UNKNOWN

## TRAFFIC CONTROL **R** **R**

A. STOP SIGN
B. YIELD SIGN
C. RED SIGNAL ON
D. YELLOW SIGNAL ON
E. GREEN SIGNAL ON
F. GREEN TURN ARROW ON
G. RIGHT TURN ON RED
H. LIGHT PHASE UNKNOWN
I. FLASHING YELLOW
J. FLASHING RED
K. OFFICER, WATCHMAN
L. RR CROSSING, SIGN
M. RR CROSSING,SIGNAL
N. RR CROSSING, NO CONTROL
O. WARNING SIGN (SCHOOL, ETC.)
P. SCHOOL FLASHING SPEED SIGN
Q. YELLOW NO PASSING LINE
R. WHITE DASHED LINE
S. YELLOW DASHED LINE
T. BIKE LANE
U. CROSSWALK
V. NO CONTROL
W. UNKNOWN
X. OTHER _____

## ALCOHOL/DRUG INVOLVEMENT

**#1** **F**  **#2** **A**

ALCOHOL/DRUGS PRESENT
A. NEITHER ALCOHOL OR DRUGS PRESENT
B. YES (ALCOHOL PRESENT)
C. YES (DRUGS PRESENT)
D. YES (ALCOHOL AND DRUGS PRESENT)
E. NOT REPORTED
F. UNKNOWN

**C**

ALCOHOL
A. TEST REFUSED
B. NO TEST GIVEN
C. TEST GIVEN, RESULTS PENDING
D. TEST GIVEN, BAC _____
E. UNKNOWN

_____ % _____ %

**B**

DRUGS
A. TEST NOT GIVEN
B. TEST GIVEN, RESULTS PENDING
C. DRUGS REPORTED (SPECIFY)
D. UNKNOWN

SUSPECTED DRUGS _____

CODE A

**OFFICER'S NARRATIVE:** DESCRIBE ANY UNUSUAL CIRCUMSTANCES ASSOCIATED WITH CRASH, INCLUDING OFFICER'S OBSERVATIONS AND OPINIONS. INCLUDE WITNESS NAMES, ADDRESSES, PHONE NUMBERS, ETC.

IF NECESSARY, INDICATE DAMAGE TO PRIVATE PROPERTY (WITH OWNER'S NAME & ADDRESS) AT THE END OF THE NARRATIVE.

**REFER TO EACH BY VEHICLE NUMBER**

PAGE # **0 4**

*See Supplement Narrative*

| NON-COLLISION WITH MOTOR VEHICLE | REAR END | HEAD-ON | RIGHT ANGLE | LEFT TURN | LEFT TURN | LEFT TURN | RIGHT TURN | RIGHT TURN | SIDESWIPE SAME | SIDESWIPE OPPOSITE | OTHER | MANNER OF COLLISION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | B | C | D | E | F | G | H | I | J | K | L | **8** |

*See Supplement Diagram*

NORTH

| VEH | HEADED | DIRECTION BEFORE CRASH ON STREET, HIGHWAY OR DRIVE | FINAL LOCATION OF VEHICLES | DISTANCE TRAVELED AFTER IMPACT | SPEED EST. | | | SPEED POSTED | | | SKIDMARK DATA (FEET) FR | FL | RR | RL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | E (N E S W) | I-10 | Roadway | UnK | 0 | 6 | 0 | 6 | 0 | | 0 | 0 | 0 | 0 |
| 2 | E (N E S W) | I-10 | Roadway | UnK | 0 | 1 | 0 | 6 | 0 | | 0 | 0 | 0 | 0 |

**DAMAGE TO VEHICLE 1**

AREA DAMAGED

M- UNDER-CARRIAGE
O- TOTAL
P- OTHER

EXTENT OF DEFORMITY
1ST **A**
2ND **O**
3RD

A- NONE
B- VERY MINOR
C- MINOR
D- MINOR/MODERATE
E- MODERATE
F- MODERATE/SEVERE
G- SEVERE
H- VERY SEVERE
U- UNKNOWN

1ST **H**
2ND **H**
3RD

**DAMAGE TO VEHICLE 2**

AREA DAMAGED

M- UNDER-CARRIAGE
O- TOTAL
P- OTHER
Q- NONE
R- UNKNOWN

EXTENT OF DEFORMITY
1ST **H**
2ND
3RD

A- NONE
B- VERY MINOR
C- MINOR
D- MINOR/MODERATE
E- MODERATE
F- MODERATE/SEVERE
G- SEVERE
H- VERY SEVERE
U- UNKNOWN

1ST **D**
2ND
3RD

| CITATION NO | VEH. 1 | VEH. 2 | R.S. OR ORD. NO |
|---|---|---|---|
| | ☐ ☐ | | |
| | ☐ ☐ | | |
| N/A | ☐ ☐ | | N/A |
| | ☐ ☐ | | |
| | ☐ ☐ | | |

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**VEHICLE / PEDESTRIAN SUPPLEMENT**

COMPUTER NUMBER: 3 2 0 3 7 5 1 - 0 5
J-3016 (055m)

PAGE #

[X] VEHICLE
[ ] PEDESTRIAN

**VEHICLE #** 0 3

| A. PASSENGER CAR | E. MOTORCYCLE | I. SCHOOL BUS | M. TRUCK WITH TRAILER(S) |
| B. LT. TRUCK (P.U., ETC.) | F. PEDALCYCLE | J. OTHER BUS | N. FARM EQUIPMENT |
| C. VAN | G. OFF-ROAD VEHICLE | K. MOTOR HOME | O. OTHER |
| D. A, B, OR C WITH TRAILER | H. EMERGENCY VEHICLE | L. SINGLE UNIT TRUCK | |

} M

**YEAR** 1999  **MAKE** International  **MODEL** Tractor Truc  **# DOORS** 2  **# AXLES** 04  **# TIRES** 14

**V.I.N.** 2HSFHAER4XC081966  **VEHICLE TOWED** B  A. YES  B. NO  C. LEFT AT SCENE  **REMOVED BY** Driver

**LICENSE PLATE**  **YEAR** 2004  **STATE** NC  **NUMBER** L83810  **TYPE** Apportioned

REASON TOWED
A. VEHICLE DAMAGE
B. DRIVER ARRESTED
C. INSURANCE VIOLATION
D. OTHER

**TRAILER DESCRIPTION**  **YEAR** 1999  **MAKE** Great Da  **TYPE** Van  **LICENSE PLATE**  **YEAR** 2004  **STATE** NC  **NUMBER** L813706

**DRIVER'S NAME (LAST,FIRST,MI)** Brimer James R  **DATE OF BIRTH** 12 03 1974

**STREET ADDRESS** 2801 White Lane  **TELEPHONE #** N/A

| POSITION | SEATING | TRAN EXTRICATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|
| A | A | A | D | D | M | W | 28 | D |

**CITY** Archdale  **STATE** NC  **ZIP** 27263

TRANSPORTED TO MEDICAL FACILITY
A. YES  C. UNKNOWN
B. NO  D. REFUSED AID
D

**STATE** NC  **CLASS** A  **ENDORSEMENTS** H  **DRIVER'S LICENSE NUMBER** 0000000089554879  INSTRUCTED TO EXCHANGE INFORMATION? [X] YES [ ] NO  **NAME OF FACILITY**

**OWNER'S NAME (LAST,FIRST,MI OR COMPANY NAME)** Carolina Truck Leasing Inc

SAME AS DRIVER?  [ ] YES  [X] NO
SR-10 FURNISHED?  [ ] YES  [X] NO

**STREET ADDRESS** 1924 Brentwood St.

PROOF OF INSURANCE?  [X] YES  [ ] NO

**CITY** High Point  **STATE** NC  **ZIP** 27260

NOTICE OF VIOLATION ISSUED?  [ ] YES  [X] NO

**OCCUPANT'S NAME (LAST,FIRST,MI)** Welburn Thomas J

| POSITION | SEATING | TRAN EXTRICATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|
| J | A | A | D | D | M | W | 25 | D |

**STREET ADDRESS** 5329 Greywood Dr.

TRANSPORTED TO MEDICAL FACILITY
A. YES  C. UNKNOWN
B. NO  D. REFUSED AID
D  **NAME OF FACILITY**

**CITY** Greensboro  **STATE** NC  **ZIP** 27406

**PEDESTRIAN'S NAME (LAST,FIRST,MI)** N/A

TRANSPORTED TO MEDICAL FACILITY
A. YES  C. UNKNOWN
B. NO  D. REFUSED AID

NAME OF FACILITY

**STREET ADDRESS** _____  **TELEPHONE #** _____

**CITY** _____  **STATE** _____  **ZIP** _____

CODE A

| UPPER BODY CLOTHING | LIGHT [ ] | DARK [ ] | LOWER BODY CLOTHING | LIGHT [ ] | DARK [ ] | SEX [ ] | RACE [ ] | AGE [ ] | INJURY CODE [ ] |

**CODES**

| SEATING POSITION | EJECTION | TRAPPED OR EXTRICATED | AIRBAG | OCCUPANT PROTECTION SYSTEM USED | INJURY |
|---|---|---|---|---|---|
| A-FRONT SEAT-LEFT SIDE (MOTORCYCLE DRIVER) | A-NOT EJECTED | A-NOT TRAPPED | A-DEPLOYED | A-NONE USED-VEHICLE OCCUPANT | A-FATAL |
| B-FRONT SEAT-MIDDLE | B-TOTALLY EJECTED | B-TRAPPED/EXTRI-CATED | B-NOT DEPLOYED | B-SHOULDER BELT ONLY USED | B-INCAPACITA-TING/SEVERE |
| C-FRONT SEAT-RIGHT SIDE | C-PARTIALLY EJECTED | C-TRAPPED/NOT EXTRICATED | C-NOT DEPLOY-ED/SWITCH OFF | C-LAP BELT ONLY USED | C-NON-INCAPA-CITATING/ MODERATE |
| D-SECOND SEAT-LEFT SIDE (MOTORCYCLE PASSENGER) | D-UNKNOWN | D-UNKNOWN | D-NOT APPLICABLE | D-SHOULDER AND LAP BELT USED | |
| E-SECOND SEAT-MIDDLE | | | E-UNKNOWN | E-CHILD SAFETY SEAT IMPROPERLY USED | D-POSSIBLE/ COMPLAINT |
| F-SECOND SEAT-RIGHT SIDE | | | | F-CHILD SAFETY SEAT USED | E-NO INJURY |
| G-THIRD ROW-LEFT SIDE (MOTORCYCLE PASSENGER) | | | | G-HELMETS USED | |
| J-SLEEPER SECTION OF CAB (TRUCK) | | | | H-RESTRAINT USE UNKNOWN | |
| K-PASSENGER IN OTHER ENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT) | | | | | |
| L-PASSENGER IN OTHER UNENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT) | | | | | |
| M-PASSENGER ON TRAIN OR STREETCAR | | | | | |
| N-TRAILING UNIT | | | | | |
| O-RIDING ON VEHICLE EXTERIOR (NON-TRAILING UNIT) | | | | | |

# CONTRIBUTING FACTORS AND CONDITIONS

PAGE #  `0 6`

WRITE APPROPRIATE LETTER IN BLOCK

## VISION OBSCURENCES  `O`

A. RAIN, SNOW, ETC. ON WINDSHIELD
B. WINDSHIELD OTHERWISE OBSCURED
C. VISION OBSCURED BY LOAD
D. TREES, BUSHES, ETC.
E. BUILDING
F. EMBANKMENT
G. SIGN BOARDS
H. HILLCREST
I. PARKED VEHICLES
J. MOVING VEHICLES
K. BLINDED BY HEADLIGHTS
L. BLINDED BY SUNGLARE
M. DISTRACTED BY NEON LIGHTS IN FIELD OF VIEW
N. UNKNOWN
O. NO OBSCURENCES
P. OTHER

## CONDITION OF DRIVER AND PEDESTRIANS  D `A`  P `N/A`

A. NORMAL
B. INATTENTIVE OR DISTRACTED
C. PHYSICAL IMPAIRMENT (EYES, EAR, LIMB)
D. ILLNESS
E. FATIGUED
F. APPARENTLY ASLEEP/BLACKOUT
G. HAD BEEN DRINKING - IMPAIRED
H. HAD BEEN DRINKING - IMPAIRED - NOT IMPAIRED
I. DRUG USE - IMPAIRED
J. DRUG USE - NOT IMPAIRED
K. UNKNOWN
L. OTHER

## VEHICLE LIGHTING  `A`

A. HEADLIGHTS ON
B. HEADLIGHTS OFF
C. DAYTIME RUNNING LIGHTS
D. UNKNOWN

## MOVEMENT PRIOR TO CRASH  `Q`

A. STOPPED
B. PROCEEDING STRAIGHT AHEAD
C. TRAVELING WRONG WAY
D. BACKING
E. CROSSED MEDIAN INTO OPPOSING LANE
F. CROSSED CENTER LINE INTO OPPOSING LANE
G. RAN OFF ROAD (NOT WHILE MAKING TURN AT INTERSEC-TION)
H. CHANGING LANES ON MULTI-LANE ROAD
I. MAKING LEFT TURN
J. MAKING RIGHT TURN
K. STOPPED PREPARING TO, OR MAKING U-TURN
L. MAKING TURN, DIRECTION UNKNOWN
M. STOPPED, PREPARING TO TURN RIGHT
N. STOPPED PREPARING TO TURN RIGHT
O. SLOWING TO MAKE LEFT TURN
P. SLOWING TO MAKE RIGHT TURN
Q. SLOWING TO STOP
R. PROPERLY PARKED
S. PARKING MANEUVER
T. ENTERING TRAFFIC FROM SHOULDER
U. ENTERING TRAFFIC FROM MEDIAN
V. ENTERING TRAFFIC FROM PARKING LANE
W. ENTERING TRAFFIC FROM PRIVATE LANE
X. ENTERING FREEWAY FROM ON RAMP
Y. LEAVING FREEWAY VIA OFF RAMP
Z. OTHER OR UNKNOWN

## VEHICLE CONDITION  `K`

A. DEFECTIVE BRAKES
B. DEFECTIVE HEADLIGHTS
C. DEFECTIVE REAR LIGHTS
D. DEFECTIVE SIGNAL LIGHTS
E. ALL LIGHTS OUT
F. DEFECTIVE STEERING
G. TIRE FAILURE
H. WORN OR SMOOTH TIRES
I. ENGINE FAILURE
J. DEFECTIVE SUSPENSION
K. NO DEFECTS OBSERVED
L. UNKNOWN  DEFECTS
M. OTHER

## TRAFFIC CONTROL CONDITIONS  `A`

A. CONTROLS FUNCTIONING
B. CONTROLS NOT FUNCTIONING
C. CONTROLS OBSCURED
D. LANE MARKING UNCLEAR OR DEFECTIVE
E. NO CONTROLS
F. CONDITION UNKNOWN

## ALCOHOL/DRUG INVOLVEMENT

|  | VEHICLE | PEDESTRIAN |
|---|---|---|
|  | `A` | `N/A` |

ALCOHOL/DRUGS PRESENT
A. NEITHER ALCOHOL OR DRUGS PRESENT
B. YES (ALCOHOL PRESENT)
C. YES (DRUGS PRESENT)
D. YES (ALCOHOL AND DRUGS PRESENT)
E. NOT REPORTED
F. UNKNOWN

## VIOLATION  `U`

A. EXCEEDING STATED SPEED LIMIT
B. EXCEEDING SAFE SPEED LIMIT
C. FAILURE TO YIELD
D. FOLLOWING TOO CLOSELY
E. DRIVING LEFT OF CENTER
F. CUTTING IN, IMPROPER PASSING
G. FAILURE TO SIGNAL
H. MADE WIDE RIGHT TURN
I. CUT CORNER ON LEFT TURN
J. TURNED FROM WRONG LANE
K. OTHER IMPROPER TURNING
L. DISREGARDED TRAFFIC CONTROL
M. IMPROPER STARTING
N. IMPROPER PARKING
O. FAILED TO SET OUT FLAGS, FLARES
P. FAILED TO DIM HEADLIGHTS
Q. VEHICLE CONDITION
R. DRIVER CONDITION
S. CARELESS DRIVING
T. UNKNOWN VIOLATIONS
U. NO VIOLATIONS
V. OTHER

## REASON FOR MOVEMENT  `J`

A. TO AVOID OTHER VEHICLE
B. TO AVOID PEDESTRIAN
C. TO AVOID ANIMAL
D. TO AVOID OTHER OBJECT
E. PASSING
F. VEHICLE OUT OF CONTROL
G. VEHICLE OUT OF CONTROL, PASSING
H. FOR TRAFFIC CONTROL
I. DUE TO CONGESTION
J. DUE TO PRIOR CRASH (COLLISION)
K. DUE TO DRIVER CONDITION
L. DUE TO DRIVER VIOLATION
M. DUE TO VEHICLE CONDITION (FAILURE)
N. DUE TO PAVEMENT CONDITION
O. HIGH WIND
P. NORMAL MOVEMENT
Q. REASON UNKNOWN
R. OTHER

ALCOHOL  `B`
A. TEST REFUSED
B. NO TEST GIVEN
C. TEST GIVEN, RESULTS PENDING
D. TEST GIVEN, BAC ___  9% ___  9% ___
E. UNKNOWN

DRUGS
A. TEST NOT GIVEN
B. TEST GIVEN, RESULTS PENDING
C. DRUGS REPORTED (SPECIFY)
D. UNKNOWN

SUSPECTED DRUGS

## TRAFFIC CONTROL  `R`

A. STOP SIGN
B. YIELD SIGN
C. RED SIGNAL ON
D. YELLOW SIGNAL ON
E. GREEN SIGNAL ON
F. GREEN TURN ARROW ON
G. RIGHT-TURN ON RED
H. LIGHT PHASE UNKNOWN
I. FLASHING YELLOW
J. FLASHING RED
K. OFFICER, WATCHMAN
L. RR CROSSING, SIGN

M. RR CROSSING, SIGNAL
N. RR CROSSING, NO CONTROL
O. WARNING SIGN (SCHOOL, ETC.)
P. SCHOOL FLASHING SPEED SIGN
Q. YELLOW NO PASSING LINE
R. WHITE DASHED LINE
S. YELLOW DASHED LINE
T. BIKE LANE
U. CROSSWALK
V. NO CONTROL
W. UNKNOWN
X. OTHER

## HARMFUL EVENTS

A. OVERTURNED
B. FIRE/EXPLOSION
C. IMMERSION
D. JACKKNIFE
E. OTHER NONCOLLISION
F. PEDESTRIAN
G. PEDALCYCLE
H. RAILWAY TRAIN
I. ANIMAL
J. MOTOR VEHICLE IN-TRANSPORT
K. MOTOR VEHICLE IN TRANSPORT IN OTHER ROADWAY
L. PARKED MOTOR VEHICLE

M. OTHER OBJECT (NOT FIXED)
N. IMPACT ATTENUATOR
O. BRIDGE-PIER OR ABUTMENT
P. BRIDGE-PARAPET END
Q. BRIDGE-RAIL
R. GUARDRAIL FACE
S. GUARDRAIL END
T. MEDIAN BARRIER
U. HIGHWAY TRAFFIC SIGN POST
V. OVERHEAD SIGN SUPPORT
W. LUMINAIRE/LIGHT SUPPORT

X. UTILITY POLE
Y. OTHER POLE
Z. CULVERT
AA. CURB
BB. EMBANKMENT
CC. MAIL BOX
DD. DITCH
EE. FENCE
FF. TREE
GG. UNKNOWN
HH. OTHER FIXED OBJECT

## VEHICLE

FIRST HARMFUL EVENT  `J`

MOST HARMFUL EVENT  `J`

## PEDESTRIAN ACTIONS  `L`

A. CROSSING, ENTERING ROAD AT INTERSECTION
B. CROSSING, ENTERING ROAD NOT AT INTERSECTION
C. WALKING IN ROAD - WITH TRAFFIC
D. WALKING IN ROAD - AGAINST TRAFFIC
E. SLEEPING IN ROADWAY
F. STANDING IN ROADWAY
G. GETTING ON OR OFF OTHER VEHICLE

H. PUSHING, WORKING ON VEHICLE IN ROAD
I. OTHER WORKING IN ROADWAY
J. PLAYING IN ROADWAY
K. NOT IN ROADWAY OR UNKNOWN
L. NOT APPLICABLE
M. OTHER IN ROADWAY

| CITATION NO. | VEH. | PED. | R.S. OR ORD. NO. |
|---|---|---|---|
|  | ☐ | ☐ |  |
|  | ☐ | ☐ |  |
| N/A | ☐ | ☐ | N/A |
|  | ☐ | ☐ |  |

| | DIRECTION BEFORE CRASH | | FINAL LOCATION OF VEHICLES | DISTANCE TRAVELED AFTER IMPACT | SPEED | | SKIDMARK DATA (FEET) | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| HEADED | ON STREET OR HIGHWAY OR DRIVE | | | | EST. | POSTED | FR | FL | RR | RL |
| `E` N E S W | I-10 | | Roadway | Unk | `0 1 0` | `6 0` | `0` | `0` | `0` | `0` |

## DAMAGE TO THIS VEHICLE

AREA DAMAGED  `F`

EXTENT OF DEFORMITY  `B`

A- NONE
B- VERY MINOR
C- MINOR
D- MINOR/MODERATE
E- MODERATE
F- MODERATE/SEVERE
G- SEVERE
H- VERY SEVERE
I-UNKNOWN

1ST
2ND
3RD

## INSURANCE THIS VEHICLE

INSURANCE CO. NAME (NOT AGENCY NAME)
7 C Insurance Co.

POLICY NUMBER
#SCJPK50021302

AGENT'S NAME
BB+T - Lofton Group

AGENT'S ADDRESS
2280 East Victory Dr.
S_____h GA. 31414

EFFECTIVE DATE
09-01-02

EXPIRATION DATE
09-01-03

PHONE #
(Unk)

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**VEHICLE / PEDESTRIAN SUPPLEMENT**

COMPUTER NUMBER     PAGE #
3 2 0 3 7 5 1 - 0 7
I - 3 0 1 6 0 8 m

[X] VEHICLE
[ ] PEDESTRIAN

**VEHICLE #** 0 4

| A. PASSENGER CAR | E. MOTORCYCLE | L. SCHOOL BUS | M. TRUCK WITH TRAILER(S) |
| B. LT. TRUCK (P.U., ETC.) | F. PEDALCYCLE | J. OTHER BUS | N. FARM EQUIPMENT |
| C. VAN | G. OFF-ROAD VEHICLE | K. MOTOR HOME | O. OTHER |
| D. A, B, OR C WITH TRAILER | H. EMERGENCY VEHICLE | I. SINGLE UNIT TRUCK | |

} B

**YEAR** 1 9 9 9  **MAKE** G M C  **MODEL** S u b u r b a n  **# DOORS** 4  **# AXLES** 0 2  **# TIRES** 0 4

**V.I.N.** 3 G K E C 1 6 R 3 X G 5 4 4 3 5 1
**VEHICLE TOWED** A  A. YES  B. NO  C. LEFT AT SCENE
**REMOVED BY** Calais's Towing
**REASON TOWED** A
A. VEHICLE DAMAGE
B. DRIVER ARRESTED
C. INSURANCE VIOLATION
D. OTHER

**LICENSE PLATE** **YEAR** 2 0 0 3  **STATE** T x  **NUMBER** H 2 4 C N C  **TYPE** P a s s e n g e r  C a r  A

**TRAILER DESCRIPTION** **YEAR** N/A  **MAKE**  **TYPE**  **LICENSE PLATE** **YEAR** N/A  **STATE**  **NUMBER**

**DRIVER'S NAME (LAST,FIRST,MI)** Guerra Guadalupe R Jr
**DATE OF BIRTH** 0 5 0 5 1 9 5 1

| | POSI-TION | EJEC-TION | TRAPPED/EXTRI-CATED | AIR BAG | SEC SYS BY EYE | SEX | RACE | AGE | INJURY |
| | A | A | B | E | H | M | H | 5 | 2 | C |

**STREET ADDRESS** P.O. Box 481 Santa Vista Ave.  **TELEPHONE #** N/A
**CITY** Santa Rosa  **STATE** Tx  **ZIP** 7 8 5 9 3

**TRANSPORTED TO MEDICAL FACILITY**  A. YES  C. UNKNOWN  B. NO  D. REFUSED AID  A

**STATE** T x  **CLASS** C  **ENDORSEMENTS** N/A  **DRIVER'S LICENSE NUMBER** 0 0 0 0 0 0 0 0 0 2 0 9 2 7 6
**INSTRUCTED TO EXCHANGE INFORMATION?** [X] YES  [ ] NO
**NAME OF FACILITY** Baton Rouge General

**OWNER'S NAME (LAST,FIRST,MI OR COMPANY NAME)**

**SAME AS DRIVER?** [X] YES  [ ] NO
**SR-10 FURNISHED?** [ ] YES  [X] NO
**STREET ADDRESS**
**PROOF OF INSURANCE?** [X] YES  [ ] NO
**CITY**  **STATE**  **ZIP**
**NOTICE OF VIOLATION ISSUED?** [ ] YES  [X] NO

**OCCUPANT'S NAME (LAST,FIRST,MI)** Guerra Amelia

| | POSI-TION | EJEC-TION | TRAPPED/EXTRI-CATED | AIR BAG | SEC SYS BY EYE | SEX | RACE | AGE | INJURY |
| | C | A | B | E | H | F | H | 5 | 1 | C |

**STREET ADDRESS** P.O. Box 481 Santa Vista Ave.
**TRANSPORTED TO MEDICAL FACILITY** A. YES  C. UNKNOWN  B. NO  D. REFUSED AID  A
**NAME OF FACILITY** Our Lady of the Lake
**CITY** Santa Rosa  **STATE** Tx  **ZIP** 7 8 5 9 3

**PEDESTRIAN'S NAME (LAST,FIRST,MI)** N/A

**TRANSPORTED TO MEDICAL FACILITY** A. YES  C. UNKNOWN  B. NO  D. REFUSED AID
**NAME OF FACILITY**

**STREET ADDRESS**  **TELEPHONE #**
**CITY**  **STATE**

| | LIGHT | DARK | | LIGHT | DARK | | SEX | RACE | AGE | INJURY CODE |
| UPPER BODY CLOTHING | [ ] | [ ] | LOWER BODY CLOTHING | [ ] | [ ] | | | | | |

CODE A

**CODES**

| SEATING POSITION | EJECTION | TRAPPED OR EXTRICATED | AIRBAG | OCCUPANT PROTECTION SYSTEM USED | INJURY |
|---|---|---|---|---|---|
| A - FRONT SEAT-LEFT SIDE (MOTORCYCLE DRIVER) | J - SLEEPER SECTION OF CAB (TRUCK) | A - NOT EJECTED | A - NOT TRAPPED | A - DEPLOYED | A - NONE USED-VEHICLE OCCUPANT | A - FATAL |
| B - FRONT SEAT-MIDDLE | K - PASSENGER IN OTHER ENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT) | B - TOTALLY EJECTED | B - TRAPPED/EXTRI-CATED | B - NOT DEPLOYED | B - SHOULDER BELT ONLY USED | B - INCAPACITA-TING/SEVERE |
| C - FRONT SEAT-RIGHT SIDE | | C - PARTIALLY EJECTED | C - TRAPPED/NOT EXTRICATED | C - NOT DEPLOY-ED/SWITCH OFF | C - LAP BELT ONLY USED | C - NON-INCAPA-CITATING/ MODERATE |
| D - SECOND SEAT-LEFT SIDE (MOTORCYCLE PASSENGER) | L - PASSENGER IN OTHER UNENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT) | D - UNKNOWN | D - UNKNOWN | D - NOT APPLICABLE | D - SHOULDER AND LAP BELT USED | D - POSSIBLE/ COMPLAINT |
| E - SECOND SEAT-MIDDLE | M - PASSENGER ON TRAIN OR STREETCAR | | | E - UNKNOWN | E - CHILD SAFETY SEAT IMPROPERLY USED | E - NO INJURY |
| F - SECOND SEAT-RIGHT SIDE | N - TRAILING UNIT | | | | F - CHILD SAFETY SEAT USED | |
| G - THIRD ROW-LEFT SIDE (MOTORCYCLE PASSENGER) | O - RIDING ON VEHICLE EXTERIOR (NON-TRAILING UNIT) | | | | G - HELMETS USED  H - RESTRAINT USE UNKNOWN | |

# CONTRIBUTING FACTORS AND CONDITIONS

PAGE # **08**

WRITE APPROPRIATE LETTER IN BLOCK

## VISION OBSCUREMENTS  **O**

A. RAIN, SNOW, ETC. ON WINDSHIELD
B. WINDSHIELD OTHERWISE OBSCURED
C. VISION OBSCURED BY LOAD
D. TREES, BUSHES, ETC.
E. BUILDING
F. EMBANKMENT
G. SIGN BOARDS
H. HILLCREST
I. PARKED VEHICLES
J. MOVING VEHICLES
K. BLINDED BY HEADLIGHTS
L. BLINDED BY SUNGLARE
M. DISTRACTED BY NEON LIGHTS IN FIELD OF VIEW
N. UNKNOWN
O. NO OBSCUREMENTS
P. OTHER

## CONDITION OF DRIVER AND PEDESTRIANS
D **A**   P **N/A**

A. NORMAL
B. INATTENTIVE OR DISTRACTED
C. PHYSICAL IMPAIRMENT (EYES, EAR, LIMB)
D. ILLNESS
E. FATIGUED
F. APPARENTLY ASLEEP/BLACKOUT
G. HAD BEEN DRINKING - IMPAIRED
H. HAD BEEN DRINKING - IMPAIRED - NOT IMPAIRED
I. DRUG USE - IMPAIRED
J. DRUG USE - NOT IMPAIRED
K. UNKNOWN
L. OTHER

## VEHICLE LIGHTING  **D**

A. HEADLIGHTS ON
B. HEADLIGHTS OFF
C. DAYTIME RUNNING LIGHTS
D. UNKNOWN

## VIOLATION  **U**

A. EXCEEDING STATED SPEED LIMIT
B. EXCEEDING SAFE SPEED LIMIT
C. FAILURE TO YIELD
D. FOLLOWING TOO CLOSELY
E. DRIVING LEFT OF CENTER
F. CUTTING IN, IMPROPER PASSING
G. FAILURE TO SIGNAL
H. MADE WIDE RIGHT TURN
I. CUT CORNER ON LEFT TURN
J. TURNED FROM WRONG LANE
K. OTHER IMPROPER TURNING
L. DISREGARDED TRAFFIC CONTROL
M. IMPROPER STARTING
N. IMPROPER PARKING
O. FAILED TO SET OUT FLAGS, FLARES
P. FAILED TO DIM HEADLIGHTS
Q. VEHICLE CONDITION
R. DRIVER CONDITION
S. CARELESS OPERATION
T. UNKNOWN VIOLATIONS
U. NO VIOLATIONS
V. OTHER

## REASON FOR MOVEMENT  **J**

A. TO AVOID OTHER VEHICLE
B. TO AVOID ANIMAL
C. TO AVOID PEDESTRIAN
D. TO AVOID OTHER OBJECT
E. VEHICLE OUT OF CONTROL, NOT PASSING
F. VEHICLE OUT OF CONTROL, PASSING
G. FOR TRAFFIC CONTROL
H. DUE TO CONGESTION
I. DUE TO PRIOR CRASH (COLLISION)
J. DUE TO DRIVER VIOLATION
K. DUE TO VEHICLE CONDITION (FAILURE)
L. DUE TO PAVEMENT CONDITION
M. HIGH WIND
N. NORMAL MOVEMENT
O. REASON UNKNOWN
P. OTHER

## MOVEMENT PRIOR TO CRASH  **Q**

A. STOPPED
B. PROCEEDING STRAIGHT AHEAD
C. TRAVELING WRONG WAY
D. BACKING
E. CROSSED MEDIAN INTO OPPOSING LANE
F. CROSSED CENTER LINE INTO OPPOSING LANE
G. RAN OFF ROAD (NOT WHILE MAKING TURN AT INTERSECTION)
H. CHANGING LANES ON MULTI-LANE ROAD
I. MAKING LEFT TURN
J. MAKING RIGHT TURN
K. STOPPED PREPARING TO, OR MAKING U-TURN
L. MAKING TURN, DIRECTION UNKNOWN
M. STOPPED, PREPARING TO TURN LEFT
N. STOPPED PREPARING TO TURN RIGHT
O. SLOWING TO MAKE LEFT TURN
P. SLOWING TO MAKE RIGHT TURN
Q. SLOWING TO STOP
R. PROPERLY PARKED
S. PARKING MANEUVER
T. ENTERING TRAFFIC FROM SHOULDER
U. ENTERING TRAFFIC FROM MEDIAN
V. ENTERING TRAFFIC FROM PRIVATE LANE
W. ENTERING FREEWAY FROM ON RAMP
Y. LEAVING FREEWAY VIA OFF RAMP
Z. OTHER OR UNKNOWN

## VEHICLE CONDITION  **L**

A. DEFECTIVE BRAKES
B. DEFECTIVE HEADLIGHTS
C. DEFECTIVE REAR LIGHTS
D. DEFECTIVE SIGNAL LIGHTS
E. ALL LIGHTS OUT
F. DEFECTIVE STEERING
G. TIRE FAILURE
H. WORN OR SMOOTH TIRES
I. ENGINE FAILURE
J. DEFECTIVE SUSPENSION
K. NO DEFECTS OBSERVED
L. UNKNOWN DEFECTS
M. OTHER

## TRAFFIC CONTROL CONDITIONS  **A**

A. CONTROLS FUNCTIONING
B. CONTROLS NOT FUNCTIONING
C. CONTROLS OBSCURED
D. LANE MARKING UNCLEAR
E. NO CONTROLS
F. CONDITION UNKNOWN

## ALCOHOL/DRUG INVOLVEMENT

|  | VEHICLE | PEDESTRIAN |
|---|---|---|
| ALCOHOL/DRUGS PRESENT | **A** | **N/A** |

A. NEITHER ALCOHOL OR DRUGS PRESENT
B. YES (ALCOHOL PRESENT)
C. YES (DRUGS PRESENT)
D. YES (ALCOHOL AND DRUGS PRESENT)
E. NOT REPORTED
F. UNKNOWN

ALCOHOL  **B**
A. TEST REFUSED
B. NO TEST GIVEN
C. TEST GIVEN, RESULTS PENDING
D. TEST GIVEN, BAC ____
E. UNKNOWN

DRUGS  **A**
A. TEST NOT GIVEN
B. TEST GIVEN, RESULTS PENDING
C. DRUGS REPORTED (SPECIFY)
SUSPECTED DRUGS ____

## HARMFUL EVENTS

A. OVERTURNED
B. FIRE/EXPLOSION
C. IMMERSION
D. JACKKNIFE
E. OTHER NONCOLLISION
F. PEDESTRIAN
G. PEDALCYCLE
H. RAILWAY TRAIN
I. ANIMAL
J. MOTOR VEHICLE IN TRANSPORT
K. MOTOR VEHICLE IN TRANSPORT IN OTHER ROADWAY
L. PARKED MOTOR VEHICLE
M. OTHER OBJECT (NOT FIXED)
N. IMPACT ATTENUATOR
O. BRIDGE-PIER OR ABUTMENT
P. BRIDGE-PARAPET END
Q. BRIDGE-RAIL
R. GUARDRAIL FACE
S. GUARDRAIL END
T. MEDIAN BARRIER
U. HIGHWAY TRAFFIC SIGN POST
V. OVERHEAD SIGN SUPPORT
W. LUMINAIRE/LIGHT SUPPORT
X. UTILITY POLE
Y. OTHER POLE
Z. CULVERT
AA. CURB
BB. EMBANKMENT
CC. MAIL BOX
DD. DITCH
EE. FENCE
FF. TREE
GG. UNKNOWN
HH. OTHER FIXED OBJECT

### VEHICLE
FIRST HARMFUL EVENT  **J**
MOST HARMFUL EVENT  **B**

## TRAFFIC CONTROL  **R**

A. STOP SIGN
B. YIELD SIGN
C. RED SIGNAL ON
D. YELLOW SIGNAL ON
E. GREEN SIGNAL ON
F. GREEN TURN ARROW ON
G. RIGHT TURN ON RED
H. LIGHT PHASE UNKNOWN
I. FLASHING YELLOW
J. FLASHING RED
K. OFFICER, WATCHMAN
L. RR CROSSING, SIGN
M. RR CROSSING, SIGNAL
N. RR CROSSING, NO CONTROL
O. WARNING SIGN (SCHOOL, ETC.)
P. SCHOOL FLASHING SPEED SIGN
Q. YELLOW NO PASSING LINE
R. WHITE DASHED LINE
S. YELLOW DASHED LINE
T. BIKE LANE
U. CROSSWALK
V. NO CONTROL
W. UNKNOWN
X. OTHER

## PEDESTRIAN ACTIONS  **L**

A. CROSSING, ENTERING ROAD AT INTERSECTION
B. CROSSING, ENTERING ROAD NOT AT INTERSECTION
C. WALKING IN ROAD - WITH TRAFFIC
D. WALKING IN ROAD - AGAINST TRAFFIC
E. SLEEPING IN ROADWAY
F. STANDING IN ROADWAY
G. GETTING ON OR OFF OTHER VEHICLE
H. PUSHING, WORKING ON VEHICLE IN ROAD
I. OTHER WORKING IN ROADWAY
J. PLAYING IN ROADWAY
K. NOT IN ROADWAY OR UNKNOWN
L. NOT APPLICABLE
M. OTHER IN ROADWAY

CITATION NO.   VEH.  PED.   R.S. OR ORD. NO.
N/A                          N/A

| DIRECTION BEFORE CRASH | | FINAL LOCATION OF VEHICLES | DISTANCE TRAVELED AFTER IMPACT | SPEED | | SKIDMARK DATA (FEET) | | | |
|---|---|---|---|---|---|---|---|---|---|
| HEADED | ON STREET OR HIGHWAY OR DRIVE | | | EST. | POSTED | FR | FL | RR | RL |
| **E** N E S W | I-10 | Roadway | UnK | 0 1 0 | 6 0 | 0 | 0 | 0 | 0 |

## DAMAGE TO THIS VEHICLE

### AREA DAMAGED
1ST **G**
2ND **A**
3RD **O**

### EXTENT OF DEFORMITY
A- NONE
B- VERY MINOR
C- MINOR
D- MINOR/MODERATE
E- MODERATE
F- MODERATE/SEVERE
G- SEVERE
H-VERY SEVERE
I-UNKNOWN

1ST **H**
2ND **H**
3RD **H**

N- UNDER-CARRIAGE
P- TOTAL
O- OTHER
Q- NONE
R- UNKNOWN

## INSURANCE THIS VEHICLE

INSURANCE CO. NAME (NOT AGENCY NAME)  State Farm Ins
EFFECTIVE DATE  UnK
POLICY NUMBER  # R472778-53P
EXPIRATION DATE  UnK
AGENT'S NAME  Louis Perez
PHONE #  (956) 421-5995
AGENT'S ADDRESS  1729 West Harrison Ste A
Harlingen Tx 78550

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**VEHICLE / PEDESTRIAN SUPPLEMENT**

PAGE #

3 2 0 3 7 5 1 - 0 9

I-30lle (OOOM)

[X] VEHICLE

[ ] PEDESTRIAN

**VEHICLE #** `0 5`

| | |
|---|---|
| A. PASSENGER CAR | E. MOTORCYCLE |
| B. LT. TRUCK (P.U., ETC.) | F. PEDALCYCLE |
| C. VAN | G. OFF-ROAD VEHICLE |
| D. A, B, OR C WITH TRAILER | H. EMERGENCY VEHICLE |

| | |
|---|---|
| L. SCHOOL BUS | M. TRUCK WITH TRAILER(S) |
| J. OTHER BUS | N. FARM EQUIPMENT |
| K. MOTOR HOME | O. OTHER |
| L. SINGLE UNIT TRUCK | |

} C

**YEAR** `2 0 0 3`   **MAKE** `O l d s m o b i l e`   **MODEL** `S i l h o u e t t e`   **# DOORS** `4`   **# AXLES** `0 2`   **# TIRES** `0 4`

**V.I.N.** `1 G H D X 0 3 E 3 3 D 3 0 8 7 7 5`   **VEHICLE TOWED** `A` A. YES B. NO C. LEFT AT SCENE   **REMOVED BY** `Nuval's Towing`

**LICENSE PLATE**   **YEAR** `2 0 0 4`   **STATE** `V A`   **NUMBER** `J F W 5 6 2 4`   **TYPE** `Passenger Car`

**REASON TOWED**
A. VEHICLE DAMAGE
B. DRIVER ARRESTED
C. INSURANCE VIOLATION
D. OTHER   `A`

**TRAILER DESCRIPTION** **YEAR** `N/A`   **MAKE**   **TYPE**   **YEAR**   **STATE**   **NUMBER**   **LICENSE PLATE** `N/A`

**DRIVER'S NAME (LAST,FIRST,MI)** `Bybee Kristin Michelle`   **DATE OF BIRTH** `0 3 1 0 1 9 7 0`

**STREET ADDRESS** `554 Brooklyn Ave`   **TELEPHONE #** `N/A`

**CITY** `Jefferson`   **STATE** `LA`   **ZIP** `70121`

| POSI-TION | LIC.-TION | TRAN EXTRI-CATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|
| A | A | A | B | D | F | W | 33 | D |

**TRANSPORTED TO MEDICAL FACILITY** A. YES C. UNKNOWN B. NO D. REFUSED AID `D`

**STATE** `LA`   **CLASS** `E`   **ENDORSEMENTS** `N/A`   **DRIVER'S LICENSE NUMBER** `0 0 0 0 0 0 0 0 0 7 5 7 6 5 7 4`   **INSTRUCTED TO EXCHANGE INFORMATION?** [X] YES [ ] NO   **NAME OF FACILITY**

**OWNER'S NAME (LAST,FIRST,MI OR COMPANY NAME)** `Alamo Financing LP`

**SAME AS DRIVER?** [ ] YES [X] NO

**SR-10 FURNISHED?** [ ] YES [X] NO

**STREET ADDRESS** `4680 Conference Way South`

**PROOF OF INSURANCE?** [X] YES [ ] NO

**CITY** `Boca Raton`   **STATE** `FL`   **ZIP** `33431`

**NOTICE OF VIOLATION ISSUED?** [ ] YES [X] NO

**OCCUPANT'S NAME (LAST,FIRST,MI)** `Bybee Jason`

| POSI-TION | LIC.-TION | TRAN EXTRI-CATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|
| C | A | A | B | D | M | W | 36 | D |

**STREET ADDRESS** `554 Brooklyn Ave`   **TRANSPORTED TO MEDICAL FACILITY** A. YES C. UNKNOWN B. NO D. REFUSED AID `D`   **NAME OF FACILITY**

**CITY** `Jefferson`   **STATE** `LA`   **ZIP** `70121`

**PEDESTRIAN'S NAME (LAST,FIRST,MI)** `N/A`   **TRANSPORTED TO MEDICAL FACILITY** A. YES C. UNKNOWN B. NO D. REFUSED AID   **NAME OF FACILITY**

**STREET ADDRESS**   **TELEPHONE #**

**CITY**   **STATE**

CODE A

| | LIGHT | DARK | | LIGHT | DARK | SEX | RACE | AGE | INJURY CODE |
|---|---|---|---|---|---|---|---|---|---|
| **UPPER BODY CLOTHING** | [ ] | [ ] | **LOWER BODY CLOTHING** | [ ] | [ ] | | | | |

**CODES**

| SEATING POSITION | EJECTION | TRAPPED OR EXTRICATED | AIRBAG | OCCUPANT PROTECTION SYSTEM USED | INJURY |
|---|---|---|---|---|---|
| A - FRONT SEAT-LEFT SIDE (MOTORCYCLE DRIVER) | A - NOT EJECTED | A - NOT TRAPPED | A - DEPLOYED | A - NONE USED-VEHICLE OCCUPANT | A - FATAL |
| B - FRONT SEAT-MIDDLE | B - TOTALLY EJECTED | B - TRAPPED/EXTRI-CATED | B - NOT | B - SHOULDER BELT ONLY USED | B - INCAPACITA-TING/SEVERE |
| C - FRONT SEAT-RIGHT SIDE | C - PARTIALLY EJECTED | C - TRAPPED/NOT EXTRICATED | C - NOT DEPLOY-ED/SWITCH OFF | C - LAP BELT ONLY USED | C - NON-INCAPA-CITATING/MODERATE |
| D - SECOND SEAT-LEFT SIDE (MOTORCYCLE PASSENGER) | D - UNKNOWN | D - UNKNOWN | D - NOT APPLICABLE | D - SHOULDER AND LAP BELT USED | D - POSSIBLE/COMPLAINT |
| E - SECOND SEAT-MIDDLE | | | E - UNKNOWN | E - CHILD SAFETY SEAT IMPROPERLY USED | E - NO INJURY |
| F - SECOND SEAT-RIGHT SIDE | | | | F - CHILD SAFETY SEAT USED | |
| | | | | G - HELMETS USED | |

## CONTRIBUTING FACTORS AND CONDITIONS

PAGE # __10__

WRITE APPROPRIATE LETTER IN BLOCK

### VISION OBSCUREMENTS [O]

A. RAIN, SNOW, ETC. ON WINDSHIELD
B. WINDSHIELD OTHERWISE OBSCURED
C. VISION OBSCURED BY LOAD
D. TREES, BUSHES, ETC.
E. BUILDING
F. EMBANKMENT
G. SIGN BOARDS
H. HILLCREST
I. PARKED VEHICLES
J. MOVING VEHICLES
K. BLINDED BY HEADLIGHTS
L. BLINDED BY SUNGLARE
M. DISTRACTED BY NEON LIGHTS IN FIELD OF VIEW
N. UNKNOWN
O. NO OBSCURANCES
P. OTHER

### CONDITION OF DRIVER AND PEDESTRIANS  D [A]  P [N/A]

A. NORMAL
B. INATTENTIVE OR DISTRACTED
C. PHYSICAL IMPAIRMENT (EYES, EAR, LIMB)
D. ILLNESS
E. FATIGUED
F. APPARENTLY ASLEEP/BLACKOUT
G. HAD BEEN DRINKING - IMPAIRED
H. HAD BEEN DRINKING - IMPAIRED - NOT IMPAIRED
I. DRUG USE - IMPAIRED
J. DRUG USE - NOT IMPAIRED
K. UNKNOWN
L. OTHER

### VEHICLE LIGHTING [B]

A. HEADLIGHTS ON
B. HEADLIGHTS OFF
C. DAYTIME RUNNING LIGHTS
D. UNKNOWN

### VIOLATION [U]

A. EXCEEDING STATED SPEED LIMIT
B. EXCEEDING SAFE SPEED LIMIT
C. FAILURE TO YIELD
D. FOLLOWING TOO CLOSELY
E. DRIVING LEFT OF CENTER
F. CUTTING IN, IMPROPER PASSING
G. FAILURE TO SIGNAL
H. MADE WIDE RIGHT TURN
I. CUT CORNER ON LEFT TURN
J. TURNED FROM WRONG LANE
K. OTHER IMPROPER TURNING
L. DISREGARDED TRAFFIC CONTROL
M. IMPROPER STARTING
N. IMPROPER PARKING
O. FAILED TO SET OUT FLAGS, FLARES
P. FAILED TO DIM HEADLIGHTS
Q. VEHICLE CONDITION
R. DRIVER CONDITION
S. CARELESS OPERATION
T. UNKNOWN VIOLATIONS
U. NO VIOLATIONS
V. OTHER

### REASON FOR MOVEMENT [J]

A. TO AVOID OTHER VEHICLE
B. TO AVOID PEDESTRIAN
C. TO AVOID ANIMAL
D. TO AVOID OTHER OBJECT
E. PASSING
F. VEHICLE OUT OF CONTROL
G. VEHICLE OUT OF CONTROL, NOT PASSING
H. FOR TRAFFIC CONTROL
I. DUE TO CONGESTION
J. DUE TO PRIOR CRASH (COLLISION)
K. DUE TO DRIVER CONDITION
L. DUE TO DRIVER VIOLATION
M. DUE TO VEHICLE CONDITION (FAILURE)
N. DUE TO PAVEMENT CONDITION
O. HIGH WIND
P. NORMAL MOVEMENT
Q. REASON UNKNOWN
R. OTHER

### MOVEMENT PRIOR TO CRASH [Q]

A. STOPPED
B. PROCEEDING STRAIGHT AHEAD
C. TRAVELING WRONG WAY
D. BACKING
E. CROSSED MEDIAN INTO OPPOSING LANE
F. CROSSED CENTER LINE INTO OPPOSING LANE
G. RAN OFF ROAD (NOT WHILE MAKING TURN AT INTERSECTION)
H. CHANGING LANES ON MULTI-LANE ROAD
I. MAKING LEFT TURN
J. MAKING RIGHT TURN
K. STOPPED PREPARING TO, OR MAKING U-TURN
L. MAKING TURN, DIRECTION UNKNOWN
M. STOPPED, PREPARING TO TURN LEFT
N. STOPPED PREPARING TO TURN RIGHT
O. SLOWING TO MAKE LEFT TURN
P. SLOWING TO MAKE RIGHT TURN
Q. SLOWING TO STOP
R. PROPERLY PARKED
S. PARKING MANEUVER
T. ENTERING TRAFFIC FROM SHOULDER
U. ENTERING TRAFFIC FROM MEDIAN
V. ENTERING TRAFFIC FROM PARKING LANE
W. ENTERING TRAFFIC FROM PRIVATE LANE
X. ENTERING FREEWAY FROM ON RAMP
Y. LEAVING FREEWAY VIA OFF RAMP
Z. OTHER OR UNKNOWN

### VEHICLE CONDITION [K]

A. DEFECTIVE BRAKES
B. DEFECTIVE HEADLIGHTS
C. DEFECTIVE REAR LIGHTS
D. DEFECTIVE SIGNAL LIGHTS
E. ALL LIGHTS OUT
F. DEFECTIVE STEERING
G. TIRE FAILURE
H. WORN OR SMOOTH TIRES
I. ENGINE FAILURE
J. DEFECTIVE SUSPENSION
K. NO DEFECTS OBSERVED
L. UNKNOWN DEFECTS
M. OTHER

### TRAFFIC CONTROL CONDITIONS [A]

A. CONTROLS FUNCTIONING
B. CONTROLS NOT FUNCTIONING
C. CONTROLS OBSCURED
D. LANE MARKING UNCLEAR OR DEFECTIVE
E. NO CONTROLS
F. CONDITION UNKNOWN

### ALCOHOL/DRUG INVOLVEMENT

VEHICLE [A]    PEDESTRIAN [N/A]

ALCOHOL/DRUGS PRESENT
A. NEITHER ALCOHOL OR DRUGS PRESENT
B. YES (ALCOHOL PRESENT)
C. YES (DRUGS PRESENT)
D. YES (ALCOHOL AND DRUGS PRESENT)
E. NOT REPORTED
F. UNKNOWN

ALCOHOL    [B]
A. TEST REFUSED
B. TEST NOT GIVEN
C. TEST GIVEN, RESULTS PENDING
D. TEST GIVEN, BAC _____  g%  g%
E. UNKNOWN

DRUGS    [A]
A. TEST NOT GIVEN
B. TEST GIVEN, RESULTS PENDING
C. DRUGS REPORTED (SPECIFY)
D. UNKNOWN

SUSPECTED DRUGS _____

### TRAFFIC CONTROL [K]

A. STOP SIGN
B. YIELD SIGN
C. RED SIGNAL ON
D. YELLOW SIGNAL ON
E. GREEN SIGNAL ON
F. GREEN TURN ARROW ON
G. RIGHT TURN ON RED
H. LIGHT PHASE UNKNOWN
I. FLASHING YELLOW
J. FLASHING RED
K. OFFICER, WATCHMAN
L. RR CROSSING, SIGN

M. RR CROSSING, SIGNAL
N. RR CROSSING, NO CONTROL
O. WARNING SIGN (SCHOOL, ETC)
P. SCHOOL FLASHING SPEED SIGN
Q. YELLOW NO PASSING LINE
R. WHITE DASHED LINE
S. YELLOW DASHED LINE
T. BIKE LANE
U. CROSSWALK
V. NO CONTROL
W. UNKNOWN
X. OTHER _____

### HARMFUL EVENTS

A. OVERTURNED
B. FIRE/EXPLOSION
C. IMMERSION
D. JACKKNIFE
E. OTHER NONCOLLISION
F. PEDESTRIAN
G. PEDALCYCLE
H. RAILWAY TRAIN
I. ANIMAL
J. MOTOR VEHICLE IN TRANSPORT
K. MOTOR VEHICLE IN TRANSPORT IN OTHER ROADWAY
L. PARKED MOTOR VEHICLE

M. OTHER OBJECT (NOT FIXED)
N. IMPACT ATTENUATOR
O. BRIDGE-PIER OR ABUTMENT
P. BRIDGE-PARAPET END
Q. BRIDGE-RAIL
R. GUARDRAIL FACE
S. GUARDRAIL END
T. MEDIAN BARRIER
U. HIGHWAY TRAFFIC SIGN POST
V. OVERHEAD SIGN SUPPORT
W. LUMINAIRE/LIGHT SUPPORT

X. UTILITY POLE
Y. OTHER POLE
Z. CULVERT
AA. CURB
BB. EMBANKMENT
CC. MAIL BOX
DD. DITCH
EE. FENCE
FF. TREE
GG. UNKNOWN
HH. OTHER FIXED OBJECT

### VEHICLE

FIRST HARMFUL EVENT [X]
MOST HARMFUL EVENT [X]

### PEDESTRIAN ACTIONS [L]

A. CROSSING, ENTERING ROAD AT INTERSECTION
B. CROSSING, ENTERING ROAD NOT AT INTERSECTION
C. WALKING IN ROAD - WITH TRAFFIC
D. WALKING IN ROAD - AGAINST TRAFFIC
E. SLEEPING IN ROADWAY
F. STANDING IN ROADWAY
G. GETTING ON OR OFF OTHER VEHICLE

H. PUSHING, WORKING ON VEHICLE IN ROAD
I. OTHER WORKING IN ROADWAY
J. PLAYING IN ROADWAY
K. NOT IN ROADWAY OR UNKNOWN
L. NOT APPLICABLE
M. OTHER IN ROADWAY

| CITATION NO. | VEH. | PED. | R.S. OR ORD. NO. |
|---|---|---|---|
| N/A | ☐ ☐ | ☐ ☐ | N/A |
|  | ☐ ☐ | ☐ ☐ |  |
|  | ☐ ☐ | ☐ ☐ |  |
|  | ☐ ☐ | ☐ ☐ |  |

| | DIRECTION BEFORE CRASH | FINAL LOCATION | DISTANCE TRAVELED | SPEED | | SKIDMARK DATA (FEET) | | | |
|---|---|---|---|---|---|---|---|---|---|
| HEADED | ON STREET OR HIGHWAY OR DRIVE | OF VEHICLES | AFTER IMPACT | EST. | POSTED | FR | FL | RR | RL |
| E (N E S W) | I-10 | Roadway | Unk | 010 | 60 | 0 | 0 | 0 | 0 |

### DAMAGE TO THIS VEHICLE

AREA DAMAGED    EXTENT OF DEFORMITY

A. NONE
B. VERY MINOR
C. MINOR
D. MINOR/MODERATE
E. MODERATE
F. MODERATE/SEVERE
G. SEVERE
H-V. VERY SEVERE
I. UNKNOWN

1ST [F]    1ST [G]
2ND [F]    2ND [G]
3RD [E]    3RD [G]

N- UNDERCARRIAGE
T- TOTAL
P- OTHER
Q- NONE
R- UNKNOWN

### INSURANCE THIS VEHICLE

| | |
|---|---|
| INSURANCE CO. NAME (NOT AGENCY NAME) National Car Rental Financing | EFFECTIVE DATE 07-01-03 |
| POLICY NUMBER Certificate #252 | EXPIRATION DATE 07-01-04 |
| AGENT'S NAME Self-Insured | PHONE # (Unk.) Unknown |
| AGENT'S ADDRESS Unknown | |

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**VEHICLE / PEDESTRIAN SUPPLEMENT**

[X] VEHICLE
[ ] PEDESTRIAN

COMPUTER NUMBER: 3 2 0 3 7 5 1 - 1 1
PAGE #: 11
I-30161035M

**VEHICLE #** 06

| A. PASSENGER CAR | E. MOTORCYCLE | I. SCHOOL BUS | M. TRUCK WITH TRAILER |
| B. LT. TRUCK (P.U., ETC.) | F. PEDALCYCLE | J. OTHER BUS | N. FARM EQUIPMENT |
| C. VAN | G. OFF-ROAD VEHICLE | K. MOTOR HOME | O. OTHER |
| D. A, B, or C WITH TRAILER | H. EMERGENCY VEHICLE | L. SINGLE UNIT TRUCK | |

} A

| YEAR | MAKE | MODEL | # DOORS | # AXLES | # TIRES |
|---|---|---|---|---|---|
| 1997 | Honda | Civic | 2 | 02 | 04 |

V.I.N. 1HGEJ8241VL086900

VEHICLE TOWED: B
A. YES
B. NO
C. LEFT AT SCENE

REMOVED BY: Driver

| LICENSE PLATE | YEAR | STATE | NUMBER | TYPE |
|---|---|---|---|---|
| | 2004 | LA | KTP464 | Passenger Car |

REASON TOWED
A. VEHICLE DAMAGE
B. DRIVER ARRESTED
C. INSURANCE VIOLATION
D. OTHER

| TRAILER DESCRIPTION | YEAR | MAKE | TYPE | LICENSE PLATE | YEAR | STATE | NUMBER |
|---|---|---|---|---|---|---|---|
| N/A | | | | N/A | | | |

**DRIVER'S NAME (LAST,FIRST,MI)** Guidry Kes C

DATE OF BIRTH: 02/19/1979

STREET ADDRESS: 5865 Castille Ave
TELEPHONE #: N/A

CITY: Baton Rouge
STATE: LA
ZIP: 70806

| POSITION | EJECTION | TRAPPED/EXTRICATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|
| A | A | B | D | F | W | 24 | | D |

TRANSPORTED TO MEDICAL FACILITY: D
A. YES   C. UNKNOWN
B. NO   D. REFUSED AID

| STATE | CLASS | ENDORSEMENTS | DRIVER'S LICENSE NUMBER | INSTRUCTED TO EXCHANGE INFORMATION? |
|---|---|---|---|---|
| LA | E | N/A | 00000000006941289 | [X] YES [ ] NO |

NAME OF FACILITY:

**OWNER'S NAME (LAST,FIRST,MI OR COMPANY NAME)**

SAME AS DRIVER? [X] YES [ ] NO
SR-10 FURNISHED? [ ] YES [X] NO
PROOF OF INSURANCE? [X] YES [ ] NO
NOTICE OF VIOLATION ISSUED? [ ] YES [X] NO

STREET ADDRESS:
CITY:                STATE:      ZIP:

**OCCUPANT'S NAME (LAST,FIRST,MI)** None

| POSITION | EJECTION | TRAPPED/EXTRICATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

STREET ADDRESS:
CITY:                STATE:      ZIP:

TRANSPORTED TO MEDICAL FACILITY
A. YES   C. UNKNOWN
B. NO   D. REFUSED AID
NAME OF FACILITY:

**PEDESTRIAN'S NAME (LAST,FIRST,MI)** N/A

TRANSPORTED TO MEDICAL FACILITY
A. YES   C. UNKNOWN
B. NO   D. REFUSED AID
NAME OF FACILITY:

STREET ADDRESS:                TELEPHONE #:
CITY:                STATE:

CODE A

| UPPER BODY CLOTHING | LIGHT [ ] | DARK [ ] | LOWER BODY CLOTHING | LIGHT [ ] | DARK [ ] | SEX [ ] | RACE [ ] | AGE [ ] | INJURY CODE [ ] |

**CODES**

| SEATING POSITION | EJECTION | TRAPPED OR EXTRICATED | AIRBAG | OCCUPANT PROTECTION SYSTEM USED | INJURY |
|---|---|---|---|---|---|
| A - FRONT SEAT-LEFT SIDE (MOTORCYCLE DRIVER) | J - SLEEPER SECTION OF CAB (TRUCK) | A - NOT EJECTED | A - NOT TRAPPED | A - DEPLOYED | A - NONE USED-VEHICLE OCCUPANT | A - FATAL |
| B - FRONT SEAT-MIDDLE | K - PASSENGER IN OTHER ENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT) | B - TOTALLY EJECTED | B - TRAPPED/EXTRICATED | B - NOT DEPLOYED | B - SHOULDER BELT ONLY USED | B - INCAPACITATING/SEVERE |
| C - FRONT SEAT-RIGHT SIDE | | C - PARTIALLY EJECTED | C - TRAPPED/NOT EXTRICATED | C - NOT DEPLOYED/SWITCH OFF | C - LAP BELT ONLY USED | C - NON-INCAPACITATING/MODERATE |
| D - SECOND SEAT-LEFT SIDE (MOTORCYCLE PASSENGER) | L - PASSENGER IN OTHER UNENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT) | D - UNKNOWN | D - UNKNOWN | D - NOT APPLICABLE | D - SHOULDER AND LAP BELT USED | D - POSSIBLE/COMPLAINT |
| E - SECOND SEAT-MIDDLE | M - PASSENGER ON TRAIN OR STREETCAR | | | E - UNKNOWN | E - CHILD SAFETY SEAT IMPROPERLY USED | E - NO INJURY |
| F - SECOND SEAT-RIGHT SIDE | N - TRAILING UNIT | | | | F - CHILD SAFETY SEAT USED | |
| G - THIRD ROW-LEFT PASSENGER | O - RIDING ON VEHICLE EXTERIOR (NON- | | | | G - HELMETS USED | |
| | | | | | H - RESTRAINT USE UNKNOWN | |

## CONTRIBUTING FACTORS AND CONDITIONS

PAGE # /12

WRITE APPROPRIATE LETTER IN BLOCK

### VISION OBSCUREMENTS [O]

A. RAIN, SNOW, ETC. ON WINDSHIELD
B. WINDSHIELD OTHERWISE OBSCURED
C. VISION OBSCURED BY LOAD
D. TREES, BUSHES, ETC.
E. BUILDING
F. EMBANKMENT
G. SIGN BOARDS
H. HILLCREST
I. PARKED VEHICLES
J. MOVING VEHICLES
K. BLINDED BY HEADLIGHTS
L. BLINDED BY SUNGLARE
M. DISTRACTED BY NEON LIGHTS IN FIELD OF VIEW
N. NO OBSCURANCES
O. NO OBSCUREMENTS
P. OTHER _____

### CONDITION OF DRIVER AND PEDESTRIANS [D: A] [P: N/A]

A. NORMAL
B. INATTENTIVE OR DISTRACTED
C. PHYSICAL IMPAIRMENT (EYES, EAR, LIMB)
D. ILLNESS
E. FATIGUED
F. APPARENTLY ASLEEP/BLACKOUT
G. HAD BEEN DRINKING - IMPAIRED
H. HAD BEEN DRINKING - IMPAIRED - NOT IMPAIRED
I. DRUG USE - IMPAIRED
J. DRUG USE - NOT IMPAIRED
K. OTHER _____

### VEHICLE LIGHTING [B]

A. HEADLIGHTS ON
B. HEADLIGHTS OFF
C. DAYTIME RUNNING LIGHTS
D. UNKNOWN

### VIOLATION [U]

A. EXCEEDING STATED SPEED LIMIT
B. EXCEEDING SAFE SPEED LIMIT
C. FAILURE TO YIELD
D. FOLLOWING TOO CLOSELY
E. DRIVING LEFT OF CENTER
F. CUTTING IN, IMPROPER PASSING
G. FAILURE TO SIGNAL
H. MADE WIDE RIGHT TURN
I. CUT CORNER ON LEFT TURN
J. TURNED FROM WRONG LANE
K. OTHER IMPROPER TURNING
L. DISREGARDED TRAFFIC CONTROL
M. IMPROPER STARTING
N. IMPROPER PARKING
O. FAILED TO SET OUT FLAGS, FLARES
P. FAILED TO DIM HEADLIGHTS
Q. VEHICLE CONDITION
R. DRIVER CONDITION
S. CARELESS OPERATION
T. UNKNOWN VIOLATIONS
U. NO VIOLATIONS
V. OTHER _____

### REASON FOR MOVEMENT [T]

A. TO AVOID OTHER VEHICLE
B. TO AVOID PEDESTRIAN
C. TO AVOID ANIMAL
D. TO AVOID OTHER OBJECT
E. PASSING
F. VEHICLE OUT OF CONTROL, NOT PASSING
G. VEHICLE OUT OF CONTROL, PASSING
H. FOR TRAFFIC CONTROL
I. DUE TO PRIOR CRASH (COLLISION)
J. DUE TO DRIVER CONDITION
K. DUE TO DRIVER VIOLATION
M. DUE TO VEHICLE CONDITION (FAILURE)
N. DUE TO PAVEMENT CONDITION
O. HIGH WIND
P. NORMAL MOVEMENT
Q. REASON UNKNOWN
R. OTHER _____

### MOVEMENT PRIOR TO CRASH [Q]

A. STOPPED
B. PROCEEDING STRAIGHT AHEAD
C. TRAVELING WRONG WAY
D. BACKING
E. CROSSED MEDIAN INTO OPPOSING LANE
F. CROSSED CENTER LINE INTO OPPOSING LANE
G. RAN OFF ROAD (NOT WHILE MAKING TURN AT INTERSECTION)
H. CHANGING LANES ON MULTI-LANE ROAD
I. MAKING LEFT TURN
J. MAKING RIGHT TURN
K. STOPPED PREPARING TO, OR MAKING U-TURN
L. MAKING TURN, DIRECTION UNKNOWN
M. STOPPED, PREPARING TO TURN LEFT
N. STOPPED PREPARING TO TURN RIGHT
O. SLOWING TO MAKE LEFT TURN
P. SLOWING TO MAKE RIGHT TURN
Q. SLOWING TO STOP
R. PROPERLY PARKED
S. PARKING MANEUVER
T. ENTERING TRAFFIC FROM SHOULDER
U. ENTERING TRAFFIC FROM MEDIAN
V. ENTERING TRAFFIC FROM PARKING LANE
W. ENTERING TRAFFIC FROM PRIVATE LANE
X. ENTERING FREEWAY FROM ON RAMP
Y. LEAVING FREEWAY VIA OFF RAMP
Z. OTHER OR UNKNOWN

### VEHICLE CONDITION [K]

A. DEFECTIVE BRAKES
B. DEFECTIVE HEADLIGHTS
C. DEFECTIVE REAR LIGHTS
D. DEFECTIVE SIGNAL LIGHTS
E. ALL LIGHTS OUT
F. DEFECTIVE STEERING
G. TIRE FAILURE
H. WORN OR SMOOTH TIRES
I. ENGINE FAILURE
J. DEFECTIVE SUSPENSION
K. NO DEFECTS OBSERVED
L. UNKNOWN DEFECTS
M. OTHER _____

### TRAFFIC CONTROL CONDITIONS [A]

A. CONTROLS FUNCTIONING
B. CONTROLS NOT FUNCTIONING
C. CONTROLS OBSCURED
D. LANE MARKING UNCLEAR
E. NO CONTROLS
F. CONTROL UNKNOWN

### ALCOHOL/DRUG INVOLVEMENT

|  | VEHICLE | PEDESTRIAN |
|---|---|---|
| ALCOHOL/DRUGS PRESENT | A | |

A. NEITHER ALCOHOL OR DRUGS PRESENT
B. YES (ALCOHOL PRESENT)
C. YES (DRUGS PRESENT)
D. YES (ALCOHOL AND DRUGS PRESENT)
E. NOT REPORTED
F. UNKNOWN

ALCOHOL _____ [B]
A. TEST REFUSED
B. NO TEST GIVEN
C. TEST GIVEN, RESULTS PENDING
D. TEST GIVEN, BAC _____
E. UNKNOWN

DRUGS [A]
A. TEST NOT GIVEN
B. TEST GIVEN, RESULTS PENDING
C. TEST GIVEN (SPECIFY) _____
D. UNKNOWN

SUSPECTED DRUGS _____

### TRAFFIC CONTROL [R]

A. STOP SIGN
B. YIELD SIGN
C. RED SIGNAL ON
D. YELLOW SIGNAL ON
E. GREEN SIGNAL ON
F. RIGHT TURN ARROW ON
G. RIGHT TURN ON RED
H. LIGHT PHASE UNKNOWN
I. FLASHING YELLOW
J. FLASHING RED
K. OFFICER, WATCHMAN
L. RR CROSSING, SIGN
M. RR CROSSING, SIGNAL
N. RR CROSSING, NO CONTROL
O. WARNING SIGN (SCHOOL, ETC.)
P. SCHOOL FLASHING SPEED SIGN
Q. YELLOW NO PASSING LINE
R. WHITE DASHED LINE
S. YELLOW DASHED LINE
T. BIKE LANE
U. CROSSWALK
V. NO CONTROL
W. UNKNOWN
X. OTHER _____

### HARMFUL EVENTS

A. OVERTURNED
B. FIRE/EXPLOSION
C. IMMERSION
D. JACKKNIFE
E. OTHER NONCOLLISION
F. PEDESTRIAN
G. PEDALCYCLE
H. RAILWAY TRAIN
I. ANIMAL
J. MOTOR VEHICLE IN TRANSPORT
K. MOTOR VEHICLE IN TRANSPORT IN OTHER ROADWAY
L. PARKED MOTOR VEHICLE
M. OTHER OBJECT (NOT FIXED)
N. IMPACT ATTENUATOR
O. BRIDGE-PIER OR ABUTMENT
P. BRIDGE-PARAPET END
Q. BRIDGE-RAIL
R. GUARDRAIL FACE
S. GUARDRAIL END
T. MEDIAN BARRIER
U. HIGHWAY TRAFFIC SIGN POST
V. OVERHEAD SIGN SUPPORT
W. LUMINAIRE/LIGHT SUPPORT
X. UTILITY POLE
Y. OTHER POLE
Z. CULVERT
AA. CURB
BB. EMBANKMENT
CC. MAIL BOX
DD. DITCH
EE. FENCE
FF. TREE
GG. UNKNOWN
HH. OTHER FIXED OBJECT

### VEHICLE

FIRST HARMFUL EVENT [J]
MOST HARMFUL EVENT [J]

### PEDESTRIAN ACTIONS [L]

A. CROSSING, ENTERING ROAD AT INTERSECTION
B. CROSSING, ENTERING ROAD NOT AT INTERSECTION
C. WALKING IN ROAD - WITH TRAFFIC
D. WALKING IN ROAD - AGAINST TRAFFIC
E. SLEEPING IN ROADWAY
F. STANDING IN ROADWAY
G. GETTING ON OR OFF OTHER VEHICLE
H. PUSHING, WORKING ON VEHICLE IN ROAD
I. OTHER WORKING IN ROADWAY
J. PLAYING IN ROADWAY
K. NOT IN ROADWAY OR UNKNOWN
L. NOT APPLICABLE
M. OTHER IN ROADWAY

| | CITATION NO. | VEH. | PED. | R.S. OR ORD. NO. |
|---|---|---|---|---|
| | N/A | ☐ ☐ | ☐ ☐ | N/A |
| | | ☐ ☐ | ☐ ☐ | |
| | | ☐ ☐ | ☐ ☐ | |
| | | ☐ ☐ | ☐ ☐ | |

| HEADED | DIRECTION BEFORE CRASH ON STREET OR HIGHWAY OR DRIVE | FINAL LOCATION OF VEHICLES | DISTANCE TRAVELED AFTER IMPACT | SPEED EST. | SPEED POSTED | SKIDMARK DATA (FEET) FR | FL | RR | RL |
|---|---|---|---|---|---|---|---|---|---|
| N E S W [E] | I-10 | Roadway | Unk | 0 1 0 | 6 0 | 0 | 0 | 0 | 0 |

### DAMAGE TO THIS VEHICLE

AREA DAMAGED [H]
EXTENT OF DEFORMITY [C]

1ST [H]  1ST [C]
2ND       2ND
3RD       3RD

A. NONE
B. VERY MINOR
C. MINOR
D. MINOR/MODERATE
E. MODERATE
F. MODERATE/SEVERE
G. SEVERE
H. VERY SEVERE
I. UNKNOWN

N- UNDER-CARRIAGE
O- TOTAL
P- OTHER
Q- NONE
R- UNKNOWN

### INSURANCE THIS VEHICLE

INSURANCE CO, NAME (NOT AGENCY NAME): Progressive Security Ins. Co.
EFFECTIVE DATE: 04-25-03
POLICY NUMBER: 38015557-2
EXPIRATION DATE: 10-25-03
AGENT'S NAME: None
PHONE #: (800) 274-4499
AGENT'S ADDRESS: P.O. Box 31613
Tampa, FL

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**VEHICLE / PEDESTRIAN SUPPLEMENT**

COMPUTER NUMBER: 3 2 0 3 7 5 1 - 1 3

PAGE #

I-3016 (055m)

[X] VEHICLE

[ ] PEDESTRIAN

**VEHICLE #** 0 7

A. PASSENGER CAR
B. LT. TRUCK (P.U., ETC.)
C. VAN
D. A, B, OR C WITH TRAILER

E. MOTORCYCLE
F. PEDALCYCLE
G. OFF-ROAD VEHICLE
H. EMERGENCY VEHICLE

L. SCHOOL BUS
J. OTHER BUS
K. MOTOR HOME
L. SINGLE UNIT TRUCK

M. TRUCK WITH TRAILER(S)
N. FARM EQUIPMENT
O. OTHER

} B

**YEAR** 2 0 0 0    **MAKE** GMC    **MODEL** Jimmy    **# DOORS** 4   **# AXLES** 0 2   **# TIRES** 0 4

**V.I.N.** 1GKCS13W7YZ199680    **VEHICLE TOWED** 8   A. YES  B. NO  C. LEFT AT SCENE   **REMOVED BY** Driver

**LICENSE PLATE**   **YEAR** 2004   **STATE** LA   **NUMBER** V688795   **TYPE** Private Truck   **REASON TOWED**
A. VEHICLE DAMAGE
B. DRIVER ARRESTED
C. INSURANCE VIOLATION
D. OTHER

**TRAILER DESCRIPTION**   **YEAR** None   **MAKE**   **TYPE**   **LICENSE PLATE**   **YEAR** None   **STATE**   **NUMBER**

**DRIVER'S NAME (LAST,FIRST,MI)** Trahan Paul M    **DATE OF BIRTH** 07 21 1952

| | POSI-TION | EJEC-TION | TRAN EXTRI-CATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|---|
| | A | A | A | B | D | M | W | 50 | D |

**STREET ADDRESS** 746 Fawn Lake    **TELEPHONE #** N/A

**CITY** Baton Rouge    **STATE** LA   **ZIP** 70816   **TRANSPORTED TO MEDICAL FACILITY** A. YES  B. NO  C. UNKNOWN  D. REFUSED AID  D

**STATE** LA   **CLASS** E   **ENDORSEMENTS** N/A   **DRIVER'S LICENSE NUMBER** 000000000334430   **INSTRUCTED TO EXCHANGE INFORMATION?** [X] YES  [ ] NO   **NAME OF FACILITY**

**OWNER'S NAME (LAST,FIRST,MI OR COMPANY NAME)**

SAME AS DRIVER? [X] YES [ ] NO

SR-10 FURNISHED? [ ] YES [X] NO

**STREET ADDRESS**

PROOF OF INSURANCE? [X] YES [ ] NO

**CITY**   **STATE**   **ZIP**   NOTICE OF VIOLATION ISSUED? [ ] YES [X] NO

**OCCUPANT'S NAME (LAST,FIRST,MI)** None

| | POSI-TION | EJEC-TION | TRAN EXTRI-CATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|---|

**STREET ADDRESS**   TRANSPORTED TO MEDICAL FACILITY  A. YES  C. UNKNOWN  B. NO  D. REFUSED AID   **NAME OF FACILITY**

**CITY**   **STATE**   **ZIP**

**PEDESTRIAN'S NAME (LAST,FIRST,MI)** N/A   TRANSPORTED TO MEDICAL FACILITY  A. YES  C. UNKNOWN  B. NO  D. REFUSED AID   **NAME OF FACILITY**

**STREET ADDRESS**   **TELEPHONE #**

**CITY**   **STATE**   **ZIP**

CODE A

| | LIGHT | DARK | | LIGHT | DARK | SEX | RACE | AGE | INJURY CODE |
|---|---|---|---|---|---|---|---|---|---|
| UPPER BODY CLOTHING | | | LOWER BODY CLOTHING | | | | | | |

| SEATING POSITION | | EJECTION | TRAPPED OR EXTRICATED | AIRBAG | OCCUPANT PROTECTION SYSTEM USED | INJURY |
|---|---|---|---|---|---|---|
| A - FRONT SEAT-LEFT SIDE (MOTORCYCLE DRIVER)<br>B - FRONT SEAT-MIDDLE<br>C - FRONT SEAT-RIGHT SIDE<br>D - SECOND SEAT-LEFT SIDE<br>E - SECOND SEAT-MIDDLE<br>F - SECOND SEAT-RIGHT SIDE<br>G - THIRD ROW-LEFT SIDE (MOTORCYCLE PASSENGER) | J - SLEEPER SECTION OF CAB (TRUCK)<br>K - PASSENGER IN OTHER ENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT)<br>L - PASSENGER IN OTHER UNENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT)<br>M- PASSENGER ON TRAIN OR STREETCAR<br>N - TRAILING UNIT<br>O - RIDING ON VEHICLE EXTERIOR (NON-TRAILING UNIT) | A - NOT EJECTED<br>B - TOTALLY EJECTED<br>C - PARTIALLY EJECTED<br>D - UNKNOWN | A - NOT TRAPPED<br>B - TRAPPED/EXTRI-CATED<br>C - TRAPPED/NOT EXTRICATED<br>D - UNKNOWN | A - DEPLOYED<br>B - NOT DEPLOYED<br>C - NOT DEPLOY-ED/SWITCH OFF<br>D - NOT APPLICABLE<br>E - UNKNOWN | A - NONE USED-VEHICLE OCCUPANT<br>B - SHOULDER BELT ONLY USED<br>C - LAP BELT ONLY USED<br>D - SHOULDER AND LAP BELT USED<br>E - CHILD SAFETY SEAT IMPROPERLY USED<br>F - CHILD SAFETY SEAT USED<br>G - HELMETS USED<br>H - RESTRAINT USE UNKNOWN | A - FATAL<br>B - INCAPACITA-TING/SEVERE<br>C - NON-INCAPA-CITATING/MODERATE<br>D - POSSIBLE/COMPLAINT<br>E - NO INJURY |

# CONTRIBUTING FACTORS AND CONDITIONS

PAGE #
**1 / 4**

WRITE APPROPRIATE LETTER IN BLOCK

## VISION OBSCURENCES  [ O ]

A. RAIN, SNOW, ETC. ON WINDSHIELD
B. WINDSHIELD OTHERWISE OBSCURED
C. VISION OBSCURED BY LOAD
D. TREES, BUSHES, ETC.
E. BUILDING
F. EMBANKMENT
G. SIGN BOARDS
H. HILLCREST
I. PARKED VEHICLES
J. MOVING VEHICLES
K. BLINDED BY HEADLIGHTS
L. BLINDED BY SUNGLARE
M. DISTRACTED BY NEON LIGHTS IN FIELD OF VIEW
N. UNKNOWN
O. NO OBSCURENCES
P. OTHER _____

## CONDITION OF DRIVER AND PEDESTRIANS
D [ A ]   P [ N/A ]

A. NORMAL
B. INATTENTIVE OR DISTRACTED
C. PHYSICAL IMPAIRMENT (EYES, EAR, LIMB)
D. ILLNESS
E. FATIGUED
F. APPARENTLY ASLEEP/BLACKOUT
G. HAD BEEN DRINKING - IMPAIRED
H. HAD BEEN DRINKING - IMPAIRED - NOT IMPAIRED
I. DRUG USE - IMPAIRED
J. DRUG USE - NOT IMPAIRED
K. UNKNOWN
L. OTHER _____

## VEHICLE LIGHTING  [ C ]

A. HEADLIGHTS ON
B. HEADLIGHTS OFF
C. DAYTIME RUNNING LIGHTS
D. UNKNOWN

## MOVEMENT PRIOR TO CRASH  [ Q ]

A. STOPPED
B. PROCEEDING STRAIGHT AHEAD
C. TRAVELING WRONG WAY
D. BACKING
E. CROSSED MEDIAN INTO OPPOSING LANE
F. CROSSED CENTER LINE INTO OPPOSING LANE
G. RAN OFF ROAD (NOT WHILE MAKING TURN AT INTERSECTION)
H. CHANGING LANES ON MULTI-LANE ROAD
I. MAKING LEFT TURN
J. MAKING RIGHT TURN
K. STOPPED PREPARING TO, OR MAKING U-TURN
L. MAKING TURN, DIRECTION UNKNOWN
M. STOPPED, PREPARING TO TURN LEFT
N. STOPPED PREPARING TO TURN RIGHT
O. SLOWING TO MAKE LEFT TURN
P. SLOWING TO MAKE RIGHT TURN
Q. SLOWING TO STOP
R. PROPERLY PARKED
S. PARKING MANEUVER
T. ENTERING TRAFFIC FROM SHOULDER
U. ENTERING TRAFFIC FROM MEDIAN
V. ENTERING TRAFFIC FROM PARKING LANE
W. ENTERING TRAFFIC FROM PRIVATE LANE
X. ENTERING FREEWAY FROM ON RAMP
Y. LEAVING FREEWAY VIA OFF RAMP
Z. OTHER OR UNKNOWN

## VEHICLE CONDITION  [ K ]

A. DEFECTIVE BRAKES
B. DEFECTIVE HEADLIGHTS
C. DEFECTIVE REAR LIGHTS
D. DEFECTIVE SIGNAL LIGHTS
E. ALL LIGHTS OUT
F. DEFECTIVE STEERING
G. TIRE FAILURE
H. WORN OR SMOOTH TIRES
I. ENGINE FAILURE
J. DEFECTIVE SUSPENSION
K. NO DEFECTS OBSERVED
L. UNKNOWN   DEFECTS
M. OTHER _____

## TRAFFIC CONTROL CONDITIONS  [ A ]

A. CONTROLS FUNCTIONING
B. CONTROLS NOT FUNCTIONING
C. CONTROLS OBSCURED
D. LANE MARKING UNCLEAR OR DEFECTIVE
E. NO CONTROLS
F. CONDITION UNKNOWN

## ALCOHOL/DRUG INVOLVEMENT

VEHICLE [ A ]   PEDESTRIAN [ ]

ALCOHOL/DRUGS PRESENT
A. NEITHER ALCOHOL OR DRUGS PRESENT
B. YES (ALCOHOL PRESENT)
C. YES (DRUGS PRESENT)
D. YES (ALCOHOL AND DRUGS PRESENT)
E. NOT REPORTED
F. UNKNOWN

ALCOHOL  [ B ]
A. TEST REFUSED
B. NO TEST GIVEN
C. TEST GIVEN, RESULTS PENDING   [ ] [ ] [ ] g%   [ ] [ ] g%
D. TEST GIVEN, BAC _____
E. UNKNOWN

DRUGS  [ A ]
A. TEST NOT GIVEN
B. TEST GIVEN, RESULTS PENDING
C. DRUGS REPORTED (SPECIFY)
D. UNKNOWN

SUSPECTED DRUGS _____

## VIOLATION  [ U ]

A. EXCEEDING STATED SPEED LIMIT
B. EXCEEDING SAFE SPEED LIMIT
C. FAILURE TO YIELD
D. FOLLOWING TOO CLOSELY
E. DRIVING LEFT OF CENTER
F. CUTTING IN, IMPROPER PASSING
G. FAILURE TO SIGNAL
H. MADE WIDE RIGHT TURN
I. CUT CORNER ON LEFT TURN
J. TURNED FROM WRONG LANE
K. OTHER IMPROPER TURNING
L. DISREGARDED TRAFFIC CONTROL
M. IMPROPER STARTING
N. IMPROPER PARKING
O. FAILED TO SET OUT FLAGS, FLARES
P. FAILED TO DIM HEADLIGHTS
Q. VEHICLE CONDITION
R. DRIVER CONDITION
S. CARELESS OPERATION
T. UNKNOWN VIOLATIONS
U. NO VIOLATIONS
V. OTHER _____

## REASON FOR MOVEMENT  [ J ]

A. TO AVOID OTHER VEHICLE
B. TO AVOID PEDESTRIAN
C. TO AVOID ANIMAL
D. TO AVOID OTHER OBJECT
E. PASSING
F. VEHICLE OUT OF CONTROL, NOT PASSING
G. VEHICLE OUT OF CONTROL, PASSING
H. FOR TRAFFIC CONTROL
I. DUE TO PRIOR CRASH (COLLISION)
J. DUE TO CONGESTION
K. DUE TO DRIVER CONDITION
L. DUE TO DRIVER VIOLATION
M. DUE TO VEHICLE CONDITION (FAILURE)
N. DUE TO PAVEMENT CONDITION
O. HIGH WIND
P. NORMAL MOVEMENT
Q. REASON UNKNOWN
R. OTHER _____

## TRAFFIC CONTROL  [ R ]

A. STOP SIGN
B. YIELD SIGN
C. RED SIGNAL ON
D. YELLOW SIGNAL ON
E. GREEN SIGNAL ON
F. GREEN TURN ARROW ON
G. RIGHT TURN ON RED
H. LEFT PHASE UNKNOWN
I. FLASHING YELLOW
J. FLASHING RED
K. OFFICER, WATCHMAN
L. RR CROSSING, SIGN
M. RR CROSSING, SIGNAL
N. RR CROSSING, NO CONTROL
O. WARNING SIGN (SCHOOL, ETC.)
P. SCHOOL FLASHING SPEED SIGN
Q. YELLOW NO PASSING LINE
R. WHITE DASHED LINE
S. YELLOW DASHED LINE
T. BIKE LANE
U. CROSSWALK
V. NO CONTROL
W. UNKNOWN
X. OTHER _____

## HARMFUL EVENTS

A. OVERTURNED
B. FIRE/EXPLOSION
C. IMMERSION
D. JACKKNIFE
E. OTHER NONCOLLISION
F. PEDESTRIAN
G. PEDALCYCLE
H. RAILWAY TRAIN
I. ANIMAL
J. MOTOR VEHICLE IN TRANSPORT
K. MOTOR VEHICLE IN TRANSPORT IN OTHER ROADWAY
L. PARKED MOTOR VEHICLE
M. OTHER OBJECT (NOT FIXED)
N. IMPACT ATTENUATOR
O. BRIDGE-PIER OR ABUTMENT
P. BRIDGE-PARAPET END
Q. BRIDGE-RAIL
R. GUARDRAIL FACE
S. GUARDRAIL END
T. MEDIAN BARRIER
U. HIGHWAY TRAFFIC SIGN POST
V. OVERHEAD SIGN SUPPORT
W. LUMINAIRE/LIGHT SUPPORT
X. UTILITY POLE
Y. OTHER POLE
Z. CULVERT
AA. CURB
BB. EMBANKMENT
CC. MAIL BOX
DD. DITCH
EE. FENCE
FF. TREE
GG. OTHER FIXED OBJECT
HH. OTHER FIXED OBJECT

## VEHICLE

FIRST HARMFUL EVENT  [ J ]

MOST HARMFUL EVENT  [ J ]

## PEDESTRIAN ACTIONS  [ N/A ]

A. CROSSING, ENTERING ROAD AT INTERSECTION
B. CROSSING, ENTERING ROAD NOT AT INTERSECTION
C. WALKING IN ROAD - WITH TRAFFIC
D. WALKING IN ROAD - AGAINST TRAFFIC
E. SLEEPING IN ROADWAY
F. STANDING IN ROADWAY
G. GETTING ON OR OFF OTHER VEHICLE
H. PUSHING, WORKING ON VEHICLE IN ROAD
I. OTHER WORKING IN ROADWAY
J. PLAYING IN ROADWAY
K. NOT IN ROADWAY OR UNKNOWN
L. NOT APPLICABLE
M. OTHER IN ROADWAY

CITATION NO.    VEH.  PED.   R.S. OR ORD. NO.

[ ] [ ]
[ ] [ ]
N/A   [ ] [ ]   N/A
[ ] [ ]

| DIRECTION BEFORE CRASH | | FINAL LOCATION OF VEHICLES | DISTANCE TRAVELED AFTER IMPACT | SPEED | | | SKIDMARK DATA (FEET) | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| HEADED | ON STREET OR HIGHWAY OR DRIVE | | | EST. | POSTED | FR | FL | RR | RL |
| N E<br>[E]<br>S W | I-10 | Roadway | Unk | 0 | 1 | 0 | 6 | 0 | 0 | 0 | 0 | 0 |

## DAMAGE TO THIS VEHICLE

AREA DAMAGED

EXTENT OF DEFORMITY  [ C ]

1ST [ H ]
2ND [ ]
3RD [ ]

A. NONE
B. VERY MINOR
C. MINOR
D. MINOR/MODERATE
E. MODERATE
F. MODERATE/SEVERE
G. SEVERE
H. VERY SEVERE
I. UNKNOWN

1ST
2ND
3RD

N- UNDER-CARRIAGE
O- TOTAL
P- OTHER
Q- NONE
R- UNKNOWN

## INSURANCE THIS VEHICLE

INSURANCE CO. NAME (NOT AGENCY NAME)
State Farm Mutual

POLICY NUMBER
1112-1026-C05-18B

AGENT'S NAME
Terry Landry

AGENT'S ADDRESS
Unk

Abbeville, LA.

EFFECTIVE DATE
03-05-03

EXPIRATION DATE
08-05-03

PHONE #
(337) 893-9122

☒ VEHICLE
☐ PEDESTRIAN

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**VEHICLE / PEDESTRIAN SUPPLEMENT**

COMPUTER NUMBER  3 2 0 3 7 5 1 — 15   PAGE #

I-3016 (Boma)

**VEHICLE #** 08

A. PASSENGER CAR
B. LT. TRUCK (P.U., ETC.)
C. VAN
D. A, B, OR C WITH TRAILER

E. MOTORCYCLE
F. PEDALCYCLE
G. OFF-ROAD VEHICLE
H. EMERGENCY VEHICLE

L. SCHOOL BUS
J. OTHER BUS
K. MOTOR HOME
L. SINGLE UNIT TRUCK

M. TRUCK WITH TRAILER(S)
N. FARM EQUIPMENT
O. OTHER

} C

YEAR 2 0 0 V  MAKE T o y o t a   MODEL S i e n n a   # DOORS 4   # AXLES 0 2   # TIRES 0 4

V.I.N. 4 T 3 Z F 1 3 C 6 1 U 3 4 3 6 2 2   VEHICLE TOWED A  A. YES  B. NO  C. LEFT AT SCENE   REMOVED BY Cheif's Towing

LICENSE PLATE  YEAR 2 0 0 5  STATE L A  NUMBER U S W 0 1 3 7 2  TYPE P a s s e n g e r   C a r

REASON TOWED
A. VEHICLE DAMAGE
B. DRIVER ARRESTED
C. INSURANCE VIOLATION
D. OTHER   A

TRAILER DESCRIPTION  YEAR N / A  MAKE  TYPE  LICENSE PLATE N / A  YEAR  STATE  NUMBER

DRIVER'S NAME (LAST,FIRST,MI) R o n q u i l l o   K i m b e r l y   M   DATE OF BIRTH 0 9 / 0 1 9 6 8

STREET ADDRESS 2600 Vulcan Dr.   TELEPHONE # N/A

CITY Harvey   STATE LA  ZIP 7 0 0 5 8

| POSI-TION | LIC-TION | TRAP/EXTRI-CATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|
| A | A | A | A | D | F | W | 3 4 | C |

TRANSPORTED TO MEDICAL FACILITY
A. YES  C. UNKNOWN
B. NO   D. REFUSED AID   A

STATE LA  CLASS E  ENDORSEMENTS N / A  DRIVER'S LICENSE NUMBER 0 0 0 0 0 0 0 0 0 2 8 7 3 8 4 5   INSTRUCTED TO EXCHANGE INFORMATION? ☒ YES ☐ NO   NAME OF FACILITY Ourlady of TheLake

OWNER'S NAME (LAST,FIRST,MI OR COMPANY NAME) H i b e r n i a   N a t i o n a l   B a n k

STREET ADDRESS 455 South Gulph Rd. Ste 201

CITY King of Russia   STATE PA  ZIP 1 9 4 0 6

SAME AS DRIVER? ☐ YES ☒ NO
SR-10 FURNISHED? ☐ YES ☒ NO
PROOF OF INSURANCE? ☒ YES ☐ NO
NOTICE OF VIOLATION ISSUED? ☐ YES ☒ NO

OCCUPANT'S NAME (LAST,FIRST,MI)

| POSI-TION | LIC-TION | TRAP/EXTRI-CATED | AIR BAG | OCC PROT SYS | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|

STREET ADDRESS   TRANSPORTED TO MEDICAL FACILITY
A. YES  C. UNKNOWN
B. NO   D. REFUSED AID   NAME OF FACILITY

CITY   STATE  ZIP

PEDESTRIAN'S NAME (LAST,FIRST,MI) N / A

TRANSPORTED TO MEDICAL FACILITY
A. YES  C. UNKNOWN
B. NO   D. REFUSED AID   NAME OF FACILITY

STREET ADDRESS   TELEPHONE #

CITY   STATE  ZIP

CODE A

| | LIGHT | DARK | | LIGHT | DARK | | SEX | RACE | AGE | INJURY CODE |
|---|---|---|---|---|---|---|---|---|---|---|
| UPPER BODY CLOTHING | ☐ | ☐ | LOWER BODY CLOTHING | ☐ | ☐ | | ☐ | ☐ | ☐ | ☐ |

**CODES**

| SEATING POSITION | EJECTION | TRAPPED OR EXTRICATED | AIRBAG | OCCUPANT PROTECTION SYSTEM USED | INJURY |
|---|---|---|---|---|---|
| A - FRONT SEAT-LEFT SIDE (MOTORCYCLE DRIVER)<br>B - FRONT SEAT-MIDDLE<br>C - FRONT SEAT-RIGHT SIDE<br>D - SECOND SEAT-LEFT SIDE (MOTORCYCLE PASSENGER)<br>E - SECOND SEAT-MIDDLE<br>F - SECOND SEAT-RIGHT SIDE<br>G - THIRD ROW-LEFT SIDE (MOTORCYCLE PASSENGER)<br>H - THIRD ROW-MIDDLE | J - SLEEPER SECTION OF CAB (TRUCK)<br>K - PASSENGER IN OTHER ENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT)<br>L - PASSENGER IN OTHER UNENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT)<br>M - PASSENGER ON TRAIN OR STREETCAR<br>N - TRAILING UNIT<br>O - RIDING ON VEHICLE EXTERIOR (NON-TRAILING UNIT) | A - NOT EJECTED<br>B - TOTALLY EJECTED<br>C - PARTIALLY EJECTED<br>D - UNKNOWN | A - NOT TRAPPED<br>B - TRAPPED/EXTRI-CATED<br>C - TRAPPED/NOT EXTRICATED<br>D - UNKNOWN | A - DEPLOYED<br>B - NOT DEPLOYED<br>C - NOT DEPLOY-ED/SWITCH OFF<br>D - NOT APPLICABLE<br>E - UNKNOWN | A - NONE USED-VEHICLE OCCUPANT<br>B - SHOULDER BELT ONLY USED<br>C - LAP BELT ONLY USED<br>D - SHOULDER AND LAP BELT USED<br>E - CHILD SAFETY SEAT IMPROPERLY USED<br>F - CHILD SAFETY SEAT PROPERLY USED<br>G - HELMETS USED<br>H - RESTRAINT USE UNKNOWN | A - FATAL<br>B - INCAPACITA-TING/SEVERE<br>C - NON-INCAPA-CITATING/ MODERATE<br>D - POSSIBLE/ COMPLAINT<br>E - NO INJURY |

# CONTRIBUTING FACTORS AND CONDITIONS

PAGE # 16

WRITE APPROPRIATE LETTER IN BLOCK

## VISION OBSCUREMENTS [O]

A. RAIN, SNOW, ETC. ON WINDSHIELD
B. WINDSHIELD OTHERWISE OBSCURED
C. VISION OBSCURED BY LOAD
D. TREES, BUSHES, ETC.
E. BUILDING
F. EMBANKMENT
G. SIGN BOARDS
H. HILLCREST
I. PARKED VEHICLES
J. MOVING VEHICLES
K. BLINDED BY HEADLIGHTS
L. BLINDED BY SUNGLARE
M. DISTRACTED BY NEON LIGHTS IN FIELD OF VIEW
N. UNKNOWN
O. NO OBSCUREMENTS
P. OTHER _____

## CONDITION OF DRIVER AND PEDESTRIANS [D] [A] / [P] [N/A]

A. NORMAL
B. INATTENTIVE OR DISTRACTED
C. PHYSICAL IMPAIRMENT (EYES, EAR, LIMB)
D. ILLNESS
E. FATIGUED
F. APPARENTLY ASLEEP/BLACKOUT
G. HAD BEEN DRINKING - IMPAIRED
H. HAD BEEN DRINKING - IMPAIRED - NOT IMPAIRED
I. DRUG USE - IMPAIRED
J. DRUG USE - NOT IMPAIRED
K. UNKNOWN
L. OTHER _____

## VEHICLE LIGHTING [B]

A. HEADLIGHTS ON
B. HEADLIGHTS OFF
C. DAYTIME RUNNING LIGHTS
D. UNKNOWN

## MOVEMENT PRIOR TO CRASH [Q]

A. STOPPED
B. PROCEEDING STRAIGHT AHEAD
C. TRAVELING WRONG WAY
D. BACKING
E. CROSSED MEDIAN INTO OPPOSING LANE
F. CROSSED CENTER LINE INTO OPPOSING LANE
G. RAN OFF ROAD (NOT WHILE MAKING TURN AT INTERSEC-TION)
H. CHANGING LANES ON MULTI-LANE ROAD
I. MAKING LEFT TURN
J. MAKING RIGHT TURN
K. STOPPED PREPARING TO, OR MAKING U-TURN
L. MAKING TURN, DIRECTION UNKNOWN
M. STOPPED, PREPARING TO TURN LEFT
N. STOPPED PREPARING TO TURN RIGHT
O. SLOWING TO MAKE LEFT TURN
P. SLOWING TO MAKE RIGHT TURN
Q. SLOWING TO STOP
R. PROPERLY PARKED
S. PARKING MANEUVER
T. ENTERING TRAFFIC FROM SHOULDER
U. ENTERING TRAFFIC FROM MEDIAN
V. ENTERING TRAFFIC FROM PARKING LANE
W. ENTERING TRAFFIC FROM PRIVATE LANE
X. ENTERING FREEWAY FROM ON RAMP
Y. LEAVING FREEWAY VIA OFF RAMP
Z. OTHER OR UNKNOWN

## VEHICLE CONDITION [K]

A. DEFECTIVE BRAKES
B. DEFECTIVE HEADLIGHTS
C. DEFECTIVE REAR LIGHTS
D. DEFECTIVE SIGNAL LIGHTS
E. ALL LIGHTS OUT
F. DEFECTIVE STEERING
G. TIRE FAILURE
H. WORN OR SMOOTH TIRES
I. ENGINE FAILURE
J. DEFECTIVE SUSPENSION
K. NO DEFECTS OBSERVED
L. UNKNOWN DEFECTS
M. OTHER _____

## TRAFFIC CONTROL CONDITIONS [A]

A. CONTROLS FUNCTIONING
B. CONTROLS NOT FUNCTIONING
C. CONTROLS OBSCURED
D. LANE MARKING UNCLEAR OR DEFECTIVE
E. NO CONTROLS
F. CONDITION UNKNOWN

## ALCOHOL/DRUG INVOLVEMENT

|  | VEHICLE | PEDESTRIAN |
|---|---|---|
| ALCOHOL/DRUGS PRESENT | [A] |  |

A. NEITHER ALCOHOL OR DRUGS PRESENT
B. YES (ALCOHOL PRESENT)
C. YES (DRUGS PRESENT)
D. YES (ALCOHOL AND DRUGS PRESENT)
E. NOT REPORTED
F. UNKNOWN

| ALCOHOL | [B] |  |
|---|---|---|

A. TEST REFUSED
B. NO TEST GIVEN
C. TEST GIVEN, RESULTS PENDING
D. TEST GIVEN, BAC ___ g% ___ g%

| DRUGS | [A] |  |
|---|---|---|

A. TEST NOT GIVEN
B. TEST GIVEN, RESULTS PENDING
C. DRUGS REPORTED (SPECIFY)
D. UNKNOWN

SUSPECTED DRUGS

## VIOLATION [U]

A. EXCEEDING STATED SPEED LIMIT
B. EXCEEDING SAFE SPEED LIMIT
C. FAILURE TO YIELD
D. FOLLOWING TOO CLOSELY
E. DRIVING LEFT OF CENTER
F. CUTTING IN, IMPROPER PASSING
G. FAILURE TO SIGNAL
H. MADE WIDE RIGHT TURN
I. CUT CORNER ON LEFT TURN
J. TURNED FROM WRONG LANE
K. OTHER IMPROPER TURNING
L. DISREGARDED TRAFFIC CONTROL
M. IMPROPER STARTING
N. IMPROPER PARKING
O. FAILED TO SET OUT FLAGS, FLARES
P. FAILED TO DIM HEADLIGHTS
Q. VEHICLE CONDITION
R. DRIVER CONDITION
S. CARELESS OPERATION
T. UNKNOWN VIOLATIONS
U. NO VIOLATIONS
V. OTHER _____

## REASON FOR MOVEMENT [J]

A. TO AVOID OTHER VEHICLE
B. TO AVOID PEDESTRIAN
C. TO AVOID ANIMAL
D. TO AVOID OTHER OBJECT
E. PASSING
F. VEHICLE OUT OF CONTROL, NOT PASSING
G. VEHICLE OUT OF CONTROL, PASSING
H. FOR TRAFFIC CONTROL
I. DUE TO CONGESTION
J. DUE TO PRIOR CRASH (COLLISION)
K. DUE TO DRIVER CONDITION
L. DUE TO DRIVER VIOLATION
M. DUE TO VEHICLE CONDITION (FAILURE)
N. DUE TO PAVEMENT CONDITION
O. HIGH WIND
P. NORMAL MOVEMENT
Q. REASON UNKNOWN
R. OTHER _____

## TRAFFIC CONTROL [R]

A. STOP SIGN
B. YIELD SIGN
C. RED SIGNAL ON
D. YELLOW SIGNAL ON
E. GREEN SIGNAL ON
F. GREEN TURN ARROW ON
G. RIGHT TURN ON RED
H. LIGHT PHASE UNKNOWN
I. FLASHING YELLOW
J. FLASHING RED
K. OFFICER, WATCHMAN
L. RR CROSSING, SIGN
M. RR CROSSING, SIGNAL
N. RR CROSSING, NO CONTROL
O. WARNING SIGN (SCHOOL, ETC.)
P. SCHOOL FLASHING SPEED SIGN
Q. YELLOW NO PASSING LINE
R. WHITE DASHED LINE
S. YELLOW DASHED LINE
T. BIKE LANE
U. CROSSWALK
V. NO CONTROL
W. UNKNOWN
X. OTHER _____

## HARMFUL EVENTS

A. OVERTURNED
B. FIRE/EXPLOSION
C. IMMERSION
D. JACKKNIFE
E. OTHER NONCOLLISION
F. PEDESTRIAN
G. PEDALCYCLE
H. RAILWAY TRAIN
I. ANIMAL
J. MOTOR VEHICLE IN TRANSPORT
K. MOTOR VEHICLE IN TRANSPORT IN OTHER ROADWAY
L. PARKED MOTOR VEHICLE
M. OTHER OBJECT (NOT FIXED)
N. IMPACT ATTENUATOR
O. BRIDGE-PIER OR ABUTMENT
P. BRIDGE-PARAPET END
Q. BRIDGE-RAIL
R. GUARDRAIL FACE
S. GUARDRAIL END
T. MEDIAN BARRIER
U. HIGHWAY TRAFFIC SIGN POST
V. OVERHEAD SIGN SUPPORT
W. LUMINAIRE/LIGHT SUPPORT
X. UTILITY POLE
Y. OTHER POLE
Z. CULVERT
AA. CURB
BB. EMBANKMENT
CC. MAIL BOX
DD. DITCH
EE. FENCE
FF. TREE
GG. UNKNOWN
HH. OTHER FIXED OBJECT

## VEHICLE

| FIRST HARMFUL EVENT | [J] |
| MOST HARMFUL EVENT | [J] |

## PEDESTRIAN ACTIONS [L]

A. CROSSING, ENTERING ROAD AT INTERSECTION
B. CROSSING, ENTERING ROAD NOT AT INTERSECTION
C. WALKING IN ROAD - WITH TRAFFIC
D. WALKING IN ROAD - AGAINST TRAFFIC
E. SLEEPING IN ROADWAY
F. STANDING IN ROADWAY
G. GETTING ON OR OFF OTHER VEHICLE
H. PUSHING, WORKING ON VEHICLE IN ROAD
I. OTHER WORKING IN ROADWAY
J. PLAYING IN ROADWAY
K. NOT IN ROADWAY OR UNKNOWN
L. NOT APPLICABLE
M. OTHER IN ROADWAY

| CITATION NO. | VEH. | PED. | R.S. OR ORD. NO. |
|---|---|---|---|
| N/A | ☐ | ☐ | N/A |
|  | ☐ | ☐ |  |
|  | ☐ | ☐ |  |
|  | ☐ | ☐ |  |

| DIRECTION BEFORE CRASH | | FINAL LOCATION OF VEHICLES | DISTANCE TRAVELED AFTER IMPACT | SPEED | | SKIDMARK DATA (FEET) | | | |
|---|---|---|---|---|---|---|---|---|---|
| HEADED | ON STREET OR HIGHWAY OR DRIVE | | | EST. | POSTED | FR | FL | RR | RL |
| E / N E S W | I-10 | Roadway | Unk | 010 | 60 | 0 | 0 | 0 | 0 |

## DAMAGE TO THIS VEHICLE

AREA DAMAGED: [H] 1ST, [G] 2ND, [A] 3RD

EXTENT OF DEFORMITY: [G] 1ST, [G] 2ND, [G] 3RD

A. NONE
B. VERY MINOR
C. MINOR
D. MINOR/MODERATE
E. MODERATE
F. MODERATE/SEVERE
G. SEVERE
H. VERY SEVERE
I. UNKNOWN

N- UNDERCARRIAGE
T- TOTAL
P- OTHER
O- NONE
R- UNKNOWN

## INSURANCE THIS VEHICLE

INSURANCE CO. NAME (NOT AGENCY NAME): Progressive Security Ins Co.
POLICY NUMBER: # 053246334
AGENT'S NAME: Robert Wiltz Ins Agt
AGENT'S ADDRESS: Unknown
EFFECTIVE DATE: 01-02-03
EXPIRATION DATE: 01-02-04
PHONE #: (800) 274-4499

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**VEHICLE / PEDESTRIAN SUPPLEMENT**

COMPUTER NUMBER: `3 2 0 3 7 5 1` - `1 7`    PAGE #

`I-3016 (OSM)`

[X] VEHICLE
[ ] PEDESTRIAN

**VEHICLE #** `0 9`

| A. PASSENGER CAR | E. MOTORCYCLE | I. SCHOOL BUS | M. TRUCK WITH TRAILER(S) |
| B. LT. TRUCK (P.U., ETC.) | F. PEDALCYCLE | J. OTHER BUS | N. FARM EQUIPMENT |
| C. VAN | G. OFF-ROAD VEHICLE | K. MOTOR HOME | O. OTHER |
| D. A, B, OR C WITH TRAILER | H. EMERGENCY VEHICLE | L. SINGLE UNIT TRUCK | |

} `B`

YEAR `2 0 0 3`   MAKE `Toyota`   MODEL `Sequoia`   # DOORS `4`   # AXLES `0 2`   # TIRES `0 4`

V.I.N. `5TDZT38A35193874`   VEHICLE TOWED `A`   A. YES  B. NO  C. LEFT AT SCENE   REMOVED BY `Guy's Towing`

LICENSE PLATE   YEAR `None`   STATE `None`   NUMBER   TYPE `Transit`

REASON TOWED:
A. VEHICLE DAMAGE
B. DRIVER ARRESTED
C. INSURANCE VIOLATION
D. OTHER    `A`

TRAILER DESCRIPTION   YEAR `N/A`   MAKE   TYPE   YEAR   STATE   NUMBER   LICENSE PLATE `N/A`

DRIVER'S NAME (LAST, FIRST, MI) `Ronquillo  Raymond  M  III`

DATE OF BIRTH `0 2 / 3 / 1 9 6 7`

| POSI-TION | EJEC-TION | TRAP-EXTRI-CATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|
| A | A | A | B | D | M | W | 35 | D |

STREET ADDRESS `2600 Vulcan Dr.`   TELEPHONE # `N/A`

CITY `Harvey`   STATE `LA`   ZIP `70058`

TRANSPORTED TO MEDICAL FACILITY
A. YES  C. UNKNOWN
B. NO  D. REFUSED AID

STATE `LA`   CLASS `E`   ENDORSEMENTS `N/A`   DRIVER'S LICENSE NUMBER `000000002765142`

INSTRUCTED TO EXCHANGE INFORMATION? [X] YES [ ] NO   NAME OF FACILITY

OWNER'S NAME (LAST, FIRST, MI OR COMPANY NAME) `Bohn Brothers Toyota`

SAME AS DRIVER? [ ] YES [X] NO

STREET ADDRESS `3611 Lapalco Blvd`

SR-10 FURNISHED? [ ] YES [X] NO

CITY `Harvey`   STATE `LA`   ZIP `70058`

PROOF OF INSURANCE? [X] YES [ ] NO

NOTICE OF VIOLATION ISSUED? [ ] YES [X] NO

OCCUPANT'S NAME (LAST, FIRST, MI) `Ronquillo  Ray`

| POSI-TION | EJEC-TION | TRAP-EXTRI-CATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|
| I | A | A | D | D | M | W | 08 | D |

STREET ADDRESS `2600 Vulcan Dr.`

TRANSPORTED TO MEDICAL FACILITY
A. YES  C. UNKNOWN
B. NO  D. REFUSED AID   `D`   NAME OF FACILITY

CITY `Harvey`   STATE `LA`   ZIP `70058`

PEDESTRIAN'S NAME (LAST, FIRST, MI) `N/A`

TRANSPORTED TO MEDICAL FACILITY
A. YES  C. UNKNOWN
B. NO  D. REFUSED AID

NAME OF FACILITY

STREET ADDRESS   TELEPHONE #

CITY   STATE

UPPER BODY CLOTHING: LIGHT [ ] DARK [ ]   LOWER BODY CLOTHING: LIGHT [ ] DARK [ ]   SEX [ ] RACE [ ] AGE [ ] INJURY CODE [ ]

CODE A

| SEATING POSITION | EJECTION | TRAPPED OR EXTRICATED | AIRBAG | OCCUPANT PROTECTION SYSTEM USED | INJURY |
|---|---|---|---|---|---|
| A - FRONT SEAT-LEFT SIDE (MOTORCYCLE DRIVER)<br>B - FRONT SEAT-MIDDLE<br>C - FRONT SEAT-RIGHT SIDE<br>D - SECOND SEAT-LEFT SIDE<br>E - SECOND SEAT-MIDDLE<br>F - SECOND SEAT-RIGHT SIDE<br>G - THIRD ROW-LEFT SIDE (MOTORCYCLE PASSENGER)<br>H - THIRD ROW-MIDDLE | J - SLEEPER SECTION OF CAB (TRUCK)<br>K - PASSENGER IN OTHER ENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT)<br>L - PASSENGER IN OTHER UNENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT)<br>M - PASSENGER ON TRAIN OR STREETCAR<br>N - TRAILING UNIT<br>O - RIDING ON VEHICLE EXTERIOR (NON-TRAILING UNIT) | A - NOT EJECTED<br>B - TOTALLY EJECTED<br>C - PARTIALLY EJECTED<br>D - UNKNOWN | A - NOT TRAPPED<br>B - TRAPPED/EXTRI-CATED<br>C - TRAPPED/NOT EXTRICATED<br>D - UNKNOWN | A - DEPLOYED<br>B - NOT DEPLOYED<br>C - NOT DEPLOY-ED/SWITCH OFF<br>D - NOT APPLICABLE<br>E - UNKNOWN | A - NONE USED-VEHICLE OCCUPANT<br>B - SHOULDER BELT ONLY USED<br>C - LAP BELT ONLY USED<br>D - SHOULDER AND LAP BELT USED<br>E - CHILD SAFETY SEAT IMPROPERLY USED<br>F - CHILD SAFETY SEAT USED<br>G - HELMETS USED<br>H - RESTRAINT USE UNKNOWN | A - FATAL<br>B - INCAPACITA-TING/SEVERE<br>C - NON-INCAPA-CIATING/MODERATE<br>D - POSSIBLE/COMPLAINT<br>E - NO INJURY |

# CONTRIBUTING FACTORS AND CONDITIONS

PAGE #
/18/

WRITE APPROPRIATE LETTER IN BLOCK

## VISION OBSCUREMENTS — [O]

A. RAIN, SNOW, ETC. ON WINDSHIELD
B. WINDSHIELD OTHERWISE OBSCURED
C. VISION OBSCURED BY LOAD
D. TREES, BUSHES, ETC.
E. BUILDING
F. EMBANKMENT
G. SIGN BOARDS
H. HILLCREST
I. PARKED VEHICLES
J. MOVING VEHICLES
K. BLINDED BY HEADLIGHTS
L. BLINDED BY SUNGLARE
M. DISTRACTED BY NEON LIGHTS IN FIELD OF VIEW
N. UNKNOWN
O. NO OBSCURES
P. OTHER

## CONDITION OF DRIVER AND PEDESTRIANS — D [A]  P [N/A]

A. NORMAL
B. INATTENTIVE OR DISTRACTED
C. PHYSICAL IMPAIRMENT (EYES, EAR, LIMB)
D. ILLNESS
E. FATIGUED
F. APPARENTLY ASLEEP/BLACKOUT
G. HAD BEEN DRINKING – IMPAIRED
H. HAD BEEN DRINKING – IMPAIRED – NOT IMPAIRED
I. DRUG USE - IMPAIRED
J. DRUG USE - NOT IMPAIRED
K. UNKNOWN
L. OTHER

## VEHICLE LIGHTING — [B]

A. HEADLIGHTS ON
B. HEADLIGHTS OFF
C. DAYTIME RUNNING LIGHTS
D. UNKNOWN

## MOVEMENT PRIOR TO CRASH — [Q]

A. STOPPED
B. PROCEEDING STRAIGHT AHEAD
C. TRAVELING WRONG WAY
D. BACKING
E. CROSSED MEDIAN INTO OPPOSING LANE
F. CROSSED CENTER LINE INTO OPPOSING LANE
G. RAN OFF ROAD (NOT WHILE MAKING TURN AT INTERSECTION)
H. CHANGING LANES ON MULTI-LANE ROAD
I. MAKING LEFT TURN
J. MAKING RIGHT TURN
K. STOPPED PREPARING TO, OR MAKING U-TURN
L. MAKING TURN, DIRECTION UNKNOWN
M. STOPPED, PREPARING TO TURN LEFT
N. STOPPED PREPARING TO, TURN RIGHT
O. SLOWING TO MAKE LEFT TURN
P. SLOWING TO MAKE RIGHT TURN
Q. SLOWING TO STOP
R. PROPERLY PARKED
S. PARKING MANEUVER
T. ENTERING TRAFFIC FROM SHOULDER
U. ENTERING TRAFFIC FROM MEDIAN
V. ENTERING TRAFFIC FROM PARKING LANE
W. ENTERING TRAFFIC FROM PRIVATE LANE
X. ENTERING FREEWAY FROM ON RAMP
Y. LEAVING FREEWAY VIA OFF RAMP
Z. OTHER OR UNKNOWN

## VEHICLE CONDITION — [K]

A. DEFECTIVE BRAKES
B. DEFECTIVE HEADLIGHTS
C. DEFECTIVE REAR LIGHTS
D. DEFECTIVE SIGNAL LIGHTS
E. ALL LIGHTS OUT
F. DEFECTIVE STEERING
G. TIRE FAILURE
H. WORN OR SMOOTH TIRES
I. ENGINE FAILURE
J. DEFECTIVE SUSPENSION
K. NO DEFECTS OBSERVED
L. UNKNOWN DEFECTS
M. OTHER

## TRAFFIC CONTROL CONDITIONS — [A]

A. CONTROLS FUNCTIONING
B. CONTROLS NOT FUNCTIONING
C. CONTROLS OBSCURED
D. LANE MARKING UNCLEAR OR DEFECTIVE
E. NO CONTROLS
F. CONDITION UNKNOWN

## ALCOHOL/DRUG INVOLVEMENT

|  | VEHICLE | PEDESTRIAN |
|---|---|---|
|  | [A] | [ ] |

ALCOHOL/DRUGS PRESENT ____
A. NEITHER ALCOHOL OR DRUGS PRESENT
B. YES (ALCOHOL PRESENT)
C. YES (DRUGS PRESENT)
D. YES (ALCOHOL AND DRUGS PRESENT)
E. NOT REPORTED
F. UNKNOWN

| | VEHICLE | PEDESTRIAN |
|---|---|---|
| ALCOHOL ____ | [B] | [ ] |

A. TEST REFUSED
B. NO TEST GIVEN
C. TEST GIVEN, RESULTS PENDING        ___ g%   ___ g%
D. TEST GIVEN, BAC ____
E. UNKNOWN

DRUGS ____
A. TEST NOT GIVEN
B. TEST GIVEN, RESULTS PENDING
C. DRUGS REPORTED (SPECIFY) ____
D. UNKNOWN

SUSPECTED DRUGS ____

## VIOLATION — [U]

A. EXCEEDING STATED SPEED LIMIT
B. EXCEEDING SAFE SPEED LIMIT
C. FAILURE TO YIELD
D. FOLLOWING TOO CLOSELY
E. DRIVING LEFT OF CENTER
F. CUTTING IN, IMPROPER PASSING
G. FAILURE TO SIGNAL
H. MADE WIDE RIGHT TURN
I. CUT CORNER ON LEFT TURN
J. TURNED FROM WRONG LANE
K. OTHER IMPROPER TURNING
L. DISREGARDED TRAFFIC CONTROL
M. IMPROPER STARTING
N. IMPROPER PARKING
O. FAILED TO SET OUT FLAGS, FLARES
P. FAILED TO DIM HEADLIGHTS
Q. VEHICLE CONDITION
R. DRIVER CONDITION
S. CARELESS OPERATION
T. UNKNOWN VIOLATIONS
U. NO VIOLATIONS
V. OTHER

## REASON FOR MOVEMENT — [J]

A. TO AVOID OTHER VEHICLE
B. TO AVOID PEDESTRIAN
C. TO AVOID ANIMAL
D. TO AVOID OTHER OBJECT
E. PASSING
F. VEHICLE OUT OF CONTROL, PASSING
G. VEHICLE OUT OF CONTROL, PASSING
H. FOR TRAFFIC CONTROL
I. DUE TO CONGESTION
J. DUE TO PRIOR CRASH (COLLISION)
K. DUE TO DRIVER CONDITION
L. DUE TO DRIVER VIOLATION
M. DUE TO VEHICLE CONDITION (FAILURE)
N. DUE TO PAVEMENT CONDITION
O. HIGH WIND
P. NORMAL MOVEMENT
Q. REASON UNKNOWN
R. OTHER ____

## TRAFFIC CONTROL — [R]

A. STOP SIGN
B. YIELD SIGN
C. RED SIGNAL ON
D. YELLOW SIGNAL ON
E. GREEN SIGNAL ON
F. GREEN TURN ARROW ON
G. RIGHT TURN ON RED
H. LIGHT PHASE UNKNOWN
I. FLASHING YELLOW
J. FLASHING RED
K. OFFICER, WATCHMAN
L. RR CROSSING, SIGN
M. RR CROSSING, SIGNAL
N. RR CROSSING, NO CONTROL
O. WARNING SIGN (SCHOOL, ETC.)
P. SCHOOL FLASHING SPEED SIGN
Q. YELLOW NO PASSING LINE
R. WHITE DASHED LINE
S. YELLOW DASHED LINE
T. BIKE LANE
U. CROSSWALK
V. NO CONTROL
W. UNKNOWN
X. OTHER ____

## HARMFUL EVENTS — FIRST HARMFUL EVENT [Y]   MOST HARMFUL EVENT [ ]   VEHICLE

A. OVERTURNED
B. FIRE/EXPLOSION
C. IMMERSION
D. JACKKNIFE
E. OTHER NONCOLLISION
F. PEDESTRIAN
G. PEDALCYCLE
H. RAILWAY TRAIN
I. ANIMAL
J. MOTOR VEHICLE IN TRANSPORT
K. MOTOR VEHICLE IN TRANSPORT IN OTHER ROADWAY
L. PARKED MOTOR VEHICLE
M. OTHER OBJECT (NOT FIXED)
N. IMPACT ATTENUATOR
O. BRIDGE-PIER OR ABUTMENT
P. BRIDGE-PARAPET END
Q. BRIDGE-RAIL
R. GUARDRAIL FACE
S. GUARDRAIL END
T. MEDIAN BARRIER
U. HIGHWAY TRAFFIC SIGN POST
V. OVERHEAD SIGN SUPPORT
W. LUMINAIRE/LIGHT SUPPORT
X. UTILITY POLE
Y. OTHER POLE
Z. CULVERT
AA. CURB
BB. EMBANKMENT
CC. MAIL BOX
DD. DITCH
EE. FENCE
FF. TREE
GG. UNKNOWN
HH. OTHER FIXED OBJECT

## PEDESTRIAN ACTIONS — [N/A]

A. CROSSING, ENTERING ROAD AT INTERSECTION
B. CROSSING, ENTERING ROAD NOT AT INTERSECTION
C. WALKING IN ROAD – WITH TRAFFIC
D. WALKING IN ROAD – AGAINST TRAFFIC
E. SLEEPING IN ROADWAY
F. STANDING IN ROADWAY
G. GETTING ON OR OFF OTHER VEHICLE
H. PUSHING, WORKING ON VEHICLE IN ROAD
I. OTHER WORKING IN ROADWAY
J. PLAYING IN ROADWAY
K. NOT IN ROADWAY OR UNKNOWN
L. NOT APPLICABLE
M. OTHER IN ROADWAY ____

| CITATION NO. | VEH. | PED. | R.S. OR ORD. NO. |
|---|---|---|---|
| ____ | ☐ ☐ | | ____ |
| N/A | ☐ ☐ | | N/A |
| ____ | ☐ ☐ | | ____ |
| ____ | ☐ ☐ | | ____ |

| DIRECTION BEFORE CRASH HEADED | ON STREET OR HIGHWAY OR DRIVE | FINAL LOCATION OF VEHICLES | DISTANCE TRAVELED AFTER IMPACT | SPEED EST. | POSTED | SKIDMARK DATA (FEET) FR | FL | RR | RL |
|---|---|---|---|---|---|---|---|---|---|
| E  N E / S W | I-10 | Roadway | Unk | 0 | 60 | 0 | 0 | 0 | 0 |

## DAMAGE TO THIS VEHICLE

### AREA DAMAGED

N- UNDERCARRIAGE
O- TOTAL
P- OTHER
Q- NONE
R- UNKNOWN

1ST [G]   2ND [G]   3RD [J]

### EXTENT OF DEFORMITY

A- NONE
B- VERY MINOR
C- MINOR
D- MINOR/MODERATE
E- MODERATE
F- MODERATE/SEVERE
G- SEVERE
H- VERY SEVERE
I- UNKNOWN

1ST [G]   2ND [G]   3RD [G]

## INSURANCE THIS VEHICLE

INSURANCE CO. NAME (NOT AGENCY NAME): *Universal Underwriters Co.*
EFFECTIVE DATE: 11-01-02
POLICY NUMBER: *#2180118*
EXPIRATION DATE: 11-01-03
AGENT'S NAME: *None*
PHONE #: (Unk)
AGENT'S ADDRESS: *6365 College Rd.*
*Overland Park, KS. 66211*

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**VEHICLE / PEDESTRIAN SUPPLEMENT**

COMPUTER NUMBER: 3 2 0 3 7 5 1 - 1 9
PAGE #

I-3016 (8SM)

[X] VEHICLE
[ ] PEDESTRIAN

**VEHICLE #** 1 0

A. PASSENGER CAR
B. LT. TRUCK (P.U., ETC.)
C. VAN
D. A, B, OR C WITH TRAILER
E. MOTORCYCLE
F. PEDALCYCLE
G. OFF-ROAD VEHICLE
H. EMERGENCY VEHICLE
L. SCHOOL BUS
J. OTHER BUS
K. MOTOR HOME
L. SINGLE UNIT TRUCK
M. TRUCK WITH TRAILER(S)
N. FARM EQUIPMENT
O. OTHER

} B

**YEAR** 2 0 0 0   **MAKE** Jeep   **MODEL** Cherokee   **# DOORS** 2   **# AXLES** 0 2   **# TIRES** 0 4

**V.I.N.** 1 J 4 G 2 5 8 5 8 Y C 2 8 3 5 2 3   **VEHICLE TOWED** [✓] A. YES  B. NO  C. LEFT AT SCENE   **REMOVED BY** Gary's Towing

**LICENSE PLATE** **YEAR** 2 0 0 3   **STATE** LA   **NUMBER** KEE739   **TYPE** Passenger Car   **REASON TOWED** A. VEHICLE DAMAGE B. DRIVER ARRESTED C. INSURANCE VIOLATION D. OTHER — A

**TRAILER DESCRIPTION** N/A   **MAKE**   **TYPE**   **LICENSE PLATE** **YEAR** N/A   **STATE**   **NUMBER**

**DRIVER'S NAME (LAST,FIRST,MI)** Dunn Chad A   **DATE OF BIRTH** 0 2 / 1 1 / 1 9 7 4

**STREET ADDRESS** 2454 Sherry   **TELEPHONE #** N/A

**CITY** Denham Springs   **STATE** LA   **ZIP** 70726

| POSITION | EJECTION | TRAPPED/EXTRICATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|
| A | A | B | E | D | m | W | 29 | D |

**TRANSPORTED TO MEDICAL FACILITY** A. YES  B. NO  C. UNKNOWN  D. REFUSED AID — A

**STATE** LA   **CLASS** E   **ENDORSEMENTS** N/A   **DRIVER'S LICENSE NUMBER** 000000005790660   **INSTRUCTED TO EXCHANGE INFORMATION?** [X] YES [ ] NO   **NAME OF FACILITY** Our Lady of the Lake

**OWNER'S NAME (LAST,FIRST,MI OR COMPANY NAME)**

SAME AS DRIVER? [X] YES [ ] NO
SR-10 FURNISHED? [ ] YES [X] NO

**STREET ADDRESS**

PROOF OF INSURANCE? [X] YES [ ] NO

**CITY**   **STATE**   **ZIP**

NOTICE OF VIOLATION ISSUED? [ ] YES [X] NO

**OCCUPANT'S NAME (LAST,FIRST,MI)** Dunn Karla S

| POSITION | EJECTION | TRAPPED/EXTRICATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|
| C | A | C | E | D | F | W | 28 | A |

**STREET ADDRESS** 2454 Sherry   **TRANSPORTED TO MEDICAL FACILITY** A. YES  B. NO  C. UNKNOWN  D. REFUSED AID — B   **NAME OF FACILITY** Lafayette Parish Morgue

**CITY** Denham Springs   **STATE** LA   **ZIP** 70726

**PEDESTRIAN'S NAME (LAST,FIRST,MI)** N/A   **TRANSPORTED TO MEDICAL FACILITY** A. YES  B. NO  C. UNKNOWN  D. REFUSED AID   **NAME OF FACILITY**

**STREET ADDRESS**   **TELEPHONE #**

**CITY**   **STATE**   **ZIP**

CODE A

| | LIGHT | DARK | | LIGHT | DARK | SEX | RACE | AGE | INJURY CODE |
|---|---|---|---|---|---|---|---|---|---|
| UPPER BODY CLOTHING | | | LOWER BODY CLOTHING | | | | | | |

**CODES**

| SEATING POSITION | EJECTION | TRAPPED OR EXTRICATED | AIRBAG | OCCUPANT PROTECTION — SYSTEM USED | INJURY |
|---|---|---|---|---|---|
| A - FRONT SEAT-LEFT SIDE (MOTORCYCLE DRIVER) B - FRONT SEAT-MIDDLE C - FRONT SEAT-RIGHT SIDE D - SECOND SEAT-LEFT SIDE (MOTORCYCLE PASSENGER) E - SECOND SEAT-MIDDLE F - SECOND SEAT-RIGHT SIDE G - THIRD ROW-LEFT SIDE (MOTORCYCLE PASSENGER) | J - SLEEPER SECTION OF CAB (TRUCK) K - PASSENGER IN OTHER ENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT) L - PASSENGER IN OTHER UNENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT) M - PASSENGER ON TRAIN OR STREETCAR N - TRAILING UNIT O - RIDING ON VEHICLE EXTERIOR (NON-TRAILING UNIT) | A - NOT EJECTED B - TOTALLY EJECTED C - PARTIALLY EJECTED D - UNKNOWN | A - NOT TRAPPED B - TRAPPED/EXTRI-CATED C - TRAPPED/NOT EXTRICATED D - UNKNOWN | A - DEPLOYED B - NOT DEPLOYED C - NOT DEPLOY-ED/SWITCH OFF D - NOT APPLICABLE E - UNKNOWN | A - NONE USED-VEHICLE OCCUPANT B - SHOULDER BELT ONLY USED C - LAP BELT ONLY USED D - SHOULDER AND LAP BELT USED E - CHILD SAFETY SEAT IMPROPERLY USED F - CHILD SAFETY SEAT USED G - HELMETS USED H - RESTRAINT USE UNKNOWN | A - FATAL B - INCAPACITA-TING/SEVERE C - NON-INCAPA-CITATING/ MODERATE D - POSSIBLE/ COMPLAINT E - NO INJURY |

## CONTRIBUTING FACTORS AND CONDITIONS

PAGE # 20

WRITE APPROPRIATE LETTER IN BLOCK

### VISION OBSCUREMENTS  [O]
A. RAIN, SNOW, ETC. ON WINDSHIELD
B. WINDSHIELD OTHERWISE OBSCURED
C. VISION OBSCURED BY LOAD
D. TREES, BUSHES, ETC.
E. BUILDING
F. EMBANKMENT
G. HILLCREST
H. PARKED VEHICLES
I. MOVING VEHICLES
J. BLINDED BY HEADLIGHTS
K. BLINDED BY SUNGLARE
M. DISTRACTED BY NEON LIGHTS IN FIELD OF VIEW
N. UNKNOWN
O. NO OBSCUREMENTS
P. OTHER _____

### CONDITION OF DRIVER AND PEDESTRIANS  [A] [N/A]
A. NORMAL
B. INATTENTIVE OR DISTRACTED
C. PHYSICAL IMPAIRMENT (EYES, EAR, LIMB)
D. ILLNESS
E. FATIGUED
F. APPARENTLY ASLEEP/BLACKOUT
G. HAD BEEN DRINKING - IMPAIRED
H. HAD BEEN DRINKING - IMPAIRED - NOT IMPAIRED
I. DRUG USE - IMPAIRED
J. DRUG USE - NOT IMPAIRED
K. UNKNOWN
L. OTHER _____

### VEHICLE LIGHTING  [B]
A. HEADLIGHTS ON
B. HEADLIGHTS OFF
C. DAYTIME RUNNING LIGHTS
D. UNKNOWN

### MOVEMENT PRIOR TO CRASH  [Q]
A. STOPPED
B. PROCEEDING STRAIGHT AHEAD
C. TRAVELING WRONG WAY
D. BACKING
E. CROSSED MEDIAN INTO OPPOSING LANE
F. CROSSED CENTER LINE INTO OPPOSING LANE
G. RAN OFF ROAD (NOT WHILE MAKING TURN AT INTERSECTION)
H. CHANGING LANES ON MULTI-LANE ROAD
I. MAKING LEFT TURN
J. MAKING RIGHT TURN
K. STOPPED PREPARING TO, OR MAKING U-TURN
L. MAKING TURN, DIRECTION UNKNOWN
M. STOPPED, PREPARING TO TURN LEFT
N. STOPPED PREPARING TO TURN RIGHT
O. SLOWING TO MAKE LEFT TURN
P. SLOWING TO MAKE RIGHT TURN
Q. SLOWING TO STOP
R. PROPERLY PARKED
S. PARKING MANEUVER
T. ENTERING TRAFFIC FROM SHOULDER
U. ENTERING TRAFFIC FROM MEDIAN
V. ENTERING TRAFFIC FROM PARKING LANE
W. ENTERING TRAFFIC FROM PRIVATE LANE
X. ENTERING FREEWAY FROM ON RAMP
Y. LEAVING FREEWAY VIA OFF RAMP
Z. OTHER OR UNKNOWN

### VEHICLE CONDITION  [K]
A. DEFECTIVE BRAKES
B. DEFECTIVE HEADLIGHTS
C. DEFECTIVE REAR LIGHTS
D. DEFECTIVE SIGNAL LIGHTS
E. ALL LIGHTS OUT
F. DEFECTIVE STEERING
G. TIRE FAILURE
H. WORN OR SMOOTH TIRES
I. ENGINE FAILURE
J. DEFECTIVE SUSPENSION
K. NO DEFECTS OBSERVED
L. UNKNOWN DEFECTS
M. OTHER _____

### TRAFFIC CONTROL CONDITIONS  [A]
A. CONTROLS FUNCTIONING
B. CONTROLS NOT FUNCTIONING
C. CONTROLS OBSCURED
D. LANE MARKING UNCLEAR OR DEFECTIVE
E. NO CONTROLS
F. CONDITION UNKNOWN

### ALCOHOL/DRUG INVOLVEMENT

|  | VEHICLE | PEDESTRIAN |
|---|---|---|
| ALCOHOL/DRUGS PRESENT | [A] | [ ] |
| | | |

ALCOHOL/DRUGS PRESENT
A. NEITHER ALCOHOL OR DRUGS PRESENT
B. YES (ALCOHOL PRESENT)
C. YES (DRUGS PRESENT)
D. YES (ALCOHOL AND DRUGS PRESENT)
E. NOT REPORTED
F. UNKNOWN

ALCOHOL  [B]
A. TEST REFUSED
B. NO TEST GIVEN
C. TEST GIVEN, RESULTS PENDING
D. TEST GIVEN, BAC _____
E. UNKNOWN

DRUGS  [B]
A. TEST NOT GIVEN
B. TEST GIVEN, RESULTS PENDING
C. DRUGS REPORTED (SPECIFY)
D. UNKNOWN

SUSPECTED DRUGS

### VIOLATION  [U]
A. EXCEEDING STATED SPEED LIMIT
B. EXCEEDING SAFE SPEED LIMIT
C. FAILURE TO YIELD
D. FOLLOWING TOO CLOSELY
E. DRIVING LEFT OF CENTER
F. CUTTING IN, IMPROPER PASSING
G. FAILURE TO SIGNAL
H. MADE WIDE RIGHT TURN
I. CUT CORNER ON LEFT TURN
J. TURNED FROM WRONG LANE
K. OTHER IMPROPER TURNING
L. DISREGARDED TRAFFIC CONTROL
M. IMPROPER STARTING
N. IMPROPER PARKING
O. FAILED TO SET OUT FLAGS, FLARES
P. FAILED TO DIM HEADLIGHTS
Q. VEHICLE CONDITION
R. DRIVER CONDITION
S. CARELESS OPERATION
T. UNKNOWN VIOLATIONS
U. NO VIOLATIONS
V. OTHER _____

### REASON FOR MOVEMENT  [J]
A. TO AVOID OTHER VEHICLE
B. TO AVOID PEDESTRIAN
C. TO AVOID ANIMAL
D. TO AVOID OTHER OBJECT
E. PASSING
F. VEHICLE OUT OF CONTROL, NOT PASSING
G. VEHICLE OUT OF CONTROL, PASSING
H. FOR TRAFFIC CONTROL
I. DUE TO CONGESTION
J. DUE TO PRIOR CRASH (COLLISION)
K. DUE TO DRIVER VIOLATION
L. DUE TO DRIVER CONDITION
M. DUE TO VEHICLE CONDITION (FAILURE)
N. DUE TO PAVEMENT CONDITION
O. HIGH WIND
P. NORMAL MOVEMENT
Q. REASON UNKNOWN
R. OTHER _____

### TRAFFIC CONTROL  [R]
A. STOP SIGN
B. YIELD SIGN
C. RED SIGNAL ON
D. YELLOW SIGNAL ON
E. GREEN SIGNAL ON
F. GREEN TURN ARROW ON
G. RIGHT TURN ON RED
H. LIGHT PHASE UNKNOWN
I. FLASHING YELLOW
J. FLASHING RED
K. OFFICER, WATCHMAN
L. RR CROSSING, SIGN
M. RR CROSSING, SIGNAL
N. RR CROSSING, NO CONTROL
O. WARNING SIGN (SCHOOL, ETC.)
P. SCHOOL FLASHING SPEED SIGN
Q. YELLOW NO PASSING LINE
R. WHITE DASHED LINE
S. YELLOW DASHED LINE
T. BIKE LANE
U. CROSSWALK
V. NO CONTROL
W. UNKNOWN
X. OTHER _____

### HARMFUL EVENTS  [R]
A. OVERTURNED
B. FIRE/EXPLOSION
C. IMMERSION
D. JACKKNIFE
E. OTHER NONCOLLISION
F. PEDESTRIAN
G. PEDALCYCLE
H. RAILWAY TRAIN
I. ANIMAL
J. MOTOR VEHICLE IN TRANSPORT
K. MOTOR VEHICLE IN TRANSPORT IN OTHER ROADWAY
L. PARKED MOTOR VEHICLE
M. OTHER OBJECT (NOT FIXED)
N. IMPACT ATTENUATOR
O. BRIDGE-PIER OR ABUTMENT
P. BRIDGE-PARAPET END
Q. BRIDGE-RAIL
R. GUARDRAIL FACE
S. GUARDRAIL END
T. MEDIAN BARRIER
U. HIGHWAY TRAFFIC SIGN POST
V. OVERHEAD SIGN SUPPORT
W. LUMINAIRE/LIGHT SUPPORT
X. UTILITY POLE
Y. OTHER POLE
Z. CULVERT
AA. CURB
BB. EMBANKMENT
CC. MAIL BOX
DD. DITCH
EE. FENCE
FF. TREE
GG. UNKNOWN
HH. OTHER FIXED OBJECT

### VEHICLE
FIRST HARMFUL EVENT  [J]
MOST HARMFUL EVENT  [J]

### PEDESTRIAN ACTIONS  [L]
A. CROSSING, ENTERING ROAD AT INTERSECTION
B. CROSSING, ENTERING ROAD NOT AT INTERSECTION
C. WALKING IN ROAD - WITH TRAFFIC
D. WALKING IN ROAD - AGAINST TRAFFIC
E. SLEEPING IN ROADWAY
F. STANDING IN ROADWAY
G. GETTING ON OR OFF OTHER VEHICLE
H. PUSHING, WORKING ON VEHICLE IN ROAD
I. OTHER WORKING IN ROADWAY
J. PLAYING IN ROADWAY
K. NOT IN ROADWAY OR UNKNOWN
L. NOT APPLICABLE
M. OTHER IN ROADWAY

| CITATION NO. | VEH. | PED. | R.S. OR ORD. NO. |
|---|---|---|---|
| N/A | [ ] [ ] | | N/A |
| | [ ] [ ] | | |
| | [ ] [ ] | | |

| | DIRECTION BEFORE CRASH | FINAL LOCATION | DISTANCE TRAVELED | SPEED | | SKIDMARK DATA (FEET) | | | |
|---|---|---|---|---|---|---|---|---|---|
| HEADED | ON STREET OR HIGHWAY OR DRIVE | OF VEHICLES | AFTER IMPACT | EST. | POSTED | FR | FL | RR | RL |
| E  N E  S W | I-10 | Roadway | Unk | 0 1 0 | 6 0 | 0 | 0 | 0 | 0 |

### DAMAGE TO THIS VEHICLE

AREA DAMAGED

| | 1ST | [G] [H] |
| | 2ND | [A] [H] |
| | 3RD | [ ] [H] |

N- UNDERCARRIAGE
O- TOTAL
P- OTHER
Q- NONE
R- UNKNOWN

EXTENT OF DEFORMITY
A- NONE
B- VERY MINOR
C- MINOR
D- MINOR/MODERATE
E- MODERATE
F- MODERATE/SEVERE
G- SEVERE
H- VERY SEVERE
I- UNKNOWN

### INSURANCE THIS VEHICLE

INSURANCE CO. NAME (NOT AGENCY NAME)  Allstate
POLICY NUMBER  910236058
EFFECTIVE DATE  04-30-03
EXPIRATION DATE  10-30-03
AGENT'S NAME  Chappetta Ins Agt
PHONE #  (225) 665-7777
AGENT'S ADDRESS  2281 S. Range Ave
Denham Springs LA. 70726

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**VEHICLE / PEDESTRIAN SUPPLEMENT**

CC PS TA: 3203751 - 21
I-3016 (CSSM)

PAGE #

[X] VEHICLE
[ ] PEDESTRIAN

VEHICLE # | 1 1 |

A. PASSENGER CAR   E. MOTORCYCLE   I. SCHOOL BUS   M. TRUCK WITH TRAILER(S)
B. LT. TRUCK (P.U., ETC.)   F. PEDALCYCLE   J. OTHER BUS   N. FARM EQUIPMENT
C. VAN   G. OFF-ROAD VEHICLE   K. MOTOR HOME   O. OTHER
D. A, B, OR C WITH TRAILER   H. EMERGENCY VEHICLE   L. SINGLE UNIT TRUCK

} M

| YEAR | MAKE | MODEL | # DOORS | # AXLES | # TIRES |
|---|---|---|---|---|---|
| 1992 | Peterbilt | Tractor Truc | 2 | 05 | 18 |

V.I.N. | 1 X P 5 D B 9 X 1 N N 3 1 4 0 5 8 |
VEHICLE TOWED: A (A. YES, B. NO, C. LEFT AT SCENE)
REMOVED BY: Rick's Towing

LICENSE PLATE
| YEAR | STATE | NUMBER | TYPE | REASON TOWED |
|---|---|---|---|---|
| Unk | Tx | Unknown | Temporary | A |

REASON TOWED
A. VEHICLE DAMAGE
B. DRIVER ARRESTED
C. INSURANCE VIOLATION
D. OTHER

TRAILER DESCRIPTION
| YEAR | MAKE | TYPE | LICENSE PLATE | YEAR | STATE | NUMBER |
|---|---|---|---|---|---|---|
| 1980 | TRAM | Flatbed | | 2004 | Tx | Z08865 |

DRIVER'S NAME (LAST,FIRST,MI): Brown Paul-C
DATE OF BIRTH: 06/04/1975

STREET ADDRESS: 1205 West Circle #16   TELEPHONE #: N/A
CITY: Vidor   STATE: Tx   ZIP: 77662

| POSI-TION | EJEC-TION | TRAP-PED/ EXTRI-CATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|
| A | A | A | D | D | M | W | 28 | D |

TRANSPORTED TO MEDICAL FACILITY: D
A. YES  C. UNKNOWN
B. NO  D. REFUSED AID

| STATE | CLASS | ENDORSEMENTS | DRIVER'S LICENSE NUMBER |
|---|---|---|---|
| Tx | A | N/A | 000000000045799 88 |

INSTRUCTED TO EXCHANGE INFORMATION? [X] YES [ ] NO   NAME OF FACILITY

OWNER'S NAME (LAST,FIRST,MI OR COMPANY NAME):

SAME AS DRIVER? [X] YES [ ] NO
SR-10 FURNISHED? [ ] YES [X] NO
PROOF OF INSURANCE? [X] YES [ ] NO
NOTICE OF VIOLATION ISSUED? [ ] YES [X] NO

STREET ADDRESS:
CITY:   STATE:   ZIP:

OCCUPANT'S NAME (LAST,FIRST,MI): None

| POSI-TION | EJEC-TION | TRAP-PED/ EXTRI-CATED | AIR BAG | OCC PROT SYS | SEX | RACE | AGE | INJURY |
|---|---|---|---|---|---|---|---|---|

STREET ADDRESS:
TRANSPORTED TO MEDICAL FACILITY
A. YES  C. UNKNOWN
B. NO  D. REFUSED AID
NAME OF FACILITY

CITY:   STATE:   ZIP:

PEDESTRIAN'S NAME (LAST,FIRST,MI): N/A

TRANSPORTED TO MEDICAL FACILITY
A. YES  C. UNKNOWN
B. NO  D. REFUSED AID
NAME OF FACILITY

STREET ADDRESS:   TELEPHONE #:
CITY:   STATE:

CODE A

| | LIGHT | DARK | | LIGHT | DARK | | SEX | RACE | AGE | INJURY CODE |
|---|---|---|---|---|---|---|---|---|---|---|
| UPPER BODY CLOTHING | | | LOWER BODY CLOTHING | | | | | | | |

### CODES

| SEATING POSITION | EJECTION | TRAPPED OR EXTRICATED | AIRBAG | OCCUPANT PROTECTION SYSTEM USED | INJURY |
|---|---|---|---|---|---|
| A - FRONT SEAT-LEFT SIDE (MOTORCYCLE DRIVER) | A - NOT EJECTED | A - NOT TRAPPED | A - DEPLOYED | A - NONE USED-VEHICLE OCCUPANT | A - FATAL |
| B - FRONT SEAT-MIDDLE | B - TOTALLY EJECTED | B - TRAPPED/EXTRI-CATED | B - NOT DEPLOYED | B - SHOULDER BELT ONLY USED | B - INCAPACITA-TING/SEVERE |
| C - FRONT SEAT-RIGHT SIDE (MOTORCYCLE PASSENGER) | C - PARTIALLY EJECTED | C - TRAPPED/NOT EXTRICATED | C - NOT DEPLOY-ED/SWITCH OFF | C - LAP BELT ONLY USED | C - NON-INCAPA-CITATING/ MODERATE |
| D - SECOND SEAT-LEFT SIDE (MOTORCYCLE PASSENGER) | D - UNKNOWN | D - UNKNOWN | D - NOT APPLICABLE | D - SHOULDER AND LAP BELT USED | D - POSSIBLE/ COMPLAINT |
| E - SECOND SEAT-MIDDLE | | | E - UNKNOWN | E - CHILD SAFETY SEAT IMPROPERLY USED | E - NO INJURY |
| F - SECOND SEAT-RIGHT SIDE | | | | F - CHILD SAFETY SEAT USED | |
| G - THIRD ROW-LEFT SIDE (MOTORCYCLE PASSENGER) | | | | G - HELMETS USED | |
| H - THIRD ROW-MIDDLE | | | | H - RESTRAINT USE UNKNOWN | |
| J - SLEEPER SECTION OF CAB (TRUCK) | | | | | |
| K - PASSENGER IN OTHER ENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT) | | | | | |
| L - PASSENGER IN OTHER UNENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT) | | | | | |
| M - PASSENGER ON TRAIN OR STREETCAR | | | | | |
| N - TRAILING UNIT | | | | | |
| O - RIDING ON VEHICLE EXTERIOR (NON-TRAILING UNIT) | | | | | |

## CONTRIBUTING FACTORS AND CONDITIONS

PAGE # **2·2**

WRITE APPROPRIATE LETTER IN BLOCK

### VISION OBSCURENS — `O`

A. RAIN, SNOW, ETC. ON WINDSHIELD
B. WINDSHIELD OTHERWISE OBSCURED
C. VISION OBSCURED BY LOAD
D. TREES, BUSHES, ETC.
E. BUILDING
F. EMBANKMENT
G. SIGN BOARDS
H. HILLCREST
I. PARKED VEHICLES
J. MOVING VEHICLES
K. BLINDED BY HEADLIGHTS
L. BLINDED BY SUNGLARE
M. DISTRACTED BY NEON LIGHTS IN FIELD OF VIEW
N. UNKNOWN
O. NO OBSCURATIONS
P. OTHER

### CONDITION OF DRIVER AND PEDESTRIANS — D: `A`  P: `M`

A. NORMAL
B. INATTENTIVE OR DISTRACTED
C. PHYSICAL IMPAIRMENT (EYES, EAR, LIMB)
D. ILLNESS
E. FATIGUED
F. APPARENTLY ASLEEP/BLACKOUT
G. HAD BEEN DRINKING - IMPAIRED
H. HAD BEEN DRINKING - IMPAIRED - NOT IMPAIRED
I. DRUG USE - IMPAIRED
J. DRUG USE - NOT IMPAIRED
K. UNKNOWN
L. OTHER

### VEHICLE LIGHTING — `B`

A. HEADLIGHTS ON
B. HEADLIGHTS OFF
C. DAYTIME RUNNING LIGHTS
D. UNKNOWN

### MOVEMENT PRIOR TO CRASH — `Q`

A. STOPPED
B. PROCEEDING STRAIGHT AHEAD
C. TRAVELING WRONG WAY
D. BACKING
E. CROSSED MEDIAN INTO OPPOSING LANE
F. CROSSED CENTER LINE INTO OPPOSING LANE
G. RAN OFF ROAD DIDT WHILE MAKING TURN AT INTERSECTION)
H. CHANGING LANES ON MULTI-LANE ROAD
I. MAKING LEFT TURN
J. MAKING RIGHT TURN
K. STOPPED PREPARING TO, OR MAKING U-TURN
L. MAKING TURN, DIRECTION UNKNOWN
M. STOPPED, PREPARING TO TURN LEFT
N. STOPPED PREPARING TO TURN RIGHT
O. SLOWING TO MAKE LEFT TURN
P. SLOWING TO MAKE RIGHT TURN
Q. SLOWING TO STOP
R. PROPERLY PARKED
S. PARKING MANEUVER
T. ENTERING TRAFFIC FROM SHOULDER
U. ENTERING TRAFFIC FROM MEDIAN
V. ENTERING TRAFFIC FROM PARKING LANE
W. ENTERING TRAFFIC FROM PRIVATE LANE
X. ENTERING FREEWAY FROM ON RAMP
Y. LEAVING FREEWAY VIA OFF RAMP
Z. OTHER OR UNKNOWN

### VEHICLE CONDITION — `K`

A. DEFECTIVE BRAKES
B. DEFECTIVE HEADLIGHTS
C. DEFECTIVE REAR LIGHTS
D. DEFECTIVE SIGNAL LIGHTS
E. ALL LIGHTS OUT
F. DEFECTIVE STEERING
G. TIRE FAILURE
H. WORN OR SMOOTH TIRES
I. ENGINE FAILURE
J. DEFECTIVE SUSPENSION
K. NO DEFECTS OBSERVED
L. UNKNOWN DEFECTS
M. OTHER

### TRAFFIC CONTROL CONDITIONS — `A`

A. CONTROLS FUNCTIONING
B. CONTROLS NOT FUNCTIONING
C. CONTROLS OBSCURED
D. LANE MARKING UNCLEAR
E. NO CONTROLS
F. CONDITION UNKNOWN

### ALCOHOL/DRUG INVOLVEMENT

|  | VEHICLE | PEDESTRIAN |
|---|---|---|
|  | `A` |  |

ALCOHOL/DRUGS PRESENT
A. NEITHER ALCOHOL OR DRUGS PRESENT
B. YES (ALCOHOL PRESENT)
C. YES (DRUGS PRESENT)
D. YES (ALCOHOL AND DRUGS PRESENT)
E. NOT REPORTED
F. UNKNOWN

ALCOHOL — `B`
A. TEST REFUSED
B. NO TEST GIVEN
C. TEST GIVEN, RESULTS PENDING
D. TEST GIVEN, BAC _____ %
E. UNKNOWN

DRUGS — `B`
A. TEST NOT GIVEN
B. TEST GIVEN, RESULTS PENDING
C. DRUGS REPORTED (SPECIFY)
D. UNKNOWN

SUSPECTED DRUGS _____

### VIOLATION — `U`

A. EXCEEDING STATED SPEED LIMIT
B. EXCEEDING SAFE SPEED LIMIT
C. FAILURE TO YIELD
D. FOLLOWING TOO CLOSELY
E. DRIVING LEFT OF CENTER
F. CUTTING IN, IMPROPER PASSING
G. FAILURE TO SIGNAL
H. MADE WIDE RIGHT TURN
I. CUT CORNER ON LEFT TURN
J. TURNED FROM WRONG LANE
K. OTHER IMPROPER TURNING
L. DISREGARDED TRAFFIC CONTROL
M. IMPROPER STARTING
N. IMPROPER PARKING
O. FAILED TO SET OUT FLAGS, FLARES
P. FAILED TO DIM HEADLIGHTS
Q. VEHICLE CONDITION
R. DRIVER CONDITION
S. CARELESS OPERATION
T. UNKNOWN VIOLATIONS
U. NO VIOLATIONS
V. OTHER

### REASON FOR MOVEMENT — `J`

A. TO AVOID OTHER VEHICLE
B. TO AVOID PEDESTRIAN
C. TO AVOID ANIMAL
D. TO AVOID OTHER OBJECT
E. PASSING
F. VEHICLE OUT OF CONTROL
G. VEHICLE OUT OF CONTROL, PASSING
H. FOR TRAFFIC CONTROL
I. DUE TO PRIOR CRASH (COLLISION)
J. DUE TO DRIVER CONDITION
K. DUE TO DRIVER VIOLATION
L. DUE TO VEHICLE CONDITION (FAILURE)
M. DUE TO PAVEMENT CONDITION
N. HIGH WIND
P. NORMAL MOVEMENT
Q. REASON UNKNOWN
R. OTHER

### HARMFUL EVENTS

A. OVERTURNED
B. FIRE/EXPLOSION
C. IMMERSION
D. JACKKNIFE
E. OTHER NONCOLLISION
F. PEDESTRIAN
G. PEDALCYCLE
H. RAILWAY TRAIN
I. ANIMAL
J. MOTOR VEHICLE IN TRANSPORT
K. MOTOR VEHICLE IN TRANSPORT IN OTHER ROADWAY
L. PARKED MOTOR VEHICLE
M. OTHER OBJECT (NOT FIXED)
N. IMPACT ATTENUATOR
O. BRIDGE-PIER OR ABUTMENT
P. BRIDGE-PARAPET END
Q. BRIDGE-RAIL
R. GUARDRAIL FACE
S. GUARDRAIL END
T. MEDIAN BARRIER
U. HIGHWAY TRAFFIC SIGN POST
V. OVERHEAD SIGN SUPPORT
W. LUMINAIRE/LIGHT SUPPORT
X. UTILITY POLE
Y. OTHER POLE
Z. CULVERT
AA. CURB
BB. EMBANKMENT
CC. MAIL BOX
DD. DITCH
EE. FENCE
FF. TREE
GG. UNKNOWN
HH. OTHER FIXED OBJECT

### TRAFFIC CONTROL — `R`

A. STOP SIGN
B. YIELD SIGN
C. RED SIGNAL ON
D. YELLOW SIGNAL ON
E. GREEN SIGNAL ON
F. GREEN TURN ARROW ON
G. RIGHT TURN ON RED
H. LIGHT PHASE UNKNOWN
I. FLASHING YELLOW
J. FLASHING RED
K. OFFICER, WATCHMAN
L. RR CROSSING, SIGN
M. RR CROSSING, SIGNAL
N. RR CROSSING, NO CONTROL
O. WARNING SIGN (SCHOOL, ETC.)
P. SCHOOL FLASHING SPEED SIGN
Q. YELLOW NO PASSING LINE
R. WHITE DASHED LINE
S. YELLOW DASHED LINE
T. BIKE LANE
U. CROSSWALK
V. NO CONTROL
W. UNKNOWN
X. OTHER

### VEHICLE

| | |
|---|---|
| FIRST HARMFUL EVENT | `J` |
| MOST HARMFUL EVENT | `J` |

### PEDESTRIAN ACTIONS — `L`

A. CROSSING, ENTERING ROAD AT INTERSECTION
B. CROSSING, ENTERING ROAD NOT AT INTERSECTION
C. WALKING IN ROAD - WITH TRAFFIC
D. WALKING IN ROAD - AGAINST. TRAFFIC
E. SLEEPING IN ROADWAY
F. STANDING IN ROADWAY
G. GETTING ON OR OFF OTHER VEHICLE
H. PUSHING, WORKING ON VEHICLE IN ROAD
I. OTHER WORKING IN ROADWAY
J. PLAYING IN ROADWAY
K. NOT IN ROADWAY OR UNKNOWN
L. NOT APPLICABLE
M. OTHER IN ROADWAY

| CITATION NO. | VEH. | PED. | R.S. OR ORD. NO. |
|---|---|---|---|
| N/A |  |  | N/A |

| HEADED | DIRECTION BEFORE CRASH ON STREET OR HIGHWAY OR DRIVE | FINAL LOCATION OF VEHICLES | DISTANCE TRAVELED AFTER IMPACT | SPEED EST. | SPEED POSTED | SKIDMARK DATA (FEET) FR | FL | RR | RL |
|---|---|---|---|---|---|---|---|---|---|
| E / N E S W | I-10 | Roadway | UnK | 0 1 0 | 6 0 | 0 | 0 | 0 | 0 |

### DAMAGE TO THIS VEHICLE

AREA DAMAGED — 1ST `G`  2ND  3RD

EXTENT OF DEFORMITY — 1ST `G`  2ND  3RD
A- NONE
B- VERY MINOR
C- MINOR
D- MINOR/MODERATE
E- MODERATE
F- MODERATE/SEVERE
G- SEVERE
H-VERY SEVERE
I- UNKNOWN

N- UNDER-CARRIAGE
O- TOTAL
P- OTHER
R- NONE
R- UNKNOWN

### INSURANCE THIS VEHICLE

INSURANCE CO. NAME (NOT AGENCY NAME): *Liberty Mutual Fire Ins.*
POLICY NUMBER: *AT279100 1376-082*
AGENT'S NAME: *Marsh U.S.A. Inc.*
AGENT'S ADDRESS: *601 Poydras Ste. 1850 New Orleans LA 70130-6031*
EFFECTIVE DATE: *09-01-02*
EXPIRATION DATE: *09-01-03*
PHONE #: *(504) 522-8541*

STATE OF LOUISIANA
UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
NARRATIVE SUPPLEMENT

COMPUTER NUMBER    PAGE #

3 20 3 7 5 1      2 3

I-3016 (05m)

# CRASH SYNOPSIS

This crash involved a total of eleven vehicles, eight passenger and three commercial (eighteen wheelers) vehicles. Based upon my investigation, which included the position of vehicles at final rest, contact damage to vehicles, physical evidence on roadway, driver and witness statements, the following was determined: all vehicles involved were eastbound on the elevated portion of I-10 near milepost 123 in St. Martin parish. Traffic began to slow to a stop due to a previous crash eastbound near milepost 125. At the rear of this group of traffic was an Allied Van Line truck which failed to slow or stop for the congestion ahead and ran into the rear of the traffic, setting off a chain reaction of collisions between the eleven vehicles involved. As a result, five people were killed at the scene and seven others were transported for injuries ranging from minor to critical.

Based upon the vehicles at final rest (see rough sketch of scene and also reconstruction drawing), contact damage areas of vehicles, physical evidence on roadway, and driver and witness statements, the following is the sequence of events of the crash. The Allied Van Line truck was traveling East in the left lane approximately one quarter of mile west of mile post 123, traveling slightly above the posted speed limit of sixty miles per hour (see Dr. Ken S. LeBlanc's witness statement).

According to drivers (see James Brimer and Shawn Miller statements) and witness (see Jeffery Hebert statement), the Allied Van Line appears to have struck the rear left of the Pontiac Grand Prix (vehicle # 2), which was in the right lane of travel and moving toward the right shoulder when struck. This impact appears to have occurred with the front right of the tractor. Next, the rear left side of the Allied Van Line trailer side swiped the rear right corner of the International tractor trailer (vehicle #3), as evident by the orange paint transfer resembling that of the Allied Van line truck color, on the areas of contact damage. The first two impacts indicate that the Pontiac Grand Prix (vehicle #2) was slightly behind and to the right of the International tractor trailer (vehicle #3) when struck, and that the Allied Van line truck (vehicle #1) was attempting to either change from the left to the right lane, or, was trying to go between the two lanes of traffic.

After the second impact, with the International tractor (vehicle #3), the Allied Van Line truck struck the rear of the G.M.C. Suburban (vehicle #4) which was in the right lane, (see Lisa M. Guerra's statement as dictated to Tfc. Harold Williams, and James Brimer's witness statement), also tire marks located on roadway (see items E, F, G, & H on the Legend portion of this report), for the third collision. It was this impact which caused the G.M.C. Suburban to catch fire.

As a result of the third collision, between the Allied Van Line truck (vehicle #1) and the G.M.C. Suburban (vehicle # 4), the G.M.C. Suburban (vehicle #4) was knocked forward into the rear of an Oldsmobile Silloutte van (vehicle #5), see statements from Kristen Bybee (driver of vehicle #5), Jason Bybee and Matthew Voelkel (passengers in vehicle #5). This was the fourth collision involved in this crash.

The fifth collision appears to have occurred between the Allied Van Line truck (vehicle #1) and the Toyota Sienna van (vehicle #8). See statement from Ray Ronquillo (driver of vehicle #9), also tire mark on road way (see items # L & M in the legend). As a result of this crash, the sixth collision occurred between the Toyota

INVESTIGATING OFFICER'S INITIALS

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**NARRATIVE SUPPLEMENT**

COMPUTER NUMBER   PAGE #

3 20 3 7 5 1    2 4

I-3016 (SSDH)

Sienna (vehicle #8) which was knocked forward and into the rear of the Toyota Sequoia (vehicle #9). Both these vehicles (vehicle #8 and #9) traveled to the right side of the bridge.

It was during this time that either one or both of these vehicles struck the Honda Civic (vehicle #6) and the G.M.C. Jimmy (vehicle #7). According to the drivers of both these vehicle (Lea Guidry, driver of vehicle #6, and Paul Trahan, driver of vehicle #7), they were both in the right lane when struck. Neither driver could identify which vehicle struck them. There was white paint transfer on both vehicles (note: vehicle #7 was also white in color). Both of these vehicles had contact damage on the rear left corners, also, vehicle #6, a green Honda Civic, had white paint transfer along the rear right side.

It is the collisions involving these two vehicles that are not supported through driver or witness statements. It is based upon physical evidence, contact damage areas, paint transfer and position of vehicles prior to and after impact, that supports that after the sixth collision, that either the Toyota Sequoia (vehicle #9) and/or the Toyota Sienna (vehicle #8) struck the G.M.C. Jimmy (vehicle #7) and the Honda Civic (vehicle #6) as they traveled to the right side of the bridge. This would be the seventh and eighth collision involved in this crash.

The eighth crash occurred between the Allied Van Line truck (vehicle #1) and a Jeep Cherokee (vehicle #10). The Allied Van Line truck (vehicle #1) struck the rear of the Jeep Cherokee in the left lane, then both vehicles struck the left guard rail, evident of paint transfer and scrapes on concrete guard rail. See witness statements from Andrew Hebert, Noble Spear and Richard Reed.

The ninth and final collision occurred as the Allied Van Line truck (vehicle #1) pushed the Jeep Cherokee (vehicle #10) forward and into the rear of the Peterbilt tractor trailer (vehicle #11). It was this impact that caused the Jeep Cherokee and the Peterbilt trailer to catch fire.

CODE
A

# INVESTIGATION

On July 20, 2003, I, Tfc. Harold Williams was contacted by Troop I at my residence, at 1707 hours and dispatched to a crash on I-10. Troop I advised that the crash was eastbound near milepost 125. I was advised by Sgt. Jon Fusilier to respond "Code two" because there were reports of a vehicle blocking the bridge. At 1715 hours, I was in route to the crash reported on I-10 eastbound at milepost 125. Sgt. Troy Hebert was also responding "Code two" according to his traffic being dispatched over the air. At 1722 hours, Sgt. Hebert advised Troop I that there was a possible vehicle fire on the bridge. At 1725 hours, Sgt. Troy Hebert arrived on the crash scene. He advised that this crash was I-10 eastbound at milepost 123 and several vehicles were engulfed in flames. Sgt. Hebert requested immediate medical support for the injured subjects involved in the crash. While responding to the crash, I observed both lanes of traffic on I-10 eastbound backed up to milepost 121. As I maneuvered my way through the traffic, I observed black clouds of smoke in the air. Weather conditions at the time of the crash consisted of a clear sky with no overcast.

At 1749 hours, I, Tfc. Harold Williams arrived on the crash scene. Vehicles were engulfed in flames and firemen battled to bring the blaze under control. There were two female subjects Sgt. Hebert placed in his unit until medical support arrived. There was a male subject with severe head lacerations standing next to Sgt. Hebert's unit. I began helping those who were in need of immediate medical attention.

INVESTIGATING OFFICER'S INITIALS

STATE OF LOUISIANA
UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
NARRATIVE SUPPLEMENT

COMPUTER NUMBER    PAGE #

3 | 2 | 0 | 3 | 7 | 5 | 1      | 2 | 5 |

I-3016(038m)

Sgt. Hebert advised that two subjects had been transported to Baton Rouge burn unit by Acadian Air Med. He advised that there were five possible deaths. He advised, at this time, that our main object was to render medical assistance as quickly as possible to those in need and preserve our crash scene. Once everyone who was in need of medical attention had been cared for, we began interviewing witnesses and drivers who remained on the crash scene. I spoke to Deputy Pat Clay with St. Martin S.O. He advised that he responded to a crash on I-10 at milepost 125. He advised on his arrival the vehicle was in the roadway. Deputy Clay advised that he removed the vehicle from the roadway and the traffic was starting to flow slowly. He advised that he then heard a loud explosion behind him. Deputy Clay said there was fire and smoke as far as he could see. He said he responded to the crash by traveling west on the eastbound lanes of I-10. He advised, on his arrival, that civilians were helping subjects out of burning vehicles. Deputy Clay advised that he immediately called for medical assistance and the fire department.

Sgt. Hebert requested that the coroner be en route to the crash scene. At 2126 hours, that Deputy Coroner (Scott Haydel) he pronounced one subject in the Allied tractor truck dead. At 2130 hours Deputy Coroner Scott Haydel pronounced two subjects dead in the suburban. At 2135 hours he pronounced two subjects dead in the Jeep Cherokee. All subjects were burnt beyond recognition and were unable to be identified on the scene. All bodies were transported to Pellerin's Funeral Home to be identified by the coroner. Deputy Coroner Scott Haydel drew blood from the body of the driver of the Allied truck driver and the specimens of bloods were released to Sgt. Troy Hebert. Sgt. Troy Hebert later entered the blood specimens into evidence at Troop I for chemical analysis. Blood results are pending on driver #1. Deputy Coroner Scott Haydel advised that Mr. Guerra Guadalupe, the driver the GMC suburban, made positive identification on the two deceased passengers in his vehicle. He also advised that Mr. Chad Dunn the driver of the Jeep Cherokee, made positive identification on the two passengers in his vehicle. The driver of the Allied Van Line was positively identified the morning of July 21, 2003 by a representative of Allied Trucking.

We were later assisted by Tfc. Donald Mc Farlain, Sgt. Jon Fusilier and Tfc. James Flynn in my investigation. Tfc. Mc Farlain assisted in rendering medical assistance, getting witness statements, the inventory of crashed vehicles and marking vehicles at their points of rest. Sgt. Fusilier assisted in securing the crash scene and getting witness statements. Tfc. Flynn is our team Accident Reconstructionist. Tfc. Flynn took progressive ground photos of the crash and photos of each vehicle at its resting point. He was then flown above the crash scene by Louisiana State Police air support where he took aerial photos of the crash. Tfc. Flynn also prepared a vehicle damage analysis report on each vehicle involved in the crash before they were released to the towing companies. After all subjects involved in the crash received medical attention and were transported to the appropriate medical facilities, we secured the crash scene to further investigate the crash. Sgt. Hebert, Tfc. Mc Farlian, Tfc. Flynn and I, using spray paint, marked each vehicle at its point of rest after impact. Assisted by Troop I Accident Reconstructionist, ST. Dan Hudson and MT. Dane Laughlin, we identified the remains and markings of physical evidence on the roadway, assessed crash contact and induce damages, transferred paint markings and the position of each vehicle at its point of rest. This supports the conclusion of our investigation as to what occurred prior to, during and after the crash. ST. Hudson and MT. Laughlin, using a total station then measured and recorded the crash scene to scale, in its post crash setting.

M/T Richard Elliot arrived on the crash scene to inspect the tractor truck that allegedly caused the crash. Trooper Elliot advised the mechanical functions of the truck were burnt and there was nothing left to inspect. He also advised that he would be doing a post crash investigation to make sure that driver and his company

INVESTIGATING OFFICER'S INITIALS _____

STATE OF LOUISIANA
UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
NARRATIVE SUPPLEMENT

COMPUTER NUMBER   PAGE #

`3` `20` `3` `7` `5` `1`    `2` `6`

I-3016 (OSSh)

was in compliance with federal D.O.T. prior to the crash. Trooper Elliot advised that his findings would be attached to my investigative report once his investigation is completed.

On July 20, 2003, shortly after the crash occurred the following drivers were interviewed and their written witness statements have been attached to my investigative report. The following drivers are Mr. Shawn Miller, Miss Kristin Bybee, Mr. James R. Brimer, Mr. Paul C. Brown, Mr. Paul M. Trahan, Miss Lea Guidry and Mr. Ray Ronquillo III.

On July 20, 2003, shortly after the crash occurred, the following passengers and eyewitnesses were interviewed and their written witness statements has been attached to my investigative report. The passengers are Mr. Jason Bybee, Mr. Matthew Voelkel, Mr. Thomas J. Welborn (no written statement taken). The eyewitnesses are Dr. Ken S. LeBlanc, Mr. Gerald D. Valentine, Mr. Jeffery Hebert, Mr. Richard R. Reed, Mr. Noble Spear and Mr. Andrew Hebert.

On July 23, 2003, I, Tfc. Harold Williams traveled to Baton Rouge La. to interview Mr. Chad Dunn the driver of the Jeep Cherokee and his written witness statement has been attached to my investigative report. I interviewed Miss Lisa Guerra at Baton Rouge General Hospital and her witness statement has been attached to my investigative report. I also interviewed the mother of Mr. Jose Alfaro Jr. who was a passenger in vehicle #4. Mrs. Maria G. Marroquin advised that her son sustained critical injuries as a result of the crash. She stated that doctor advised that her Jose had 80 percent of his body burned in the crash. Mr. Alfaro was unable to be interviewed due to the nature of his injuries. I made several attempts to ascertain written or recorded statements from Mr. & Mrs. Guadalupe (driver & front seat passenger of vehicle #4), but each attempt was unsuccessful. On July 23, 2003, I spoke to Mrs. Kimberly Ronquillo. She advised that she could not remember anything that occurred prior to or after the crash.

On August 13, 2003, I, Tfc. Harold Williams received the scientific analysis report requested on the blood specimens taken from the blood of Mr. Wladyslaw Gorski, the driver of vehicle #1. Louisiana State Police Crime Laboratory, Lab Case #: sp-006308-03, advised that no ethyl alcohol was detected nor were any drugs detected in the blood specimens taken for analysis from the body of Mr. Wladyslaw Gorski. Laboratory results have been attached to my investigative report.

CODE A

INVESTIGATING OFFICER'S INITIALS _H.W._

STATE OF LOUISIANA
UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
ALTERNATIVE GRID

COMPUTER NUMBER    PAGE #



NORTH

I-10 EASTBOUND

DRAWN BY: ST.DAN.HUDSON

CODE A

STATE OF LOUISIANA
UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
ALTERNATIVE GRID

COMPUTER NUMBER     PAGE #
3 2 0 3 7 5 1 - 2 8

I 3016 (035th)



NORTH

I-10 EASTBOUND

DRAWN BY: ST. DAN HUDSON

CODE A

I-3016 (Osson)

COMPUTER NUMBER      PAGE #

3203751      29

| Point θ a point on the north edge of pavement at the # 66 seam | | N | S | E | W |
|---|---|---|---|---|---|
| Black Pontiac Grand Am RR | A | | 36.2 | | 430.0 |
| RL | B | | 31.2 | | 430.6 |
| FL | C | | 31.2 | | 414.5 |
| FR | D | | 35.8 | | 414.5 |
| Start of tire mark | E | | 15.4 | | 312.0 |
| Start of tire mark | F | | 21.7 | | 309.7 |
| End of tire mark | G | | 22.3 | | 288.9 |
| End of tire mark | H | | 15.4 | | 262.9 |
| White truck trailer RR | I | | 13.0 | | 270.4 |
| FR | J | | 10.1 | | 223.0 |
| White truck cab FR | K | | 8.3 | | 203.4 |
| Start of tire mark | L | | 14.7 | | 230.2 |
| End of tire mark | M | | 8.9 | | 151.3 |
| GMC Suburban FL | N | | 32.6 | | 156.2 |
| FR | O | | 26.5 | | 155.9 |
| RR | P | | 26.5 | | 140.2 |
| RL | Q | | 33.0 | | 140.5 |
| Blue paint on rail | R | | | | 104.7 |
| Maroon Van RR | S | | 24.5 | | 102.0 |
| RL | T | | 19.8 | | 100.0 |
| FL | U | | 29.2 | | 86.7 |
| FR | V | | 33.2 | | 89.8 |
| Green Honda FL | W | | 23.0 | | 47.0 |
| FR | X | | 18.4 | | 47.0 |
| RR | Y | | 18.8 | | 33.0 |

CODE A

COMPUTER NUMBER    PAGE #

3203751    30

| Point θ ( continued ) | | | | | | |
|---|---|---|---|---|---|---|
| Description of Point | | | N | S | E | W |
| White GMC Jimmy | RR | AA | | 34.2 | | 39.1 |
| | RL | BB | | 29.0 | | 38.0 |
| | FL | CC | | 31.2 | | 23.7 |
| | FR | DD | | 35.7 | | 24.5 |
| Toyota Sienna | RR | EE | | 37.1 | 21.3 | |
| | RL | FF | | 32.6 | 23.0 | |
| | FL | GG | | 31.9 | 36.0 | |
| | FR | HH | | 37.2 | 35.7 | |
| Toyota Sequoia | RR | II | | 37.9 | 36.9 | |
| | RL | JJ | | 32.9 | 37.3 | |
| | FL | KK | | 33.4 | 52.4 | |
| | FR | LL | | 39.4 | 52.4 | |
| Orange 18 whlr | RR Trailer | MM | | 8.9 | 32.3 | |
| | FR Cab | NN | | 5.8 | 105.1 | |
| Jeep Cherokee | RR | OO | | 2.3 | 120.6 | |
| | Front Center | PP | | 7.1 | 132.8 | |
| Pipe Trailer | RR | QQ | | 17.1 | 292.5 | |
| | FR | RR | | 12.4 | 337.1 | |
| | FL | SS | | 5.0 | 336.7 | |
| | | TT | | | | |
| | | UU | | | | |
| | | VV | | | | |
| | | W W | | | CODE A | |
| | | XX | | | | |
| | | YY | | | | |
| | | ZZ | | | | |



**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**ADDITIONAL OCCUPANT SUPPLEMENT**

COMPUTER NUMBER | PAGE #
3 2 0 3 7 5 1 - 3 2
I-3016 (BSmth)

---

**VEH #** 04 | **OCCUPANT'S NAME (LAST,FIRST,MI)** Guerra Cindy
POSITION / EJECTION / TRAN EXTRICATED / AIR BAG / OCC PROT SYS / SEX / RACE / AGE / INJURY: E A C D A F H 18 A
STREET ADDRESS: P.O. Box 481 Santa Vista Ave.
CITY: Santa Rosa STATE: Tx ZIP: 78593
TRANSPORTED TO MEDICAL FACILITY: A. YES C. UNKNOWN B. NO D. REFUSED AID — B
NAME OF FACILITY: Lafayette Parish Morgue

---

**VEH #** 04 | **OCCUPANT'S NAME (LAST,FIRST,MI)** Alfaro Jose Jr
POSITION / EJECTION / TRAN EXTRICATED / AIR BAG / OCC PROT SYS / SEX / RACE / AGE / INJURY: E A B D A M H 20 B
STREET ADDRESS: P.O. Box #61 2½ Mile Amigo
CITY: Santa Rosa STATE: Tx ZIP: 78593
TRANSPORTED TO MEDICAL FACILITY: A. YES C. UNKNOWN B. NO D. REFUSED AID — A
NAME OF FACILITY: Baton Rouge General

---

**VEH #** 04 | **OCCUPANT'S NAME (LAST,FIRST,MI)** Garza Jennifer M
POSITION / EJECTION / TRAN EXTRICATED / AIR BAG / OCC PROT SYS / SEX / RACE / AGE / INJURY: G A B D H F H 09 A
STREET ADDRESS: 301 8th St / P.O. Box 533641
CITY: LaFeria STATE: Tx ZIP: 78595
TRANSPORTED TO MEDICAL FACILITY: A. YES C. UNKNOWN B. NO D. REFUSED AID — B
NAME OF FACILITY: Lafayette Parish Morgue

---

**VEH #** 04 | **OCCUPANT'S NAME (LAST,FIRST,MI)** Guerra Lisa
POSITION / EJECTION / TRAN EXTRICATED / AIR BAG / OCC PROT SYS / SEX / RACE / AGE / INJURY: I B A D H F H 20 B
STREET ADDRESS: P.O. Box 481 Santa Vista Ave.
CITY: Santa Rosa STATE: Tx ZIP: 78593
TRANSPORTED TO MEDICAL FACILITY: A. YES C. UNKNOWN B. NO D. REFUSED AID — A
NAME OF FACILITY: Baton Rouge General

---

**VEH #** 05 | **OCCUPANT'S NAME (LAST,FIRST,MI)** Voelkel Matthew
POSITION / EJECTION / TRAN EXTRICATED / AIR BAG / OCC PROT SYS / SEX / RACE / AGE / INJURY: F A A D D M W 32 D
STREET ADDRESS: 2006 South Salcedo St.
CITY: New Orleans STATE: LA. ZIP: 70125
TRANSPORTED TO MEDICAL FACILITY: A. YES C. UNKNOWN B. NO D. REFUSED AID — D
NAME OF FACILITY:

---

**VEH #** 09 | **OCCUPANT'S NAME (LAST,FIRST,MI)** Ronquillo Zack
POSITION / EJECTION / TRAN EXTRICATED / AIR BAG / OCC PROT SYS / SEX / RACE / AGE / INJURY: E A A D D M W 05 D
STREET ADDRESS: 2600 Vulcan Dr.
CITY: Harvey STATE: LA ZIP: 70058
TRANSPORTED TO MEDICAL FACILITY: A. YES C. UNKNOWN B. NO D. REFUSED AID — D
NAME OF FACILITY:

---

**VEH #** 10 | **OCCUPANT'S NAME (LAST,FIRST,MI)** Dunn Melissa A
POSITION / EJECTION / TRAN EXTRICATED / AIR BAG / OCC PROT SYS / SEX / RACE / AGE / INJURY: D A C D W Z Z A
STREET ADDRESS: 352 Northwood Dr.
CITY: West Monroe STATE: LA ZIP: 71291
TRANSPORTED TO MEDICAL FACILITY: A. YES C. UNKNOWN B. NO D. REFUSED AID — B
NAME OF FACILITY: Lafayette Parish Morgue

---

**VEH #** | **OCCUPANT'S NAME (LAST,FIRST,MI)** N/A
STREET ADDRESS:
CITY: STATE: ZIP:
TRANSPORTED TO MEDICAL FACILITY: A. YES C. UNKNOWN B. NO D. REFUSED AID
NAME OF FACILITY:

DPSSP 3109

2/1.1

**VEHICLE NO.** `01`

**STATE OF LOUISIANA**
**UNIFORM TRUCK/BUS CRASH SUPPLEMENT**

**COMPUTER NUMBER** `3 2 0 3 7 5 1` - `3 3`   **PAGE #**

`I-3016 (855h)`

**WHEN TO USE THIS FORM: ANSWERS TO QUESTIONS BELOW DETERMINE USE.**
**DID THIS CRASH INVOLVE —**

1. A COMMERCIAL TRUCK WITH AT LEAST 2 AXLES, 6 TIRES OR HAZ MAT PLACARD?   [X] YES  [ ] NO

2. A BUS WITH SEATS FOR 16 OR MORE PERSONS, INCLUDING DRIVER?   [ ] YES  [X] NO

STOP. IF RESPONSE TO BOTH QUESTIONS IS "NO," DO NOT FILL OUT FORM. IF RESPONSE IS "YES" TO 1 OR 2, PROCEED TO QUESTION 3.

**DID THIS CRASH RESULT IN —**

3. PERSON(S) FATALLY INJURED?   [X] YES  [ ] NO

4. INJURED PERSON(S) TAKEN AWAY FOR MEDICAL ATTENTION?   [X] YES  [ ] NO

5. VEHICLE(S) TOWED DUE TO DAMAGE?   [X] YES  [ ] NO

STOP. IF RESPONSE TO 3,4, AND 5 IS "NO," DO NOT COMPLETE THIS FORM. IF RESPONSE IS "YES" TO 3, 4, OR 5, PLEASE COMPLETE THIS FORM.

## SCREENING INFORMATION

**NUMBER OF QUALIFYING VEHICLES INVOLVED:**
TRUCKS WITH 2 OR MORE AXLES, 6 OR MORE TIRES OR A HAZ MAT PLACARD   `0 3`

BUSES DESIGNED TO CARRY 16 OR MORE PERSONS   `0 0`

**NUMBER OF VEHICLES PROVIDED ASSISTANCE OR TOWED FROM SCENE DUE TO DAMAGE**   `0 8`

**NUMBER OF PERSONS:**
SUSTAINING FATAL INJURIES   `0 5`

TRANSPORTED FOR IMMEDIATE MEDICAL TREATMENT   `0 5`

**TOTAL NUMBER OF SUPPLEMENT FORMS REQUIRED**   `0 3`

## VEHICLE INFORMATION

`6` **VEHICLE CONFIGURATION**

| 1 BUS | 4 TRUCK / TRAILER | 7 TRACTOR/DOUBLES |
| 2 SINGLE UNIT TRUCK, 2 AXLES, 6 TIRES | 5 TRUCK/TRACTOR | 8 LOG TRUCK |
| 3 SINGLE UNIT TRUCK 3 OR MORE AXLES | 6 TRACTOR/SEMI-TRAILER | 9 OTHER HEAVY TRUCK |

`2` **CARGO BODY TYPE**

| 1 BUS | 4 FLATBED | 7 AUTO TRANSPORTER |
| 2 VAN/ENCLOSED BOX | 5 DUMP TRUCK | 8 LOG TRUCK |
| 3 CARGO TANK | 6 CONCRETE MIXER | 9 GARBAGE/REFUSE | 0 OTHER |

**GROSS VEHICLE WEIGHT RATING (GVWR)**

TRUCK, TRACTOR OR BUS   `0 0 4 0 0 0 0`

TRAILER OR TRAILERS TOTAL   `0 0 4 0 0 0 0`

**TOTAL NO. OF AXLES INCL. TRAILERS**   `0 5`

**TRANSPORTING HAZARDOUS MATERIALS?**   [ ] YES  [X] NO   CLASS [ ]   ID NO. [ ]

**HAZARDOUS MATERIAL RELEASED FROM CONTAINER?**   [ ] YES  [X] NO   CLASS [ ]   ID NO. [ ]

**DID THIS VEHICLE HAVE A HAZARDOUS MATERIAL PLACARD?**   [ ] YES  [X] NO   CLASS [ ]   ID NO. [ ]

## CARRIER INFORMATION

**SOURCE:**
1. SHIPPING PAPERS   3. DRIVER
2. VEHICLE SIDE   4. OTHER   `4`

NAME:   `A l l i e d  V a n  L i n e s  I n c`
STREET ADDRESS:   `5 0 0 1  U S  H w y  3 0  W e s t`
CITY:   `F o r t  W a y n e`   STATE `I N`  ZIP `4 6 8 1 8`
CARRIER PHONE NO.   `8 0 0 - 4 8 9 - 0 6 3 6`

**IDENTIFICATION NUMBERS:**   NONE = 0

## DRIVER INFORMATION

STATE NO. `U n k n o w n`   STATE [ ]

(LAST,FIRST,MI)   `W l a d y s l a w  G o r s k i`

US DOT `0 0 0 0 0 0 7 6 2 3 5`

SEE VEHICLE CRASH REPORT FOR ADDITIONAL DRIVER INFORMATION

ICC MC `0 0 0 0 0 0 1 5 7 3 5`

**SEQUENCE OF EVENTS (FOR THIS VEHICLE)**

EVENT #1 `J`   EVENT #2 `F`   EVENT #3 [ ]   EVENT #4 [ ]

A. RAN OFF ROAD
B. JACKKNIFED
C. OVERTURNED OR ROLLOVER
D. DOWNHILL RUNAWAY
E. CARGO LOSS OR SHIFT
F. EXPLOSION OR FIRE

G. SEPARATION OF UNITS
H. OTHER
**COLLISION INVOLVING**
I. PEDESTRIAN
J. MOTOR VEHICLE IN TRANSPORT
K. PARKED VEHICLE

L. TRAIN
M. PEDALCYCLE
N. ANIMAL
O. FIXED OBJECT
P. OTHER

**COMMENTS:**

CODE A

**INVESTIGATING OFFICER'S INITIALS** `H.W.`

VEHICLE NO. [0 3]

**STATE OF LOUISIANA**
**UNIFORM TRUCK/BUS CRASH SUPPLEMENT**

COMPUTER NUMBER [3 2 0 3 7 5 1] - PAGE # [3 4]

[I-3016 (OSSm)]

**WHEN TO USE THIS FORM:** ANSWERS TO QUESTIONS BELOW DETERMINE USE.
DID THIS CRASH INVOLVE —

1. A COMMERCIAL TRUCK WITH AT LEAST 2 AXLES, 6 TIRES OR HAZ MAT PLACARD? [X] YES [ ] NO

2. A BUS WITH SEATS FOR 16 OR MORE PERSONS, INCLUDING DRIVER? [ ] YES [X] NO

STOP. IF RESPONSE TO BOTH QUESTIONS IS "NO," DO NOT FILL OUT FORM. IF RESPONSE IS "YES" TO 1 OR 2, PROCEED TO QUESTION 3.

DID THIS CRASH RESULT IN —

3. PERSON(S) FATALLY INJURED? [X] YES [ ] NO

4. INJURED PERSON(S) TAKEN AWAY FOR MEDICAL ATTENTION? [X] YES [ ] NO

5. VEHICLE(S) TOWED DUE TO DAMAGE? [X] YES [ ] NO

STOP. IF RESPONSE TO 3,4, AND 5 IS "NO," DO NOT COMPLETE THIS FORM. IF RESPONSE IS "YES" TO 3, 4, OR 5, PLEASE COMPLETE THIS FORM.

## SCREENING INFORMATION

NUMBER OF QUALIFYING VEHICLES INVOLVED:
TRUCKS WITH 2 OR MORE AXLES, 6 OR MORE TIRES OR A HAZ MAT PLACARD [0 3]

BUSES DESIGNED TO CARRY 16 OR MORE PERSONS [0 0]

NUMBER OF VEHICLES PROVIDED ASSISTANCE OR TOWED FROM SCENE DUE TO DAMAGE [0 8]

NUMBER OF PERSONS:
SUSTAINING FATAL INJURIES [0 5]

TRANSPORTED FOR IMMEDIATE MEDICAL TREATMENT [0 5]

TOTAL NUMBER OF SUPPLEMENT FORMS REQUIRED [0 3]

## VEHICLE INFORMATION

[6] VEHICLE CONFIGURATION

1. BUS
2. SINGLE UNIT TRUCK, 2 AXLES, 6 TIRES
3. SINGLE UNIT TRUCK, 3 OR MORE AXLES
4. TRUCK/ TRAILER
5. TRUCK/TRACTOR
6. TRACTOR/SEMI-TRAILER
7. TRACTOR/DOUBLES
8. LOG TRUCK
9. OTHER HEAVY TRUCK

[2] CARGO BODY TYPE

1. BUS
2. VAN/ENCLOSED BOX
3. CARGO TANK
4. FLATBED
5. DUMP TRUCK
6. CONCRETE MIXER
7. AUTO TRANSPORTER
8. LOG TRUCK
9. GARBAGE/REFUSE
0. OTHER

GROSS VEHICLE WEIGHT RATING (GVWR)

TRUCK, TRACTOR OR BUS [0 0 4 0 0 0 0]

TRAILER OR TRAILERS TOTAL [0 0 4 0 0 0 0]

TOTAL NO. OF AXLES (INCL. TRAILERS) [0 5]

TRANSPORTING HAZARDOUS MATERIALS? [ ] YES [X] NO CLASS [ . ] ID NO. [ ]

HAZARDOUS MATERIAL RELEASED FROM CONTAINER? [ ] YES [X] NO CLASS [ . ] ID NO. [ ]

DID THIS VEHICLE HAVE A HAZARDOUS MATERIAL PLACARD? [ ] YES [X] NO CLASS [ . ] ID NO. [ ]

## CARRIER INFORMATION

NAME: [Gines Trucking Co Inc]

STREET ADDRESS: [POB 7085]

CITY: [High Point] STATE [N C] ZIP [2 7 2 6 4]

CARRIER PHONE NO.: [9 1 9 - 8 8 6 - 6 0 5 0]

SOURCE:
1. SHIPPING PAPERS   3. DRIVER
2. VEHICLE SIDE      4. OTHER   [3]

IDENTIFICATION NUMBERS: NONE = 0

STATE NO. [Unknown] STATE [ ]

## DRIVER INFORMATION

(LAST, FIRST, MI) [Brimer James R]

US DOT [0 0 0 0 0 8 7 0 1 4 9]

SEE VEHICLE CRASH REPORT FOR ADDITIONAL DRIVER INFORMATION

ICC MC [0 0 0 0 2 4 8 0 9 5]

### SEQUENCE OF EVENTS (FOR THIS VEHICLE)

EVENT #1 [1]   EVENT #2 [ ]   EVENT #3 [ ]   EVENT #4 [ ]

A. RAN OFF ROAD
B. JACKKNIFED
C. OVERTURNED OR ROLLOVER
D. DOWNHILL RUNAWAY
E. CARGO LOSS OR SHIFT
F. EXPLOSION OR FIRE

G. SEPARATION OF UNITS
H. OTHER
COLLISION INVOLVING
I. PEDESTRIAN
J. MOTOR VEHICLE IN TRANSPORT
K. PARKED VEHICLE

L. TRAIN
M. PEDALCYCLE
N. ANIMAL
O. FIXED OBJECT
P. OTHER

COMMENTS: CODE A

DPSSP 3109

INVESTIGATING OFFICER'S INITIALS [R.W.]

VEHICLE NO. [1/1]

## STATE OF LOUISIANA
### UNIFORM TRUCK/BUS CRASH SUPPLEMENT

COMPUTER NUMBER: `3 2 0 3 7 5 1` - `3 5`
PAGE #

`I - 3016 (BBm)`

**WHEN TO USE THIS FORM: ANSWERS TO QUESTIONS BELOW DETERMINE USE.**
**DID THIS CRASH INVOLVE —**

1. A COMMERCIAL TRUCK WITH AT LEAST 2 AXLES, 6 TIRES OR HAZ MAT PLACARD?   [X] YES  [ ] NO

2. A BUS WITH SEATS FOR 16 OR MORE PERSONS, INCLUDING DRIVER?   [ ] YES  [X] NO

STOP. IF RESPONSE TO BOTH QUESTIONS IS "NO," DO NOT FILL OUT FORM. IF RESPONSE IS "YES" TO 1 OR 2, PROCEED TO QUESTION 3.

**DID THIS CRASH RESULT IN —**

3. PERSON(S) FATALLY INJURED?   [X] YES  [ ] NO

4. INJURED PERSON(S) TAKEN AWAY FOR MEDICAL ATTENTION?   [X] YES  [ ] NO

5. VEHICLE(S) TOWED DUE TO DAMAGE?   [X] YES  [ ] NO

STOP. IF RESPONSE TO 3,4, AND 5 IS "NO," DO NOT COMPLETE THIS FORM. IF RESPONSE IS "YES" TO 3, 4, OR 5, PLEASE COMPLETE THIS FORM.

### SCREENING INFORMATION

NUMBER OF QUALIFYING VEHICLES INVOLVED:
TRUCKS WITH 2 OR MORE AXLES, 6 OR MORE TIRES OR A HAZ MAT PLACARD   `0 3`

BUSES DESIGNED TO CARRY 16 OR MORE PERSONS   `0 0`

NUMBER OF VEHICLES PROVIDED ASSISTANCE OR TOWED FROM SCENE DUE TO DAMAGE   `0 8`

NUMBER OF PERSONS:
SUSTAINING FATAL INJURIES   `0 5`

TRANSPORTED FOR IMMEDIATE MEDICAL TREATMENT   `0 5`

TOTAL NUMBER OF SUPPLEMENT FORMS REQUIRED   `0 3`

### VEHICLE INFORMATION

[6] **VEHICLE CONFIGURATION**

| | | |
|---|---|---|
| 1 BUS | 4 TRUCK/TRAILER | 7 TRACTOR/DOUBLES |
| 2 SINGLE UNIT TRUCK, 2 AXLES, 6 TIRES | 5 TRUCK/TRACTOR | 8 LOG TRUCK |
| 3 SINGLE UNIT TRUCK 3 OR MORE AXLES | 6 TRACTOR/SEMI-TRAILER | 9 OTHER HEAVY TRUCK |

[ ] **CARGO BODY TYPE**

| | | |
|---|---|---|
| 1 BUS | 4 FLATBED | 7 AUTO TRANSPORTER |
| 2 VAN/ENCLOSED BOX | 5 DUMP TRUCK | 8 LOG TRUCK |
| 3 CARGO TANK | 6 CONCRETE MIXER | 9 GARBAGE/REFUSE  OTHER |

**GROSS VEHICLE WEIGHT RATING (GVWR)**

TRUCK, TRACTOR OR BUS   `0 0 4 0 0 0 0`

TRAILER OR TRAILERS TOTAL   `0 0 3 0 0 0 0`

TOTAL NO. OF AXLES (INCL. TRAILERS)   `0 5`

TRANSPORTING HAZARDOUS MATERIALS?   [ ] YES  [X] NO   CLASS `_ _`   ID NO. `_ _`

HAZARDOUS MATERIAL RELEASED FROM CONTAINER?   [ ] YES  [X] NO   CLASS `_ _`   ID NO. `_ _`

DID THIS VEHICLE HAVE A HAZARDOUS MATERIAL PLACARD?   [ ] YES  [X] NO   CLASS `_ _`   ID NO. `_ _`

### CARRIER INFORMATION

NAME: `D y n a s t y   T r a n s p o r t a t i o n`   SOURCE: 1. SHIPPING PAPERS  3. DRIVER  2. VEHICLE SIDE  4. OTHER  `3`

STREET ADDRESS: `P O B   9 1 8 2 5`

CITY: `L a f a y e t t e`   STATE `L A`   ZIP `7 0 5 0 9`

CARRIER PHONE NO. `3 3 7 - 9 8 1 - 2 1 7 9`

IDENTIFICATION NUMBERS:   NONE = 0

STATE NO. `U n k n o w n`   STATE

### DRIVER INFORMATION

(LAST, FIRST, MI)
`B r o w n   P a u l   C`

US DOT `0 0 0 0 0 0 2 8 6 6 0 0`

SEE VEHICLE CRASH REPORT FOR ADDITIONAL DRIVER INFORMATION

ICC MC `0 0 0 0 0 1 9 4 7 0 5`

**SEQUENCE OF EVENTS (FOR THIS VEHICLE)**

EVENT #1 [1]   EVENT #2 [E]   EVENT #3   EVENT #4

A. RAN OFF ROAD
B. JACKKNIFED
C. OVERTURNED OR ROLLOVER
D. DOWNHILL RUNAWAY
E. CARGO LOSS OR SHIFT
F. EXPLOSION OR FIRE

G. SEPARATION OF UNITS
H. OTHER
COLLISION INVOLVING
I. PEDESTRIAN
J. MOTOR VEHICLE IN TRANSPORT
K. PARKED VEHICLE

L. TRAIN
M. PEDALCYCLE
N. ANIMAL
O. FIXED OBJECT
P. OTHER

COMMENTS: _____
CODE A

INVESTIGATING OFFICER'S INITIALS: _H.W._

*Computer Number — Pg.*
*3203751    36*

**Louisiana State Police Crime Laboratory**

Scientific Analysis Report    *I-3016 (D33m)*

Lab Case #: SP-006308-03

Agency Case #:

Case Officer: Harold Williams

Parish of Offense:    St Martin

**IMPORTANT**

**DISTRICT ATTORNEY'S COPY**

LSP - I
121 E. Pont des Mouton
Lafayette, LA 70507

References:
WLADYSLAW  GORSKI

**ANALYSIS REQUESTED**

Toxicology Drug Screen (General).  This examination was completed on 7/31/2003.

**EVIDENCE SUBMITTED**

On 7/23/2003 at  9:44 AM, Crime Lab Technician Marja Porteous received the following evidence from the LSP - I via Dane Laughlin:

Evidence Submission 0001:    One sealed blood alcohol kit containing two (2) vials of blood.

**RESULTS**

No drugs were detected in the specimen of blood labeled Wladyslaw Gorski.

Analysis Performed by:    Report Certified By:

*Jerry Harrison*    *Brian Wynne*

Jerry Harrison    Brian Wynne
Forensic Scientist    Director of Laboratory Services

R E C E I V E D

AUG 1 2 2003

LA STATE POLICE
TROOP I

CODE A

*Computer Number*  *Page*
*3203751*    *37*
*I-3016 Coss*

## IMPORTANT

**DISTRICT ATTORNEY'S COPY**

LSP - I
121 E. Pont des Mouton
Lafayette, LA 70507

### Louisiana State Police Crime Laboratory

Scientific Analysis Report

Lab Case #: SP-006308-03

Agency Case #:

Case Officer: Harold Williams

Parish of Offense:    St Martin
State Computer Number:

References:
WLADYSLAW GORSKI

**ANALYSIS REQUESTED**

Blood Alcohol Analysis. This examination was completed on 7/30/2003.

**EVIDENCE SUBMITTED**

On 7/23/2003 at 9:44 AM, Crime Lab Technician Marja Porteous received the following evidence from the LSP - I via Dane Laughlin:

Evidence Submission 0001:    One sealed blood alcohol kit containing two (2) vials of blood.

**RESULTS**

Subject: WLADYSLAW GORSKI                    Blood Alcohol Result: No ethyl alcohol detected.

Driver's License #: G620880553320(FL)

The requested toxicological analysis is pending.

Analysis of this specimen was performed in accordance with the Rules and Regulations for Blood Alcohol Testing as approved by the Louisiana Department of Public Safety and Corrections utilizing a Hewlett-Packard Gas Chromatograph, Model 5890 Series II, Serial no. 2821 A 24058.

Analysis Performed by:                    Report Certified By:

_John Ricca_                              _Brian Lefone_  CODE A

John Ricca Jr.                            Brian Wynne
Forensic Scientist                        Director of Laboratory Services

R E C E I V E D

AUG 1 2 2003

LA STATE POLICE
TROOP I

P.O. Box 66614, Baton Rouge, Louisiana, 70896-6614
Phone (225) 925-6216  Fax (225) 925-6217

STATE OF LOUISIANA
UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
DRIVER/WITNESS VOLUNTARY STATEMENT

COMPUTER NUMBER    PAGE #
3 2 0 3 7 5 7 - 3 8
I-3016 (B.5m)

DATE 7-20-03        TIME 7:05 PLACE I-10 East Mile Marker 123

I, Jeffery Hebert                    AM 23         YEARS OF AGE,

MY ADDRESS IS 210-23 W. Pont Des Mouton

AND MY TELEPHONE NUMBER IS (337) 237 -5263

At approximately 5:20 P.M. on Interset 10 Mile
Market 123 I was in the Gerald's Towing and
Recovery Truck loading a vehicle when traffic
was coming to a stop because of an accident already
accident that happened up ahead and
the Allied Van Line 18 wheeler was
coming at a great amount of speed when
he hit the black car. Then he kept on
swivering into the opposite lane where
he hit the white truck and it caught
fire instantly. Then he hit several
other vehicles before coming to a stop.

CODE
A

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT
ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH

SIGNED: Jeff Hebert

OFFICER TAKING STATEMENT: Tfc. Herald Williams

SIGNATURE: Tfc. Herald Williams

INVESTIGATING OFFICER'S INITIALS ___

DPSSP 3111

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**DRIVER/WITNESS VOLUNTARY STATEMENT**

COMPUTER NUMBER   PAGE #
3 2 0 3 7 5 1 - 3 9
I-3016 (03m)

DATE _July 20_ TIME _6pm_ PLACE _123 Mile Marker I-10 East_

I, _Dr. Ken S. LeBlanc_ AM _48_ YEARS OF AGE,

MY ADDRESS IS _100 Lakewood Dr. Lafayette LA 70503_

AND MY TELEPHONE NUMBER IS (_337_) _237_ – _9209 (h)_ 337 406 ~ 9994(0

I was traveling East (to B.R.) on I-10. at approx 5:30 pm at the 123 mile Marker I noticed the traffic stopped in Both E. bound lanes, I was about 1/4 mile behind when the Orange Allied Van 18 wheeler passed me on my left. I was traveling approx. 60 when the Van passed me on my left at at least 10 mph faster than me. The next thing I saw was the Orange Allied Van plow into the rear of the stopped traffic. I saw a white SUV fly up in the air and burst into flames, then another 2-3 vehicles seemed to explode all at the same time. It appeared that the Allied Van was still traveling at a fair rate of speed when he hit due to the significant "Domino" effect that I saw. My 2 daughters were afraid to let me go try to help the injured due to the missing fire. I was the 1st vehicle behind the accident, 2-3 seconds faster I would have been in it. In my opinion, the entire accident was caused by the Allied Van line (Orange) 18 wheeler. He failed to slow down.

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH

SIGNED: _Ken LeBlanc M_   CODE A

OFFICER TAKING STATEMENT: _Tr. Harold Williams_

SIGNATURE: _Tr. Harold Williams DWD_

INVESTIGATING OFFICER'S INITIALS _H. W._

STATE OF LOUISIANA
UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
DRIVER/WITNESS VOLUNTARY STATEMENT

COMPUTER NUMBER    PAGE #
3 2 0 3 7 5 7 - 4 0
I-3016 (35m)

DATE _July 20_    TIME _6:40_ PLACE _127 mile East I 10_
I, _Dr Emile Stam_    AM _48_ YEARS OF AGE,
MY ADDRESS IS _100 Lakewood Dr, Lafayette LA 70507_
AND MY TELEPHONE NUMBER IS _(337) 277 - 9209_ .

Stalled Traffic
↑ East
↑
↑
↑
west
Allied
Van
gnshcoh
Mc 5:30-5:35

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT
ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH

SIGNED: _____

OFFICER TAKING STATEMENT: _Tfc. Harold Williams_

SIGNATURE: _Tfc. Harold Williams DPS_

INVESTIGATING OFFICER'S INITIALS _H.W._

DPSSP 3111

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**DRIVER/WITNESS VOLUNTARY STATEMENT**

COMPUTER NUMBER 3 2 0 8 7 5 1 - PAGE # 4/
I-3011o(0501) I 10

DATE 7/20/03    TIME 6:30 PM    PLACE Mile MKR 123 E Bound

I, Gerald D. Valentine    AM 54    YEARS OF AGE,

MY ADDRESS IS P.O. BOX 1937 Crystal Beach, TX 77650

AND MY TELEPHONE NUMBER IS (409) 684 - 0089 .

At approximately 5:15 PM I was on I10 1 mile East of Butte LaRose, La on the east bound side at mile marker 123 broke down in my 92 Jeep Cherokee. A wrecker was loading up my Jeep on the shoulder of Atchafalaya Bridge when traffic was at a standstill due to a wreck earlier up ahead. All of a sudden a Allied Van Line 18 wheeler came blowing by us at a very high rate of speed. The driver did not even seem to slow until he was right on top of the dead still traffic. The 18 wheel wheeler careened off of another 18 wheeler, then smashed into a white Suburban, then kept smashing cars for a long distance. The Suburban and other vehicles caught fire immediately causing deaths and severe casualties.

CODE A

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT
ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH

SIGNED: Herald D. Gerry Valentine

OFFICER TAKING STATEMENT: Tfc. Harold Williams

SIGNATURE: Tfc. Harold Williams 1740

INVESTIGATING OFFICER'S INITIALS H.W.

STATE OF LOUISIANA
UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
DRIVER/WITNESS VOLUNTARY STATEMENT

COMPUTER NUMBER     PAGE #
3 2 0 3 7 5 1 - 9 2

I-3016 (355h)

DATE _07-20-03_    TIME _6:50_ PLACE _I-10 Eastbound Milepost 127_

I, _Shawn Miller_    AM _30_    YEARS OF AGE,

MY ADDRESS IS _16223 Bristoe Ave #C  Baton Rouge, LA. 70816_

AND MY TELEPHONE NUMBER IS (_225_)-_754_ - _7637_
                          _225 - 892 - 7665_

Traffic came to a stand still on
Atchafalaya swap freeway bridge. I was in the
right hand lane next to an 18 wheeler.
I looked in rearview mirror + saw an Orange
Allied 16 wheeler coming right behind me very
fast. I knew it was not going to stop so I
started to pull off the road to the side.
The 18 wheeler hit me. + kept going + I saw
it hit a white vehicle + kept going. Then it
blew up + couldn't see anything else.

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT
ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH

SIGNED: _Shawn Miller_

OFFICER TAKING STATEMENT: _Tfc. Harold L Williams_

SIGNATURE: _Tfc. Harold L Williams 1746_

INVESTIGATING OFFICER'S INITIALS _HLW_

DPSSP 3111

STATE OF LOUISIANA
UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
DRIVER/WITNESS VOLUNTARY STATEMENT

COMPUTER NUMBER     PAGE #
3 2 0 8 7 5 1 - 4 3
I-3016(0854)

DATE _07-23-03_   TIME_0820hrs_ PLACE _Baton Rouge General Hospital_

I, _Lisa M. Guerra_   AM _20_ YEARS OF AGE,

MY ADDRESS IS _P.O. Box 481, Santa Rosa, Tx. 78593_

AND MY TELEPHONE NUMBER IS ( _956_ ) _636 - 1383_ .

On July 20, 2003, my family and I were traveling on I-10 east in the outside lane. We approached slow moving traffic and my father also slowed down. There were several moving vehicles ahead of us who slowed down for unknown reasons. Suddenly our van was struck from the rear and I was thrown out onto the road. When I looked back our van was on fire and started to move back to avoid the flames.

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT
ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH

SIGNED: _Injured_

OFFICER TAKING STATEMENT: _Tfc. Herald Williams_

SIGNATURE: _Tfc. Herald Williams 1340_

_HW_

STATE OF LOUISIANA
UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
DRIVER/WITNESS VOLUNTARY STATEMENT

COMPUTER NUMBER: 3 2 0 3 7 5 1 - 4 4
PAGE #: 4 4
I - 3016 (mmm)

DATE 7/20/03    TIME 6:00 PM    PLACE I 10

I, Matthew Voeltel    AM 32    YEARS OF AGE,

MY ADDRESS IS 2006 S. Salcedo St

AND MY TELEPHONE NUMBER IS (504) ___ - 7408 .

I was a passenger in a Van going east on I 10 we slowed for an accident in front of us and then I heard tires lock up and we were hit by a white Van that was hit by a semi truck then we got out and saw a woman on fire!!!

CODE A

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT
ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH

SIGNED: _____

OFFICER TAKING STATEMENT: Tr. Harold Williams

SIGNATURE: Tr. Harold Williams 1240

INVESTIGATING OFFICER'S INITIALS: H-W

DPSSP 3111

STATE OF LOUISIANA
UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
DRIVER/WITNESS VOLUNTARY STATEMENT

COMPUTER NUMBER    PAGE #
3 2 6 3 7 5 / - 45
I-3016(135m)

DATE 7/20/03    TIME 6:30 PLACE LA MP 123 I-10 E
I, James Robby Brimer    AM    28    YEARS OF AGE,
MY ADDRESS IS 2801 White Ln Archdale, NC 27263
AND MY TELEPHONE NUMBER IS (336) 434 - 1783    cell # (336) 688-13:

I, Rob Brimer, come around curve 1.5 miles b/4 accident
and seen traffic was stopped. I turned on my 4 way
flashers to warn traffic + slowed to a stop.
I looked in my mirror and saw Allied transfer
in Right lane change to left lane, the lane I was in,
and then change back to the Right lane to avoid hitting
my rear. In doing so the Allied transfer clipped my
trailer, on the right side, then hit the truck
on right lane, causing it to burst into flames.
Then the Allied truck slid into left rail on bridge
and came to a stop. At that time I tried to
help as much as I could.

_____Passenger #1    Thomas J Wilborn
_____5529 Greywood Dr 135°
_____Greensboro NC 27406
_____336-676-7713  336-327-6152
_____DOB 04/29/58

CODE
A

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT
ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH

SIGNED: James R Brimer

OFFICER TAKING STATEMENT: Tfc Harold Williams

SIGNATURE: Tfc Harold Williams 1745

INVESTIGATING OFFICER'S INITIALS HW

STATE OF LOUISIANA
UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
DRIVER/WITNESS VOLUNTARY STATEMENT

COMPUTER NUMBER    PAGE #

3 2 0 3 7 5 1 - 9 6

I-3016(003n)

DATE 7-20-03  TIME 6:10 PLACE I-10 Pass Henderson Ly

I, _Jason Rybee_ AM _30_ YEARS OF AGE,

MY ADDRESS IS _554 Brooklyn_

AND MY TELEPHONE NUMBER IS (504) 701 - 4409 .

I was the passenger in the front driverside
my wife Kristin yelled hold on and I looked in the
passenger side mirror to see the orange Allied Truck
hit the white truck behind us and swerve into
the left hand lane. After the initial crash
we sat for a few moments in shock from the impact
until matt said that girl is on fire, I wrapped
a shirt and jumped out of the van and proceeded
to beat the flames out on the little girl who was
running down the road, then checked that
my wife and friend where ok and moved
back up the road when the allied truck
started to let of explosions

CODE
A

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT
ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH

SIGNED: _____

OFFICER TAKING STATEMENT: _Tfc Harold Williams_

SIGNATURE: _Tfc Harold Williams  DPS_

INVESTIGATING OFFICER'S INITIALS _H.W._

DPSSP 3111

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**DRIVER/WITNESS VOLUNTARY STATEMENT**

COMPUTER NUMBER | PAGE #
3 2 0 3 7 5 7 - 8 7
I-3016 (BBM)

DATE 7/10/03    TIME 6:05    PLACE I-10 past Henderson

I, Kristin Bybee    AM 33    YEARS OF AGE,

MY ADDRESS IS 554 Brooklyn Ave Jefferson, LA 70171

AND MY TELEPHONE NUMBER IS (504) 251-6473 .

I was driving and saw a tow truck on the r.h. side of the hwy & it looked like there were cars stopped in the road up ahead about 100 ft. or so, so I immediately slowed down and got in the r.h. lane. I think we came to a stop and all of a sudden we heard crashing behind us and I looked in the mirror and saw the orange Allied truck plowing through and debris flying and next thing I know we were hit from behind. When we were able to get out, we saw the lady on fire behind us from the white van.

CODE
A

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT
ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH

SIGNED: Kristin Bybee

OFFICER TAKING STATEMENT: Tfc. Harold Williams 1340

SIGNATURE: Tfc. Harold Williams

INVESTIGATING OFFICER'S INITIALS 8/62

STATE OF LOUISIANA
UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
DRIVER/WITNESS VOLUNTARY STATEMENT

COMPUTER NUMBER   PAGE #
3 2 0 3 7 5 1 - 4 8
I-3016 (033th)

DATE  7-23-2003   TIME 1230  PLACE  DENHA  SPRINGS LA

I,  CHAD A DUNN  AM  29  YEARS OF AGE,

MY ADDRESS IS  2454 SHERRY ST  D.S, LA 70726

AND MY TELEPHONE NUMBER IS (225) 664 - 5317 .

On I-10 the last town I remember was Breau Bridge.
I remember a sign "Landry's" & though about a place
for all of us to eat. I remember approaching the bridge
but don't recall being stopped. The next thing I
remember was I was walking around and a couple of
paramedics asked me "what I was doing." I don't remember
the timing but I remember going to the emergency room. They
wheeled me into the emergency dept, examined me &
had a brain CT & chest X-ray. I do remember that
melissa was asleep on the back seat & karla was
in the front passenger seat asleep. They both had
their seat belt on.

CODE
A

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT
ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH

SIGNED:

OFFICER TAKING STATEMENT:  Tfc Harold Williams

SIGNATURE:  Tfc Harold Williams

INVESTIGATING OFFICER'S INITIALS  H.W.

DPSSP 3111

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**DRIVER/WITNESS VOLUNTARY STATEMENT**

COMPUTER NUMBER: 3 2 0 3 7 5 V - 89    PAGE #

I-3016(05m)

DATE 7-20-03   TIME 8:35   PLACE I-10 East Bnd Mile 12

I, Paul C Brown   AM 28   YEARS OF AGE,

MY ADDRESS IS 1208 W Circle Drive Vidor TX 77662

AND MY TELEPHONE NUMBER IS (409) 786 - 4308
Cell 409-790-0689

I was traveling eastbound I-10 at mile mkr 123
slowing to traffic congestion because of an accident
ahead merging traffic was to a stop & go crawl
I was hit from the Rear of my vehicle. I got out
Saw flames then tried to call for help.

CODE
A

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT
ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH

SIGNED: Paul C Brown

OFFICER TAKING STATEMENT: Tr. Harold Williams

SIGNATURE: Tr. Harold Williams

2/6/

STATE OF LOUISIANA
UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
DRIVER/WITNESS VOLUNTARY STATEMENT

COMPUTER NUMBER | PAGE #

3 2 0 3 7 5 1 - 5 0

I-3016(050A)

DATE _7/20/03_ TIME 6:27 PLACE _I-10 east At Atchafalaya Bridge_

I, _Lea Guidry_ AM _24_ YEARS OF AGE,

MY ADDRESS IS _5865 Castile Ave. Baton Rouge, LA 70806_

AND MY TELEPHONE NUMBER IS (225) 281 - 5686 .

was driving down I-10 and saw that
the traffic ahead on the bridge was
stopped. I slowed and got in the right
hand lane and came to a complete
stop. I looked in my rearview and
saw the orange eighteen wheeler coming
very fast and he plowed through
all of us who were stopped. My car
spun and all I could see was flying
glass, smoke & fire. I got out of my car
and saw a young girl on fire. People put
her out and carried her away.
I don't know what else happened.

CODE
A

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT
ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH

SIGNED: _Lea Guidry_

OFFICER TAKING STATEMENT: _Tr. Harold Williams_

SIGNATURE: _Tr. Harold Williams 1340_

INVESTIGATING OFFICER'S INITIALS _H.W._

DPSSP 3111

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**DRIVER/WITNESS VOLUNTARY STATEMENT**

COMPUTER NUMBER  3 2 0 3 7 5 1 - 5 1
PAGE #
T-3016 (0804)

DATE 7-20      TIME 5:45 PLACE Milepost 123 I-10 Eastbond

I, Ray Ronquillt II        AM   36      YEARS OF AGE,

MY ADDRESS IS 2600 Vulcan St. Harvey, LA. 70058.

AND MY TELEPHONE NUMBER IS (504) 366 - 8647

504 368 - 3551

504 - 628 - 7700 - cell

Traffic was slowing in front of us. I looked
back & my wife was slowing down behind
me. I figured everything would be fine, because
cars were slowing down on both sides. Out
of no where I see smoke & particals
flying everywhere. I held on tight & was
hit out of the left lane across the right
lane, with a lot of force we were
thrown into the gaurd rail. A big orange 18
wheeler was on fire next to us & exploding. I rush
to my two kids & we crawled out the back of th
sequoia we were in. I took my two kids to get m
wife who was driving the sienna van behind us. She didn't
seem to be conscious, she was bleeding pretty
bad & at that time I carried her out of van to
the police car. The only thing I could get out my
wife was she kept asking was she going to live from back

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT w.f.

ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH h.)

he

SIGNED:

OFFICER TAKING STATEMENT: Tr. Harold Williams

SIGNATURE: Tr. Harold Williams Trus

INVESTIGATING OFFICER'S INITIALS

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**DRIVER/WITNESS VOLUNTARY STATEMENT**

COMPUTER NUMBER: 3 2 0 3 7 5 1   PAGE #: 5 2

I-3016(BSTM)

DATE _7/20/03_   TIME _0800_ PLACE _ATCH. BASIN BRIDGE_

I, _PAUL M. TRAHAN_   AM   _50_   YEARS OF AGE,

MY ADDRESS IS _746 FAWN LAKE BATON ROUGE, LA 70816_

AND MY TELEPHONE NUMBER IS _(225) 274-9164 (HOME)_
_225 932-8718 (OFFICE)_

_WHILE TRAVELING EAST BOUND ON I-10 ATCH BASIN_
_BRIDGE I WAS IN RIGHT LANE SLOWING_
_DOWN DUE TO STALLED TRAFFIC. I MAY HAVE_
_BEEN GOING ABOUT 10 MILES AN HOUR_
_WHEN I HEARD A COLLISION THEN FELT_
_MYSELF BEING HIT FROM REAR. WENT_
_TO RIGHT AND STOPPED SAW ORANGE_
_BLUR GOING BY. STOPPED MY VEHICLE._
_ASSISTED PUTTING GIRL OUT THAT WAS_
_ON FIRE AND ASSISTED WHERE I_
_COULD_

CODE A

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT
ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH

SIGNED: _Paul M. Trahan_

OFFICER TAKING STATEMENT: _Tfc. Harold Williams_

SIGNATURE: _Tfc. Harold Williams_ 1245

INVESTIGATING OFFICER'S INITIALS _HW_

DPSSP 3111

Jul 28 03 08:39a     Bohn Bros Toyota          5043717018     Computer Number
3203751     Png: S:
I-3016 (OSFom)





# Fax Blast

DATE: 7-28-03 _____     TIME: _____

TO: _Trooper Harold Williams Sr._

FROM: _Ray Ronquillo (504) 628-7700_

FAX BACK # _____

---

| | | | |
|---|---|---|---|
| SALES HOURS: | 8:30am - 9:00pm | MON - SAT. | |
| SERVICE HOURS: | 7:00am - 7:00pm | MON - FRI. | Saturday: 8am - 5pm |
| PARTS HOURS: | 7:00am - 7:00pm | MON - FRI. | Saturday: 8am - 5pm |

# TOYOTA
## BOHN BROTHERS
**3611 LAPALCO Blvd**
**HARVEY, LA. 70058**



(504) 341-3300
(504) 371-7055  FAX
800-348-8180   TOLL FREE

WWW.BOHNBROSTOYOTA.COM

Jul 28 03 08:39a     Bohn Bros Toyota                5043717018     *Computer Number-Page*
                                                                 *3203751    54*
                                                                 *I-3016(058m)*

Sunday, July 20th 2003

Approximately 5:00 P.M., my wife and I were coming from my in-laws, who, reside in

Eunice, La... We stopped off in Breaux Bridge, La., to get gasoline and refreshments.

That was the last thing that my wife remembers. My wife was following me in our 2001

Toyota Sienna minivan. I was in front of her in a 2003 Toyota Sequoia. I had my 2

children, in my vehicle. My 5-year-old son Zack was in the 2nd row middle seat. My

8 year old, Ray was in the 3rd row passenger seat. Per the newspaper, approximately

at the 123rd mile marker, I noticed traffic slowing in front of us. Traffic backed up on the

right hand side first. The traffic was going about 3 to 5 miles per hour. Approximately 10

cars deeper than the left hand lane. With my wife following me, it seemed like we were

going in to this hole in the left hand lane. I was traveling about 3 to 5 miles per hour.

Looking in my review mirror, I saw my wife slowing down behind me, and a utility

vehicle behind her slowing down. It looked as if everything was ok. All of the sudden,

out of no where, I saw through my review mirror an 18 wheeler in our lane coming right

for us. As soon as I saw this truck, I had no time to react. He came from nowhere.

It seemed like a tornado coming from behind me. Debris and parts of vehicles flying

towards us. I knew then what was going to happen. In a matter of seconds we were

struck . When I looked up, there was a car in front of us on fire, and a big mack truck on

fire. There was so much fire, I could not even be sure that we were not on fire. It was

extremely hot. Every window on the driver side of the Sequoia was busted out. Every

window on the passenger side was still intact. Therefore, the fire was creating an oven

in the cabin of the Sequoia. The first thing that came to my attention, was my 5 year old

crying. I immediately addressed him to see if he was ok. Glass was all over him. My 8

year old son came from the 3rd row of seats and came in to the 2nd row seat and asked

Jul 28 03 08:39a     Bohn Bros Toyota          5043717018

Computer Number Page
3203751    55

I-3016(058m)

me if we were going to live. The passenger side was pinned against the guardrail. To the

driver side was the basin, and to the passenger side was fire. We were able to escape

through the rear window. It was already busted out. While we were climbing through the

rear window, both my sons asked me if we were going to live. I kept assuring them we

were ok. Just then, a huge explosion erupted. It was very loud and hot. We had to climb

over two seats to get out of the back. The first thing that came to mind after we got free

from the Sequoia, was my wife's condition. Her vehicle was right behind mine. It was

not pinned up against the rail. We had a little room to walk between her vehicle and the

railing. I could tell her vehicle was hit extremely hard. I could not see her in the vehicle

from where I was standing. I was holding my children's hands at this time. I did not want

to go in the vehicle with my kids watching. Assuming the worst, I moved my kids behind

the Sienna. There was no fire there. There were still explosions going off. I

put them there for protection from debris. At that time, I was concerned about my

vehicle blowing up and catching the sienna on fire. My children were still very scared for

their life. I could not leave them alone until they were calmed. I did not want them to go

in the van. I still had assumed the worst for my wife. It did not take me more than a

minute to calm them down I pointed out a lady within spitting distance, that was bleeding

very badly, her body was burned. I told my children they had a lot to be thankful for.

Then I asked them to say a prayer regarding that we had a lot to be thankful for. I told

my 8 year old to stay with my 5 year old and hold his hand. I told them to pray. I then

went to get my wife. Assuming the worst, I tried to open the passenger side sliding door.

At first, the door would not open. Seconds later it opened up half way. I could see my

wife sitting in the second row passenger seat. She was awake but pretty much out of it.

CODE A

*Computer Number Page*
*3203751     56*
*I-3016(085ju)*

She kept asking me if she was going to live and what happened. That is all she would ask.

As soon as I was through telling her what happened, she would then ask the questions

again, and again. She could not remember me telling her. I asked her if she was ok and if

she hurt anywhere. I could see blood and minor cuts all over her. When I asked her if she

was hurt, she said her back, her head, and her stomach hurt. At that time, I picked her up

and carried her to the back of the van, where my children were, so that we could all be

together. We were just waiting behind her van for some type of help. There was a vehicle

behind us engulfed in flames. The mack-truck was engulfed in flame to the left front of

us. We were then surrounded by fire. To the left of us were a woman and a man burned

and bleeding really bad. They had almost no clothes remaining on them. We just sat their

waiting for help. The first person that came to our aide was a Caucasian male, in his mid

40's. He came up to us to see if we were ok. Shortly after that, a police officer came from

around the burning vehicle behind us and asked if we were ok. I told him that me and my

two kids seemed to be ok. I then told him that my wife could not walk. At that time, I put

her on my back and grabbed both of my kids by the hands. We then followed the state

trooper around the burning vehicle, to get away from the fire. I asked the trooper if

I could put my wife in his squad car. I then preceded about 30 to 50 yards to his car.

I put my wife in the front driver's seat. In the back seat was a woman who was pretty

banged up and crying. The only thing that my wife kept asking me was if she was alright

and if she was going to live. She continued to ask these questions. She could not

remember what I was telling her. The more she kept asking those questions,

my children began to ask as well. I got my children away from her and waited with

them against the guard rail. There were helicopters flying overhead. It seemed like six or

CODE
A

Jul 28 03 08:39a     Bohn Bros Toyota         5043717018     Computer Number *Pg.
3203751     5;
I-3016 (B5Sm)

seven fire trucks came through. An ambulance came for my wife. They strapped her

down in a stretcher. . At that time I was concentrating on my kids. I had not thought

about how we were going to get to the hospital to meet up with my wife. Shortly after

that, a paramedic came and asked me if I was ok. I told them my kids seem to be fine but

my left part of my chest hurt and my shoulder hurt as well. The paramedic wanted me to

go to the hospital. I told her I would not go unless my kids came along with me. She said

that they would come along. They strapped me to a stretcher and luckily put me in the

same ambulance as my wife. My 5 year old sat in the back of the ambulance and my 8

year old sat in the front of the ambulance.

CODE
A

STATE OF LOUISIANA
UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
DRIVER/WITNESS VOLUNTARY STATEMENT

COMPUTER NUMBER     PAGE #

| 3 | 2 | 0 | 3 | 7 | 5 | 1 | - | 5 | B |

I-3016 (033pm)

DATE 07/20/03     TIME 5:30 PM  PLACE I-10 Between Lafayette & Baton E.

I, Richard R. Reed _____ AM ___ 38 _____ YEARS OF AGE,

MY ADDRESS IS 2163 Pinehurst Drive, LaPlace LA 70068

AND MY TELEPHONE NUMBER IS (985) 653 – 8204 _____.

While driving east on I-10 Traffic began to slow in front
of me. I was in the right hand lane. As I slowed down
I, at first, heard behind me a crash, I quickly looked
in my outside mirror and saw a large semi-tractor trailer
on fire coming up on my left, I moved over to the
right as far a I could and kept moving. Traffic seemed
to stop - but then the semi-truck and fire started moving
forward again - the way in front of me opened up and
we "hit the gas" and moved forward as much as possible.
Once in the relative clear I got out of my vehicle to
run back to the wreck to see if I could help. Three
other men did also. The fire at the back of the front
tractor-trailer and the car that I now see smashed into
it was raging. Explosions were going off (some one later
told me it was tires popping. One man (later I learned was Chad
Dunn) was climbing out of the window. He staggered past
us. One of the three men got a fire extinguisher on the
car in the back of the semi-truck - but did very little. I
ran back to my vehicle a got my small fire extinguisher but

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT
ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH

CODE A

SIGNED: _____

OFFICER TAKING STATEMENT: Sgt Jon Fusilier 158

SIGNATURE: _____

INVESTIGATING OFFICER'S INITIALS __ JW

DPSSP 3111

STATE OF LOUISIANA
UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
DRIVER/WITNESS VOLUNTARY STATEMENT

COMPUTER NUMBER    PAGE #

3 2 0 3 7 5 1 - 5 9

I-3016(0750)

DATE 7-19-2003  TIME 5:30 PLACE I-10

I, Noble Spear _____ AM 27 _____ YEARS OF AGE,

MY ADDRESS IS 1231 Millcrest Walk  Conyers, GA 30012

AND MY TELEPHONE NUMBER IS ( 770 ) 602 - 1358 .

While driving in the right lane on the bridge the
blue Jeep Cherokee was hit from behind by an 18
wheeler and pined the Cherokee into the back of
another 18 Wheeler. The Cherokee instantly burst
into flames. We got out of the way and stopped
to help. They had already pulled a man out of
the Cherokee, but we couldn't pull the lady out
because she was trapped in the burning wreck. We
stayed to see if we could help at all but the flame
were too hot and there were many explosions.

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT
ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH

CODE
A

SIGNED: Noble Spear

OFFICER TAKING STATEMENT: Tfc. Harold Williams

SIGNATURE: Tfc. Harold Williams

INVESTIGATING OFFICER'S INITIALS 8/6

STATE OF LOUISIANA
UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
DRIVER/WITNESS VOLUNTARY STATEMENT

COMPUTER NUMBER        PAGE #
3 2 0 3 7 5 1 - 6 0
I-306 (O₂ton)

DATE 7/20/03    TIME 545 ᴾᴹ PLACE I-10 Bridge (East)
I, Andrew Hebert    AM 28 YEARS OF AGE,
MY ADDRESS IS 10554 Oak Bend DR. Baton Rouge, LA 70809
AND MY TELEPHONE NUMBER IS (225) 806 - 9301.

Cars were stoped, I was in right lane next
to ~~the first~~ truck. Happened so quickly, but
it looks like the car was stopped behind a 18
wheeler and another 18 wheeler was coming to fast
and hit the car and crashed it between both
18 wheelers. I got out the way with my veh. &
and ran to the second truck, the driver was
burning but I couldn't get close enough to
help because the flames were so hot I
ran to the other side and the "Jeep" was
on fire. I grabbed a fire ext. and put
out most of the flames on the "Jeep".
The passanger was on fire and looked to be
trapped so I jumped to the driver and pulled
him out and that is all we, I could do.

THE ABOVE STATEMENT, TO THE BEST OF MY KNOWLEDGE, IS A TRUE AND CORRECT
ACCOUNT OF MY RECOLLECTION IN THE ABOVE DESCRIBED MOTOR VEHICLE CRASH

CODE
A

SIGNED: _____

OFFICER TAKING STATEMENT: Tfc. Harold Williams

SIGNATURE: Tfc. Harold Williams 1240

INVESTIGATING OFFICER'S INITIALS: H.W.

DPSSP 3111

Computer Number
3203751

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**

*2988372*

I3016(084)1 PAGE 1

| TOTAL NUMBER OF VEHICLES INVOLVED | 0 1 |
|---|---|

LAT. 30.35303
LONG. 91.68199

DATE OF CRASH: 0 7 2 0 2 0 0 3    TIME (0000): 1 7 3 2    DISTRICT/ZONE: [blank]    TROOP: A

IN PARISH OF: ST MARTIN    PARISH CODE: 5 1 0

ON PRIMARY ROADWAY: I-10 EAST

MILEPOST: 1 2 4 . 3    CITY OR TOWN: [blank]

DISTANCE: 0 0 0 3 . 1    MILES ☒ FEET ☐    NE ☐ / SW ☐ W    STREET/HIGHWAY: LA HWY 975    ☐ AT INTERSECTION    ☒ NOT AT INTERSECTION

| CRASH OCCURRED ON | A |
|---|---|

DISTANCE: [blank]    MILES ☐ FEET ☐    NE ☐ / SW ☐    STREET/HIGHWAY: [blank]    ☐ AT INTERSECTION    ☐ NOT AT INTERSECTION

**VEHICLE #01** — A. PASSENGER CAR  D. A, B, OR C WITH TRAILER  G. OFF-ROAD VEHICLE  J. OTHER BUS  M. TRUCK WITH TRAILER(S)  B. LT. TRUCK (P.U., ETC.)  E. MOTORCYCLE  H. EMERGENCY VEHICLE  K. MOTOR HOME  N. FARM EQUIPMENT  C. VAN  F. PEDALCYCLE  I. SCHOOL BUS  L. SINGLE UNIT TRUCK  O. OTHER    A

YEAR: 1 9 9 2    MAKE: FORD    MODEL: CROWN VICTOR    # DOORS: 4    # AXLES: 0 2    # TIRES: 0 4

V.I.N.: 2FACP74W2NX108054    VEHICLE TOWED: A    A. YES  B. NO  C. LEFT AT SCENE    REMOVED BY: Conway's

LICENSE PLATE: YEAR 2 0 0 5    STATE LA    NUMBER MEV 203    TYPE PRIVATE    REASON TOWED: A. VEHICLE DAMAGE  B. DRIVER ARRESTED  C. INSURANCE VIOLATION  D. OTHER    A

TRAILER DESCRIPTION: YEAR [blank]  MAKE NONE  TYPE [blank]  YEAR [blank]  STATE [blank]  NUMBER [blank]  LICENSE PLATE [blank]

DRIVER'S NAME (LAST,FIRST,MI): WEBB KAREN A    DATE OF BIRTH: 1 1 0 3 1 9 7 8

STREET ADDRESS: 205 Hortense St.    TELEPHONE #: Unknown    4 A A 8 D F 3 2 H E

CITY: New Iberia    STATE LA    ZIP 7 0 5 6 0    TRANSPORTED TO MEDICAL FACILITY: A. YES  C. UNKNOWN  B. NO  D. REFUSED AID    B

STATE LA    CLASS E    ENDORSEMENTS [blank]    DRIVER'S LICENSE NUMBER 8 4 8 8 4 4 8    INSTRUCTED TO EXCHANGE INFORMATION? YES ☐ NO ☒    NAME OF FACILITY: N/A

OWNER'S NAME (LAST,FIRST,MI OR COMPANY NAME): MOORE PATRICIA    SAME AS DRIVER? YES ☐ NO ☒    SR-10 FURNISHED? YES ☐ NO ☒    PROOF OF INSURANCE? YES ☐ NO ☒

STREET ADDRESS: 1302 Adrian Apt. 50    NOTICE OF VIOLATION ISSUED? YES ☒ NO ☐

CITY: New Iberia    STATE LA    ZIP 70566

OCCUPANT'S NAME (LAST,FIRST,MI): MOORE PATRICIA    C A A D D F 3 5 E

STREET ADDRESS: 1302 Adrian Apt 50    TRANSPORTED TO MEDICAL FACILITY: A. YES  C. UNKNOWN  B. NO  D. REFUSED AID    B    NAME OF FACILITY: N/A

CITY: New Iberia    STATE LA    ZIP 70560

NAME OF AGENCY: Louisiana State Police    TIME OF NOTIFICATION: 1 8 3 2    TIME OF ARRIVAL: 1 8 3 7    TIME ALL LANES OPENED: 1 9 3 0

INVESTIGATING AGENCY: ☒    INVESTIGATION: ☒ ☐    INVESTIGATING POLICE    A. STATE  C. PARISH    REPORT COMPLETED: 0 7 2 0 2 0 0 3

PAGE #
0 2

| | A. PASSENGER CAR | E. MOTORCYCLE | I. SCHOOL BUS | M. TRUCK WITH TRAILER(S) |
| | B. ... (P.U., ETC.) | F. PEDALCYCLE | J. OTHER BUS | N. FARM EQUIPMENT |
| | C. ... | G. OFF-ROAD VEHICLE | K. MOTOR HOME | O. OTHER |
| | D. A, B, OR C WITH TRAILER | H. EMERGENCY VEHICLE | L. SINGLE UNIT TRUCK | |

**YEAR** N/A  **MAKE**  **MODEL**  **# DOORS**  **# AXLES**  **# TIRES**

V.I.N.

VEHICLE TOWED: A. YES  B. NO  C. LEFT AT SCENE

REMOVED BY

REASON TOWED
A. VEHICLE DAMAGE
B. DRIVER ARRESTED
C. INSURANCE VIOLATION
D. OTHER

**LICENSE PLATE**  YEAR  STATE  NUMBER  TYPE

**TRAILER DESCRIPTION**  YEAR  MAKE  TYPE  YEAR  STATE  NUMBER  LICENSE PLATE

**DRIVER'S NAME (LAST, FIRST, MI)** N/A

DATE OF BIRTH

STREET ADDRESS  TELEPHONE #

CITY  STATE  ZIP

STATE  CLASS  ENDORSEMENTS  DRIVER'S LICENSE NUMBER

INSTRUCTED TO EXCHANGE INFORMATION? YES NO

TRANSPORTED TO MEDICAL FACILITY: A. YES  C. UNKNOWN  B. NO  D. REFUSED AID

NAME OF FACILITY

**OWNER'S NAME (LAST, FIRST, MI OR COMPANY NAME)** N/A

SAME AS DRIVER? YES NO
SR-10 FURNISHED? YES NO
PROOF OF INSURANCE? YES NO
NOTICE OF VIOLATION ISSUED? YES NO

STREET ADDRESS

CITY  STATE  ZIP

**OCCUPANT'S NAME (LAST, FIRST, MI)** N/A

STREET ADDRESS  TRANSPORTED TO MEDICAL FACILITY: A. YES  C. UNKNOWN  B. NO  D. REFUSED AID

CITY  STATE  ZIP  NAME OF FACILITY

| SEATING POSITION | EJECTION | TRAPPED OR EXTRICATED | AIRBAG | OCCUPANT PROTECTION SYSTEM USED | INJURY |
|---|---|---|---|---|---|
| A - FRONT SEAT-LEFT SIDE (MOTORCYCLE DRIVER) | J - SLEEPER SECTION OF CAB (TRUCK) | A - NOT EJECTED | A - NOT TRAPPED | A - DEPLOYED | A - NONE USED/VEHICLE OCCUPANT | A - FATAL |
| B - FRONT SEAT-MIDDLE | K - PASSENGER IN OTHER ENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT) | B - TOTALLY EJECTED | B - TRAPPED/EXTRI-CATED | B - NOT DEPLOYED | B - SHOULDER BELT ONLY USED | B - INCAPACITATING/SEVERE |
| C - FRONT SEAT-RIGHT SIDE | | C - PARTIALLY EJECTED | C - TRAPPED/NOT EXTRICATED | C-HOT DEPLOYED/ SWITCH OFF | C - LAP BELT ONLY USED | C - NON-INCAPACITATING / MODERATE |
| D - SECOND SEAT-LEFT SIDE (MOTORCYCLE PASSENGER) | L - PASSENGER IN OTHER UNENCLOSED PASSENGER OR CARGO AREA (NON-TRAILING UNIT) | D - UNKNOWN | D - NOT APPLICABLE | D- SHOULDER AND LAP BELT USED | |
| E - SECOND SEAT-MIDDLE | | | | D- NOT | E - CHILD SAFETY SEAT IMPROPERLY USED | D - POSSIBLE/ COMPLAINT |
| F - SECOND SEAT-RIGHT SIDE | M - PASSENGER ON TRAIN OR STREET CAR | | | E - UNKNOWN | F - CHILD SAFETY SEAT USED | E - NO INJURY |
| G - THIRD ROW-LEFT SIDE (MOTORCYCLE PASSENGER) | N - TRAILING UNIT | | | | G - HELMETS USED | |
| H - THIRD ROW-MIDDLE | O - RIDING ON VEHICLE EXTERIOR (NON-TRAILING UNIT) | | | | H - RESTRAINT USE UNKNOWN | |
| I - THIRD ROW-RIGHT SIDE | P - UNKNOWN | | | | | |

| INSURANCE VEHICLE # 1 | | INSURANCE VEHICLE # 2 | |
|---|---|---|---|
| INSURANCE CO. NAME (NOT AGENCY NAME) NONE | EFFECTIVE DATE | INSURANCE CO. NAME (NOT AGENCY NAME) N/A | EFFECTIVE DATE |
| POLICY NUMBER | EXPIRATION DATE | POLICY NUMBER N/A | EXPIRATION DATE |
| AGENT'S NAME | PHONE # ( ) | AGENT'S NAME | PHONE # ( ) |
| AGENT'S ADDRESS | | AGENT'S ADDRESS | |

| | | TIME CALLED | ARRIVED SCENE | DEPARTED SCENE | ARRIVED HOSPITAL | | TIME CALLED | ARRIVED SCENE |
|---|---|---|---|---|---|---|---|---|
| EMERGENCY SERVICES | AMBULANCE | | | | | RESCUE UNIT | | |

AMBULANCE SERVICE  N/A



*Computer Number Pg*
*3 20375 1*

### STATE OF LOUISIANA
### UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT
### CONTRIBUTING FACTORS AND CONDITIONS

COMPUTER NUMBER        PAGE #

| 2 9 8 8 3 7 2 | - | 0 3 |

I - 3011 (Crash)

WRITE APPROPRIATE LETTER IN BLOCK

**ROAD SURFACE** (ONE PER COLUMN) — A

A. DRY / A. CONCRETE
B. WET / B. BLACK TOP
C. SNOW/SLUSH / C. BRICK
D. ICE / D. GRAVEL
E. CONTAMINANT (SAND, MUD, DIRT, OIL, ECT.) / E. DIRT
F. UNKNOWN
G. OTHER _____

**TYPE OF ROADWAY** — C

A. ONE-WAY ROAD
B. TWO-WAY ROAD WITH NO PHYSICAL SEPARATION
C. TWO-WAY ROAD WITH A PHYSICAL BARRIER
D. TWO-WAY ROAD WITH A PHYSICAL BARRIER
E. UNKNOWN
F. OTHER _____

**ROADWAY CONDITIONS** — A

A. NO DEFECTS
B. DEFECTIVE SHOULDERS
C. HOLES
D. DEEP RUTS
E. BUMPS
F. LOOSE SURFACE MATERIAL
G. CONSTRUCTION, REPAIR
H. OVERHEAD CLEARANCE LIMITED
I. CONSTRUCTION - NO WARNING
J. PREVIOUS CRASH
K. FLOODING
L. ANIMAL IN ROADWAY
M. OBJECT IN ROADWAY
N. OTHER DEFECTS

**WEATHER** — A

A. CLEAR
B. CLOUDY
C. RAIN
D. FOG/SMOKE
E. SLEET/HAIL
F. SNOW
G. SEVERE CROSSWIND
H. BLOWING SAND, SOIL, DIRT, SNOW
I. UNKNOWN
J. OTHER _____

**LIGHTING** — A

A. DAYLIGHT
B. DARK - NO STREET LIGHTS
C. DARK - CONTINUOUS STREET LIGHT
D. DARK - STREET LIGHT AT INTERSECTION ONLY
E. DUSK
F. DAWN
G. UNKNOWN

**VIOLATION** — Q

A. EXCEEDING STATED SPEED LIMIT
B. EXCEEDING SAFE SPEED LIMIT
C. FAILURE TO YIELD
D. FOLLOWING TOO CLOSELY
E. DRIVING LEFT OF CENTER
F. CUTTING IN, IMPROPER PASSING
G. FAILURE TO SIGNAL
H. MADE WIDE RIGHT TURN
I. CUT CORNER ON LEFT TURN
J. TURNED FROM WRONG LANE
K. OTHER IMPROPER TURNING
L. DISREGARDED TRAFFIC CONTROL
M. IMPROPER STARTING
N. IMPROPER PARKING
O. FAILED TO SET OUT FLAGS, FLARES
P. FAILED TO DIM HEADLIGHTS
Q. VEHICLE CONDITION
R. DRIVER CONDITION
S. CARELESS OPERATION
T. UNKNOWN VIOLATIONS
U. NO VIOLATIONS
V. OTHER _____

**KIND OF LOCATION** — A

A. MANUFACTURING OR INDUSTRIAL
B. BUSINESS CONTINUOUS
C. BUSINESS, MIXED RESIDENTIAL
D. RESIDENTIAL DISTRICT
E. RESIDENTIAL SCATTERED
F. SCHOOL OR PLAYGROUND
G. OPEN COUNTRY
H. UNKNOWN

**REASON FOR MOVEMENT** — P

A. TO AVOID OTHER VEHICLE
B. TO AVOID PEDESTRIAN
C. TO AVOID ANIMAL
D. TO AVOID OTHER OBJECT
E. PASSING
F. VEHICLE OUT OF CONTROL, NOT PASSING
G. VEHICLE OUT OF CONTROL, PASSING
H. FOR TRAFFIC CONTROL
I. DUE TO CONGESTION
J. DUE TO PRIOR CRASH (COLLISION)
K. DUE TO DRIVER CONDITION
L. DUE TO VEHICLE CONDITION (FAILURE)
M. DUE TO PAVEMENT CONDITION
N. HIGH WIND
P. NORMAL MOVEMENT
Q. REASON UNKNOWN
R. OTHER _____

**PRIMARY FACTOR** — F

**SECONDARY FACTOR** — F

A. VIOLATIONS
B. MOVEMENT PRIOR TO CRASH
C. VISION OBSCUREMENTS
D. CONDITION OF DRIVER
E. VEHICLE CONDITIONS
F. ROAD SURFACE
G. ROADWAY CONDITION
H. LIGHTING
I. WEATHER
J. TRAFFIC CONTROL
K. KIND OF LOCATION
L. CONDITION OF PEDESTRIAN
M. PEDESTRIAN ACTIONS

**ACCESS CONTROL** — 2

A. NO CONTROL (UNLIMITED ACCESS TO ROADWAY)
B. PARTIAL CONTROL (LIMITED ACCESS TO ROADWAY)
C. FULL CONTROL (ONLY RAMP ENTRANCE & EXIT)
D. UNKNOWN
E. OTHER _____

**VISION OBSCUREMENTS** — D

A. RAIN, SNOW, ETC. ON WINDSHIELD
B. WINDSHIELD OTHERWISE OBSCURED
C. VISION OBSCURED BY LOAD
D. TREES, BUSHES, ETC.
E. BUILDING
F. EMBANKMENT
G. SIGN BOARDS
H. HILLCREST
I. PARKED VEHICLES
J. MOVING VEHICLES
K. BLINDED BY HEADLIGHTS
L. BLINDED BY SUNGLARE
M. DISTRACTED BY NEON LIGHTS IN FIELD OF VIEW
N. UNKNOWN
O. NO OBSCUREMENTS
P. OTHER _____

**CONDITION OF DRIVER** — A

A. NORMAL
B. INATTENTIVE OR DISTRACTED
C. PHYSICAL IMPAIRMENT (EYES, EAR, LIMB
D. ILLNESS
E. FATIGUED
F. APPARENTLY ASLEEP/BLACKOUT
G. HAD BEEN DRINKING - IMPAIRED
H. HAD BEEN DRINKING - NOT IMPAIRED
I. DRUG USE - IMPAIRED
J. DRUG USE - NOT IMPAIRED
K. UNKNOWN
L. OTHER _____

**VEHICLE LIGHTING** — B

A. HEADLIGHTS ON
B. HEADLIGHTS OFF
C. DAYTIME RUNNING LIGHTS
D. UNKNOWN

**HARMFUL EVENTS**

A. OVERTURNED
B. FIRE/EXPLOSION
C. IMMERSION
D. PEDESTRIAN
E. OTHER NONCOLLISION
F. PEDESTRIAN
G. PEDALCYCLE
H. RAILWAY TRAIN
I. ANIMAL
J. MOTOR VEHICLE IN TRANSPORT
K. MOTOR VEHICLE IN TRANSPORT IN OTHER ROADWAY
L. PARKED MOTOR VEHICLE
M. OTHER OBJECT (NOT FIXED)

N. IMPACT ATTENUATOR
O. BRIDGE-PIER OR ABUTMENT
P. BRIDGE-PARAPET END
Q. BRIDGE-RAIL
R. GUARDRAIL FACE
S. GUARDRAIL END
T. MEDIAN BARRIER
U. HIGHWAY TRAFFIC SIGN POST
V. OVERHEAD SIGN SUPPORT
W. LUMINAIRE/LIGHT SUPPORT
Y. UTILITY POLE

Z. CULVERT
AA. CURB
BB. EMBANKMENT
CC. MAIL BOX
DD. DITCH

EE. FENCE
FF. TREE
GG. UNKNOWN
HH. OTHER FIXED OBJECT _____

| | VEH 1 | VEH 2 |
|---|---|---|
| FIRST HARMFUL EVENT | Q | |
| MOST HARMFUL EVENT | Q | |

**RELATION TO ROADWAY** — B

A. ON ROADWAY
B. SHOULDER
C. MEDIAN
D. BEYOND SHOULDER - LEFT
E. BEYOND SHOULDER - RIGHT
F. OFF ROADWAY
G. GORE
H. UNKNOWN
I. OTHER _____

**ALIGNMENT** — A

A. STRAIGHT-LEVEL
B. STRAIGHT LEVEL ELEVATED
C. CURVE-LEVEL
D. CURVE-LEVEL ELEVATED
E. ON GRADE-STRAIGHT
F. ON GRADE-CURVE
G. HILLCREST-STRAIGHT
H. HILLCREST-CURVE
I. DIP, HUMP-STRAIGHT
J. DIP, HUMP-CURVE
K. UNKNOWN
L. OTHER _____

**MOVEMENT PRIOR TO CRASH** — A

A. STOPPED
B. PROCEEDING STRAIGHT AHEAD
C. TRAVELING WRONG WAY
D. BACKING
E. CROSSED MEDIAN INTO OPPOSING LANE
F. CROSSED CENTER LINE INTO OPPOSING LANE
G. RAN OFF ROAD NOT WHILE MAKING TURN AT INTERSECTION
H. CHANGING LANES ON MULTI-LANE ROAD
I. MAKING LEFT TURN
J. MAKING RIGHT TURN
K. STOPPED PREPARING TO, OR MAKING U-TURN
L. MAKING TURN, DIRECTION UNKNOWN
M. STOPPED, PREPARING TO TURN LEFT
N. STOPPED PREPARING TO TURN RIGHT
O. SLOWING TO MAKE LEFT TURN
P. SLOWING TO MAKE RIGHT TURN
Q. SLOWING TO STOP
R. PROPERLY PARKED
S. PARKING MANEUVER
T. ENTERING TRAFFIC FROM SHOULDER
U. ENTERING TRAFFIC FROM MEDIAN
V. ENTERING TRAFFIC FROM PARKING LANE
W. ENTERING TRAFFIC FROM PRIVATE LANE
X. ENTERING FREEWAY FROM ON RAMP
Y. LEAVING FREEWAY VIA OFF RAMP

**VEHICLE CONDITION** — G

A. DEFECTIVE BRAKES
B. DEFECTIVE HEADLIGHTS
C. DEFECTIVE TAIL LIGHTS
D. DEFECTIVE SIGNAL LIGHTS
E. ALL LIGHTS OUT
F. DEFECTIVE STEERING
G. TIRE FAILURE
H. WORN OR SMOOTH TIRES
I. ENGINE FAILURE
J. DEFECTIVE SUSPENSION
K. NO DEFECTS OBSERVED
L. UNKNOWN DEFECTS
M. OTHER _____

**TRAFFIC CONTROL CONDITIONS** — A

A. CONTROLS FUNCTIONING
B. CONTROLS NOT FUNCTIONING
C. CONTROLS OBSCURED
D. LANE MARKING UNCLEAR OR MISSING
E. NO CONTROLS
F. CONDITION UNKNOWN

**ALCOHOL/DRUG INVOLVEMENT** — #1 #2

*CODE*

ALCOHOL/DRUGS PRESENT — A

A. NEITHER ALCOHOL OR DRUGS PRESENT
B. YES (ALCOHOL PRESENT)
C. YES (DRUGS PRESENT)
D. YES (ALCOHOL AND DRUGS PRESENT)
E. NOT REPORTED
F. UNKNOWN

ALCOHOL — B

U. TEST REFUSED
V. NO TEST GIVEN
W. TEST GIVEN, RESULTS PENDING
X. TEST GIVEN, BAC _____ g%
Y. UNKNOWN

DRUGS — A

W. TEST NOT GIVEN
X. TEST GIVEN, RESULTS PENDING
Y. DRUGS REPORTED (SPECIFY)
Z. UNKNOWN

SUSPECTED DRUGS _____

**TRAFFIC CONTROL** — D

A. STOP SIGN
B. YIELD SIGN
C. RED SIGNAL ON
D. YELLOW SIGNAL ON
E. GREEN SIGNAL ON
F. GREEN TURN ARROW ON
G. RIGHT TURN ON RED
H. LIGHT PHASE UNKNOWN
I. FLASHING YELLOW
J. FLASHING RED
K. OFFICER, WATCHMAN
L. RR CROSSING, SIGN
M. RR CROSSING, SIGNAL

N. RR CROSSING, NO CONTROL
O. WARNING SIGN (SCHOOL, ETC.)
P. SCHOOL FLASHING SPEED SIGN
Q. YELLOW NO PASSING LINE
R. WHITE DASHED LINE
S. YELLOW DASHED LINE
T. BIKE LANE
U. CROSSWALK
V. NO CONTROL
W. UNKNOWN
X. OTHER _____

Computer Number _____ Page 6:

**OFFICER'S NARRATIVE:** DESCRIBE ANY UNUSUAL CIRCUMSTANCES ASSOCIATED WITH CRASH, INCLUDING OFFICER'S OBSERVATIONS AND OPINIONS. INCLUDE WITNESS NAMES, ADDRESSES, PHONE NUMBERS, ETC.
IF NECESSARY, INDICATE DAMAGE TO PRIVATE PROPERTY (WITH OWNER'S NAME & ADDRESS) AT THE END OF THE NARRATIVE.
REFER TO EACH BY VEHICLE NUMBER

PAGE # 0 4

Vehicle 1 was traveling eastbound on I-10 when the left rear tire blew out causing the driver to lose control striking the outside shoulder bridge rail.

Driver 1 stated she could not control the vehicle when the tire blew out. There were no witnesses to this crash.

There was damage to left rear fender of Vehicle 1 from the blowout. The left rear tire was shredded and the rim was touching the roadway.

| NON-COLLISION WITH MOTOR VEHICLE | REAR END | HEAD-ON | RIGHT ANGLE | LEFT ANGLE | LEFT TURN | LEFT TURN | RIGHT TURN | RIGHT TURN | SIDESWIPE SAME | SIDESWIPE OPPOSITE | OTHER | MANNER OF COLLISION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | B | C | D | E | F | G | H | I | J | K | L | A |

✱ Not To Scale

AOI

Bridge Rail

To LA Hwy 978

1
1
1  Area of Damage from Blow Out
1

NORTH

| VEH | HEADED | DIRECTION BEFORE CRASH ON STREET, HIGHWAY OR DRIVE | FINAL LOCATION OF VEHICLES | DISTANCE TRAVELED AFTER IMPACT | SPEED EST. | POSTED | SKIDMARK DATA (FEET) FR | FL | RR | RL |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | E (N E S W) | I-10 | On Roadway | Controlled Stop | 0 5 0 | 2 0 | N | O | N | E |
| 2 | (N E S W) | | | | | | | | | |

| DAMAGE TO VEHICLE 1 | | DAMAGE TO VEHICLE 2 | | CITATION NO | VEH. VEH. 1 2 | R.S. OR ORD. NO |
|---|---|---|---|---|---|---|
| AREA DAMAGED | EXTENT OF DEFORMITY | AREA DAMAGED | EXTENT OF DEFORMITY | 7530100 | X 6 | 32:865 |

DAMAGE TO VEHICLE 1
AREA DAMAGED — EXTENT OF DEFORMITY
A- NONE
B- VERY MINOR
C- MINOR
D- MODERATE
E- MODERATE/SEVERE
F- SEVERE
J- VERY SEVERE
L- UNKNOWN
1ST I C
2ND H C
3RD D C
H- UNDER-CARRIAGE
O- TOTAL
P- OTHER
Q- NONE
L- UNKNOWN

DAMAGE TO VEHICLE 2
AREA DAMAGED — EXTENT OF DEFORMITY
A- NONE
B- VERY MINOR
C- MINOR
D- MODERATE
E- MODERATE/SEVERE
F- SEVERE
J- VERY SEVERE
L- UNKNOWN
1ST
2ND
3RD
H- UNDER-CARRIAGE
O- TOTAL
P- OTHER
Q- NONE
L- UNKNOWN

Computer Number - No.
3203751          6

**STATE OF LOUISIANA**
**UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT**
**ADDITIONAL OCCUPANT SUPPLEMENT**

COMPUTER NUMBER          PAGE #

2 9 8 8 8 7 2 - 05

I-3016 (Cotton)

| VEH # | OCCUPANT'S NAME (LAST,FIRST,MI) | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | W E B B   T I E R R A | | | | | | | | | | | | | | | B A A D F B 08 E |

STREET ADDRESS **205 Hortense St.**          TRANSPORTED TO MEDICAL FACILITY  A YES  C. UNKNOWN  **B**  B. NO  D. REFUSED AID

CITY **New Iberia**          STATE **LA** ZIP **70560**          NAME OF FACILITY **N/A**

| VEH # | OCCUPANT'S NAME (LAST,FIRST,MI) | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | C H A R L E S   E U G E N E | | | | | | | | | | | | | | E A A D D M B 50 E |

STREET ADDRESS **314 Deer St.**          TRANSPORTED TO MEDICAL FACILITY  A YES  C. UNKNOWN  **B**  B. NO  D. REFUSED AID

CITY **New Iberia**          STATE **LA** ZIP **70560**          NAME OF FACILITY **N/A**

| VEH # | OCCUPANT'S NAME (LAST,FIRST,MI) | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | J A C K S O N   B E N J A M E N | | | | | | | | | | | | D A A D D M B 25 E |

STREET ADDRESS **13420 Arpent Rd.**          TRANSPORTED TO MEDICAL FACILITY  A YES  C. UNKNOWN  **B**  B. NO  D. REFUSED AID

CITY **New Iberia**          STATE **LA** ZIP **70560**          NAME OF FACILITY **N/A**

| VEH # | OCCUPANT'S NAME (LAST,FIRST,MI) | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | W E B B   K A U R Y | | | | | | | | | | | | | | | E A A D F F B 02 E |

STREET ADDRESS **205 Hortense St.**          TRANSPORTED TO MEDICAL FACILITY  A YES  C. UNKNOWN  **B**  B. NO  D. REFUSED AID

CITY **New Iberia**          STATE **LA** ZIP **70560**          NAME OF FACILITY **N/A**

| VEH # | OCCUPANT'S NAME (LAST,FIRST,MI) | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | W E B B   S H A N I C E | | | | | | | | | | | | | E A A D F B 0 6 E |

STREET ADDRESS **205 Hortense St.**          TRANSPORTED TO MEDICAL FACILITY  A YES  C. UNKNOWN  **B**  B. NO  D. REFUSED AID

CITY **New Iberia**          STATE **LA** ZIP **70560**          NAME OF FACILITY **N/A**

| VEH # | OCCUPANT'S NAME (LAST,FIRST,MI) | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | | |

STREET ADDRESS          TRANSPORTED TO MEDICAL FACILITY  A YES  C. UNKNOWN  B. NO  D. REFUSED AID

CITY          STATE          ZIP          NAME OF FACILITY

CODE A

| VEH # | OCCUPANT'S NAME (LAST,FIRST,MI) | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | | |

STREET ADDRESS          TRANSPORTED TO MEDICAL FACILITY  A YES  C. UNKNOWN  B. NO  D. REFUSED AID

CITY          STATE          ZIP          NAME OF FACILITY

| VEH # | OCCUPANT'S NAME (LAST,FIRST,MI) | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | | |

STREET ADDRESS          TRANSPORTED TO MEDICAL FACILITY  A YES  C. UNKNOWN  B. NO  D. REFUSED AID

NAME OF

Computer Number 7,
3203751        6.

Louisiana Department of Public Safety and Corrections
Office of State Police
**Vehicle Storage Record**

I-3016 (BSE

## Vehicle Information

| Year | Make | Type | Color | Vin |
|---|---|---|---|---|
| 92 | FORD | 4 dr | SIL | 2FACP74W2NX108084 |

| Plate | Stae/Year | Odometer | Location of Recovery |
|---|---|---|---|
| MEV203 | LA/05 | unknown | I-10 E/B mp 124.3 |

| Officer | Dept | Duty Station | Date | Time |
|---|---|---|---|---|
| TpR D Speyro | 2041 | LSP-A | 7/20/03 | 1732 hrs |

Hold: Yes [ ]  No [X]  Reason(Other than Insurance Violation):

Reason Towed:  Accident [X]  Insurance [ ]  Arrest [ ] R.S. _____    Other [ ]

Vehicle Drivable:      Yes [ ]  No [X]  Other [ ]

## Vehicle Disposition

As the owner and/or operator of the described vehicle, I do hereby authorize/ request:
[ ] The State police to call _____ wrecker service.
[X] The State police to call the next approved wrecker service.
      Name/ Address of wrecker service _____ Conway's
[ ] The vehicle to be parked at _____ ;whereas I will assume responsibility for its safekeeping.
[ ] The vehicle be remanded to the custody of _____ D/L# _____ ;
      whereas he/she will be responsible for safekeeping.

## Condition of Vehicle

Damage:   Front [ ]      Rear [X]      L/Side [X]    R/Side [ ]      Interior [ ]
Vehicle Keys:  With Vehicle [ ]        With Driver [X]      Unknown [ ]

### Inventory List

| | | |
|---|---|---|
| AM/FM [ ] | Radar Detector [ ] | Tools [ ] |
| Cassette [ ] | Spare Tire [ ] | Valuables [ ]  (List Below) |
| CD [ ] | Lug Wrench [ ] | Contraband [ ]  (List Below) |
| Other [ ] | Trailer Hitch [ ] | Other [ ]  (List Below) |

List Item and Location: _____
Owner + Driver w/ Vehicle To Secure
All items.

See Supplement [ ] DPSS4702

## Receipt of Vehicle & Contents

*I hereby acknowledge that I have read and understand this report, and by affixing my signature hereto agree to*
*release the Louisiana State police from any and all liability for loss or damage to the vehicle or contents.*

Karen Well _____    7/20/03 / 1915 hr
Signature of Owner/Operator                Date / Time

Verbal Consent Given: Yes [ ] No [ ]   Operator Unable to Sign at Scene  Reason: Handcuffed [ ]  Injured [ ]
                                                    Other [ ] _____

## Wrecker Operator

As the wrecker vehicle operator, I hereby assume responsibility for the above mentioned vehicle and contents.

Charles Pichon _____    7/20/03 / 1915 hr
Signature of Owner/Operator                Date/ Time

For Official Use Only
Inquiries Made:   Yes [ ] No [ ]

Computer Number

**DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**OFFICE OF STATE POLICE**

3203751

State of Louisiana

**UNIFORM TRAFFIC SUMMONS/**
**COMPLAINT AFFIDAVIT** I-3016 (0

Parish of St MARTIN SS 16th Court

The undersigned being duly sworn upon his oath deposes and says:

On the 20th day of July, 2003 at 1732 hrs.

Name: Karen A Webb

Address: 205 Hortense St

City: New Iberia State LA Zip 70560

DOB 11 30 78 Race B Sex F Ht 5'2" Eyes Brn

OLN 8488446 State LA Class E

| Carrying Haz. Mat. | Comm Veh. | CDL | Acc. No Inj. | Acc. Picked up or Bond | Prop. Acc. | Inj. Acc. | Fatal Acc. |

Unlawfully Operated Year 1992 Make Ford Type 4 Dr Color Sil

Veh. Lic. MEV203 State LA Year 05

VIN 2FACP74W2NX108084

Location I-10 Eastbound

MP # 124.3

And did commit the following offense(s) in violation of Louisiana Revised Statute
Multi ☐ Single ☑

| | Speeding | | M.P.H. in a | | Zone | Radar/ Laser | |

| | Title / Section | Describe(s) | |
|---|---|---|---|
| 1 | 32:865 | No Insurance | |
| 2 | | | |
| 3 | | | |

The undersigned authority further states that he has just and reasonable grounds to believe and does believe that the above committed the offense(s) herein set forth contrary to law of the State of Louisiana in such case made and provided and against the peace and dignity of the same.

_Larry Dyer_ 2041

RANK AND SIGNATURE                    DATA #

Sworn to before me this _____ day of _____ 200___

NOTARY OR EX OFFICIO NOTARY

| Court Appearance | ☐ Juv. | ☐ Upon Notice | ☐ Booked | ☐ No Court Date Issued Contact Agency Below |

Date 9/3/03 Time 9:00 A M. Phone 337 354-213

At St Martin Courthouse City St Martinville

I understand the terms and conditions of the summons and promise to appear at the time and place shown above. Failure to will be cause for the suspension of my driving privileges and the imposition of additional fines and/or fees by the Lou Department of Public Safety and Corrections.

Signature X Karen Webb

SIGNATURE IS NOT AN ADMISSION OF GUILT

Crash # 2988372 Single Vehicle

DPSSP 3101 R (5/97)

*Computer Number Page*
*3,203751 - 67*
*I-3016 (OSSIN)*

# LOUISIANA STATE POLICE
# TROOP I
## Fatality / Serious Injury
## Investigation Report
## Supplemental




### STATE COMPUTER NUMBER __3203751__

**I).    ROADWAY:** __I-10  E/B__    (Number or Name)

   **1).    Measurements:**

   **a).    Roadway:** (travel portion): __23__ feet __6__ inches
       1).    Measured fog line to fog line: Yes ☒  No ☐ ( inside / middle / outside )
       2).    Measured road edge to road edge: Yes ☐ No ☒
   **b).    Shoulder** (NORTH): __5__ feet __10__ inches
   **c).    Shoulder** (SOUTH): __10__ feet __4__ inches
       1).    Shoulders surface: __CONCRETE__
   **d).    Highway** (total roadway & shoulder): __39__ feet __4__ inches
   **e).    Centerline** (from reference line): __17__ feet __6__ inches
   **f).    Others** (examples: sidewalks, ditches, etc.): _____

   **g).    Measuring officers** (name/department):
       1).    Tape holder: __N/A__
       2).    Tape holder: __N/A__
       3).    Recorder: __M/T Dane Laughlin__
       4).    Other: _____
   **h).    Measuring devices:** __NIKON D-50 TOTAL STATION:__
   __OPERATOR- MT DANE LAUGHLIN__
   __TARGET - ST DAN HUDSON__

   **2).    Reference Point:**

   **a).    Description and location of reference point ( θ ):** __A POINT AT THE__
   __NORTH EDGE OF PAVEMENT AT SEAM SECTION #66__
   **b).    Reference line:** __NORTH EDGE OF PAVEMENT__

*CODE A*

*Computer Number Pa.*
*3203751  6*
*I-3016(055)*

**V).    DECEASED:** ( complete for each individual ) *Use additional deceased sheet if needed.*

1).    Name: *Corski Wladyslaw*
2).    Pronounced dead by ( title ): *Deputy Coroner Scott Haydel*
3).    Location ( pronounced dead at ): *I-10 E/b m.P. 123*    Time: *2126 Hrs*
4).    Preliminary cause of death: *Burn Trauma*
5).    Person taking charge of personal effects / agency: *Deputy Coroner Scott Haydel*
6).    Parish Coroner: *Dr. Daniel Wills*
7).    Deceased transported to / by: *Pellerin's / Pellerin's Funeral Home*
8).    Next of kin notified:
    a).    Name / relationship: *Theresa Wladyslaw*
    b).    Address: *1779 Eagle Ridge Blvd, Plam Harbor, Fl.*
    c).    Telephone number: (     ) *Unknown*
    d).    Notified by / department: *Deputy Figa / Plam Harbor County Sheriff's Off.*
    e).    Notification date / time: *07/21/03 /0810 Hrs*

**VI).    WITNESSES:** *Use additional witnesses sheet if more witnesses are located.*

1).    Name: *See attached supplement*    Telephone Number: (     ) _____
    Address: _____
    Written statement:    Yes  ☐    No. ☐

2).    Name: *See attached supplement*    Telephone Number: (     ) _____
    Address: _____
    Written statement:    Yes  ☐    No  ☐

**VII).    PROPERTY DAMAGE:** *Use additional property damage sheet if more damage is located.*

1).    Owner:
    a).    Name / address: *N/A*
    b).    Telephone number / description of damage: _____

2).    Owner:
    a).    Name / address: *n/a*
    b).    Telephone number / description of damage: _____

**VIII).    OTHER EMERGENCY ASSISTANCE** ( Sheriff's office, police departments, rescue, fire departments, etc. ):
*St. Martin Sheriff's Office, Acadian Ambulance, Bayou Blue Fire*
*Department, Henderson Fire Department, Breaux Bridge Fire Department*

**IX).    OTHER COMPANIES ASSISTANCE** ( Utilities, cable, telephone, etc. ): *NA*

*CODE A*

Computer Number Page
3203751  70
I-3016 (0300)

**V).**  **DECEASED:** ( complete for each individual ) *Use additional deceased sheet if needed.*

    1).    Name: *Cindy Guerra*
    2).    Pronounced dead by ( title ): *Deputy Coroner Scott Haydel*
    3).    Location ( pronounced dead at ): *I-10 Elb M.P.123*    Time: *2130 Hrs*
    4).    Preliminary cause of death: *Burn Trauma*
    5).    Person taking charge of personal effects / agency: *Deputy Coroner Scott Haydel*
    6).    Parish Coroner: *Dr. Daniel Wiltz*
    7).    Deceased transported to / by: *Pellerin's / Pellerin's Funeral Home*
    8).    Next of kin notified:
        a).    Name / relationship: *Guadalupe Guerra Jr. / Father*
        b).    Address: *P.O. Box 481 Santa Vista Rr., Santa Rosa Tx. 78593*
        c).    Telephone number: (956) *636-1383*
        d).    Notified by / department: *Sgt. Connor / LSP-A*
        e).    Notification date / time: *7-21-03 / 0012 Hrs*

**VI).**  **WITNESSES:** *Use additional witnesses sheet if more witnesses are located.*

    1).    Name: *See attached supplement* Telephone Number: ( )
        Address:
        Written statement:    Yes ☐    No ☐

    2).    Name: *See attached supplement* Telephone Number: ( )
        Address:
        Written statement:    Yes ☐    No ☐

**VII).**  **PROPERTY DAMAGE:** *Use additional property damage sheet if more damage is located.*

    1).    Owner:
        a).    Name / address: *N/A*
        b).    Telephone number / description of damage:

    2).    Owner:
        a).    Name / address: *N/A*
        b).    Telephone number / description of damage:

**VIII).**  **OTHER EMERGENCY ASSISTANCE** ( Sheriff's office, police departments, rescue, fire departments, etc. ):
*Bayou Blue Rescue Department*

**IX).**  **OTHER COMPANIES ASSISTANCE** ( Utilities, cable, telephone, etc. ): *N/A*

CODE
A

*Computer Number  Page*
*3203751    71*
*I-3016(0384)*

**V).    DECEASED:** ( complete for each individual ) *Use additional deceased sheet if needed.*

    1).    Name: *Jennifer M. Garza*
    2).    Pronounced dead by ( title ): *Deputy Coroner Scott Haydel*
    3).    Location ( pronounced dead at ): *I-10 616 mk 128*    Time: *2130 Hrs*
    4).    Preliminary cause of death: *Burn Trauma*
    5).    Person taking charge of personal effects / agency: *Deputy Coroner Scott Haydel*
    6).    Parish Coroner: *Dr. Daniel Wiltz*
    7).    Deceased transported to / by: *Pellerin's / Pellerin's Funeral Home*
    8).    Next of kin notified:
        a).    Name / relationship: *Guadalupe Guerra / Uncle*
        b).    Address: *P.O Box 481 Santa Vista Ave , Santa Rosa Tx. 78593*
        c).    Telephone number: (956) *636-1383*
        d).    Notified by / department: *Sgt Conner / LSP - A*
        e).    Notification date / time: *7-21-03 / 0012 Hrs*

**VI).    WITNESSES:** *Use additional witnesses sheet if more witnesses are located.*

    1).    Name: *See attached supplement*  Telephone Number: (   )
        Address:
        Written statement:   Yes ☐  No ☐

    2).    Name: *See attached supplement*  Telephone Number: (   )
        Address:
        Written statement:   Yes ☐  No ☐

**VII).    PROPERTY DAMAGE:** *Use additional property damage sheet if more damage is located.*

    1).    Owner:
        a).    Name / address: *N/A*
        b).    Telephone number / description of damage:

    2).    Owner:
        a).    Name / address: *N/A*
        b).    Telephone number / description of damage:

**VIII).    OTHER EMERGENCY ASSISTANCE** ( Sheriff's office, police departments, rescue, fire departments, etc. ): *N/A*

**IX).    OTHER COMPANIES ASSISTANCE** ( Utilities, cable, telephone, etc. ): *N/A*

*CODE A*

Computer Number - Page
3203751    7:
I-30 16 (03SM)

V).    **DECEASED:** ( complete for each individual ) *Use additional deceased sheet if needed.*

    1).    Name: _Karla S. Dunn_
    2).    Pronounced dead by ( title ): _Deputy Coroner Scott Haydel_
    3).    Location ( pronounced dead at ): _I-10 E/B m.p.123_    Time: _2135 Hrs._
    4).    Preliminary cause of death: _Burn Trauma_
    5).    Person taking charge of personal effects / agency: _Deputy Coroner Scott Haydel_
    6).    Parish Coroner: _Dr. Daniel Wills_
    7).    Deceased transported to / by: _Pellerin's / Pellerin's Funeral Home_
    8).    Next of kin notified:
        a).    Name / relationship: _Chad Dunn / Husband_
        b).    Address: _2454 Sherry St. Denham Springs, LA. 70726_
        c).    Telephone number: (225) _664-5317_
        d).    Notified by / department: _Sgt. Connor / LSP-A_
        e).    Notification date / time: _07-21-03 / 0120 Hrs._

VI).    **WITNESSES:** *Use additional witnesses sheet if more witnesses are located.*

    1).    Name: _See attached supplement_ Telephone Number: ( ) _____
        Address: _____
        Written statement:    Yes ☐    No ☐

    2).    Name: _See attached supplement_ Telephone Number: ( ) _____
        Address: _____
        Written statement:    Yes ☐    No ☐

VII).    **PROPERTY DAMAGE:** *Use additional property damage sheet if more damage is located.*

    1).    Owner:
        a).    Name / address: _N/A_
        b).    Telephone number / description of damage: _____

    2).    Owner:
        a).    Name / address: _N/A_
        b).    Telephone number / description of damage: _____

VIII).    **OTHER EMERGENCY ASSISTANCE** ( Sheriff's office, police departments, rescue, fire departments, etc. ): _N/A_

_____

IX).    **OTHER COMPANIES ASSISTANCE** ( Utilities, cable, telephone, etc. ): _N/A_

CODE
A

*Computer Number Page*
3203751   73
I-3016 (8F)

**V).   DECEASED: ( complete for each individual ) *Use additional deceased sheet if needed.***

1). Name: *Melissa A. Dunn*
2). Pronounced dead by ( title ): *Deputy Coroner Scott Haydel*
3). Location ( pronounced dead at ): *I-10 Ele m.p 128*    Time: *2135 Hrs*
4). Preliminary cause of death: *Burn Trauma*
5). Person taking charge of personal effects / agency: *Deputy Coroner Scott Haydel*
6). Parish Coroner: *Dr. Daniel Wilts*
7). Deceased transported to / by: *Pellerin's / Pellerin's Funeral Home*
8). Next of kin notified:
   a). Name / relationship: *Chad A. Dunn / Brother*
   b). Address: *2454 Cherry St. Denham Springs, La 70726*
   c). Telephone number: (225) *664-5317*
   d). Notified by / department: *Sgt. Conner / LSP-A*
   e). Notification date / time: *07-21-03 / 0120 Hrs*

**VI).   WITNESSES: *Use additional witnesses sheet if more witnesses are located.***

1). Name: *See attached supplement*   Telephone Number: (   ) _____
   Address: _____
   Written statement:   Yes ☐   No ☐

2). Name: *See attached supplement*   Telephone Number: (   ) _____
   Address: _____
   Written statement:   Yes ☐   No ☐

**VII).   PROPERTY DAMAGE: *Use additional property damage sheet if more damage is located.***

1). Owner:
   a). Name / address: *N/A*
   b). Telephone number / description of damage: _____

2). Owner:
   a). Name / address: *N/A*
   b). Telephone number / description of damage: _____

**VIII).   OTHER EMERGENCY ASSISTANCE ( Sheriff's office, police departments, rescue, fire departments, etc. ): *N/A***

_____

**IX).   OTHER COMPANIES ASSISTANCE ( Utilities, cable, telephone, etc. ): *N/A***

_____

CODE A

*Computer Number, Pg.*
*3203751   7*
*I-3016 (08s)*

# OBSERVED INJURIES

**STATE COMPUTER NUMBER:** *3203751*

*( Can be pedestrian or occupant in / on vehicle )*



**Front view**

**Rear View**

1). Name: *Gorski Wladyslaw*

2). ☐ Pedestrian / ☒ Occupant of vehicle

*Correspond letter with injury area on diagram and give a description (ie: bruise, scratch, cut, bleeding, etc.).*

A). *Burned beyond recognition*

B). _____

C). _____

D). _____

E). _____

F). _____

G). _____

H). _____

I). _____

J). _____

K). _____

Any other information: _____

_____

_____

Observation made by: *Tfc. Harold Williams 1740*  CODE A

Computer Number Page
3203751    75
I-3016 (PSM)

# OBSERVED INJURIES

**STATE COMPUTER NUMBER:** _3203751_

*( Can be pedestrian or occupant in / on vehicle )*



Front view

Rear View

1).    Name: _Cindy Guerra_

2).    ☐ Pedestrian   /   ☒ Occupant of vehicle

*Correspond letter with injury area on diagram and give a description (ie: bruise, scratch, cut, bleeding, etc.).*

A). _Burned beyond recognition_

B). _____

C). _____

D). _____

E). _____

F). _____

G). _____

H). _____

I). _____

J). _____

K). _____

Any other information: _____

_____

CODE A

Observation made by: _Th. Herold Williams 1740_

*Computer Number Ph,*
*3203751        7.*
*I-3016 Coss*

# OBSERVED INJURIES

### STATE COMPUTER NUMBER: *3203751*
*( Can be pedestrian or occupant in / on vehicle )*

1). Name: *Jennifer M. Garza*

2). ☐ Pedestrian  /  ☒ Occupant of vehicle

*Correspond letter with injury area on diagram and give a description (ie: bruise, scratch, cut, bleeding, etc.).*

A). *Burned beyond recognition*

B). _____

C). _____

D). _____

E). _____

F). _____

G). _____

H). _____

I). _____

J). _____

K). _____

Any other information: _____

_____

*CODE A*

Front view

Rear View

Observation made by: *TFC Harold Williams 1742*

*Computer Number Page*
*3203751    7*

*I-3016 (OSSr*

# OBSERVED INJURIES

### STATE COMPUTER NUMBER: *3203751*
*( Can be pedestrian or occupant in / on vehicle )*

**Front view**

1).    Name: *Melissa A. Dunn*

2).    ☐ Pedestrian   /   ☒ Occupant of vehicle

*Correspond letter with injury area on diagram and give a description (ie: bruise, scratch, cut, bleeding, etc.).*

A).   *Burned beyond recognition*

B). _____

C). _____

D). _____

E). _____

F). _____

G). _____

H). _____

I). _____

J). _____

K). _____

Any other information: _____

CODE A

_____

**Rear View**

Observation made by: *Tfc. Harold Williams 1760*



*Computer Number*
*3203751*
*I-3016 (Issu)*

# OBSERVED INJURIES

### STATE COMPUTER NUMBER: *3203751*

*( Can be pedestrian or occupant in / on vehicle )*

1).    Name: *Karla S. Dunc*

2).    ☐ Pedestrian   /   ☒ Occupant of vehicle

*Correspond letter with injury area on diagram and give a description (ie: bruise, scratch, cut, bleeding, etc.).*

A).    *Burned beyond recognition*

B).

C).

D).

E).

F).

G).

H).

I).

J).

K).

Any other information:

CODE A

Observation made by: *Tk. Harold Williams 1740*

Front view

Rear View

*Computer Number Pg.*
*3203751.      7*
*I-3016(05)*

# VEHICLE DAMAGE ANALYSIS

## VEHICLE NUMBER ( *#2* ) [same as DPSSP 3105]

### STATE COMPUTER NUMBER : _3203751_

Inspected by: *TFC JAMES F. FLYNN II*   Date:*07 / 20 / 03*   Time:*2158* Hours

## MEASUREMENTS:



Motor Vehicle Inspection Number:*0 2-1169247*  State: *LA*  Expiration Date:*05-04*

Odometer Reading: *34086*   Location Inspected at: *BUTTE LAROSE REST AREA*

Any physical defects observed: *NONE OBSERVED*

Any missing items prior to crash: (example; seatbelt, lights, etc.) *NONE OBSERVED*

*Computer Number:*
*3203751*
*I-3016 (OSS*

# VEHICLE DAMAGE ANALYSIS
## VEHICLE NUMBER ( *#3* ) [same as DPSSP 3105]

STATE COMPUTER NUMBER : _3203751_

| Inspected by: *TFC JAMES F. FLYNN II* | Date: *07 / 20 / 03* | Time: *2225* Hours |

## MEASUREMENTS:



Motor Vehicle Inspection Number: _1285167_    State: _NC_    Expiration Date: _2003_

Odometer Reading: _504,645_    Location Inspected at: _I-10 E/B MILEPOST 123_

Any physical defects observed: _NONE OBSERVED_

Any missing items prior to crash: (example; seatbelt, lights, etc.) _NONE OBSERVED_

*CODE A*

Computer Number Pg.
3203751        81

# VEHICLE DAMAGE ANALYSIS I-3016 CDSS

## VEHICLE NUMBER ( #4 ) [same as DPSSP 3105]

STATE COMPUTER NUMBER : 3203751

Inspected by: TFC JAMES F. FLYNN II    Date: 07/20/03    Time: 2058 Hours

# MEASUREMENTS:



Motor Vehicle Inspection Number: MISSING    State: —    Expiration Date: —

Odometer Reading: DAMAGED    Location Inspected at: BUTTE LA ROSE REST AREA

Any physical defects observed: COMPLETELY BURNED (UNKNOWN)

Any missing items prior to crash: (example; seatbelt, lights, etc.) UNKNOWN

CODE A

H24CNC-TX

*Computer Number* Plac
3203751          ε
I-3016 (OSSON)

# VEHICLE DAMAGE ANALYSIS
## Vehicle number (#5) [same as DPSSP 3116]
### STATE COMPUTER NUMBER: _3203751_

Inspected by: _TFC JAMES F. FLYNN II_  Date: _07-20-03_  Time: _2113 HOURS_



Motor Vehicle Inspection Number: _NONE_ State: _—_ Expiration Date: _—_

Odometer Reading: _4,734_ Location Inspected at: _BUTTE LA ROSE REST AREA_

Any physical defects observed: _NONE OBSERVED_

Any missing items prior to crash: (example; seatbelt, lights, etc.) _NONE OBSERVED_

CODE
A

JFN 5624-VA

Computer Number
3203751   8
I-3016(05

# VEHICLE DAMAGE ANALYSIS
### VEHICLE NUMBER ( #7 ) [same as DPSSP 3105]

STATE COMPUTER NUMBER: 3203751

Inspected by: TFC JAMES F. FLYNN II    Date: 07/20/03    Time: 2048 Hours

## MEASUREMENTS:



Motor Vehicle Inspection Number: 01-0963707l    State: LA    Expiration Date: 12-03

Odometer Reading: 57,444    Location Inspected at: BUTTE LA ROSE REST AREA

Any physical defects observed: NONE OBSERVED

Any missing items prior to crash: (example; seatbelt, lights, etc.) NONE OBSERVED

CODE
A

V688795-LA

*Computer Number ₤.*
*3203751   &*
*I-3016(035₈)*

# VEHICLE DAMAGE ANALYSIS

## VEHICLE NUMBER ( *#6* ) [same as DPSSP 3105]

### STATE COMPUTER NUMBER : *3203751*

Inspected by: *TPL JAMES F. FLYNN II*      Date: *07/20/03*      Time: *2037* Hours

## MEASUREMENTS:



Motor Vehicle Inspection Number: *02-0199018*    State: *LA*    Expiration Date: *09-03*

Odometer Reading: *70,161*    Location Inspected at: *BUTTE LA ROSE REST AREA*

Any physical defects observed: *NONE OBSERVED*

Any missing items prior to crash: (example; seatbelt, lights, etc.) *NONE OBSERVED*    *CODE A*

*Computer Number = As.*
*3203751   8*
*I-3016 Cosson*

# VEHICLE DAMAGE ANALYSIS

### Vehicle number (#8)[same as DPSSP 3116]

STATE COMPUTER NUMBER: *3203751*

Inspected by: *TFC JAMES F. FLYNN II*   Date: *07-20-03*   Time: *2124 HOURS*



Motor Vehicle Inspection Number: *01-2705298*   State: *LA*   Expiration Date: *03-03*

Odometer Reading: *DIGITAL*   Location Inspected at: *BUTTE LA ROSE REST AREA*

Any physical defects observed: *NONE OBSERVED*

Any missing items prior to crash: (example; seatbelt, lights, etc.) *NONE OBSERVED*



*Computer Number*
*3203751*     8.
"*I-3016(03*

# VEHICLE DAMAGE ANALYSIS
### VEHICLE NUMBER ( *#9* ) [same as DPSSP 3105]

STATE COMPUTER NUMBER : *3203751*

Inspected by: *TFC JAMES F. FLYNN II*    Date: *07/20/03*    Time: *2158* Hours

## MEASUREMENTS:



Motor Vehicle Inspection Number: *NONE*    State: *—*   Expiration Date: *—*

Odometer Reading: *DIGITAL*   Location Inspected at: *BUTTE LA ROSE REST AREA*

Any physical defects observed: *NONE OBSERVED*

Any missing items prior to crash: (example; seatbelt, lights, etc.) *NONE OBSERVED*    *CODE A*

*Computer Number*
*3203751*
*I-3016/05*

# VEHICLE DAMAGE ANALYSIS
## VEHICLE NUMBER ( *#10* ) [same as DPSSP 3105]

STATE COMPUTER NUMBER : *3203751*

Inspected by: *TFC JAMES F. FLYNN II*    Date: *07-20-03*    Time: *2212* Hours

## MEASUREMENTS:

 

  

Motor Vehicle Inspection Number: *MISSING*    State: — Expiration Date: —

Odometer Reading: *DESTROYED*    Location Inspected at: _____

Any physical defects observed: *UNKNOWN (COMPLETELY BURNED)*

Any missing items prior to crash: (example; seatbelt, lights, etc.) *UNKNOWN*

*CODE A*

*JEEP CHEROKEE*

Computer Number P
3203751    8
I-3016 (OSSA

# VEHICLE DAMAGE ANALYSIS
## VEHICLE NUMBER ( #11 ) [same as DPSSP 3105]

### STATE COMPUTER NUMBER : 3203751

Inspected by: TFC JAMES F. FLYNN II    Date: 07 / 20 / 03    Time: 2242 Hours

## MEASUREMENTS:



Motor Vehicle Inspection Number: 40071705 1    State: TX    Expiration Date: 02-04

Odometer Reading: 791,106    Location Inspected at: I-10 E/B MILEPOST 124

Any physical defects observed: NONE OBSERVED

Any missing items prior to crash: (example; seatbelt, lights, etc.) NONE OBSERVED

CODE
A

*Computer Number Pg.*
*3203751      8*
*I-3016 (855mi)*

# ADDITIONAL WITNESSES

## STATE COMPUTER NUMBER _3203751_

3). Name: _Shawn Miller_   Telephone Number: (225) _754-7637_   225 892-7665
Address: _16223 Bristoe Ave #C Baton Rouge, LA. 70816_
Written statement:   Yes ☒   No ☐

4). Name: _Kristin Bubee_   Telephone Number: (504) _251-6472_
Address: _554 Brooklyn Ave. Jefferson, LA. 70121_
Written statement:   Yes ☐   No ☐

5). Name: _Jason Bubee_   Telephone Number: (504) _701-4409_
Address: _554 Brooklyn Ave Jefferson, LA. 70121_
Written statement:   Yes ☒   No ☐

6). Name: _Matthew Voelkel_   Telephone Number: (504) _231-7408_
Address: _2006 South Salcedo St._
Written statement:   Yes ☒   No ☐

7). Name: _James R. Reimer_   Telephone Number: (336) _434-1783_   336 688-1327
Address: _2801 White Lane   Archdale, NC. 27263_
Written statement:   Yes ☒   No ☐

8). Name: _Thomas J. Welborn_   Telephone Number: (336) _327-6152_   336 676-7713
Address: _5329 Greywood Dr.   Greensboro, N.C. 27406_
Written statement:   Yes ☐   No ☒

9). Name: _Paul C. Brown_   Telephone Number: (409) _786-4308_   409 780-0639
Address: _1205 West Circle Drive   Vidor, Tx. 77662_
Written statement:   Yes ☒   No ☐

10). Name: _Paul M. Trahan_   Telephone Number: (225) _274-9164_   225 932-2718
Address: _746 Frava Lake, Baton Rouge, LA. 70816_
Written statement:   Yes ☒   No ☐

11). Name: _Chad R. Dura_   Telephone Number: (225) _664-5317_
Address: _2454 Sherry St. Denham Springs LA. 70726_
Written statement:   Yes ☒   No ☐

*CODE A*

*Computer Number* ~~Pay~~
*3203751    9*
*I-3016 (055m)*

# ADDITIONAL WITNESSES

## STATE COMPUTER NUMBER _3203751_

3). Name: _Lisa M. Guerra_ Telephone Number: (956) _636-1383_
Address: _P.O. Box 981  Santa Rosa, Tx 78593_
Written statement: Yes ☒ No ☐

4). Name: _Lee Gaidry_ Telephone Number: (225) _281-5686_
Address: _5865 Castille Ave  Baton Rouge, LA. 70806_
Written statement: Yes ☒ No ☐

5). Name: _Ray Racquillo III_ Telephone Number: (504) _628-7700_
Address: _2600 Vulcan St. Harvey, LA 70058_   504-366-8647
Written statement: Yes ☒ No ☐   504-368-3551

6). Name: _Kimberly M. Racquillo_ Telephone Number: (504) _366-8647_
Address: _2600 Vulcan St. Harvey, LA 70058_
Written statement: Yes ☐ No ☒

7). Name: _Dr. Ken S. LeBlanc_ Telephone Number: (337) _237-9209_
Address: _100 Lakewood Dr., Lafayette LA. 70508_   337-406-9994
Written statement: Yes ☒ No ☐

8). Name: _Gerald D. Valentine_ Telephone Number: (409) _684-0089_
Address: _P.O. Box 1937, Crystal Beach, Tx 77650_
Written statement: Yes ☒ No ☐

9). Name: _Jeffery Hebert_ Telephone Number: (337) _237-5263_
Address: _210-53 W Fant Des Mouton Rd._
Written statement: Yes ☒ No ☐

10). Name: _Richard R. Reed_ Telephone Number: (985) _653-8204_
Address: _2163 Pinehurst Dr., LaPlace LA. 70068_
Written statement: Yes ☒ No ☐

11). Name: _Noble Simon_ Telephone Number: (770) _602-1358_
Address: _1231 Hillcrest Walk, Conyers, GA 30012_
Written statement: Yes ☒ No ☐

CODE A

Computer Number Page
3203751      91
I-3016 (ossln)

# ADDITIONAL WITNESSES

## STATE COMPUTER NUMBER _3203751_

3). Name: _Andrew Nebert_ Telephone Number: (225) _806-9301_
Address: _10554 Oak Bend Dr. Baton Rouge LA. 70809_
Written statement: Yes ☒ No ☐

4). Name: _N/A_ Telephone Number: ( ) _____
Address: _____
Written statement: Yes ☐ No ☐

5). Name: _N/A_ Telephone Number: ( ) _____
Address: _____
Written statement: Yes ☐ No ☐

6). Name: _N/A_ Telephone Number: ( ) _____
Address: _____
Written statement: Yes ☐ No ☐

7). Name: _N/A_ Telephone Number: ( ) _____
Address: _____
Written statement: Yes ☐ No ☐

8). Name: _N/A_ Telephone Number: ( ) _____
Address: _____
Written statement: Yes ☐ No ☐

9). Name: _N/A_ Telephone Number: ( ) _____
Address: _____
Written statement: Yes ☐ No ☐

10). Name: _N/A_ Telephone Number: ( ) _____
Address: _____
Written statement: Yes ☐ No ☐

11). Name: _N/A_ Telephone Number: ( ) _____
Address: _____
Written statement: Yes ☐ No ☐

CODE A

NO. 2003- CGC-65-B

| | | |
|---|---|---|
| IN RE: TEMPORARY GUARDIANSHIP | § | IN THE COUNTY COURT AT LAW |
| OF THE PERSON AND ESTATE OF | § | SEP 1 7 2003 |
| | § | |
| LISA GUERRA, | § | NUMBER JOE G. RIVERA OF |
| | § | CAMERON COUNTY CLERK |
| AN INCAPACITATED PERSON | § | CAMERON COUNTY, TEXAS Deputy |

**FILED FOR RECORD**
AT ____ O'CLOCK ____ M

## APPLICATION FOR APPOINTMENT OF TEMPORARY
## GUARDIAN OF THE PERSON AND ESTATE

TO THE HONORABLE JUDGE OF SAID COURT:

Applicant, AMELIA GUERRA, the mother of the Proposed Ward, files this her Application for Appointment of Temporary Guardian of the Person and Estate of LISA GUERRA (hereinafter "Proposed Ward") according to Section 875 of the Texas Probate Code and would respectfully show the Court the following:

1.

Proposed Ward is an female, approximately 20 years of age, born October 16, 1982. The Proposed Ward resides at 12661 State Highway 107, Santa Rosa, Cameron County, Texas 78593. The Proposed Ward may be personally served with citation at **12661 State Highway 107, Santa Rosa, Texas 78593**.

2.

Proposed Ward is presently totally incapacitated as will be discussed more specifically in the Paragraphs below.

3.

The proposed Ward was horribly injured in a car wreck on July 20th, 2003. on Interstate 10 between Butte La Rose and Whiskey Bay Louisiana. The proposed ward was burned over the majority of her body. Due to the severity of her injuries and the seriousness of her condition and

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page __1__ of __10__

HOUSTON 279769 1

**2003-CGC-0065B**

current treatment an immediate necessity exists for the appointment of a Temporary Guardian in accordance with Section 875 of the Texas Probate Code.

4.

Applicant, as the Proposed Ward's mother urges that the best interests of the Proposed Ward require that she be appointed as Temporary Guardian of the Person and Estate of Proposed Ward.

5.

No guardianship for Proposed Ward currently exists in this or any other state.

6.

This Court has jurisdiction and venue over this proceeding because Proposed Ward resides in Cameron County, Texas and Cameron County is where the Proposed Ward's property is situated.

7.

Pursuant to Section 633(c) of the Texas Probate Code, the following persons will be served by citation, unless waived by filing a written waiver of notice with the Court:

> Lisa Guerra
> (proposed ward)
> 12661 State Highway 107
> Santa Rosa, Texas 78593
>
> Guadalupe Guerra
> (father of proposed ward)
> 12661 State Highway 107
> Santa Rosa, Texas 78593

8.

The proposed Ward has never been married and has no children. Pursuant to Section 633(d) and 682 (10 & 12) of the Texas Probate Code, the Applicant will provide a copy of this application by certified mail, return receipt requested, to all of those individuals who are entitled to receive



A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page____ of ____

9.

The specific facts and reasons supporting the appointment of a Temporary Guardian are as follows: Proposed Ward is at present totally incapacitated, due to being burned over a large portion of her body as the result of an automobile accident in July of this year. The Proposed Ward is receiving extensive medical treatment which requires that she be isolated to prevent infection and heavily sedated to withstand her pain. As a result, Proposed Ward is unable to make reasonable and informed decisions about matters concerning either her person or her estate. In support of the immediate need for the appointment of a Temporary Guardian of Proposed Ward's Person, Applicant attaches as Exhibit "A" and incorporates by this reference a physician's letter describing the Proposed Ward's condition.

10.

The imminent danger facing the Proposed Ward is multifold. Not only is the Proposed Ward's physical well being threatened by the enormity of her injuries; the Proposed Ward also is unable to work or even attend to her own business and financial affairs. Due to the pain experienced by the Proposed Ward, her sedation is so great that she cannot attend to matters which require immediate attention.

11.

Applicant requests the Court grant the following powers and authority:

a.     To take control of Proposed Ward's financial affairs to determine the status and extent of his assets and to make whatever arrangements are necessary to pay the Proposed Ward's bills and expenses;

b.     To take possession of Proposed Ward's assets and other documents wherever located;

c.     To make medical decisions regarding placement and to facilitate treatment for Proposed Ward's benefit as allowed by the Texas Probate Code, and for her to have complete access to all past, current, and future medical records of Proposed Ward; as well as to assist him in making such decisions;



A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page ___ of ___

00001 HOUSTON 279769.1

d.    To engage the services of medical providers, including any and all nurses and doctors, all for the care and benefit of Proposed Ward;

e.    To provide food, clothing, and shelter for Proposed Ward, including arranging for care at any and all treatment and rehabilitation facilities; and

f.    subject to court approval, to engage the services of counsel on behalf of the proposed Ward, to protect the Proposed Ward's interests and represent the proposed Ward in litigation arising out of the incident which caused the Proposed Ward's injuries.

12.

Applicant knows of no one that holds a power of attorney or purported power of attorney for Proposed Ward.

13.

Applicant brings this Application in good faith and for just cause and respectfully requests that attorneys' fees related to this Application, the hearing thereon, and the establishment of the requested guardianship be approved and paid out of Proposed Ward's guardianship estate.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this Court appoint her as Temporary Guardian of the Person and Estate of Proposed Ward; that an attorney ad litem be appointed to represent the interests of Proposed Ward; that a time for a hearing on this Application be set; that notice and citation be issued as required by law; and for such other and further relief to which Applicant may show herself justly entitled.



A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page ____ of ____

01 HOUSTON 279769.1

-4-

Respectfully submitted,

THOMPSON & KNIGHT LLP

By: _____
       ROBERT S. MacINTYRE, JR.
       State Bar No. 12760700
       BORIS A. HIDALGO
       State Bar No. 09587100
       333 Clay Street, Suite 3300
       Houston, Texas 77002-4499
       (713) 654-8111
       (713) 654-1871 (FAX)

ATTORNEYS FOR APPLICANT

OF COUNSEL:

MITHOFF & JACKS, L.L.P.

RICHARD WARREN MITHOFF
State Bar No. 14228500
WILLIAM J. STRADLEY
State Bar No. 19353000
JANIE L. JORDAN
State Bar No. 11012700
500 Dallas Street, Suite 3450
Houston, Texas  77002
(713) 654-1122
(713) 739-8085 (FAX)



A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page ____ of ____

THE STATE OF LOUISIANA       §
                                   §

PARISH OF EAST BATON ROUGE    §

      BEFORE ME, the undersigned authority, on this day personally appeared AMELIA GUERRA, Applicant in the foregoing Application for Appointment of Temporary Guardian, known to me to be the person whose name is subscribed to the above and foregoing Application and on her oath stated that such Application contains a correct and complete statement of the matters to which it relates and all the contents thereof are true, complete and correct.

                     *Amelia Guerra*
                     AMELIA GUERRA, APPLICANT

      SWORN TO AND SUBSCRIBED BEFORE ME on this the _11TH_ day of _Sept_____, 2003.

                     _____
                     Notary Public in and for the State of Louisiana



A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page____6____ of___100___

Date: 7/11/03



Andrew Hargroader M.D.

Honorable County Court Judge
County Court at Law
Cameron County Courthouse
974 E. Harrison St
Brownsville, Texas 78520

Re:    *Guardianship of Lisa Guerra, an Incapacitated Person*

Dear Judge:

I am a physician currently licensed in the State of Texas. I have been the doctor for Lisa Guerra ("Proposed Ward") whose Social Security Number is 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, whose birth date is October 16, 1982, and resides at 12661 State Highway 107, Santa Rosa, Texas 78593. I examined the Proposed Ward on ___9/11/03___. Based upon that examination and my observations, it is my opinion that the Proposed Ward is temporarily incapacitated and the nature and degree of incapacity is described in my answers to the following questions:

1.    What is the general nature and degree of the incapacity of the Proposed Ward?

*65% Total Body Surface burned*

2.    What is Proposed Ward's medical history as it is related to the incapacity?

*Motor vehicle accident causing above injury*

3.    What is the prognosis, including the estimated severity, of the incapacity?

*Hospital stay 2-3 mths multiple operative procedures*

4.    How and in what manner does the Proposed Ward's physical or mental health effect ability to make or communicate responsible decisions?

*Patient is mentally incapable @ present requiring ___ operative procedures*

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page___ of___

600001 HOUSTON 279775 1

Honorable County Court Judge
Page -2-

5.  Is the Proposed Ward on any medications which effect demeanor or ability to participate in court proceedings? If so, what medication is the Proposed Ward on and how is his demeanor or ability to participate in court proceedings affected?

    *Pain medication, which alters mental status* (handwritten)

6.  If the underlying diagnosis of the incapacity is that of "senility", please describe the precise physical and mental condition underlying the diagnosis of senility.?

7.  Is mental retardation the basis of the Proposed Ward's incapacity?

8.  It is my opinion that the patient ("proposed ward") is incapable of making a decision concerning the following as indicated by a mark before the appropriate letter:

**MATTERS RELATED TO THE PROPOSED WARD'S PROPERTY:**

| Capable | Incapable | | |
|---------|-----------|---|---|
| _____ | ___✓___ | a. | to handle a bank account. |
| _____ | ___✓___ | b. | to contract and incur obligations. |
| _____ | ___✓___ | c. | to collect and file suit on debts, rentals, wages and other claims due Proposed Ward. |
| _____ | ___✓___ | d. | to pay, compromise and defend claims against him/herself. |
| _____ | ___✓___ | e. | to apply for or consent to governmental services. |
| _____ | ___✓___ | f. | to apply for and to receive funds from governmental sources. |
| _____ | ___✓___ | g. | to enroll in public or private residential care facilities. |
| _____ | ___✓___ | h. | to make employment decisions. |

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page ___ of ___

000001 HOUSTON 279775.1

Honorable County Court Judge
Page -3-

| | | | |
|---|---|---|---|
| _____ | _____ | i. | to make decisions related to military service. |
| _____ | _____ | j. | to enter into insurance contracts of every nature. |
| _____ | _____ | k. | to vote. |
| _____ | _____ | l. | to operate a motor vehicle. |
| _____ | _____ | m. | to participate in the selection of residential placement. |
| _____ | _____ | n. | to handle funds of $50.00 or less. |
| _____ | _____ | o. | other: |
| | | 1. | _____ |
| | | 2. | _____ |

## MATTERS RELATED TO THE PROPOSED WARD'S PERSON:

Capable          Incapable

| | | | |
|---|---|---|---|
| _____ | _____ | n. | to apply for psychological and psychiatric tests and evaluation. |
| _____ | _____ | o. | to consent to medical and dental treatment and testing. |
| _____ | _____ | p. | to consent to disclosure of psychological and medical records. |
| _____ | _____ | q. | other: |
| | | 1. | _____ |
| | | 2. | _____ |

THEREFORE, it is my opinion that the Proposed Ward is incapacitated as stated in this letter and that the Court should consider the appointment of a guardian.

FURTHERMORE, (answer YES to one of the following):

_____  It is my opinion that the Proposed Ward is <u>partially incapacitated</u>.

_____  It is my opinion that the Proposed Ward is <u>totally without capacity</u>.



A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page ___9___ of ___10___

Honorable County Court Judge
Page -4-

9.    I believe that the Court should also be aware of the following additional information if any, which concerns the Proposed Ward and which is not included above, but which may be of interest to the Court:

Sincerely,

_____ M.D.

State of Texas
County of Cameron
    I, Joe G. Rivera, County Clerk of Cameron County, Texas, do hereby certify that the foregoing is a true and correct copy of the original now on file and/or recorded by me in the _____ Records.

By _____ 8-18-04 _____ Date
    JOE G. RIVERA, County Clerk    Deputy



402600 000001 HOUSTON 279775.1

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page 10 of 10

NO. 2003-CGC-68-B

**FILED FOR RECORD**
AT 1 O'CLOCK ___ M
SEP 17 2003
JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

| | | |
|---|---|---|
| IN RE: TEMPORARY GUARDIANSHIP | § | IN THE COUNTY COURT AT LAW |
| OF THE PERSON AND ESTATE OF | § | |
| | § | |
| JOSE ANGEL ALFARO, JR., | § | NUMBER ___2___ ( ) OF |
| | § | |
| AN INCAPACITATED PERSON | § | CAMERON COUNTY, TEXAS |

## APPLICATION FOR APPOINTMENT OF TEMPORARY
## GUARDIAN OF THE PERSON AND ESTATE

TO THE HONORABLE JUDGE OF SAID COURT:

Applicant, GRACIELA MARROQUIN, the mother of the Proposed Ward, files this her Application for Appointment of Temporary Guardian of the Person and Estate of Jose Angel Alfaro, Jr. (hereinafter "Proposed Ward") according to Section 875 of the Texas Probate Code and would respectfully show the Court the following:

1.

Proposed Ward is an adult male, approximately 20 years of age, born December 13, 1982. The Proposed Ward resides at 510 Pittman Harlingen, Cameron County, Texas. Currently the proposed ward is a patient at the Baton Rouge Burn Center, in Baton Rouge Louisiana. The Proposed Ward may be personally served with citation at the Baton Rouge Burn Center.

2.

Proposed Ward is presently totally incapacitated as will be discussed more specifically in the Paragraphs below.

3.

The proposed Ward was horribly injured in a car wreck on July 20th, 2003. on Interstate 10 between Butte La Rose and Whiskey Bay Louisiana. The proposed ward was burned over 80 percent Due to the severity of his injuries and the seriousness of his condition and current

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page ___1___ of ___15___

2003-CGC-0068B

treatment an immediate necessity exists for the appointment of a Temporary Guardian in accordance with Section 875 of the Texas Probate Code.

4.

Applicant, as the Proposed Ward's mother urges that the best interests of the Proposed Ward require that she be appointed as Temporary Guardian of the Person and Estate of Proposed Ward.

5.

No guardianship for Proposed Ward currently exists in this or any other state.

6.

This Court has jurisdiction and venue over this proceeding because Proposed Ward resides in Cameron County, Texas and Cameron County is where the Proposed Ward's property is situated.

7.

Pursuant to Section 633(c) of the Texas Probate Code, the following persons will be served by citation:

| | |
|---|---|
| Jose Angel Alfaro, Jr.<br>Baton Rouge Burn Center<br>Baton Rouge, Louisiana | proposed ward |
| Jose Angel Alfaro, Sr.<br>whereabouts unknown<br>presumed to be in Mexico | father of proposed ward |

8.

The proposed Ward has never been married and has no children. Pursuant to Section 633(d) and 682 (10 & 12) of the Texas Probate Code, the Applicant will provide a copy of this application by certified mail, return receipt requested, to all of those individuals who are entitled to receive

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page __2__ of __15__

9.

The specific facts and reasons supporting the appointment of a Temporary Guardian are as follows: Proposed Ward is at present totally incapacitated, due to being burned over 80 per cent of his body as the result of an automobile accident in July of this year. The Proposed Ward is receiving extensive medical treatment which requires that he be isolated to prevent infection and heavily sedated to withstand his pain. As a result, Proposed Ward is unable to make reasonable and informed decisions about matters concerning either his person or his estate. In support of the immediate need for the appointment of a Temporary Guardian of Proposed Ward's Person, Applicant attaches as Exhibit "A" and incorporates by this reference a physician's letter describing the Proposed Ward's condition.

10.

The imminent danger facing the Proposed Ward is multifold. Not only is the Proposed Ward's physical well being threatened by the enormity of his injuries; the Proposed Ward also is unable to work or even attend to his own business and financial affairs. Due to the pain experienced by the Proposed Ward, his sedation is so great that he cannot attend to matters which require immediate attention.

11.

Applicant requests the Court grant the following powers and authority:

a.      To take control of Proposed Ward's financial affairs to determine the status and extent of his assets and to make whatever arrangements are necessary to pay the Proposed Ward's bills and expenses;

b.      To take possession of Proposed Ward's assets and other documents wherever located;

c.      To make medical decisions regarding placement and to facilitate treatment for Proposed Ward's benefit as allowed by the Texas Probate Code, and for her to have complete access to all past, current, and future medical records of Proposed Ward; as well as to assist her in making such decisions;

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page___3___of__15___

505629 000002 HOUSTON 278069.1                    -3-

d.    To engage the services of medical providers, including any and all nurses and doctors, all for the care and benefit of Proposed Ward;

e.    To provide food, clothing, and shelter for Proposed Ward, including arranging for care at any and all treatment and rehabilitation facilities; and

f.    subject to court approval, to engage the services of counsel on behalf of the proposed Ward, to protect the Proposed Ward's interests and represent the proposed Ward in litigation arising out of the incident which caused the Proposed Ward's injuries.

12.

Applicant knows of no one that holds a power of attorney or purported power of attorney for Proposed Ward.

13.

Applicant brings this Application in good faith and for just cause and respectfully requests that attorneys' fees related to this Application, the hearing thereon, and the establishment of the requested guardianship be approved and paid out of Proposed Ward's guardianship estate.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this Court appoint her as Temporary Guardian of the Person and Estate of Proposed Ward; that an attorney ad litem be appointed to represent the interests of Proposed Ward; that a time for a hearing on this Application be set; that notice and citation be issued as required by law; and for such other and further relief to which Applicant may show herself justly entitled.

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page  4  of  1 5

Respectfully submitted,

THOMPSON & KNIGHT LLP

By: _____

      ROBERT S. MacINTYRE, JR.
      State Bar No. 12760700
      BORIS A. HIDALGO
      State Bar No. 09587100
      333 Clay Street, Suite 3300
      Houston, Texas 77002-4499
      (713) 654-8111
      (713) 654-1871 (FAX)

ATTORNEYS FOR APPLICANT

OF COUNSEL:

MITHOFF & JACKS, L.L.P.

RICHARD WARREN MITHOFF
State Bar No. 14228500
WILLIAM J. STRADLEY
State Bar No. 19353000
JANIE L. JORDAN
State Bar No. 11012700
500 Dallas Street, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 (FAX)



A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page___5___of__15

505629 000002 HOUSTON 278069.1

THE STATE OF LOUISIANA          §
                                §
PARISH OF EAST BATON ROUGE      §

BEFORE ME, the undersigned authority, on this day personally appeared GRACIELA MARROQUIN, Applicant in the foregoing Application for Appointment of Temporary Guardian, known to me to be the person whose name is subscribed to the above and foregoing Application and on her oath stated that such Application contains a correct and complete statement of the matters to which it relates and all the contents thereof are true, complete and correct.


_____
GARCIELA MARROQUIN, APPLICANT


SWORN TO AND SUBSCRIBED BEFORE ME on this the _29th_ day of _Aug_____, 2003.


_____
Notary Public in and for the State of LOUISIANA



A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page____6_ of _15_

505629 000002 HOUSTON 278069.1                    -6-

Date: _9/11/03_

_Andrew Harrvader_ **M.D.**

Honorable County Court Judge
County Court at Law
Cameron County Courthouse
974 E. Harrison St
Brownsville, Texas 78520


Re:    *Guardianship of Jose Angel Alfaro, Jr., an Incapacitated Person*

Dear Judge:

I am a physician currently licensed in the State of Louisiana. I have been the doctor for Jose Angel Alfaro, Jr. ("Proposed Ward") whose Social Security Number is 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, whose birth date is December 13, 1982, and resides at P.O. Box 61, Amigo Lane, Santa Rosa, Texas. I examined the Proposed Ward on ___9/11/03___. Based upon that examination and my observations, it is my opinion that the Proposed Ward is temporarily incapacitated and the nature and degree of incapacity is described in my answers to the following questions:

1.    What is the general nature and degree of the incapacity of the Proposed Ward?

*80% Total Body surface area burn injury and inhalation injury*

2.    What is Proposed Ward's medical history as it is related to the incapacity?

*Motor vehicle accident 7/20/03*

3.    What is the prognosis, including the estimated severity, of the incapacity?

*3-4 month hospital stay requiring multiple operative procedures*

and in what manner does the Proposed Ward's physical or mental health effect ability to make or communicate responsible decisions?

*patient is mostly bedridden, not ambulatory*

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page___7___of___15___

402600 000001 HOUSTON 278365.1

Honorable County Court Judge
Page -2-

5.    Is the Proposed Ward on any medications which effect demeanor or ability to participate in court proceedings? If so, what medication is the Proposed Ward on and how is his demeanor or ability to participate in court proceedings affected? .

*[handwritten]*

6.    If the underlying diagnosis of the incapacity is that of "senility", please describe the precise physical and mental condition underlying the diagnosis of senility.?

7.    Is mental retardation the basis of the Proposed Ward's incapacity?

8.    It is my opinion that the patient ("proposed ward") is incapable of making a decision concerning the following as indicated by a mark before the appropriate letter:

**MATTERS RELATED TO THE PROPOSED WARD'S PROPERTY:**

| Capable | Incapable | | |
|---------|-----------|---|---|
| _____ | ____✓____ | a. | to handle a bank account. |
| _____ | ____✓____ | b. | to contract and incur obligations. |
| _____ | ____✓____ | c. | to collect and file suit on debts, rentals, wages and other claims due Proposed Ward. |
| _____ | ____✓____ | d. | to pay, compromise and defend claims against him/herself. |
| _____ | ____✓____ | e. | to apply for or consent to governmental services. |
| _____ | ____✓____ | f. | to apply for and to receive funds from governmental sources. |
| _____ | ____✓____ | g. | to enroll in public or private residential care facilities. |
| _____ | ____✓____ | h. | to make employment decisions. |

**A CERTIFIED COPY**
Joe G. Rivera, County Clerk
Cameron County, Texas
Page ___8___ of ___15___

402600 000001 HOUSTON 278365.1

Honorable County Court Judge
Page -3-

| | | i. | to make decisions related to military service. |
| --- | --- | --- | --- |
| _____ | ✓ | j. | to enter into insurance contracts of every nature. |
| _____ | _____ | k. | to vote. |
| _____ | _____ | l. | to operate a motor vehicle. |
| _____ | _____ | m. | to participate in the selection of residential placement. |
| _____ | ✓ | n. | to handle funds of $50.00 or less. |
| _____ | _____ | o. | other: |
| | | 1. | _____ |
| | | 2. | _____ |

## MATTERS RELATED TO THE PROPOSED WARD'S PERSON:

Capable        Incapable

| | | n. | to apply for psychological and psychiatric tests and evaluation. |
| --- | --- | --- | --- |
| _____ | _____ | o. | to consent to medical and dental treatment and testing. |
| _____ | _____ | p. | to consent to disclosure of psychological and medical records. |
| _____ | ✗ | q. | other: |
| | | 1. | _____ |
| | | 2. | _____ |

THEREFORE, it is my opinion that the Proposed Ward is incapacitated as stated in this letter and that the Court should consider the appointment of a guardian.

FURTHERMORE, (answer YES to one of the following):

_____  It is my opinion that the Proposed Ward is <u>partially incapacitated</u>.

It is my opinion that the Proposed Ward is <u>totally without capacity</u>.



A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page \_\_7\_\_ of \_\_15\_\_

Honorable County Court Judge
Page -4-

9.    I believe that the Court should also be aware of the following additional information if any, which concerns the Proposed Ward and which is not included above, but which may be of interest to the Court:

Sincerely,

_____ M.D.

State of Texas
County of Cameron
    I, Joe G. Rivera, County Clerk of Cameron County, Texas, do hereby certify that the foregoing is a true and correct copy of the original now on file and/or recorded by me in the 2003-CGC-008-B
Records.
By _____  3/18/04 ___Date
                                          ___Deputy
        JOE G. RIVERA, County Clerk



A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page  10  of  16

402600 000001 HOUSTON 278365.1



Date: 9/11/03

Andrew Harrycoter M.D.

Honorable County Court Judge
County Court at Law
Cameron County Courthouse
974 E. Harrison St
Brownsville, Texas 78520

Re:  *Guardianship of Jose Angel Alfaro, Jr., an Incapacitated Person*

Dear Judge:

I am a physician currently licensed in the State of Louisiana. I have been the doctor for Jose Angel Alfaro, Jr. ("Proposed Ward") whose Social Security Number is 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, whose birth date is December 13, 1982, and resides at P.O. Box 61, Amigo Lane, Santa Rosa, Texas. I examined the Proposed Ward on ___9/11/03___. Based upon that examination and my observations, it is my opinion that the Proposed Ward is temporarily incapacitated and the nature and degree of incapacity is described in my answers to the following questions:

1.    What is the general nature and degree of the incapacity of the Proposed Ward?

*80% Total Body surface area Burn injury and inhalation injury*

2.    What is Proposed Ward's medical history as it is related to the incapacity?

*Motor Vehicle accident 7/20/03*

3.    What is the prognosis, including the estimated severity, of the incapacity?

*3-4 month hospital stay requiring multiple operative procedures*

4.    How and in what manner does the Proposed Ward's physical or mental health effect ability to make or communicate responsible decisions?

*Patient is mostly bedridden, not ambulatory*

GGA006125

402600 000001 HOUSTON 278365.1

**EXHIBIT "A"**

Honorable County Court Judge
Page -2-

5.  Is the Proposed Ward on any medications which effect demeanor or ability to participate in court proceedings? If so, what medication is the Proposed Ward on and how is his demeanor or ability to participate in court proceedings affected? _____

    *narcotic pain medication on a continual basis*

6.  If the underlying diagnosis of the incapacity is that of "senility", please describe the precise physical and mental condition underlying the diagnosis of senility.?

7.  Is mental retardation the basis of the Proposed Ward's incapacity?

8.  It is my opinion that the patient ("proposed ward") is incapable of making a decision concerning the following as indicated by a mark before the appropriate letter:

**MATTERS RELATED TO THE PROPOSED WARD'S PROPERTY:**

| Capable | Incapable | | |
|---------|-----------|---|---|
| _____ | ✓ | a. | to handle a bank account. |
| _____ | ✓ | b. | to contract and incur obligations. |
| _____ | ✓ | c. | to collect and file suit on debts, rentals, wages and other claims due Proposed Ward. |
| _____ | ✓ | d. | to pay, compromise and defend claims against him/herself. |
| _____ | ✓ | e. | to apply for or consent to governmental services. |
| _____ | ✓ | f. | to apply for and to receive funds from governmental sources. |
| _____ | ✓ | g. | to enroll in public or private residential care facilities. |
| _____ | ✓ | h. | to make employment decisions. |

GGA006126

Honorable County Court Judge
Page -3-

| | ✓ | i. | to make decisions related to military service. |
| | ✓ | j. | to enter into insurance contracts of every nature. |
| | ✓ | k. | to vote. |
| | ✓ | l. | to operate a motor vehicle. |
| | ✓ | m. | to participate in the selection of residential placement. |
| | ✓ | n. | to handle funds of $50.00 or less. |
| | | o. | other: |

1.   _____
2.   _____

## MATTERS RELATED TO THE PROPOSED WARD'S PERSON:

Capable      Incapable

| | ✓ | n. | to apply for psychological and psychiatric tests and evaluation. |
| | ✓ | o. | to consent to medical and dental treatment and testing. |
| | ✓ | p. | to consent to disclosure of psychological and medical records. |
| | ✗ | q. | other: |

1.   _____
2.   _____

THEREFORE, it is my opinion that the Proposed Ward is incapacitated as stated in this letter and that the Court should consider the appointment of a guardian.

FURTHERMORE, (answer YES to one of the following):

_____   It is my opinion that the Proposed Ward is partially incapacitated.

_____   It is my opinion that the Proposed Ward is totally without capacity.

GGA006127

Honorable County Court Judge
Page -4-

9.   I believe that the Court should also be aware of the following additional information if any, which concerns the Proposed Ward and which is not included above, but which may be of interest to the Court:

Sincerely,

_____ M.D.

GGA006128

NO. 2003-CGC-68-B

| | | |
|---|---|---|
| IN RE: TEMPORARY GUARDIANSHIP | § | IN THE COUNTY COURT AT LAW |
| OF THE PERSON AND ESTATE OF | § | |
| | § | |
| JOSE ANGEL ALFARO, JR., | § | NUMBER TWO (2) OF |
| | § | |
| AN INCAPACITATED PERSON | § | CAMERON COUNTY, TEXAS |

## ANSWER OF WITNESS TO WRITTEN QUESTIONS

On this _9th_ day of _October_, 2003, Graciela Marroquin ("Witness") personally appeared before me, the undersigned officer, and after being duly sworn, gave the following answer on oath to the numerically corresponding written questions of Graciela Marroquin ("Applicant"):

Answer to Question No. 1    Graciela Marroquin

Answer to Question No. 2    He is my son

Answer to Question No. 3    20

Answer to Question No. 4    Yes, he was

Answer to Question No. 5    Yes, he was

Answer to Question No. 6    Yes, he was

Answer to Question No. 7    Yes, he is

Answer to Question No. 8    Yes, he is

Answer to Question No. 9    Yes

Answer to Question No. 10    Yes

Answer to Question No. 11    Yes

Answer to Question No. 12    Yes, it does

Answer to Question No. 13    Yes, I am

Answer to Question No. 14    Yes, it does

GGA006129

Upon the appearance of the Witness, I proceeded to take the above answers of the Witness to the attached written questions, reduced such answers to writing, and caused the same to be signed and sworn to by the Witness, and such answers were signed and sworn to by Witness before me, to certify which witness my hand and seal of office, on the date above specified.

_____
Notary Public for the State of Louisiana

GGA006130

# AFFIDAVIT OF JOHN R. CRAWFORD

STATE OF MINNESOTA   )
                               ) ss.
COUNTY OF HENNEPIN  )

     I, John R. Crawford, hereby state and attest as follows:

1.     I formerly represented Allied Van Lines, Inc. in a lawsuit brought by Mary M. Knowlton, which was tried in United States District Court for the District of Minnesota before the Honorable Diana Murphy.

2.     Prior to the trial of the matter, the case was heard by the United States Court of Appeals for the Eighth Circuit. *See Knowlton v. Allied Van Lines, Inc.,* 900 F. 2d 1196 (1990).

3.     On March 19, 2004, I attempted to retrieve the appellate briefs for the above matter but was informed that both the appellate briefs and our file have been destroyed.

4.     Neither I nor Michael Lindberg, who argued the appeal before the Eighth Circuit recall whether the issue of venue discussed in the above-cited decision was ever raised at the trial court.

     Further your affiant saith not.

 

John R. Crawford

Subscribed and sworn to before me
this 22nd day of March, 2004.

Beverly J. Smith
Notary Public



BEVERLY J. SMITH
Notary Public
Minnesota
My Commission Expires Jan. 31, 2005

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUADALUPE AND AMELIA GUERRA, INDIVIDUALLY AND GUDALUPE GUERRA AS ADMINISTRATOR OF THE ESTATE OF CINDY GUERRA, DECEASED; AMELIA GUERRA AS TEMPORARY GUARDIAN OF THE ESTATE AND PERSON OF LISA GUERRA, AN INCAPACITATED PERSON; RENE GARZA AND PATRICIA GARZA, INDIVIDUALLY AND RENE GARZA AS ADMINISTRATOR OF THE ESTATE OF JENNIFER GARZA, DECEASED; GRACIELLA MARROQUIN AS TEMPORARY GUARDIAN OF THE ESTATE AND PERSON OF JOSE ANGEL ALFARO, JR., AN INCAPACITATED PERSON | § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| | | CIVIL ACTION NO. B-03-142 |
| VS. | | |
| | | TRIAL BY JURY REQUESTED |
| ALLIED VAN LINES, INC. | | |
| Defendant. | | |

## <u>AFFIDAVIT OF MIKE KEELING</u>

| | | |
|---|---|---|
| **THE STATE** | ) | |
| | : | **A F F I D A V I T** |
| **OF ILLINOIS** | ) | |

**BEFORE ME,** the undersigned Notary Public in and for the State of Illinois, on this day personally appeared **MIKE KEELING,** known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath states as follows:

1.      "My name is **MIKE KEELING.** I am over the age of eighteen (18) years; have personal knowledge of and am competent and authorized to testify to the facts set forth herein; and such facts are true and correct.

2.      I am the Claims Manager for Defendant, Allied Van Lines, Inc.

Affidavit of Mike Keeling - A764                                                                                    Page 1

3.    I have directed the search of Allied litigation records and I have determined that Allied

no longer has any documentation on the lawsuit styled *Knowlton v. Allied Van Lines*, 900 F.2d 1196

(8th Cir. 1990)."

Further affiant sayeth not.

MIKE KEELING

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by the said **MIKE**

**KEELING** on the ___22___ day of March, 2004, to certify which witness my hand and seal of office.

Notary Public in and for
THE STATE OF ILLINOIS
My Commission Expires: __10/31/04__

[Notary Seal]

"OFFICIAL SEAL"
DIANE C. CUNNINGHAM
Notary Public, State of Illinois
My Commission Exp. 10/31/2004

*Affidavit of Mike Keeling - A764*                                                    Page 2