IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 3 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| GUADALUPE AND AMELIA GUERRA, § <br> INDIVIDUALLY AND GUDALUPE § <br> GUERRA AS ADMINISTRATOR § <br> OF THE ESTATE OF CINDY GUERRA, § <br> DECEASED; AMELIA GUERRA AS § <br> TEMPORARY GUARDIAN OF THE § <br> ESTATE AND PERSON OF LISA § <br> GUERRA, AN INCAPACITATED § <br> PERSON; RENE GARZA AND § <br> PATRICIA GARZA, INDIVIDUALLY § <br> AND RENE GARZA AS § <br> ADMINISTRATOR OF THE ESTATE § <br> OF JENNIFER GARZA, DECEASED; § <br> GRACIELLA MARROQUIN AS § <br> TEMPORARY GUARDIAN OF THE § <br> ESTATE AND PERSON OF § <br> JOSE ANGEL ALFARO, JR., § <br> AN INCAPACITATED PERSON § <br> § <br> VS. § <br> § <br> ALLIED VAN LINES, INC. § | CIVIL ACTION NO. B-03-142 |

### DEFENDANT ALLIED'S SECOND SUPPLEMENT
### IN SUPPORT OF MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, ALLIED VAN LINES, INC. ("**ALLIED**") and files this

Reply in Support of Motion to Transfer Venue and would show the Court as follows:

I.

Allied files a supplement to it motion to transfer venue (Dkt# 23) to bring to the

court's new evidence bearing on it request to transfer under 28 U.S.C. section 1404.

After Allied filed its Reply (Dkt # 33), a related lawsuit was filed in Louisiana state court in the St. Martin Parrish. See attached Exh. 10. Raymond and Kimberly Ronquillo (Louisiana residents) sued Allied, the Gorski estate, Allied's insurer (Transguard), Karen Webb, and the state of Louisiana. They sue for bodily injury to themselves and their two minor children.

The Ronquillos sue Allied and its insurer for the same collision that caused the deaths and injuries in this suit.[1] They sue Karen Webb for causing the accident that caused a traffic tie up that preceded the collisions with Allied's truck. Finally they sue the state of Louisiana in strict liability, alleging that section of the interstate is "extremely dangerous."

The accident occurred in St. Martin Parish, which parish is in the Western District of Louisiana. 28 U.S.C. §98(c). A check of the map will show that the seat of St. Martin Parish is about 25 miles from Shreveport, Louisiana, the location of the Lafayette division for the Western District of Louisiana. 28 U.S.C. §98(c).

II.

This new evidence bears on both the convenience of the material non-party witnesses and the interests of justice. It is desirable to have related cased heard in the same venue. Moreover, the same liability witnesses will be involved in the both case. The convenience

---

[1] Transguard is a defendant because Louisiana law permits a direct action against an automobile liability insurer. La. Rev. Statutes 22:665

of the witnesses weighs even more in favor of a transfer to prevent multiple depositions and court appearances in two states.

Section 1404(a) requires consideration of the "interest of justice." The "public interest" factors for section 1404(a) focus on judicial economy and efficient administration of the court system. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 221 (7th Cir. 1986), *citing Van Dussen,* 376 U.S. at 645. The most frequent factor is the desire to avoid a multiplicity of litigation from a single transaction; a court examines the number of related cases in its venue and in the potential transferee forum. Wright, Miller & Cooper, FED. PRAC. & PROC. §3854 p. 441 (1986). Therefore, this factor now clearly weighs in favor of a transfer.

It does not matter that it may not be possible to consolidate this and the Ronquillo case because the latter is pending in state court. *National Union Fire Ins. Co. v. Frasch,* 751 F.Supp. 1075, 1080 (S.D.N.Y. 1990); *Comptroller of Currency v. Calhoun First Nat'l Bank,* 626 F.Supp. 127, 141 (D.D.Cir. 1985); *Air Express Internat'l Corp. v. Consolidated Freightways, Inc.,* 586 F.Supp. 889, 892-93 (D.Conn. 1984). It is still possible to coordinate discovery and to promote convenience to the parties and witnesses in producing evidence. *Frasch,* 751 F.Supp. at 1080; *Comptroller,* 626 F.Supp. at 141.

For the same reason the convenience of non-party material witnesses and evidence production is best served by a transfer. In *Air Express,* declaratory relief and shareholder actions were filed in California state court; a class action was then filed in the Connecticut federal district court. 586 F.Supp. at 890-91. The Connection district court granted a

section 1404 transfer despite the argument that the case could not be consolidated with the cases in state court, noting:

> The court cannot conceive of an arrangement more expensive, time consuming, and inconvenient to the parties plaintiff as well as defendant, or more exhaustive of judicial resources, than that advanced by the plaintiffs. The concurrent prosecution of these suits on opposite coasts would defeat the public and private interests in the most expeditious and inexpensive litigation.

