IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 1 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GUADALUPE AND AMELIA GUERRA, INDIVIDUALLY AND GUADALUPE GUERRA AS ADMINISTRATOR OF THE ESTATE OF CINDY GUERRA, DECEASED; AMELIA GUERRA AS TEMPORARY GUARDIAN OF THE PERSON AND ESTATE OF LISA GUERRA, AN INCAPACITATED PERSON; RENE GARZA AND PATRICIA GARZA, INDIVIDUALLY AND RENE GARZA AS ADMINISTRATOR OF THE ESTATE OF JENNIFER GARZA, DECEASED; AND GRACIELA MARROQUIN AS TEMPORARY GUARDIAN OF THE PERSON AND ESTATE OF JOSE ANGEL ALFARO, JR., AN INCAPACITATED PERSON | § § § § § § § § § § § § § § § | |
| Plaintiffs, | § § § | CIVIL ACTION NO. B-03-142 TRIAL BY JURY REQUESTED |
| VS. | § § | |
| ALLIED VAN LINES, INC. | § § | |
| Defendant. | § § | |

## PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Plaintiffs request leave of court to file an amended pleading, Plaintiffs' Third Amended Complaint.

## INTRODUCTION

1.    Plaintiffs are Guadalupe and Amelia Guerra, individually and Guadalupe Guerra as administrator of the estate of Cindy Guerra, deceased; Amelia Guerra as temporary guardian of the person and estate of Lisa Guerra, an incapacitated person; Rene Garza and Patricia Garza, individually and Rene Garza as administrator of the estate of

Jennifer Garza, deceased; and Graciela Marroquin as temporary guardian of the person and estate of Jose Angel Alfaro, Jr., an incapacitated person.

2.    The only defendant is Allied Van Lines, Inc., (hereinafter "Allied").

3.    Defendant Allied filed its answer on September 24, 2003.

4.    The Plaintiffs request leave from this Court to amend and/or supplement their complaint to include the following allegations:

a.    an allegation of negligence per se by the Defendant and those for whom in law it is responsible;

b.    an allegation of failure to properly monitor the driver of the tractor-trailer in question (additional allegation contained in paragraph 14 of Plaintiffs' proposed Third Amended Complaint);

c.    recitations that the Temporary Guardianships of Lisa Guerra and Jose Angel Alfaro, Jr., formerly incapacitated persons, have expired;

d.    recitations that Lisa Guerra and Jose Angel Alfaro, Jr., are now appearing in this action as parties plaintiff, individually;

e.    recitations that the Temporary Guardianships of Lisa Guerra and Jose Angel Alfaro, Jr., have not yet been closed and accordingly the Temporary Guardians remain parties plaintiff until the formal closing of the Temporary Guardianships.

## **ARGUMENT**

5.    Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* FED. R. CIV. P. 15(a).

2

6.    Defendant Allied will not be prejudiced by Plaintiffs' amended pleading.

7.    Plaintiffs are filing their proposed third amended complaint contemporaneously with this motion.

8.    Defendant does not oppose the relief sought in this Motion.

## CONCLUSION

9.    Plaintiffs respectfully request leave of court to file their Third Amended Complaint to conform to the foregoing additional allegations.

Respectfully submitted,

MITHOFF & JACKS, L.L.P.

RICHARD WARREN MITHOFF
ATTORNEY IN CHARGE FOR PLAINTIFFS
State Bar No. 14228500
Federal I.D. No. 2102
WILLIAM J. STRADLEY
State Bar No. 19353000
Federal I.D. No. 397
JANIE L. JORDAN
State Bar No. 11012700
Federal I.D. No. 17407
500 Dallas, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 [FAX]

Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal I.D. No. 1944
R. Patrick Rodriguez
State Bar No. 24002861
Federal I.D. No. 22949
RODRIGUEZ, COLVIN , CHANEY & SAENZ, L.L.P.
Local Counsel

3

P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 [Fax]

Counsel for Plaintiffs, Guadalupe and Amelia Guerra,
individually and Guadalupe Guerra as administrator of
the estate of Cindy Guerra, deceased; Amelia Guerra
as temporary guardian of the person and estate of
Lisa Guerra, an incapacitated person; Rene Garza
and Patricia Garza, individually and Rene Garza as
administrator of the estate of Jennifer Garza,
deceased; and Graciela Marroquin as temporary
guardian of the person and estate of Jose Angel
Alfaro, Jr., an incapacitated person

## CERTIFICATE OF CONFERENCE

I hereby certify that William J. Stradley has conferred with defense counsel
regarding the filing of Plaintiffs' Motion for Leave to File Third Amended Complaint.
Counsel for Defendant, Allied Van Lines, Inc., is unopposed to this motion.

