IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 1 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GUADALUPE GUERRA, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-03-142 |
| | § | (JURY) |
| ALLIED VAN LINES, INC., | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE THEIR
REPLY TO DEFENDANT ALLIED'S SECOND SUPPLEMENT
IN SUPPORT OF MOTION TO TRANSFER VENUE**

Pursuant to Rule 5.D. of this Court's Civil Procedures, Plaintiffs request leave of court to file their Reply to Defendant Allied Van Lines, Inc.'s Second Supplement in Support of Motion to Transfer Venue.

**INTRODUCTION**

1. Plaintiffs are Guadalupe and Amelia Guerra, individually and Guadalupe Guerra as administrator of the estate of Cindy Guerra, deceased; Amelia Guerra as temporary guardian of the person and estate of Lisa Guerra, an incapacitated person; Rene Garza and Patricia Garza, individually and Rene Garza as administrator of the estate of Jennifer Garza, deceased; and Graciela Marroquin as temporary guardian of the person and estate of Jose Angel Alfaro, Jr., an incapacitated person; Jose Angel Alfaro, Jr., individually; and Lisa Guerra, individually (collectively "Plaintiffs").

2. The only defendant is Allied Van Lines, Inc. (hereinafter "Allied").

3. Allied filed a motion to transfer venue on January 23, 2004 (Dkt. # 23), and a supplement thereto on January 30, 2004 (Dkt. # 29).

4. Plaintiffs filed their response thereto on March 2, 2004 (Dkt. # 32).

5. Allied filed a reply to Plaintiffs' response on March 22, 2004 (Dkt. # 33), and a second supplement on April 13, 2004 (Dkt. # 34).

## ARGUMENT

6. The Court should allow the filing of Plaintiffs' Reply to Allied's Second Supplement in Support of Motion to Transfer Venue because Allied raised an issue in its second supplement that it failed to address in its original motion. Therefore, Plaintiffs have had no opportunity to address Allied's newly raised issue. Specifically, Plaintiffs' reply very briefly addresses the fact that the recent filing of a lawsuit in Louisiana state court has no bearing on this case.

7. Plaintiffs are filing their reply contemporaneously with this motion.

8. Allied does not oppose this Motion.

## CONCLUSION

9. Plaintiffs respectfully request leave of court to file their Reply to Allied's Second Supplement in Support of Motion to Transfer Venue to briefly clarify a factual representation by Allied.

Respectfully submitted,

| | |
|---|---|
| **MITHOFF & JACKS, L.L.P.** | **RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.** |

*[signature]*
RICHARD WARREN MITHOFF
*Attorney-in-Charge for Plaintiffs*
State Bar No. 14228500
Federal I.D. No. 2102
WILLIAM J. STRADLEY
State Bar No. 19353000
Federal I.D. No. 397
JANIE L. JORDAN
State Bar No. 11012700
Federal I.D. No. 17407
HERRICK L. SOVANY
State Bar No. 24037533
Federal I.D. 33292
500 Dallas, Suite 3450
Houston, Texas 77002
(713) 654-1122
   (713) 739-8085 [FAX]

*[signature]*
EDUARDO ROBERTO RODRIGUEZ
State Bar No. 17144000
Federal I.D. No. 1944
R. PATRICK RODRIGUEZ
State Bar No. 24002861
Federal I.D. No. 22949
*Local Counsel*
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 [FAX]

ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiffs' counsel has conferred with defense counsel regarding the filing of Plaintiffs' Motion for Leave to File Second Amended Complaint. Counsel for Defendant, Allied Van Lines, Inc., is **unopposed** to this motion.

