42

United States District Court
Southern District of Texas
FILED

MAY 27 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GUADALUPE AND AMELIA GUERRA, INDIVIDUALLY AND GUDALUPE GUERRA AS ADMINISTRATOR OF THE ESTATE OF CINDY GUERRA, DECEASED; AMELIA GUERRA AS TEMPORARY GUARDIAN OF THE ESTATE AND PERSON OF LISA GUERRA, AN INCAPACITATED PERSON; RENE GARZA AND PATRICIA GARZA, INDIVIDUALLY AND RENE GARZA AS ADMINISTRATOR OF THE ESTATE OF JENNIFER GARZA, DECEASED; GRACIELLA MARROQUIN AS TEMPORARY GUARDIAN OF THE ESTATE AND PERSON OF JOSE ANGEL ALFARO, JR., AN INCAPACITATED PERSON § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. B-03-142 |
| VS. § § § | |
| ALLIED VAN LINES, INC. § | |

**EMERGENCY OPPOSED MOTION TO MODIFY SCHEDULING
ORDER AND ABATE DISCOVERY PENDING RULING
ON MOTION TO TRANSFER VENUE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant ALLIED VAN LINES, INC. ("**ALLIED**"), files this Emergency Opposed Motion to Modify Scheduling Order and Abate Discovery Pending Ruling on Motion to Transfer Venue, and shows the Court as follows:

## I. Certificate of Conference

The undersigned has conferred with Plaintiffs' counsel. No agreement can be reached concerning the relief requested and Plaintiffs oppose the motion.

## II. Relief Requested

Allied requests the Court abate discovery until the Court rules on venue. Once the Court rules, the deadlines, date for final pre-trial conference, and date for trial should be reset if necessary.

## III. Case Status and Factual Background

This is a personal injury case arising out of a truck/auto collision in Louisiana in 2003. Defendant Allied objected to venue in its original answer. Dkt. #10. Defendant Allied moved to transfer venue on January 23, 2004. Dkt. #23.

At the pre-trial scheduling conference on January 26, 2004 Allied requested an early ruling on the venue; the Court asked Plaintiffs how much time they needed to respond and they indicated March 2, 2004. Dkt. #40, pp. 7(1.5) - 8(1.24). Plaintiffs filed their response on March 2, 2004. Dkt. #32. Accordingly, the motion has been under submission to the court over for over two months.

Pursuant to the scheduling order, Allied's deadline to designate experts is thirty (30) days after the deposition of Plaintiffs' experts. Dkt. #26. Discovery is set to close August 2, 2004. Dkt. #26.

Plaintiffs designated their experts on May 7, 2004. On May 25, 2004, Plaintiffs

demanded that Allied agree to depose Plaintiffs' experts on proposed dates or be precluded from deposing Plaintiffs' experts. Plaintiffs further demanded that Allied designate its experts by June 15, 2004. See attached Exh. 1.

## IV. Argument and Authorities

A motion to transfer venue should take "top priority" in handling the case. *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. 2003). Judicial economy requires that the parties not be burdened with discovery on the merits before receiving a ruling on a motion to transfer venue. *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 31 (3rd Cir. 1970). In light of *In re Volkswagen AG*, Case No. 04-40303 (5th Cir. May 18, 2004), Allied has a compelling case for a section 1404(a) transfer. Venue affects several key issues and choices that Allied's counsel must make in trial preparation. This Court should decide venue before discovery proceeds for at least compelling reasons.

First, deciding venue will require the Court to determine whether Louisiana law controls, which impacts the remaining discovery. On these facts, the applicable choice of law rules require that Louisiana law control. *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 674 (5th Cir. 2003); *Vizcarra v. Roldan*, 925 S.W.2d 89, 91-92 (Tex. App.–El Paso 1996, no writ). One important section 1404(a) advantage is having a federal judge familiar with the applicable state's law handle the case. *Van Dussen v. Barrack*, 376 U.S. 512, 645 (1964); *Morgan v. Ill. Cent. R. Co.*, 161 F.Supp. 119, 121 (S.D. Tex. 1958); Wright, Miller & Cooper, FED. PRAC. & PROC. §3854 p. 46 (1986). This is especially

important when the controlling law is that of Louisiana. Louisiana tort law is found in the Civil Code, specifically Articles 2315-2324, and the Louisiana Civil Code Ancillaries (Title 9). Because Louisiana tort law is code-driven, a district court there would be far more familiar with the controlling law.

