

United States District Court
Southern District of Texas
FILED

JUN 0 8 2004

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

GUADALUPE GUERRA, *et al.*, §
§
*Plaintiffs*, §
§
v. § CIVIL ACTION NO. B-03-142
§ (JURY)
ALLIED VAN LINES, INC., §
§
*Defendant*. §

---

## PLAINTIFFS GUERRA, ET AL.'S MOTION TO ENFORCE THE COURT'S SCHEDULING ORDER
### - AND -
## RESPONSE TO DEFENDANT ALLIED'S EMERGENCY MOTION TO MODIFY SCHEDULING ORDER AND ABATE DISCOVERY PENDING RULING ON MOTION TO TRANSFER VENUE

---

**MITHOFF & JACKS, L.L.P.**

RICHARD WARREN MITHOFF
*Attorney-in-Charge for Plaintiffs*
State Bar No. 14228500
Federal I.D. No. 2102
WILLIAM J. STRADLEY
State Bar No. 19353000
Federal I.D. No. 397
JANIE L. JORDAN
State Bar No. 11012700
Federal I.D. No. 17407
HERRICK L. SOVANY
State Bar No. 24037533
Federal I.D. 33292
500 Dallas, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 [FAX]

**RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.**

EDUARDO ROBERTO RODRIGUEZ
State Bar No. 17144000
Federal I.D. No. 1944
R. PATRICK RODRIGUEZ
State Bar No. 24002861
Federal I.D. No. 22949
*Local Counsel*
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 [FAX]

ATTORNEYS FOR PLAINTIFFS

TO THE HONORABLE HILDA TAGLE:

Plaintiffs file this Motion to Enforce the Court's Scheduling Order and Response to Defendant Allied Van Lines, Inc.'s ("Allied") Emergency Opposed Motion to Modify Scheduling Order and Abate Discovery Pending Ruling on Motion to Transfer Venue and ask that the Court deny Allied's motion, enforce the Scheduling Order governing discovery in this case, and require Allied to either take the depositions of Plaintiffs' experts and timely designate its experts and produce expert reports or be precluded from designating any experts.

## INTRODUCTION

This is a suit for severe personal injuries and deaths arising out of gross negligence on the part of Allied and its driver. An Allied tractor-trailer traveling at a high rate of speed struck the rear of a stopped vehicle in which the Plaintiffs or their family members were passengers, causing it to burst into flames. Two passengers in the vehicle were burned to death. Two survivors were severely burned over 65-80 percent of their bodies.

Allied has unilaterally decided to ignore this Court's scheduling order and deliberately obstruct discovery in this proceeding. Allied has refused to accept any dates to take the depositions of any of Plaintiffs' experts, thereby avoiding ever having to designate its experts. Indeed, the underlying goal of Allied's tactic is easily revealed in its motion:

> Allied requests the Court abate discovery until the Court rules on venue. Once the Court rules, the deadlines, date for final pre-trial conference, and date for trial should be reset if necessary.

Allied's Mot. at 2 (Relief Requested) (Dkt. #42).

## CHRONOLOGY OF DISCOVERY AND MOTIONS

**November 25, 2003:**  The parties filed the Joint Discovery/Case Management Plan (Dkt. #17) reflecting a Rule 26(f) telephone conference of November 11, 2003, which provides the following: (1) "The parties have agreed to this discovery plan"; (2) "Plaintiffs anticipate that they will be able to designate and provide reports from their experts by April 1, 2004 [and] Defendants anticipate that they will be able to designate and provide reports from their experts by May 17, 2004"; (3) "Defendants anticipate taking the depositions of Plaintiffs' expert witnesses that are designated and anticipate completing these depositions on or before the proposed discovery deadline of July 31, 2004"; and (4) "The planned discovery can reasonably be completed by July 31, 2004." *See* Dkt. # 17, at pp. 4-5, ¶¶ 9.F & H, 10, 12.

**November 25, 2003:**  Allied's Rule 26(a) Initial Disclosures list only two individuals "likely to have discoverable information relevant to disputed facts."  A subsequent supplement filed on February 9, 2004 added only one more individual.  None of those individuals are located in Louisiana. *See* App. A-1, at p.2, ¶ (A); App. A-2, at p.2, ¶ (A).

**January 23, 2004:**  Allied filed a Motion to Transfer Venue (Dkt. # 23).

**January 26, 2004:**  Agreed Scheduling Order (Dkt. # 26) signed, in which the parties agreed that the Plaintiffs' experts would be named, with a report furnished, by May 3, 2004; Allied's experts would be named, with a report furnished, within 30 days of the depositions of the Plaintiffs' experts; and discovery would be completed by August 2, 2004.

**February 11, 2004 to March 31, 2004:**  Plaintiffs took eight depositions—two in Harlingen, Texas, and six in Fort Wayne, Indiana.