586 F.Supp. at 892-92.

In *Comptroller of Currency*, the Comptroller sued a Geogia Bank in the District of Columbia federal court to enjoin securities violations in a proposed stock sale; the same transaction had already resulted in a federal grand jury investigation and administrative hearings in Georgia. 626 F.Supp. at 138, 141. The District of Columbia district court granted a section 1404 transfer, observing:

> While a transfer of this case would not be likely to result in the consolidation of this action with the others, at a minimum such a transfer could facilitate the coordination of pretrial discovery. Additionally, since the same witnesses and documents will probably be important to all actions, it would save the time and energies of the witnesses, the parties, and the attorneys to have all the actions litigated in the same geographical area. By contrast, it would probably result in a waste of judicial and other resources to litigate one case arising out of these facts in the District of Columbia and all the others in Georgia.

626 F.Supp. at 141.

In *Frasch*, an insurer sued its surety bond principals to enforce its rights of indemnity under the bond in the New York federal court; the principals had previously filed a declaratory relief action to construe the same contract in Colorado. 751 F.Supp. at 1076.

Quoting *Comptroller,* the New York district court granted a section 1404 transfer.

> Thus, as in *Comptroller of the Currency, supra,* transfer may result in coordination of pretrial discovery, be more convenient to the witnesses, the parties, and their attorneys, and save judicial resources. Accordingly, the presence of a related action in Colorado state court weighs in favor of transfer.

751 F.Supp. at 1080.

Therefore the new evidence show both the convenience of the witnesses and the interest of justice favor a transfer.

### III. Conclusion

**WHEREFORE, PREMISES CONSIDERED,** Defendant **ALLIED VAN LINES, INC.** prays that its motion be considered, the Court have an evidentiary hearing on said motion, and upon hearing same, the Court grant a transfer of venue.

Respectfully submitted,

By: _____
Tom Lockhart
Texas State Bar No. 12473500
Texas Federal I.D. No. 2257
**Roger W. Hughes**
Texas State Bar No. 10229500
Texas Federal ID No. 5950
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, TX 78551-1429
Phone No.: (956)428-7495;
Fax:(956)428-2954

        **John W. Waters, Jr.**
LA State Bar No. 13258
LA Federal I.D. No. 13258
**BIENVENU, FOSTER, RYAN & O'BANNON**
1010 Common Street, Suite 2200
New Orleans, LA 70112-2401
Phone: (504) 581-2146;
Fax: (504) 522-7859

**ATTORNEYS FOR DEFENDANT
ALLIED VAN LINES**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of April, 2004, a true and correct copy of the above and foregoing pleading was mailed to counsel for Plaintiffs as follows:

| | |
|---|---|
| Mr. Richard Warren Mithoff<br>Mr. William J. Stradley<br>Ms. Janie J. Jordan<br>**MITHOFF & JACKS, L.L.P.**<br>500 Dallas Street, Suite 3450<br>Houston, Texas 77002<br>Attorneys for Plaintiffs | *CM/RRR 7003 2260 0000 0440 2893<br>& Fax: 713/739-8085* |
| Mr. Eduardo Rodriguez<br>Mr. Joseph A. Rodriguez<br>Mr. R. Patrick Rodriguez<br>**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**<br>1201 East Van Buren<br>Brownsville, TX 78520 | Via Ordinary Mail |

                                          *[signature]*
                                          TOM LOCKHART



# ALLEN BLANCHARD, SR.
# CLERK OF COURT
# ST. MARTIN PARISH
# PH. #(318)394-2210
# FAX #(318)394-7772

TO _____

FROM: _Toni Theriot_

# OF PAGES INCLUDING COVER SHEET  6

Please remit $11.00

67832-F

16TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. MARTIN

STATE OF LOUISIANA

NUMBER: 67832-                                                          DIVISION: F

KIMBERLY M. RONQUILLO, wife of/and RAYMOND M. RONQUILLO, III
individually and on behalf of their minor children,
RAYMOND M. RONQUILLO, IV and ZACHARY RONQUILLO

VERSUS

TRANSGUARD INSURANCE OF AMERICA, INC.,
ALLIED VAN LINES, INC., THE ESTATE OF WLADYSLAW GORSKI,
THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF TRANSPORTATION
AND DEVELOPMENT and KAREN A. WEBB

FILED: 4-5-04                                   _____
                                                        DEPUTY CLERK

## PETITION FOR DAMAGES AND TRIAL BY JURY

The petition of KIMBERLY M. RONQUILLO, wife of/and RAYMOND M. RONQUILLO, III, individually and in their representative capacity as parents and natural tutrix and natural tutor of their minor children, RAYMOND M. RONQUILLO, IV and ZACHARY RONQUILLO, both persons of the full age of majority, respectfully represents that:

I.