WILLIAM J. STRADLEY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was
forwarded to all counsel of record by certified mail, return receipt requested, and/or
hand delivery, and/or fax transmission, this 21 day of April, 2004.

Mr. Tom Lockhart                          Mr. John W. Waters, Jr.
Mr. Roger Hughes                          Bienvenu, Foster, Ryan & O'Bannon
Adams & Graham, L.L.P.                    1010 Common St., Suite 2200
P.O. Drawer 1429                          New Orleans, Louisiana 70112-2401
Harlingen, Texas 78551-1429

WILLIAM J. STRADLEY

4

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUADALUPE AND AMELIA GUERRA, | § | |
| INDIVIDUALLY AND GUADALUPE GUERRA | § | |
| AS ADMINISTRATOR OF THE ESTATE OF | § | |
| CINDY GUERRA, DECEASED; AMELIA | § | |
| GUERRA AS TEMPORARY GUARDIAN OF | § | |
| THE PERSON AND ESTATE OF LISA | § | |
| GUERRA, FORMERLY AN INCAPACITATED | § | |
| PERSON; RENE GARZA AND PATRICIA | § | |
| GARZA, INDIVIDUALLY AND RENE GARZA | § | |
| AS ADMINISTRATOR OF THE ESTATE OF | § | |
| JENNIFER GARZA, DECEASED; AND | § | CIVIL ACTION NO.  B-03-142 |
| GRACIELA MARROQUIN AS TEMPORARY | § | |
| GUARDIAN OF THE PERSON AND ESTATE | § | TRIAL BY JURY REQUESTED |
| OF JOSE ANGEL ALFARO, JR., FORMERLY | § | |
| AN INCAPACITATED PERSON; JOSE | § | |
| ANGEL ALFARO, JR., INDIVIDUALLY; AND | § | |
| LISA GUERRA, INDIVIDUALLY | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| VS. | § | |
| | § | |
| ALLIED VAN LINES, INC. | § | |
| | § | |
| **Defendant.** | § | |

## <u>PLAINTIFFS' THIRD AMENDED COMPLAINT</u>

COME NOW Plaintiffs Guadalupe and Amelia Guerra, individually and
Guadalupe Guerra as administrator of the estate of Cindy Guerra, deceased; Amelia
Guerra as temporary guardian of the person and estate of Lisa Guerra, formerly an
incapacitated person; Rene Garza and Patricia Garza, individually and Rene Garza as
administrator of the estate of Jennifer Garza, deceased; and Graciela Marroquin as
temporary guardian of the person and estate of Jose Angel Alfaro, Jr., formerly an
incapacitated person, and Jose Angel Alfaro, Jr., individually, and Lisa Guerra,

1

individually, and file this Third Amended Complaint against the Defendant Allied Van Lines, Inc. In support thereof, Plaintiffs would respectfully show the Court that:

## A. Parties

1.    Plaintiffs Guadalupe and Amelia Guerra, individually and Guadalupe Guerra as administrator of the estate of Cindy Guerra, deceased; and Amelia Guerra as temporary guardian of the person and estate of Lisa Guerra, formerly an incapacitated person, are citizens and residents of Cameron County, Texas, in the Brownsville Division of the Southern District of Texas.

Lisa Guerra is a citizen and resident of Cameron County, Texas, in the Brownsville Division of the Southern District of Texas. The temporary guardianship of the person and estate of Lisa Guerra is pending in the County Court at Law, Number Two, of Cameron County, Texas.

The temporary guardianship of the person and estate of Lisa Guerra expired on April 6, 2004. In addition to her former temporary guardian, Amelia Guerra, Lisa Guerra now appears and brings this action individually as a party plaintiff.