*[signature]*
RICHARD WARREN MITHOFF

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record by certified mail, return receipt requested, and/or hand delivery, and/or fax transmission, on April 21, 2004.

| | |
|---|---|
| Mr. Tom Lockhart<br>Mr. Roger Hughes<br>ADAMS & GRAHAM, L.L.P.<br>P.O. Drawer 1429<br>Harlingen, Texas 78551-1429 | Mr. John W. Waters, Jr.<br>BIENVENU, FOSTER, RYAN & O'BANNON<br>1010 Common St., Suite 2200<br>New Orleans, Louisiana 70112-2401 |

_____
RICHARD WARREN MITHOFF

4

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUADALUPE GUERRA, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. B-03-142 (JURY) |
| ALLIED VAN LINES, INC., | § § | |
| *Defendant.* | § § | |

PLAINTIFFS' REPLY TO ALLIED'S SECOND
SUPPLEMENT IN SUPPORT OF MOTION TO TRANSFER VENUE

MITHOFF & JACKS, L.L.P.

RICHARD WARREN MITHOFF
*Attorney-in-Charge for Plaintiffs*
State Bar No. 14228500
Federal I.D. No. 2102
WILLIAM J. STRADLEY
State Bar No. 19353000
Federal I.D. No. 397
JANIE L. JORDAN
State Bar No. 11012700
Federal I.D. No. 17407
HERRICK L. SOVANY
State Bar No. 24037533
Federal I.D. 33292
500 Dallas, Suite 3450
Houston, Texas 77002
(713) 654-1122
    (713) 739-8085 [FAX]

RODRIGUEZ, COLVIN, CHANEY
& SAENZ, L.L.P.

EDUARDO ROBERTO RODRIGUEZ
State Bar No. 17144000
Federal I.D. No. 1944
R. PATRICK RODRIGUEZ
State Bar No. 24002861
Federal I.D. No. 22949
*Local Counsel*
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 [FAX]

ATTORNEYS FOR PLAINTIFFS

## PLAINTIFFS' REPLY TO ALLIED'S SECOND
## SUPPLEMENT IN SUPPORT OF MOTION TO TRANSFER VENUE

TO THE HONORABLE HILDA TAGLE:

Pursuant to Rule 5.D. of this Court's Civil Procedures, Plaintiffs file this brief reply, and would respectfully show that the following points were not included in their original response because Defendant Allied Van Lines, Inc. ("Allied") filed its Second Supplement in Support of Motion to Transfer Venue raising a new point after Plaintiffs filed their response.

With respect to Allied's Second Supplement (Dkt. # 34), Plaintiffs would respectfully show that the recent filing of a Louisiana state court case arising out of this same collision has no bearing on this case for several reasons.

First, the case referenced by Allied was filed in Louisiana <u>state</u> court—not <u>federal</u> court—and obviously could not be consolidated with this case even if this case were transferred to Louisiana.

Second, the Louisiana state court case and this case do not involve identical parties and issues. The Louisiana state court case involves two additional parties—the State of Louisiana and another driver, Karen Webb—that are not involved in this case. Allied's own Director of Safety Administration, Mark Davison, who was in charge of investigating the collision in question, has referenced no party other than Allied's driver as a cause of the accident:

> Q.   What do you understand happened in the accident?
> A.   Well, the – for some unknown reason, our truck ran into the back end of a bunch of stopped vehicles.
> Q.   At a very high rate of speed?
> A.   Very high rate of speed.
> Q.   With either no braking or braking only at the very last instant?
> A.   That's correct.

2

Ex. A, Davison Depo. at 23:13-21. Moreover, Mr. Davison testified that he could not identify any medical condition on the part of the Allied driver or any mechanical failure or defect in the Allied tractor-trailer involved that caused or contributed to the cause of this collision. *Id.* at 20:4-9; 21:1-6.

Finally, this case has been on file since August 12, 2003; substantial discovery has already been completed; eight depositions have already been taken and Plaintiffs' expert designations and expert reports are due on or before May 3, 2004; the discovery period ends August 2, 2004; and jury selection is set for October 7, 2004. The state court case in Louisiana has just been filed and Allied has apparently not even answered; it is obvious that the discovery and trial schedule for the Louisiana state court case will be different from this case.

Pursuant to Rule 5.C. of this Court's Civil Procedures, Plaintiffs have restricted their reply only to address the above mentioned points that Allied raised in its Second Supplement in Support of Motion to Transfer Venue, and have refrained from addressing other points and factual statements that Allied made in response to Plaintiffs' arguments in their response since Allied has not come forward with any new evidence. Accordingly, Plaintiffs will address such issues upon the Court's request in a manner the Court sees fit, either by way of additional briefing or at a hearing on the matter.