Louisiana Law is famously unique and challenging. It derives from the Napoleonic Code and it requires special knowledge and care to interpret. *See Frazier v. Heebe,* 788 F.2d 1049 (5th Cir. 1986) (referring to the difficulty of passing the Louisiana bar exam because of the unique nature of Louisiana law), *reversed on other grounds,* 482 U.S. 641 (1987); *see also Marchesani v. Pellerin-Milnor Corp.,* 248 F.3d 423 (5th Cir. 2001) (pointing Louisiana's unique statutory conflict of laws regime and certifying questions to the Louisiana Supreme Court); *Hunt Oil v. F.E.R.C.,* 853 F.2d 1226 (5th Cir. 1988) (pointing to the unique nature of Louisiana law).

For example, Louisiana law does not permit exemplary damages unless expressly authorized by statute. *International Harvester Credit v. Seale,* 518 So.2d 1039, 1041 (La. 1988); *Zaffuto v. City of Hammond,* 308 F.3d 485, 491 (5th Cir. 2002). Statutes authorizing the imposition of exemplary damages must be strictly construed. *Naquin,* 935 F.Supp. at 849. *Vincent v. Southwest Louisiana Elec. Membership Corp.,* 666 F.Supp. 94, 96 (W.D.La.1987). Louisiana law controls this case and it does not allow recovery of punitive or exemplary damages for this type of accident. La. Civil Code, art. 2315.4. This is an issue that should be decided by a Louisiana district court, and the choice of law and venue must

be made before discovery proceeds.

Therefore, Allied needs to know whether Louisiana law applies before selecting experts. Experts will need to be familiar with the applicable traffic law. Choice of law will guide both the examination and choice of experts. Gross negligence is not an issue that the experts should have to address because Louisiana law applies.

Second, venue impacts which attorneys will take the lead in the depositions. If the trial takes place in Louisiana, Louisiana counsel will take the lead on depositions and trial preparation.

### Conclusion

For these reasons, Defendant requests the Court immediately rule on these issues, abate all the discovery and deadlines until the Court rules on venue and choice of law, and then issue a new scheduling order, if necessary.

Respectfully submitted,

By: _____
Tom Lockhart
Texas State Bar No. 12473500
Texas Federal I.D. No. 2257
**Roger W. Hughes**
Texas State Bar No. 10229500
Texas Federal ID No. 5950
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, TX 78551-1429
Phone No.: (956)428-7495;
Fax:(956)428-2954

**John W. Waters, Jr.**
LA State Bar No. 13258
LA Federal I.D. No. 13258
**BIENVENU, FOSTER, RYAN
& O'BANNON**
1010 Common Street, Suite 2200
New Orleans, LA 70112-2401
Phone: (504) 581-2146;
Fax: (504) 522-7859

Attorneys for *Defendant* ALLIED VAN LINES

### CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of May, 2004, a true and correct copy of the above and foregoing pleading was mailed to counsel for Plaintiffs as follows:

| | |
|---|---|
| Mr. Richard Warren Mithoff<br>Mr. William J. Stradley<br>Ms. Janie J. Jordan<br>**MITHOFF & JACKS, L.L.P.**<br>500 Dallas Street, Suite 3450<br>Houston, Texas 77002<br>***Attorneys for Plaintiffs*** | *Via Facsimile: 713/739-8085<br>& Ordinary Mail* |
| Mr. Eduardo Rodriguez<br>Mr. Joseph A. Rodriguez<br>Mr. R. Patrick Rodriguez<br>**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**<br>1201 East Van Buren<br>Brownsville, TX 78520 | *Via Ordinary Mail* |

_____
TOM LOCKHART

# MITHOFF & JACKS

L.L.P.