**May 7, 2004:**  Plaintiffs designated and provided reports of ten expert witnesses, in

compliance with the Agreed Scheduling Order.

To this day, Allied has not taken or even requested *any* depositions. It has made no request for any depositions of the Plaintiffs or any of the eyewitnesses it alleges in its motion to transfer venue are so "critical" to this case. *See* Allied's Mot. Transfer Venue at 17 (Dkt. # 23); Allied's Reply in Support of Mot. Transfer Venue at 13-16 (Dkt. # 33).

Moreover, Allied never indicated any intent to disregard the Court's Scheduling Order regarding discovery until a telephone conversation between counsel on May 24, 2004, approximately a week after Plaintiffs suggested available dates for the depositions of Plaintiffs' experts. At that time counsel for Allied advised that Allied was not going to proceed with depositions of Plaintiffs' experts until this Court ruled on its Motion to Transfer Venue. This was particularly surprising since Allied had declared its intent to file a motion to transfer venue at the same time it agreed to the Court's Scheduling Order in November 2003, and, in fact, had already filed its Motion to Transfer Venue when it entered into the Agreed Scheduling Order on January 26, 2004.

**May 25, 2004:** Plaintiffs, in light of this Court's discovery deadline of August 2, 2004, sent counsel for Allied a letter confirming Allied's position and placing Allied on notice that its position of unilateral abatement of discovery would cause Plaintiffs extreme prejudice. *See* App. B.

**May 27, 2004:** Allied filed an Emergency Motion to Modify Scheduling Order and Abate Discovery Pending Ruling on its Motion to Transfer Venue, in hopes that the Court will ratify its unilateral modification of the Court's scheduling order and abatement of discovery in this case.

**ARGUMENT**

Allied's Emergency Motion to Modify Scheduling Order and Abate Discovery Pending Ruling on its Motion to Transfer Venue is an attempt by Allied to obtain this Court's blessing of Allied's unilateral modification of the Court's scheduling order and abatement of discovery in this case. The Court should not give its approval to Allied's attempt to disregard discovery deadlines to which it agreed.

**I.   Allied Has Provided No Valid Reason Showing That This Court Should Stay Discovery in this Matter.**

The fact that this Court has not ruled on its motion to transfer venue is no excuse for Allied to refuse to engage in any discovery and to unilaterally vacate this Court's Scheduling Order. Moreover, the case on which Allied relies, *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3rd Cir. 1970)(per curiam), does not authorize a party to disregard discovery deadlines. Rather, it holds that a trial court should not categorically refuse to rule on a motion to transfer venue until all discovery is complete. *See id.* This Court has not made such an order.

By the same token, Allied has failed to make sufficient showing of good cause to warrant a stay of discovery. *See Kron Med. Corp. v. Groth*, 119 F.R.D. 636 (M.D.N.C. 1988). In *Kron Medical*, the defendant filed a motion to transfer venue concurrently with a motion to stay all discovery proceedings pending resolution of the motion to transfer. In denying defendant's request for a stay of discovery, the court noted:

> A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Rule 26(c), Fed.R.Civ.P. The moving party bears the burden of showing good cause and reasonableness for such an order. Motions for a protective order which seek to prohibit or delay discovery are not favored. In considering such motions, the Court needs to remain mindful of its responsibility to expedite discovery and minimize delay. Disruption or prolongation of the discovery schedule is normally in no one's interest. A stay of discovery duplicates costs because counsel must reacquaint themselves with the case once the

stay is lifted. Matters of importance may be mislaid or avenues unexplored. A case becomes more of a management problem to the Court when it leaves the normal trial track. While time may heal some disputes, in others it merely permits more opportunity for festering.

This general policy disfavoring the staying of discovery applies equally to cases wherein a motion is made to transfer the case to another district pursuant to 28 U.S.C. § 1404(a). The mere filing of a motion to transfer pursuant to Section 1404(a) does not constitute grounds for staying discovery pending resolution of the motion and the Court should not grant a stay absent a solid showing of good cause. Indeed, prior to ruling on the motion to transfer, discovery may be required in order to identify and refine the issues pertinent to the transfer issue. Furthermore, considering the availability of rapid travel and communications, it usually imposes no extraordinary burden on a party to litigate in one federal district court as opposed to litigating in another.

*Id.* at 652 (citations omitted).

Because Allied has given no valid reason for the abatement of discovery pending this Court's ruling on its Motion to Transfer Venue, this Court should deny Allied's motion. In addition, as Plaintiffs relayed to Allied in the May 25th letter to opposing counsel (App. B), because of Allied's deliberate disregard of this Court's Scheduling Order—to which it agreed—and at the very least because of its failure to request a stay of discovery at the pretrial conference in January, let alone tell Plaintiffs of its intentions, Plaintiffs ask that the Court enforce the agreed Scheduling Order governing discovery in this case and require Allied to either take the depositions of Plaintiffs' experts and timely designate its experts and produce expert reports or be precluded from designating any experts pursuant to this Court's inherent powers and Rule 16(f). *See Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) (upholding district court's dismissal with prejudice for corporation's failure to comply with the court's scheduling order reasoning, in part, that disobedience of court orders, in and of itself, constitutes extreme misconduct); FED. R. CIV. P. 16(f).