KIMBERLY M. RONQUILLO, wife of/and and RAYMOND M. RONQUILLO, III are each persons of the full age of majority who have been married but once and then unto each other and are presently living and residing together in Jefferson Parish, Louisiana.

II.

RAYMOND M. RONQUILLO, IV, DATE OF BIRTH: April 2, 1995 and ZACHARY RONQUILLO, DATE OF BIRTH: March 30, 1998 are the two (2) children born of the marriage between Kimberly M. Ronquillo, wife of/and Raymond M. Ronquillo and reside with their parents, Kimberly M. Ronquillo, wife of/and Raymond M. Ronquillo.

III.

At all material times mentioned herein, TRANSGUARD INSURANCE OF AMERICA, INC., made defendant herein, had in full force and effect an automobile liability insurance policy which provided liability insurance coverage to defendant, Allied Van Lines, Inc., Garski Wladyslaw, and/or the vehicle he was operating at the time of the accident hereinafter described.

At all material times mentioned, GARSKI WLADYSLAW was a person of the full age of majority domiciled and residing in Palm Harbor, Florida. GARSKI WLADYSLAW died as a result of this accident and accordingly the estate of GARSKI WLADYSLAW is made a defendant herein.

V.

At all material times mentioned herein ALLIED VAN LINES, INC., made defendant herein, regularly and systematically did and presently does business on a continuing basis in the State of Louisiana and on an interstate basis conducting regular interstate operations throughout the United States.

VI.

This lawsuit arises from a vehicular collision which involves a total of eleven (11) vehicles, eight (8) passengers, (3) commercial (18-wheelers) vehicles. All of the vehicles involved in this collision were Eastbound on the elevated portion of I-10 near milepost 123 in St. Martin Parish, Louisiana. Traffic began to slow to a stop due to a previous crash eastbound near milepost 124. At the rear of this group of traffic was a vehicle owned by Allied Van Lines, Inc. and being driven by Wladyslaw Gorski, which failed to slow or stop for the congestion ahead and ran into the rear of the traffic setting off a chain reaction of collisions between the 11 vehicles involved.

VII.

The previous crash eastbound near milepost 124 was caused by Karen A. Webb, a person of the full age of majority and currently residing in the Parish of New Iberia, State of Louisiana. Karen A. Webb is made defendant herein.

VIII.

Raymond Ronquillo, IV and Zachary Ronquillo were passengers in a vehicle driven by their father, Raymond Ronquillo, III. Kimberly Ronquillo was driving a separate vehicle by herself. Petitioners vehicles were both struck from the rear and forced into other objects as a result of this chain reaction of collisions caused by the Allied Van Lines, Inc. driver, Wladyslaw Gorski.

IX.

At all material times mentioned herein, Allied Van Lines, Inc. and those for whom it is lawfully responsible, including but not limited to Wladyslaw Gorski, the driver of the

constituting negligence and gross negligence in the operation of the tractor-trailer vehicle and in the screening, hiring, training and supervising of the driver of the tractor-trailer vehicle in question.

X.

At the time of the collision, the driver of the tractor-trailer vehicle, Wladyslaw Gorski, was the statutory employee of Allied Van Lines, Inc., by operation of law under the Federal Motor Carrier Safety Act 9 USC § 14102 (2001); 49 CFR § 376.11-12 (2001) and other applicable law and such defendant, Allied Van Lines, Inc., had a duty to exercise ordinary care and operate such tractor-trailer vehicle reasonably and prudently at the time of the collision in question.

XI.

Allied Van Lines, Inc. and those for whom it is lawfully responsible, including the driver of the tractor-trailer vehicle, Wladyslaw Gorski, breached that duty; and the breach of that duty by Allied Van Lines, Inc. and Wladyslaw Gorski, was a proximate cause of the occurrence in question and the resulting damages sustained by petitioners.

XII.

At the time of the collision, Wladyslaw Gorski and Allied Van Lines, Inc. and those for whom it is lawfully responsible, were operating such tractor-trailer vehicle in interstate commerce.

XIII.

Wladyslaw Gorski was negligent in his operation of the tractor-trailer vehicle which tractor-trailer vehicle was a tremendously heavy vehicle loaded with furniture and other movables, which acts of negligence, also consist of the following:

1. Careless operation of a motor vehicle;
2. Failure to see that which he should have seen;
3. Following too closely;
4. Traveling at an excessive rate of speed under the circumstances;
5. Driving without proper rest;
6. Failure to exercise his last clear chance to avoid the accident; and
7. Such other acts of negligence as may be proven upon the trial of this matter.