Plaintiffs Guadalupe and Amelia Guerra, individually and Guadalupe Guerra as administrator of the estate of Cindy Guerra, deceased, bring this action by reason of the death of their natural daughter, Cindy Guerra, deceased, who was a citizen and resident of Cameron County, Texas, in the Brownsville Division of the Southern District of Texas, and as beneficiaries entitled to recover under the Texas Wrongful Death Statute and the Texas Survival Statute, TEX. CIV. PRAC. & REM. CODE ANN. § 71.001 *et seq.,* and 71.021, respectively, and all other applicable laws. Such Plaintiffs are the only known beneficiaries entitled to recover by reason of the death of Cindy Guerra and pursuant to

Texas law, but in the event other parties are determined to be beneficiaries, Plaintiffs bring this action in behalf of and as representatives of all beneficiaries, and reserve the right to amend this pleading accordingly.

The administration of the estate of Cindy Guerra, deceased, is pending in the County Court at Law, Number Two, of Cameron County, Texas.

2.     Plaintiffs Rene Garza and Patricia Garza, individually and Rene Garza as administrator of the estate of Jennifer Garza, deceased, are citizens and residents of Cameron County, Texas, in the Brownsville Division of the Southern District of Texas.

The administration of the estate of Jennifer Garza, deceased, is pending in the County Court at Law, Number Two, of Cameron County, Texas.

Plaintiffs Rene and Patricia Garza, individually and Rene Garza as administrator of the estate of Jennifer Garza, deceased, bring this action by reason of the death of their natural daughter, Jennifer Garza, deceased, who was a citizen and resident of Cameron County, Texas, in the Brownsville Division of the Southern District of Texas, and as beneficiaries entitled to recover under the Texas Wrongful Death Statute and the Texas Survival Statute, TEX. CIV. PRAC. & REM. CODE ANN. § 71.001 *et seq.,* and 71.021, respectively, and all other applicable laws.  Such Plaintiffs are the only known beneficiaries entitled to recover pursuant to Texas law, but in the event other parties are determined to be beneficiaries, Plaintiffs bring this action in behalf of and as representatives of all beneficiaries, and reserve the right to amend this pleading accordingly.

3

3.    Plaintiff Graciela Marroquin, as temporary guardian of the person and estate of Jose Angel Alfaro, Jr., formerly an incapacitated person, is a citizen and resident of Cameron County, Texas, in the Brownsville Division of the Southern District of Texas.

Jose Angel Alfaro, Jr., is a citizen and resident of Cameron County, Texas, in the Brownsville Division of the Southern District of Texas.

The temporary guardianship of the person and estate of Jose Angel Alfaro, Jr., is pending in the County Court at Law, Number Two, of Cameron County, Texas.

The temporary guardianship of the person and estate of Jose Angel Alfaro, Jr., expired on April 6, 2004. In addition to his former temporary guardian, Graciela Marroquin, Jose Angel Alfaro, Jr., now appears and brings this action individually as a party plaintiff.

4.    Defendant Allied Van Lines, Inc. is incorporated in the State of Delaware and has its principal place of business in the State of Indiana. The Defendant is doing business in and is licensed to do business in the State of Texas. Defendant has been served with citation and has answered.

### B.  Jurisdiction

5.    The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332 because the Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

### C.  Venue

6.    Venue is proper in the Brownsville Division of the Southern District of Texas, where all the Plaintiffs and Plaintiffs' former wards and decedents reside or resided and where all applicable temporary guardianships and probate proceedings are pending and

4

pursuant to 28 U.S.C. § 1391, in that Texas is a State which has more than one judicial district and in which the Defendant is subject to personal jurisdiction in Texas as of the time of the commencement of this action.  Thus, such Defendant is deemed to reside in the Southern District of Texas because such Defendant maintains contacts that would be sufficient to subject it to personal jurisdiction if the Southern District of Texas was a separate State.

7.     At all times material hereto, Defendant Allied Van Lines, Inc. was an interstate trucking motor carrier operating its trucks in interstate commerce nationwide and maintaining trucking operations through agencies within the State of Texas.

8.     At all times material hereto, Defendant Allied Van Lines, Inc. regularly and systematically did and presently does business on a continuing basis in the State of Texas, including but not limited to conducting regular motor carrier interstate operations throughout the State of Texas and within the Southern District of Texas.