For all the reasons set forth in their response and above, Plaintiffs respectfully request that the Court deny Allied's Motion to Transfer Venue, and for any and all other relief to which they are entitled. A proposed order is on file with this Court.

Respectfully submitted,

MITHOFF & JACKS, L.L.P.                    RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

*[signature]*                              *[signature]*
RICHARD WARREN MITHOFF                     EDUARDO ROBERTO RODRIGUEZ
*Attorney-in-Charge for Plaintiffs*        State Bar No. 17144000
State Bar No. 14228500                     Federal I.D. No. 1944
Federal I.D. No. 2102                      *Local Counsel*
500 Dallas, Suite 3450                     P.O. Box 2155
Houston, Texas 77002                       Brownsville, Texas 78522
(713) 654-1122                             (956) 542-7441
(713) 739-8085 [FAX]                       (956) 541-2170 [FAX]

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record by certified mail, return receipt requested, and/or hand delivery, and/or fax transmission, on April 21, 2004.

| | |
|---|---|
| Mr. Tom Lockhart<br>Mr. Roger Hughes<br>ADAMS & GRAHAM, L.L.P.<br>P.O. Drawer 1429<br>Harlingen, Texas 78551-1429 | Mr. John W. Waters, Jr.<br>BIENVENU, FOSTER, RYAN & O'BANNON<br>1010 Common St., Suite 2200<br>New Orleans, Louisiana 70112-2401 |

*[signature]*
RICHARD WARREN MITHOFF

4

# EXHIBIT "A"

Page 1

```
 1              IN THE UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF TEXAS
 2                   BROWNSVILLE DIVISION
 3   GUADALUPE & AMELIA GUERRA )(
     INDIVIDUALLY AND GUADALUPE)(
 4   GUERRA AS ADMINISTRATOR OF)(
     THE ESTATE OF CINDY GUERRA)(
 5   DECEASED; AMELIA GUERRA AS)(
     TEMPORARY GUARDIAN OF THE )(
 6   PERSON AND ESTATE OF LISA )(
     GUERRA, AN INCAPACITATED  )(
 7   PERSON; RENE GARZA AND    )(
     PATRICIA GARZA,           )(
 8   INDIVIDUALLY AND RENE     )(
     GARZA AS ADMINISTRATOR OF )( CIVIL ACTION NO. B-03-142
 9   THE ESTATE OF JENNIFER    )(  TRIAL BY JURY REQUESTED
     GARZA, DECEASED; AND      )(
10   GRACIELA MARROQUIN AS     )(
     TEMPORARY GUARDIAN OF THE )(
11   PERSON AND ESTATE OF JOSE )(
     ANGEL ALFARO, JR., AN     )(
12   INCAPACITATED PERSON      )(
          Plaintiffs           )(
13   VS.                       )(
                               )(
14   ALLIED VAN LINES, INC.    )(
          Defendant            )(
15   _____
16
            ORAL AND VIDEOTAPED DEPOSITION OF
17                    MARK DAVISON
                  FEBRUARY 11, 2004
18
     _____
19
20       ORAL AND VIDEOTAPED DEPOSITION OF MARK DAVISON,
     produced as a witness at the instance of the
21   PLAINTIFFS, taken in the above styled and numbered
     cause on FEBRUARY 11, 2004, reported by PEGGY BRYANT,
22   Certified Court Reporter No. 1208, in and for the State
     of Texas, at the offices of Adams & Graham, L.L.P., 222
23   East Van Buren, West Tower, Harlingen, Texas, pursuant
     to the Federal Rules of Civil Procedure.
24
25
```

```
                                                              Page 2
 1                    APPEARANCES
 2   COUNSEL FOR PLAINTIFFS:
 3        RICHARD WARREN MITHOFF
          WILLIAM J. STRADLEY
 4        JANIE L. JORDAN
          MITHOFF & JACKS, L.L.P.
 5        One Allen Center - Penthouse
          500 Dallas, Suite 3450
 6        Houston, Texas   77002
 7
     COUNSEL FOR DEFENDANT:
 8
          TOM LOCKHART
 9        ADAMS & GRAHAM, L.L.P.
          222 East Van Buren, West Tower
10        Harlingen, Texas   78550
11
12   ALSO PRESENT:  Braden Walker, Videographer
                    Chris Shifflett
13
14
15                     INDEX
16                                                      PAGE
     Appearances ........................................ 2
17
     MARK DAVISON
18   Examination by Mithoff ............................. 4
19   Errata Sheet/Signature Page ........................ 86
20   Reporter's Certificate ............................. 87
21
22
23
24
25
```