LAW OFFICES

| | | |
|---|---|---|
| RICHARD WARREN MITHOFF, P.C.<br>JANIE L. JORDAN<br>SHERIE POTTS BECKMAN<br>JOSEPH R. ALEXANDER, JR.<br>HERRICK L. SOVANY<br><br>OF COUNSEL<br><br>WILLIAM J. STRADLEY<br><br>HOUSTON OFFICE | ONE ALLEN CENTER<br>PENTHOUSE<br>500 DALLAS<br>HOUSTON, TEXAS 77002<br><br>TELEPHONE 713-654-1122<br>FACSIMILE 713-739-8085 | TOMMY JACKS, P.C.<br>JAMES L. ("Larry") WRIGHT<br>MARK G. EINFALT<br>KURT M. SAUER<br>DREW WRIGHT<br>LAURA RUTH JACKS<br>FRANCES TOWNSEND<br>MARK GUERRERO<br>JUSTIN TOWNSEND<br><br>AUSTIN OFFICE |

May 25, 2004

Mr. Tom Lockhart
Law Offices of Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

Re: Civil Action No. B-03-142; Guadalupe and Amelia Guerra, et al. vs. Allied Van Lines, Inc., In the United States District Court for the Southern District of Texas, Brownsville Division

Dear Tom:

As you know, according to the Court's scheduling order, Allied is not required to disclose its experts and provide reports until 30 days after it has completed the depositions of Plaintiffs' expert witnesses. In accordance with the Court's scheduling order, Plaintiffs have previously complied with paragraph 3 of the Court's scheduling order and provided you with dates for the depositions of the Plaintiffs' expert witnesses. (See attached scheduling order and letters of May 18, 2004 and May 25, 2004, offering suggested dates for Plaintiffs' experts' depositions.) However, you have advised that Allied will not proceed with these depositions until the Court rules on Allied's Motion to Transfer Venue. Of course, there is no provision in the Court's scheduling order for delay or abatement of discovery pending the Court's ruling on Allied's motion to transfer venue.

Allied's failure to timely proceed to depose Plaintiffs' retained experts as contemplated by the Court's scheduling order constitutes an obvious waiver of its right to depose Plaintiffs' experts as provided by paragraph 4 of the Court's order.

Since the order requires that discovery be completed by August 2, 2004, in order to avoid such waiver, Plaintiffs request that Allied agree to name its experts and provide reports by June 15, 2004 to provide sufficient time for Plaintiffs to obtain their oral depositions before the close of discovery. If Allied will not agree to name its experts and

Mr. Tom Lockhart
May 25, 2004
Page 2

provide reports that comply with Federal Rule of Civil Procedure 26, on or before June 15, 2004, please let me know by Friday, May 28, 2004 so that an appropriate motion asking the Court for relief may be filed by Plaintiffs. Plaintiffs' motion will also seek a finding that Allied has waived its right to depose Plaintiffs' experts.

    Please let me know Allied's decision in this matter as time is of the essence in moving forward to complete discovery.

                        Very truly yours,

                        Mithoff & Jacks, L.L.P.

                        RICHARD WARREN MITHOFF
                        WILLIAM J. STRADLEY

RWM:vkb
Enclosure

cc:    Mr. Eduardo Rodriguez
       Mr. John Waters, Jr.

# MITHOFF & JACKS

L.L.P.

LAW OFFICES

RICHARD WARREN MITHOFF, P.C.
JANIE L. JORDAN
SHERIE POTTS BECKMAN
JOSEPH R. ALEXANDER, JR.
HERRICK L. SOVANY

OF COUNSEL

WILLIAM J. STRADLEY

HOUSTON OFFICE

ONE ALLEN CENTER
PENTHOUSE
500 DALLAS
HOUSTON, TEXAS 77002

TELEPHONE 713-654-1122
FACSIMILE 713-739-8085

TOMMY JACKS, P.C.
JAMES L. ("Larry") WRIGHT
MARK G. EINFALT
KURT M. SAUER
DREW WRIGHT
LAURA RUTH JACKS
FRANCES TOWNSEND
MARK GUERRERO
JUSTIN TOWNSEND

AUSTIN OFFICE

May 18, 2004

Mr. Tom Lockhart
Law Offices of Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

Re:   Civil Action No. B-03-142; Guadalupe and Amelia Guerra, et al. vs. Allied Van Lines, Inc., In the United States District Court for the Southern District of Texas, Brownsville Division

Dear Tom:

Following is a chart which sets out the availability for deposition of Plaintiffs' experts:

| Witness | Dates Available |
|---|---|
| Ian Jones, Ph.D. | June 15, 16, 18, 29, 30 |
| Paul O'Neill | May 24, 25<br>June 1, 2 (AM only)<br>June 3, 8, 11,<br>June 28 - July 2. |
| Dr. William Dement | June 28 - July 9 |
| Raymond M. Rone | May 24, 25, 26<br>June 7, 8, 9, 14 - 30 |
| Arthur Tarbox, Ph.D. | May 24, 25, and 27 (AM only)<br>June 3 (AM only)<br>June 7, 8,<br>June 10, 11 (AM only)<br>June 14, 18, 21, 22 |
| William J. Kramberg | June 2, 3, 24, 29, 30 |
| Terry Arnold, RN | June 9, 10, 17, 23, 24 |
| Thomas Mayor, Ph.D. | June 14 - 18 |

Mr. Tom Lockhart
May 18, 2004
Page 2

As soon as I have dates for the remaining experts, I will provide those dates to you. Please let me know by the end of this week the dates you are available for each expert's deposition and please advise me as to any experts you do not wish to depose.