II.     **The Choice of Law Issue Does Not Support the Granting of Allied's Motion.**

    A.     **Choice of law is only one factor to consider in the transfer for convenience analysis.**

Most of Allied's legal argument is based on the supposed need to resolve the "choice of law" issue. Yet its reliance on "choice of law" is a red herring. That issue is not dispositive of the venue motion; it is, at best, only one of the considerations taken into account by this Court on a motion to transfer venue. *E.g.*, *In re Volkswagen*, No. 04-40303, 2004 WL 1098840, at * 2 (5th Cir. May 18, 2004) (listing "the avoidance of unnecessary problems of conflict of laws of the application of foreign law" as one of eight factors to consider). In fact, there is no choice of law motion pending at this time. The choice of law issue can be taken up by this Court after full briefing on that issue at any time prior to trial.[1] Allied's assertion that the Court's decision on venue requires the Court to determine choice of law is clearly erroneous. The two issues are separate, and different case law and statutory authority is applicable to each issue.

    B.     **Even if the choice of law issue were determinative, the choice of law factors favor the application of Texas law.**

As to the choice of law issue, Allied fails to apprise this Court of the fundamental controlling authorities on conflicts of law in tort cases. Contrary to what Allied may assume in its motion, the Texas Supreme Court shifted away from the *lex loci delicti* rule about 25 years ago and adopted the ALI Restatement (Second) of Conflict of Laws "most significant relationship test" to decide choice of law issues in a tort case. *See Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979). Section 6 of the Restatement contains the general principles involved in the conflicts analysis whereas Section 145 lists the factual matters to be considered when applying the Section 6 principles to a case

---

[1]    Plaintiffs intend to file a motion to determine the choice of law.

involving torts. Under the "most significant relationship test," courts consider: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(2) (1971). The court should evaluate these contacts for their quality, not their quantity when conducting the choice-of-law analysis. *Gutierrez*, 528 S.W.2d at 319; *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000).

Moreover, in determining which state's law governs liability, contacts such as the site of the injury or where the tortious behavior occurred—which, as here, are merely fortuitous—are outweighed by the goal of awarding damages that will "fairly compensate" the injured plaintiffs. *Torrington*, 46 S.W.3d at 848-49; RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145, cmt. e. (noting that when, as here, the place of injury is fortuitous, then place of injury is not an important contact); *see also Baird v. Bell Helicopter Textron*, 491 F. Supp. 1129, 1139 (N.D. Tex. 1980) (noting that the location of the accident is a fortuity with regard to plaintiff's personal injury claim where the parties were all either Texas or Canadian citizens and the aircraft in question was manufactured in Texas).

With these considerations in mind, the application of the facts to the factors listed above demonstrate that Texas is the state with the most significant relationship to Plaintiffs' causes of action against Allied:

**(1)    *The place where the injury occurred*:**

The place where the collision occurred is fortuitous. In this case, each of the victims of this tragedy was in route from Harlingen, Texas, to Disney World in Orlando, Florida. They had to pass through five states, including Texas and Florida, to reach their destination. Because it is a mere

fortuity that the Allied tractor-trailer truck, which also had to travel through Texas on its way from California to Florida, collided with the Plaintiffs' vehicle on an interstate highway in Louisiana, just 123 miles east of the Texas border, rather than Texas, Mississippi, Alabama, or Florida, this factor plays little if any role in the selection of the Louisiana law applying to this case. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145, cmt. e.

### (2)    *The place where the conduct causing the injury occurred*:

The driver of the Allied tractor-trailer truck that impacted the rear of the Plaintiffs' vehicle was traveling from California to Florida, and the site of the collision in Louisiana, as stated earlier, is fortuitous. Allied's driver failed to adhere to the federal safety regulations restricting driving hours implemented to prevent driver fatigue. He actively disregarded these federal safety regulations in Texas and he was sleep deprived in Texas just prior to the time of the collision. Thus, his sleep deprivation occurred in Texas and he was *already* in violation of the federal safety regulations and sleep deprived when he left Houston, Texas, on the day of the collision.

Moreover, on a global scale, Allied's failure to properly monitor driver violations of the federal safety regulations occurs throughout the fifty states. Likewise, Allied's negligence in hiring, training, and retaining the Allied driver in question is systematic and affects safety considerations in all fifty states. But on a more focused scale, Allied's failure to properly monitor driver violations of the federal safety regulations resulted in sleep deprivation that occurred in Texas. If Allied had properly monitored the driver in question and complied with the federal safety regulations, Allied's driver would have never left Houston, Texas, on the day of the collision, and the collision would have never occurred.