All of which acts of negligence are in violation of the traffic laws of the State of Louisiana

XIV.

The State of Louisiana, through the Department of Transportation and Development (DOTD) is made defendant herein. The DOTD was negligent in failing to take the proper steps necessary to prevent this accident, said acts of negligence consisting of, but not limited to, the following:

1. Allowing tractor trailer trucks to travel in the left hand lane of the raised interstate;

2. For failing to require a tractor trailer trucks to proceed at a reduced speed in the right hand lane over the elevated portion of the interstate;

3. For failing to properly notify oncoming motorist of a prior accident which had occurred on the elevated portion of the interstate; and

4. For failing to clear a prior accident from the elevated portion of the interstate timely and warn oncoming traffic of a slowdown ahead.

XV.

Karen A. Webb was negligent in her operation of her motor vehicle and in failing to take the proper steps necessary to prevent this accident, said acts of negligence consisting of, but not limited to, the following:

1. Careless operation of a motor vehicle;

2. Failing to maintain her vehicle in proper repair;

3. Traveling in excess of the rate of speed under the circumstances;

4. Failure to inspect tires prior to driving over an elevated portion of the interstate; and

5. Such other acts of negligence as may be proven upon the trial of this matter.

All of which acts of negligence are in violation of the traffic laws of the State of Louisiana and Parish of St. Martin, which are plead herein as if copied in extenso.

XVI.

At all material times mentioned herein, the DOTD knew or should have known that the section of the interstate where this accident occurred was extremely dangerous. This section of the interstate was in the care, custody, and control of the DOTD. As such the DOTD is strictly liable unto petitioners.

XVII.

As a result of the accident, petitioners sustained property damage; past, present, and future mental anguish; past, present, and future physical pain and suffering; past, present, and

transportation expense; past, present, and future loss of enjoyment of life; permanent and disfiguring scars; permanent disabilities; loss of consortium; loss of societal services; and loss of enjoyment of life.

## XVIII.

Petitioners aver that the amount in controversy exceeds $50,000.00 and therefore petitioners request a trial by jury.

WHEREFORE the premises considered, petitioner prays that a copy of this petition be served upon the defendants, TRANSGUARD INSURANCE OF AMERICA, INC., ALLIED VAN LINES, INC., THE ESTATE OF WLADYSLAW GORSKI, and THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, and that said defendants be duly cited to appear and answer same within the legal delays permitted by law and that after all due legal proceedings be had that there be judgment herein in favor of petitioners, KIMBERLY M. RONQUILLO, wife of/and RAYMOND M. RONQUILLO, III individually and on behalf of their minor children, RAYMOND M. RONQUILLO, IV and ZACHARY RONQUILLO and against the defendants, TRANSGUARD INSURANCE OF AMERICA, INC., ALLIED VAN LINES, INC., THE ESTATE OF WLADYSLAW GORSKI and THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, individually and/or in solido and/or in any combination thereof for such damages as are reasonable in the premises together with legal interest thereon from date of judicial demand and for all costs of these proceedings.

Petitioners pray for a trial for jury.

Petitioners further pray for all general and equitable relief.

Respectfully submitted,

_____
Charbonnet Law Firm, L.L.C.
Robert P. Charbonnet, Jr., #21523
Robert P. Charbonnet, #4087
3750 South Claiborne Avenue
New Orleans, Louisiana 70125
Telephone No. (504) 897-3700

_____
Law Offices of James S. Rees, III
James S. Rees, III., #11138
404 E. Gibson Street, Suite 1
Covington, Louisiana 70433
Telephone No. (985) 893-1820

RECEIVED AND FILED
2004 APR -5 AM 8: 21
By_____
CLERK OF COURT
ST MARTIN PARISH

TRANSGUARD INSURANCE OF AMERICA, INC.
Through the Office of the
Louisiana Secretary of State
Baton Rouge, Louisiana

THE ESTATE OF GARSKI WLADYSLAW
Through the Louisiana Long Arm Statute:
1779 Eagle Ridge Blvd.
Palm Harbor, Florida 34685

ALLIED VAN LINES, INC.
Through it agent for service of process:
CT CORPORATION SYSTEM
8550 United Plaza Blvd.,
Baton Rouge, LA 70809

THE STATE OF LOUISIANA THROUGH THE
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
through its agent for service of process:
Dr. Kam K. Movassaghi - Secretary
1201 Capitol Access Road
Baton Rouge, Louisiana 70804-9245

KAREN A. WEBB
205 Hortense Street
New Iberia, Louisiana 70560