## D. Facts

9.     This lawsuit arises from a collision that occurred on or about July 20, 2003, on Interstate 10 eastbound between Butte La Rose and Whiskey Bay, Louisiana.   The Guerra family, including the driver Guadalupe Guerra and his wife Amelia Guerra, and their two daughters, Lisa and Cindy Guerra, together with Jennifer Garza and Jose Angel Alfaro, Jr., were in a vehicle traveling eastbound on Interstate 10.

10.    Mr. Guerra was operating his vehicle reasonably and prudently when a tractor-trailer vehicle operated by Defendant Allied Van Lines, Inc., either struck or caused another vehicle to strike the Guerras' vehicle from behind.

11.    As a result of the collision, the Plaintiffs and Plaintiffs' former wards and decedents suffered devastating injuries and death.

12.    Plaintiffs Guadalupe, Amelia, and Lisa Guerra and Jose Angel Alfaro, Jr., suffered burns and injuries to their bodies.

13.    Decedents Cindy Guerra and Jennifer Garza sustained severe burns and other injuries and died as a result of the collision.

### E. Negligence

14.    At all times material to this cause of action the Defendant Allied Van Lines, Inc., and those for whom it is in law fully responsible, including but not limited to the driver of the tractor-trailer vehicle involved in the collision of July 20, 2003, engaged in conduct constituting negligence, negligence per se, and gross negligence in the operation of the tractor-trailer vehicle and in the screening, hiring, training, monitoring and supervising of the driver of the tractor-trailer vehicle in question.

15.    More specifically at the time of the collision, the driver of the tractor-trailer was the statutory employee of such Defendant by operation of law under the Federal Motor Carrier Safety Act, 49 U.S.C. § 14102 (2001); 49 C.F.R. § 376.11-12 (2001), and other applicable law, and such Defendant had a duty to exercise ordinary care and operate such tractor-trailer vehicle reasonably and prudently at the time of the collision in question.

16.    Such Defendant, and those for whom it is in law fully responsible, including the driver of the tractor-trailer vehicle, breached that duty and the breach of that duty by the Defendant was a proximate cause of the occurrence in question and the deaths of

Cindy Guerra and Jennifer Garza and the injuries and damages sustained by all of the Plaintiffs herein.

17.    At the time of the collision, the Defendant, and those for whom it is in law fully responsible, were operating such tractor-trailer vehicle in interstate commerce.

### F. Damages

18.    As a direct and proximate result of the Defendant's negligence and gross negligence, Plaintiffs Amelia Guerra and Guadalupe Guerra and Lisa Guerra and Jose Angel Alfaro, Jr., suffered the following injuries and damages:

     a.    physical pain and mental anguish in the past and future;

     b.    lost earnings in the past and future;

     c.    loss of earning capacity in the past and future;

     d.    disfigurement in the past and future;

     e.    physical impairment in the past and future; and

     f.    medical, hospital, and related expenses in the past and future.

19.    As a direct and proximate result of the death of Cindy Guerra due to the Defendant's negligence, negligence per se, and gross negligence, Plaintiffs Guadalupe and Amelia Guerra, individually, bring suit for the following injuries and damages:

     a.    loss of the positive benefits flowing from the love, comfort, companionship, and society that Guadalupe and Amelia Guerra, in reasonable probability, would have received from Cindy Guerra had she lived;

     b.    emotional pain, torment, and suffering experienced by Guadalupe and Amelia Guerra because of the death of Cindy Guerra; and

     c.    loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Guadalupe and Amelia Guerra, in reasonable probability, would have received from Cindy Guerra had she lived.

20.     As a direct and proximate result of the Defendant's negligence, negligence per

se,  and gross negligence, Plaintiff Guadalupe Guerra as administrator of the estate of

Cindy Guerra, deceased, brings suit for the following injuries and damages suffered b

y Cindy Guerra:

      a.     the conscious physical, emotional and mental pain, torment, and
           suffering experienced by Cindy Guerra before her death as a result
           of the occurrence in question.