BRYANT & STINGLEY, INC.                              (956)428-0755

Page 3

```
 1                        EXHIBITS
 2  PAGE
    NUMBER   DESCRIPTION                                    MARKED
 3
 4     1     Notice of Deposition ......................     4
 5     2     Report of Serious Safety Violations -
             Request for Compliance Review ..........       24
 6
       3     Report by Master Trooper Richard Elliott       28
 7
       4     70-Hour Recap ..........................       33
 8
       5     Driver's Daily Log .....................       36
 9
       6     Satellite Record for Gorski Vehicle .....      54
10
       7     Text Message History ....................      62
11
       8     Information requested by Trooper Elliott.      66
12
       9     (Number skipped) ........................
13
      10     Trip Information ........................      72
14
15
16
17
18
19
21
22
23
24
25
```

BRYANT & STINGLEY, INC.                                    (956)428-0755

Page 4

1　　　　　　　　　　　MARK DAVISON,
2　having been duly sworn, testified as follows:
3　　　　　　　　　　　　EXAMINATION
4　BY MR. MITHOFF:
5　　　Q.　State your full name, please, sir.
6　　　A.　Mark Wayne Davison.
7　　　Q.　Mr. Davison, my name is Richard Mithoff. I'm
8　one of the lawyers representing several families
9　involved in the tragic accident that has brought us
10　here. You understand that?
11　　　A.　Sure.
12　　　Q.　I understand that you are with Allied Van
13　Lines, Inc.; is that correct?
14　　　A.　That's correct.
15　　　Q.　What is your title or position, please?
16　　　A.　I'm the director of safety administration.
17　　　Q.　How long have you held that position?
18　　　A.　Since 2000.
19　　　Q.　And prior to that, were you with Allied in one
20　or more other capacities?
21　　　A.　Actually, I was with North American Van Lines
22　-- in the safety department with North American Van
23　Lines.
24　　　Q.　Okay. And then there was a merger, as I
25　understand it, between Allied and North American?

04/20/2004 15:32 FAX 7137398085    MITHOFF JACKS    ⌀006
Case 1:03-cv-00142    Document 36    Filed in TXSD on 04/21/2004    Page 14 of 18

Page 20

1    Q.    Have you talked either to the physician who
2  performed the physical or any other physician?
3    A.    No, I have not.
4    Q.    But based on your review, you do not see
5  anything in the file, topside or bottom, that would
6  indicate any kind of ongoing medical condition that
7  would have accounted for any conduct on his part that
8  would have resulted in this accident?
9    A.    That's correct.
10   Q.    What have you done with respect to reviewing
11 the history of the mechanical condition of either the
12 tractor or trailer or both?
13   A.    We have looked at his maintenance records.  We
14 have looked at the current vehicle inspection that had
15 been done.  That's the extent that we have access of
16 information.
17   Q.    Does Allied require, pursuant to federal law,
18 that regular inspections and maintenance be conducted
19 of the tractor and trailer?
20   A.    Yes, we do.
21   Q.    And were those files current?
22   A.    Yes, they were.
23   Q.    And were those files maintained within your
24 department?
25   A.    Yes, they were.