Very truly yours,

Janie L. Jordan

JLJ:rgc

cc: Mr. Eduardo Rodriguez
Mr. John Waters, Jr.

## MITHOFF & JACKS

L.L.P.
LAW OFFICES

RICHARD WARREN MITHOFF, P.C.
JANIE L. JORDAN
SHERIE POTTS BECKMAN
JOSEPH R. ALEXANDER, JR.
HERRICK L. SOVANY

OF COUNSEL

WILLIAM J. STRADLEY

HOUSTON OFFICE

ONE ALLEN CENTER
PENTHOUSE
500 DALLAS
HOUSTON, TEXAS 77002

TELEPHONE 713-654-1122
FACSIMILE 713-739-8085
May 25, 2004

TOMMY JACKS, P.C.
JAMES L. ("Larry") WRIGHT
MARK G. EINFALT
KURT M. SAUER
DREW WRIGHT
LAURA RUTH JACKS
FRANCES TOWNSEND
MARK GUERRERO
JUSTIN TOWNSEND

AUSTIN OFFICE

**VIA FACSIMILE: (956) 428-2954**
Mr. Tom Lockhart
Law Offices of Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

Re: Civil Action No. B-03-142; Guadalupe and Amelia Guerra, et al. vs. Allied Van Lines, Inc., In the United States District Court for the Southern District of Texas, Brownsville Division

Dear Tom:

Following are the dates that Plaintiffs' two remaining experts are available for their depositions:

| Witness | Dates Available |
| --- | --- |
| Whitney Morgan | June 21 - 25 |
| Dr. Susan J. Garrison | June 14 - 15<br>June 22, 24 (PM Only) |

I have previously provided you with dates for the depositions of Plaintiffs' other expert witnesses by correspondence dated May 18, 2004. Please let me know the dates you would like to depose these expert witnesses or please advise me as to any expert you do not wish to depose.

Very truly yours,

Janie L. Jordan

JLJ:rgc

cc: Mr. Eduardo Rodriguez
Mr. John Waters, Jr.

b.24

---

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

---

GUADALUPE AND AMELIA GUERRA, et al §
versus § CIVIL ACTION B- 03-142
ALLIED VAN LINES, INC., et al §
§

United States District Court
Southern District of Texas
ENTERED

JAN 2 8 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

Scheduling Order

1. Trial: Estimated time to try: __10__ days.   ☐ Bench  ☒ Jury

2. New parties must be joined by:   04/05/04

   *Furnish a copy of this scheduling order to new parties.*

3. The plaintiff's experts will be named with a report furnished by:   05/03/04

4. The defendant's experts must be named with a report furnished within 30 days of the deposition of the plaintiff's expert.

5. Discovery must be completed by:   08/02/04

   *Counsel may agree to continue discovery beyond the deadline, but there will be no intervention by the court. No continuance will be granted because of information acquired in post-deadline discovery.*

************************ The court will provide these dates. ************************

6. Dispositive Motions will be filed by:   08/13/2004

7. Joint pretrial order is due:   09/20/2004

   *The plaintiff is responsible for filing the pretrial order on time.*

8. Docket Call and final pretrial conference is set for 1:30 p.m. on:   10/5/2004

9. Jury Selection is set for 9:00 a.m. on:   10/7/2004

The case will remain on standby until tried.

Signed __January 26__, 2004 at Brownsville, Texas.

Hilda G. Tagle
United States District Judge

*Counsel, please sign on the back.*

*Scheduling Order—Page Two*

_____
Richard Warren Mithoff

Counsel for __Plaintiffs__           Counsel for _____

_____
Tom Lockhart

Counsel for __Defendant,__           Counsel for _____
__Allied Van Lines, Inc.__

_____           _____

Counsel for _____           Counsel for _____