Because significant conduct giving rise to the injury in question occurred in Texas, it is clear that Texas has a significant interest in the enforcement of safety regulations impacting its citizens.

(3)    *The domicile, residence, nationality, place of incorporation, and place of business of the parties*:

Plaintiffs consist of three families with a total of ten surviving family members, all of whom reside and either work or go to school in Cameron County, Texas, in the Brownsville Division of the Southern District of Texas. Probate proceedings for the Estates of Cindy Guerra and Jennifer Garza are pending before Judge Elia Cornejo-Lopez, in County Court at Law No. 2 of Cameron County, in the Southern District of Texas. Lisa Guerra sustained second and third degree burns over 65 percent of her body and underwent over four months of hospitalization and intensive rehabilitation and is now undergoing and is scheduled to undergo many more months—even years—of rehabilitation in the Harlingen area. Jose Angel Alfaro, Jr. sustained second and third degree burns over 80 percent of his body and underwent over four months of hospitalization and intensive rehabilitation and is now undergoing and is scheduled to undergo many more months—even years—of rehabilitation in the Harlingen area.

Allied is a huge interstate carrier that is incorporated in Delaware and maintains its headquarters in Illinois. Allied does business throughout the United States, including the Southern District of Texas and the Rio Grande Valley.

Because none of the Plaintiffs are domiciled in or are residents or citizens of Louisiana, and because Allied is neither incorporated or headquartered in Louisiana, any interest that Louisiana may have in "fairly compensat[ing]" Plaintiffs is vastly inferior to that of Texas. *See Torrington*, 46 S.W.3d at 848, 850. ("'Although a forum state which is not also the domicile of either the plaintiff or the defendant may have an interest in compensatory damages, this interest is inferior to the interests of either the plaintiff's state or the state of the defendant's principal place of business.'") (quoting John B. Austin, *A General Framework for Analyzing Choice-of Law Problems in Air Crash*

*Litigation*, 58 J. AIR L. & COM. 909, 965 (1993)).  Therefore, because all Plaintiffs reside in Texas, and the estates of two of the Plaintiffs is being probated in Texas, Texas has a far superior interest in "fairly compensating" Plaintiffs than does Louisiana.

 **(4)** ***The place where the relationship, if any, between the parties is centered:***

  There was no previous relationship between the Plaintiffs and Allied or its driver.  Therefore, this factor should be disregarded.

  Considering all of these factors, it is clear that Louisiana does not have an overriding interest in seeing its law applied in this case.  Texas has the most significant contacts in this case.  In other words, Texas has the most significant interest in "fairly compensat[ing]" the Plaintiffs and since Allied is neither incorporated nor headquartered in Louisiana, Louisiana has no direct interest in protecting Allied against financial hardship.  *See Torrington*, 46 S.W.3d at 848-49; Austin, 58 J. AIR L. & COM. at 965; *see also Burgio v. McDonnell Douglas, Inc.*, 747 F. Supp. 865, 871-73 (E.D.N.Y. 1990) ("Compensation of an injured plaintiff is primarily a concern of the state in which plaintiff is domiciled").

## CONCLUSION AND PRAYER FOR RELIEF

  For all these reasons, Plaintiffs respectfully request that the Court deny Allied's motion, enforce the Scheduling Order in place, and require Allied to either take the depositions of Plaintiffs' experts and timely designate its experts and produce expert reports or be precluded from designating any experts, and for any and all other relief to which they are entitled.

Respectfully submitted,

MITHOFF & JACKS, L.L.P.

RICHARD WARREN MITHOFF
*Attorney-in-Charge for Plaintiffs*
State Bar No. 14228500
Federal I.D. No. 2102
500 Dallas, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 [FAX]

EDUARDO ROBERTO RODRIGUEZ
State Bar No. 17144000
Federal I.D. No. 1944
*Local Counsel*
RODRIGUEZ, COLVIN, CHANEY
    & SAENZ, L.L.P.
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 [FAX]

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiffs' counsel has conferred with defense counsel regarding the filing of Plaintiffs' Motion to Enforce the Court's Scheduling Order. Counsel for Defendant, Allied Van Lines, Inc., is opposed to this motion.

WILLIAM J. STRADLEY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record by certified mail, return receipt requested, and/or hand delivery, and/or fax transmission, this _8_ day of June, 2004.