21.     As a direct and proximate result of the death of Jennifer Garza due to the

Defendant's negligence, negligence per se, and gross negligence, Plaintiffs Rene Garza

and Patricia Garza, individually, bring suit for the following injuries and damages:

      a.     loss of the positive benefits flowing from the love, comfort,
           companionship, and society that Rene and Patricia Garza, in
           reasonable probability, would have received from Jennifer Garza
           had she lived;

      b.     emotional pain, torment, and suffering experienced by Rene and
           Patricia Garza because of the death of Jennifer Garza; and

      c.     loss of the care, maintenance, support, services, advice, counsel,
           and reasonable contributions of a pecuniary value that Rene and
           Patricia Garza, in reasonable probability, would have received from
           Jennifer Garza had she lived.

22.     As a direct and proximate result of the Defendant's negligence, negligence per

se, and gross negligence, Plaintiff Rene Garza as administrator of the estate of Jennifer

Garza, deceased, brings suit for the following injuries and damages suffered by Jennifer

Garza:

      a.     the conscious physical, emotional and mental pain, torment, and
           suffering experienced by Jennifer Garza before her death as a
           result of the occurrence in question.

23.     As a result of such occurrence, and the death of Cindy Guerra and the extensive and devastating injuries to Lisa Guerra, Plaintiffs Guadalupe and Amelia Guerra, individually, are entitled to recover for their damages by reason of witnessing the events and occurrences giving rise to the death of their natural daughter, Cindy Guerra, and the devastating injuries to their daughter, Lisa Guerra, and they hereby bring suit to recover damages as bystanders as allowed by the laws and the Constitution of the State of Texas.

### G.  Choice of Law

24.     Plaintiffs plead the applicability of Texas law.

### Prayer

25.     WHEREFORE, Plaintiffs Guadalupe and Amelia Guerra, individually and Guadalupe Guerra as administrator of the estate of Cindy Guerra, deceased; Amelia Guerra as temporary guardian of the person and estate of Lisa Guerra, formerly an incapacitated person, and Lisa Guerra, individually; Rene Garza and Patricia Garza, individually and Rene Garza as administrator of the estate of Jennifer Garza, deceased; and Graciela Marroquin as temporary guardian of the person and estate of Jose Angel Alfaro, Jr., formerly an incapacitated person, and Jose Angel Alfaro, Jr., individually, respectfully pray for judgment as follows:

    a.    For all compensatory damages as allowed by law against Defendant in an amount to be proved at trial;

    b.    For all exemplary damages as allowed by law against Defendant in an amount to be proved at trial;

    c.    For costs of suit;

    d.    Prejudgment and post-judgment interest; and

9

e.    For such other and further relief as this Court deems proper.

**Jury Demand**

Plaintiffs have previously requested a trial by jury.

Respectfully submitted,

MITHOFF & JACKS, L.L.P.


RICHARD WARREN MITHOFF
ATTORNEY IN CHARGE FOR PLAINTIFFS
State Bar No. 14228500
Federal I.D. No. 2102
WILLIAM J. STRADLEY
State Bar No. 19353000
Federal I.D. No. 397
JANIE L. JORDAN
State Bar No. 11012700
Federal I.D. No. 17407
500 Dallas, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 [FAX]


Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal I.D. No. 1944
Joseph A. (Tony) Rodriguez
State Bar No. 17146600
Federal I.D. No. 10107
R. Patrick Rodriguez
State Bar No. 24002861
Federal I.D. No. 22949
RODRIGUEZ, COLVIN, CHANEY & SAENZ,LLP.
Local Counsel
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 [Fax]

Counsel for Plaintiffs, Guadalupe and Amelia Guerra, individually and Guadalupe Guerra as administrator of the estate of Cindy Guerra, deceased; Amelia Guerra as temporary guardian of the person and estate of Lisa Guerra, formerly an incapacitated person; Rene Garza and Patricia Garza, individually and Rene Garza as administrator of the estate of Jennifer Garza, deceased; and Graciela Marroquin as temporary guardian of the person and estate of Jose Angel Alfaro, Jr., formerly an incapacitated person; Jose Angel Alfaro, Jr., individually, and Lisa Guerra, individually

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record by certified mail, return receipt requested, and/or hand delivery, and/or fax transmission, this 21st day of April, 2004.

Mr. Tom Lockhart
Mr. Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. John W. Waters, Jr.
Bienvenu, Foster, Ryan & O'Bannon
1010 Common St., Suite 2200
New Orleans, Louisiana 70112-2401

WILLIAM J. STRADLEY