04/20/2004 15:32 FAX 7137398085    MITHOFF JACKS    ⌀007
Case 1:03-cv-00142   Document 36   Filed in TXSD on 04/21/2004   Page 15 of 18

Page 21

1    Q.  Based on your review of those files, do you see
2  anything topside or bottom that would reflect any kind
3  of mechanical condition or defect that would in any way
4  have caused or contributed to this accident?
5    A.  I have not identified anything specific that
6  would have contributed or caused it.
7    Q.  And have you done the analysis that you think
8  you need to do in that regard?
9    A.  Well, I would like to be able to analyze the
10  vehicle.  Unfortunately, the vehicle is not accessible
11  for us to do that.
12    Q.  I understand that, but based on the review of
13  the inspections and maintenance records, do you believe
14  that you have had access to everything that you can get
15  access to in order to make that determination?
16    A.  Yeah, with the limited records, that's what we
17  have to work with.
18    Q.  Okay.  Given the fact that you have reviewed
19  presumably all of the medical records that exist
20  relating to Mr. Gorski, and in view of the fact that
21  you have apparently reviewed all of the records that
22  relate to the inspection and maintenance of the tractor
23  and trailer that exist, with respect to the
24  tractor/trailer being operated by Mr. Gorski, and in
25  view of the fact that apparently there are no

04/20/2004 15:32 FAX 7137398085    MITHOFF JACKS                          ⌀008
Case 1:03-cv-00142   Document 36   Filed in TXSD on 04/21/2004   Page 16 of 18

Page 23

1    Q.  Have you reached any conclusion about the cause
2 of the accident?
3    A.  No, I have not.
4    Q.  Have you reached any conclusion about what you
5 may do in the future or what Allied may do in the
6 future to try to prevent this kind of accident from
7 happening again?
8    A.  You have to have a clear understanding of how
9 it happened in order to take steps to prevent that same
10 thing from happening, so I have not developed any clear
11 plans to address specifically what happened in this
12 accident.
13   Q.  What do you understand happened in the
14 accident?
15   A.  Well, the -- for some unknown reason, our truck
16 ran into the back end of a bunch of stopped vehicles.
17   Q.  At a very high rate of speed?
18   A.  Very high rate of speed.
19   Q.  With either no braking or braking only at the
20 very last instant?
21   A.  That's correct.
22   Q.  And assuming that there is no evidence of a
23 medical condition that would have caused such a
24 tragedy, and in view of the fact that there is
25 apparently no evidence of mechanical failure or defect

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUADALUPE AND AMELIA GUERRA, INDIVIDUALLY AND GUADALUPE GUERRA AS ADMINISTRATOR OF THE ESTATE OF CINDY GUERRA, DECEASED; AMELIA GUERRA AS TEMPORARY GUARDIAN OF THE PERSON AND ESTATE OF LISA GUERRA, AN INCAPACITATED PERSON; RENE GARZA AND PATRICIA GARZA, INDIVIDUALLY AND RENE GARZA AS ADMINISTRATOR OF THE ESTATE OF JENNIFER GARZA, DECEASED; AND GRACIELA MARROQUIN AS TEMPORARY OF JOSE ANGEL ALFARO, JR., AN INCAPACITATED PERSON<br><br>Plaintiffs,<br><br>VS.<br><br>ALLIED VAN LINES, INC.<br><br>Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § § | C.A. NO. B-03-142 |

## AFFIDAVIT OF R. PATRICK RODRIGUEZ

STATE OF TEXAS          §
                                     §     KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF CAMERON  §

BEFORE ME, the undersigned authority, the State of Texas, on this day personally appeared R. PATRICK RODRIGUEZ, known to me as the person whose name is subscribed to the foregoing Affidavit, and who, being by me first duly sworn, on his oath deposed and stated as follows:

"My name is R. PATRICK RODRIGUEZ. I am over 18 years of age and competent to make this affidavit.

1. Exhibit "A" is a true and correct copy of deposition excerpts of the deposition testimony of Mark Davison given on February 11, 2004.

FURTHER AFFIANT SAYETH NAUGHT.

Executed this __21__ day of __April__, 2004.

_____
R. Patrick Rodriguez

SUBSCRIBED AND SWORN TO BEFORE ME by the said R. PATRICK RODRIGUEZ, on this the __21st__ day of __April__, 2004, to certify which, witness my hand and seal of office.



_____
Notary Public, State of Texas
My Commission Expires: __10-23-07__