Mr. Tom Lockhart
Mr. Roger Hughes
Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. John W. Waters, Jr.
Bienvenu, Foster, Ryan & O'Bannon
1010 Common St., Suite 2200
New Orleans, Louisiana 70112-2401

WILLIAM J. STRADLEY

-13-

## **APPENDIX**

| Appendix | Document | Page |
|----------|----------|------|
| A-1 | Allied's Rule 26(a) Initial Disclosures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 |  |
| A-2 | Allied's Second Supplement to Rule 26(a) Initial Disclosures . . . . . . . . . . . . . . . 3 |  |
| B | Plaintiffs' May 25th Letter to Allied's Counsel . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6 |  |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUADALUPE AND AMELIA GUERRA, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVES OF THE ESTATE OF CINDY GUERRA, DECEASED, and LISA GUERRA, INDIVIDUALLY | § § § § § § | |
| RENE GARZA AND PATRICIA GARZA, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JENNIFER GARZA, DECEASED, | § § § § § | CIVIL ACTION NO. B-03-142 |
| and | § § | TRIAL BY JURY REQUESTED |
| JOE ALFARO, INDIVIDUALLY, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § § | |
| ALLIED VAN LINES, INC. and SORENSEN MOVING AND STORAGE COMPANY, INC., | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' RULE 26(a) INITIAL DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, **ALLIED VAN LINES, INC. and SORENSEN MOVING AND STORAGE COMPANY, INC.**, pursuant to Fed. R. Civ. P., Rule 26(a)(1), makes the following initial disclosures:

(A)    Individuals likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings:

Scott Sorensen
**Sorensen Moving and Storage, Inc.**
950 Eau Gallie Blvd.
Melbourne, FL 32935
Telephone: 321-254-2770

**Tom Lambert**
**Director**
**Agency Services/Allied**
5001 U.S. Highway 30 W.
Ft. Wayne, IN 46818
Telephone: 260-429-1526

(B)    A copy of, or a description by category and location of, all documents compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings:

1)    Agency Contract between Allied Van Lines, Inc. and Sorensen Moving and Storage Co., Inc. (Bates stamp Nos. 00000 - 00024);

2)    Contractor Service Operating Agreement between Sorensen Moving and Storage and Vladek Gorski (Bates stamp Nos. 00025 - 00038);

3)    Equipment Lease Agreement between Allied Van Lines, Inc. and Sorensen Moving & Storage Co., Inc. (Bates stamp Nos. 00039 - 00040);

4)    Equipment Lease Agreement between Allied Van Lines, Inc. and Sorensen Relocation Services of Orlando, Inc. (Bates stamp Nos. 00041 - 00042);

5)    Allied Rules and Regulations (Bates stamp Nos. 00043 - 00183);

6)    Gorski Driver Qualification file (Bates stamp Nos. 00184 - 00211);

7)    Gorski driver maintenance phone numbers and affiliation details and driver disqualification report (Bates stamp Nos. 00212 - 00214);

8)    satellite message history (Bates stamp Nos. 00215 - 00244);

9)      Log Tracking records (Bates stamp Nos. 00245 - 00248);

10)     trip history records (Bates stamp Nos. 00249 - 00252);

11)     shipping documents (Bates stamp Nos. 00253- 00257);

12)     Gorski's phone records (Bates stamp Nos. 00258 - 00259);

13)     Gorski's Driver Daily Log (Bates stamp Nos. 00260 - 00405);

14)     fuel receipts (Bates stamp Nos. 00406 - 00504);

15)     tractor and trailer maintenance records (Bates stamp Nos. 00505 - 00521);

16)     Agency Contract between Allied Van Liens, Inc., and Sorensen Moving and Storage of Orlando Company, Inc. (Bates stamp Nos. 00522 - 00545); and

17)     Expansion Grant Agreement between Allied Van Lines, Inc. and Sorensen Relocation Services of Orlando, Inc. (Bates stamp Nos. 00546 - 00553).

18)     Allied's Agent  Sorensen Moving and Storage Co., Inc. file records (Bates stamp Nos. 00554 - 00979);

19)     Allied's Agent  Sorensen Moving of Orlando Company, Inc. file records (Bates stamp Nos. 00980 - 01139);

20)     Position history report (Bates stamp Nos. 001140 - 001141);

21)     Trip detail reports (Bates stamp Nos. 001142 - 001147); and

22)     Fuel receipts (Bates stamp Nos. 001148 - 001222).


(C)     **Computation of any category of damages claimed by the disclosing party.**

None.

**(D)    Insurance agreement.**

    1)    Allied Van Lines, Inc.'s insurance information   (Bates stamp Nos. 001223 - 001290).

    2)    Sorensen Moving and Storage Co., Inc. insurance information   (Bates stamp Nos. 001291 - 001527).

Respectfully submitted,

**John W. Waters, Jr.**
LA State Bar No. 13258
LA Federal I.D. No. 13258
**BIENVENU, FOSTER, RYAN
& O'BANNON**
1010 Common Street, Suite 2200
New Orleans, LA  70112-2401
Telephone No.:            (504) 581-2146
Telecopier No.:           (504) 522-7859

By:_____

**Tom Lockhart**
Texas State Bar No. 12473500
Texas Federal I.D. No. 2257
**Roger W. Hughes**
Texas State Bar No. 10229500
Texas Federal I.D. No.: 5950
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, TX 78551-1429
Telephone No.:            (956) 428-7495
Telecopier No.:           (956) 428-2954

**ATTORNEYS FOR DEFENDANTS
ALLIED VAN LINES, INC. and
SORENSEN MOVING AND STORAGE
COMPANY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of November, 2003, a true and correct copy of the above and foregoing document was mailed to counsel for Plaintiffs:

Mr. Richard Warren Mithoff
Mr. William J. Stradley
Ms. Janie J. Jordan
**MITHOFF & JACKS, L.L.P.**
500 Dallas Street, Suite 3450
Houston, Texas 77002
Attorneys for Plaintiffs
*Via Fax No. **(713) 739-8085**
and Federal Express Delivery*

**TOM LOCKHART**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUADALUPE AND AMELIA GUERRA, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVES OF THE ESTATE OF CINDY GUERRA, DECEASED, and LISA GUERRA, INDIVIDUALLY | § § § § § § | |
| RENE GARZA AND PATRICIA GARZA, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JENNIFER GARZA, DECEASED, | § § § § § | CIVIL ACTION NO. B-03-142 |
| and | § § | TRIAL BY JURY REQUESTED |
| JOE ALFARO, INDIVIDUALLY, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | |
| ALLIED VAN LINES, INC. and SORENSEN MOVING AND STORAGE COMPANY, INC., | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' SECOND SUPPLEMENT TO RULE 26(a) INITIAL DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, **ALLIED VAN LINES, INC.**, pursuant to Fed. R. Civ. P., Rule 26(a)(1), makes the following Second Supplement to Rule 26(a) Initial Disclosures:

(A)   Individuals likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings:

Mark Davison
Director, Safety Administration
ALLIED VAN LINES
5001 U.S. 30 West
Ft. Wayne, IN 46818
Telephone No. 260-429-3313

(B)   A copy of, or a description by category and location of, all documents compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings:

23)   Training materials - (Bates Stamp Nos. 001530 - 002373);

24)   Master mover class outline - (Bates Stamp Nos. 002374 - 002376);

25)   Driver ranking information - (Bates Stamp Nos. 002377 - 002386);

26)   Trip information - (Bates Stamp Nos. 002387 - 002396);

27)   Logs - (Bates Stamp Nos. 002397 - 002428);

28)   Shipping documents - (Bate Stamp Nos. 002429 - 002772);

29)   Tractor file - (Bate Stamp Nos. 002773 - 002792);

30)   Satellite records - (Bates Stamp Nos. 002793 - 002806);

31)   DOT inspections - (Bates Stamp Nos. 002807 - 002809);

32)   Fuel receipts - (Bates Stamp Nos. 002810 - 002827);

33)   Trailer file - (Bates Stamp Nos. 002828 - 002850);

34)   Driver file - (Bates Stamp Nos. 002851 - 002931);

35)   Allied Rules and Regulations - (Bates Stamp Nos. 002932 - 003072);

36)     Satellite message history - (Bates Stamp Nos. 003086 - 003116);

37)     Comdata records - (Bates Stamp Nos. 003136 - 003155 );

38)     Financial settlement records - (Bate Stamp Nos. 003156 - 003277);

39)     Trip records - (Bate Stamp Nos. 003278 - 003401);

40)     Shipping documents - (Bates Stamp Nos. 003402 - 003981);

41)     Video Library list of copyrighted tapes - (Bates Stamp Nos. 003984 - 003987).

All above listed documents previously produced to Plaintiffs' counsel.

Respectfully submitted,

John W. Waters, Jr.
LA State Bar No. 13258
LA Federal I.D. No. 13258
BIENVENU, FOSTER, RYAN
     & O'BANNON
1010 Common Street, Suite 2200
New Orleans, LA 70112-2401
Telephone No.:          (504) 581-2146
Telecopier No.:         (504) 522-7859


By:_____
     Tom Lockhart
     Texas State Bar No. 12473500
     Texas Federal I.D. No. 2257
     Roger W. Hughes
     Texas State Bar No. 10229500
     Texas Federal I.D. No.: 5950
     ADAMS & GRAHAM, L.L.P.
     P. O. Drawer 1429
     Harlingen, TX 78551-1429
     Telephone No.:          (956) 428-7495
     Telecopier No.:         (956) 428-2954

ATTORNEYS FOR DEFENDANTS
ALLIED VAN LINES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of February, 2004, a true and correct copy of the above and foregoing document was mailed to counsel for Plaintiffs:

Mr. Richard Warren Mithoff
**MITHOFF & JACKS, L.L.P.**
500 Dallas Street, Suite 3450
Houston, Texas 77002
Attorneys for Plaintiffs
*Via Fax No. 713-739-8085 and*
*CMRRR# 7002 2410 0002 3603 9786*

Mr. Eduardo Roberto Rodriguez
**RODRIGUEZ, COLVIN & CHANEY**
P. O. Box 2155
Brownsville, Texas 78523-2155
*Via Hand Delivery*

TOM LOCKHART

# MITHOFF & JACKS

L.L.P.

LAW OFFICES

RICHARD WARREN MITHOFF, P.C.
JANIE L. JORDAN
SHERIE POTTS BECKMAN
JOSEPH R. ALEXANDER, JR.
HERRICK L. SOVANY

OF COUNSEL

WILLIAM J. STRADLEY

HOUSTON OFFICE

ONE ALLEN CENTER
PENTHOUSE
500 DALLAS
HOUSTON, TEXAS 77002

TELEPHONE 713-654-1122
FACSIMILE 713-739-8085

TOMMY JACKS, P.C.
JAMES L. ("Larry") WRIGHT
MARK G. EINFALT
KURT M. SAUER
DREW WRIGHT
LAURA RUTH JACKS
FRANCES TOWNSEND
MARK GUERRERO
JUSTIN TOWNSEND

AUSTIN OFFICE

May 25, 2004

Mr. Tom Lockhart
Law Offices of Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

Re:     Civil Action No. B-03-142; Guadalupe and Amelia Guerra, et al. vs. Allied Van
        Lines, Inc., In the United States District Court for the Southern District of Texas,
        Brownsville Division

Dear Tom:

As you know, according to the Court's scheduling order, Allied is not required to disclose its experts and provide reports until 30 days after it has completed the depositions of Plaintiffs' expert witnesses. In accordance with the Court's scheduling order, Plaintiffs have previously complied with paragraph 3 of the Court's scheduling order and provided you with dates for the depositions of the Plaintiffs' expert witnesses. (See attached scheduling order and letters of May 18, 2004 and May 25, 2004, offering suggested dates for Plaintiffs' experts' depositions.) However, you have advised that Allied will not proceed with these depositions until the Court rules on Allied's Motion to Transfer Venue. Of course, there is no provision in the Court's scheduling order for delay or abatement of discovery pending the Court's ruling on Allied's motion to transfer venue.

Allied's failure to timely proceed to depose Plaintiffs' retained experts as contemplated by the Court's scheduling order constitutes an obvious waiver of its right to depose Plaintiffs' experts as provided by paragraph 4 of the Court's order.

Since the order requires that discovery be completed by August 2, 2004, in order to avoid such waiver, Plaintiffs request that Allied agree to name its experts and provide reports by June 15, 2004 to provide sufficient time for Plaintiffs to obtain their oral depositions before the close of discovery. If Allied will not agree to name its experts and

Mr. Tom Lockhart
May 25, 2004
Page 2


provide reports that comply with Federal Rule of Civil Procedure 26, on or before June 15, 2004, please let me know by Friday, May 28, 2004 so that an appropriate motion asking the Court for relief may be filed by Plaintiffs. Plaintiffs' motion will also seek a finding that Allied has waived its right to depose Plaintiffs' experts.

Please let me know Allied's decision in this matter as time is of the essence in moving forward to complete discovery.

Very truly yours,

Mithoff & Jacks, L.L.P.

RICHARD WARREN MITHOFF
WILLIAM J. STRADLEY


RWM:vkb
Enclosure

cc:    Mr. Eduardo Rodriguez
       Mr. John Waters, Jr.

# MITHOFF & JACKS

L.L.P.

LAW OFFICES

RICHARD WARREN MITHOFF, P.C.
JANIE L. JORDAN
SHERIE POTTS BECKMAN
JOSEPH R. ALEXANDER, JR.
HERRICK L. SOVANY

OF COUNSEL

WILLIAM J. STRADLEY

HOUSTON OFFICE

ONE ALLEN CENTER
PENTHOUSE
500 DALLAS
HOUSTON, TEXAS 77002

TELEPHONE 713-654-1122
FACSIMILE 713-739-8085

TOMMY JACKS, P.C.
JAMES L. ("Larry") WRIGHT
MARK G. EINFALT
KURT M. SAUER
DREW WRIGHT
LAURA RUTH JACKS
FRANCES TOWNSEND
MARK GUERRERO
JUSTIN TOWNSEND

AUSTIN OFFICE

May 18, 2004

Mr. Tom Lockhart
Law Offices of Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

Re:   Civil Action No. B-03-142; Guadalupe and Amelia Guerra, et al. vs. Allied Van
      Lines, Inc., In the United States District Court for the Southern District of Texas,
      Brownsville Division

Dear Tom:

Following is a chart which sets out the availability for deposition of Plaintiffs' experts:

| Witness | Dates Available |
|---|---|
| Ian Jones, Ph.D. | June 15, 16, 18, 29, 30 |
| Paul O'Neill | May 24, 25<br>June 1, 2 (AM only)<br>June 3, 8, 11,<br>June 28 - July 2. |
| Dr. William Dement | June 28 - July 9 |
| Raymond M. Rone | May 24, 25, 26<br>June 7, 8, 9, 14 - 30 |
| Arthur Tarbox, Ph.D. | May 24, 25, and 27 (AM only)<br>June 3 (AM only)<br>June 7, 8,<br>June 10, 11 (AM only)<br>June 14, 18, 21, 22 |
| William J. Kramberg | June 2, 3, 24, 29, 30 |
| Terry Arnold, RN | June 9, 10, 17, 23, 24 |
| Thomas Mayor, Ph.D. | June 14 - 18 |

Mr. Tom Lockhart
May 18, 2004
Page 2


As soon as I have dates for the remaining experts, I will provide those dates to you. Please let me know by the end of this week the dates you are available for each expert's deposition and please advise me as to any experts you do not wish to depose.

Very truly yours,

Janie L. Jordan

JLJ:rgc

cc:    Mr. Eduardo Rodriguez
       Mr. John Waters, Jr.

# MITHOFF & JACKS

L.L.P.

LAW OFFICES

RICHARD WARREN MITHOFF, P.C.
JANIE L. JORDAN
SHERIE POTTS BECKMAN
JOSEPH R. ALEXANDER, JR.
HERRICK L. SOVANY

OF COUNSEL

WILLIAM J. STRADLEY

HOUSTON OFFICE

ONE ALLEN CENTER
PENTHOUSE
500 DALLAS
HOUSTON, TEXAS 77002

TELEPHONE 713-654-1122
FACSIMILE 713-739-8085

May 25, 2004

TOMMY JACKS, P.C.
JAMES L. ("Larry") WRIGHT
MARK G. EINFALT
KURT M. SAUER
DREW WRIGHT
LAURA RUTH JACKS
FRANCES TOWNSEND
MARK GUERRERO
JUSTIN TOWNSEND

AUSTIN OFFICE

**VIA FACSIMILE: (956) 428-2954**
Mr. Tom Lockhart
Law Offices of Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

Re:  Civil Action No. B-03-142; Guadalupe and Amelia Guerra, et al. vs. Allied Van Lines, Inc., In the United States District Court for the Southern District of Texas, Brownsville Division

Dear Tom:

Following are the dates that Plaintiffs' two remaining experts are available for their depositions:

| Witness | Dates Available |
|---|---|
| Whitney Morgan | June 21 - 25 |
| Dr. Susan J. Garrison | June 14 - 15<br>June 22, 24 (PM Only) |

I have previously provided you with dates for the depositions of Plaintiffs' other expert witnesses by correspondence dated May 18, 2004. Please let me know the dates you would like to depose these expert witnesses or please advise me as to any expert you do not wish to depose.

Very truly yours,

Janie L. Jordan

JLJ:rgc

cc:  Mr. Eduardo Rodriguez
Mr. John Waters, Jr.

b. 24

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

GUADALUPE AND AMELIA GUERRA, et al §
versus                               §                                    United States District Court
                                     §          CIVIL ACTION B- 03-142      Southern District of Texas
ALLIED VAN LINES, INC., et al        §                                        ENTERED
                                     §
                                     §                                     JAN 2 8 2004

### Scheduling Order

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

1. Trial: Estimated time to try: __10__ days.                          ☐ Bench    ☒ Jury

2. New parties must be joined by:                                      04/05/04

   *Furnish a copy of this scheduling order to new parties.*

3. The plaintiff's experts will be named with a report furnished by:   05/03/04

4. The defendant's experts must be named with a report furnished
   within 30 days of the deposition of the plaintiff's expert.

5. Discovery must be completed by:                                     08/02/04

   *Counsel may agree to continue discovery beyond the deadline, but there will be no intervention by the court.*
   *No continuance will be granted because of information acquired in post-deadline discovery.*

•••••••••••••••••••••••••••••  The court will provide these dates.  •••••••••••••••••••••••••••••

6. Dispositive Motions will be filed by:                              08/13/2004

7. Joint pretrial order is due:                                       09/20/2004

   *The plaintiff is responsible for filing the pretrial order on time.*

8. Docket Call and final pretrial conference is set for 1:30 p.m. on: 10/5/2004

9. Jury Selection is set for 9:00 a.m. on:                            10/7/2004

The case will remain on standby until tried.

Signed _____January 26_____ 20_04_ at Brownsville, Texas.

Hilda G. Tagle
United States District Judge

*Counsel, please sign on the back.*

*Scheduling Order--Page Two*

_____
Richard Warren Mithoff

Counsel for    Plaintiffs                    Counsel for_____
    wh.

_____
Tom Lockhart

Counsel for    Defendant,                    Counsel for_____
              Allied Van Lines, Inc.


_____    _____

Counsel for_____    Counsel for_____