IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 2 1 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| **GUADALUPE AND AMELIA GUERRA, ET AL.** § § § § | | |
| Plaintiffs § | | |
| § | | |
| v. § | C.A. No. B-03-142 | |
| § | | |
| **ALLLIED VAN LINES, INC. AND SORENSEN MOVING AND STORAGE COMPANY, INC.** § § § § § | | |
| Defendants. § | | |

## ORDER

BE IT REMEMBERED that on June 21, 2004, the Court considered Defendant's Motion to Transfer Venue [Dkt. No. 23].

### I. Factual and Procedural Background

This negligence case arises from an automobile accident that occurred in St. Martin Parish, Louisiana in which a truck owned by Sorensen Moving and Storage Company, Inc. ("Sorensen") allegedly collided with a car driven by Guadalupe Guerra. At the time of the accident, the truck was transporting goods for Defendant Allied Van Lines, Inc. ("Allied"). Plaintiffs previously dismissed their claims against Sorensen. As a result of the collision, passengers in the car, Cindy Guerra and Jennifer Garza, died. Plaintiffs Jose Alfaro and Guadalupe, Amelia, and Lisa Guerra have pled severe burn injuries as a result of the accident. All Plaintiffs reside in the Southern District of Texas. Plaintiffs were originally hospitalized in Baton Rouge, Louisiana, but those surviving the accident were later released. The survivors are now receiving treatment and rehabilitation in medical facilities in Texas. Defendant Allied Van Lines, Inc. is incorporated in the state of Delaware and has its principal place of business in the state of Indiana. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the facial amount in controversy exceeds $75,000.00.

Defendant's Motion to Transfer Venue originally became ripe on March 22, 2004,

when Defendant filed its reply. Shortly thereafter, and before the Court ruled on the motion to transfer venue, Defendants launched what can only be described as a paper onslaught that entailed three separate unopposed requests for leave to file additional supplements to their original motion. The last supplement was only filed on May 27, 2004. As Defendant is aware, with each supplement that is filed, the Court in normal course will allow opposing counsel to file a response. Additionally, because of the contested nature of this motion and believing the supplements might be of some aid to the Court, the Court reserved decision on this motion until the Plaintiffs had an opportunity to respond to each supplement. Now, unhappy with the Court's pace, Defendant has called chambers in an attempt to prod the Court into action when it was Defendant's filings that contributed to the delay in ruling.

The Court does not need to be reminded of the prudence of disposing of motions to transfer venue at the beginning of a case, and certainly before discovery is complete. Attempting to goad the Court into action by raising the specter of mandamus when Defendant's own additional filings have prolonged a process that might have been resolved two months earlier is uncalled for at best and verges on contempt at worst. Nevertheless, not wishing to punish the Defendant for counsel's ill-chosen tactics, the Court addresses the merits and determines the case should be transferred in the exercise of discretion and the interests of justice.

## II. Parties' Arguments

Defendant moves to transfer this case on two alternate grounds: First, Defendant argues that venue is improper in the Southern District of Texas because this Court lacked personal jurisdiction over Sorensen, an original party that has since been dismissed; and second, in the alternative, this Court should transfer venue as an act of discretion under 28 U.S.C. § 1404(a) to the Western District of Louisiana where the accident occurred. Predictably, Plaintiffs argue the propriety of venue in this district should be determined by analyzing the parties remaining in the suit at the time the motion to transfer venue is filed without consideration of a defendant that was voluntarily dismissed earlier. In the alternative, Plaintiffs urge this Court to deny a discretionary transfer because Plaintiffs reside within the Southern District of Texas,

and as such, their choice of forum should be protected. Additionally, Plaintiffs argue that all witnesses relevant to this case have agreed to voluntarily appear before this Court for trial.

### III. Applicable Law

Defendant seeks to transfer venue to the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a),[1] which provides "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division were it might ave been brought." Defendant, as the movant, bears the burden of demonstrating to the Court that transfer is warranted. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). The decision to transfer a case rests within the sound discretion of the district court, and these decisions will be overturned only for an abuse of discretion. *See id.* at 1436.

In ruling on a motion to transfer venue, the Court first determines whether the Western District of Louisiana is a district in which the case could have been filed. *See In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir.) *cert. denied*, 124 U.S. 826 (2003). Undoubtedly, the Western District of Louisiana, the locus of the accident at issue in this negligence case, is an appropriate forum. *See* 28 U.S.C. § 1391(a)(2) (stating venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ."). Additionally, Defendant Allied is an interstate trucking

---

[1] Defendant also argues that venue is not proper in the Southern District of Texas under 42 U.S.C. § 1391(a) because the propriety of venue is determined at the time the suit is filed and Sorensen, a party that has been dismissed, is not subject to personal jurisdiction in Texas. The Court is not convinced by this argument. Instead, the Court concludes that it need not determine venue based on Sorensen's earlier involvement in the case, and it "asses[es] the propriety of venue on the basis of circumstances as they now exist, as opposed to the state of affairs that obtained when the complaint was first filed against two defendants." *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1200 (8th Cir. 1990). *Cf. McCaskey v. Continental Airlines, Inc.*, 133 F.Supp.2d 514, 524 (S.D. Tex. 2001) (noting differences in the circumstances, but citing with approval the *Knowlton* decision). *But see Horihan v. Hartford Ins. Co. of the Midwest*, 979 F.Supp. 1073, 1076 (E.D. Tex. 1997). Additionally, Allied does not contend that venue in the Southern District is improper as to it, nor could it make such argument in earnest because Allied maintains agencies in the Southern District of Texas and is a national interstate carrier. Believing venue to be proper in the Southern District, the Court declines to analyze the issue further because it grants Defendant's motion to transfer based on its discretionary determination under 28 U.S.C. § 1404(a).

company that operates trucks nationally and maintains agencies in several states. *See* 28 U.S.C. §§ 1332 and 1391. The Western District of Louisiana, therefore, is a place where this case could have been originally filed, as required by section 1404(a).

Determining whether a transfer of venue is proper requires the Court to analyze both private and public interest factors. None of these factors, however, are given dispositive weight. *See Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986)). The public concerns are: (1) the administrative delay resulting from court congestion in the receiving court; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign laws. *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981). The private "convenience" concerns are: (1) the availability and convenience of witnesses and parties; (2) the location of relevant books and records; (3) the cost of obtaining attendance of witnesses and other trial expenses; (4) the place of the alleged wrong; and (5) the availability of compulsory process to secure the attendance of witnesses. *Id.* The Plaintiff's choice of forum is given great deference. *See Lemery v. Ford Motor Co.*, 244 F. Supp.2d 720, 729 (S.D. Tex. 2002) (citations omitted).

**IV. Analysis**

    **A. Availability and Convenience of Witnesses and Parties**

Courts in the Southern District of Texas have often held that the convenience of key witnesses is the most important factor in the Court's determination. *See, e.g., Lemery*, 244 F. Supp.2d at 730 (citing *e.g., Gundle Lining Constr. Co. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994)). Defendant argues that all of Plaintiffs' key witnesses reside in Louisiana, including eye witnesses, police and fire personnel who responded to the accident, and treating physicians. After Plaintiffs pointed out the deficient nature of Defendant's allegations concerning the key witnesses, Defendant cited and attached to its reply the report of a Louisiana State Police Trooper who was the lead investigator on the accident at issue in this case. This report, Defendant points out, summarizes the statements of numerous witnesses who

are Louisiana residents. Additionally, Defendant has submitted medical records and reports of treating physicians, all of whom reside in Louisiana and treated Plaintiffs in Baton Rouge, Louisiana. The Court notes that this just barely cures the vague assertions Defendant put forth in its first motion to transfer venue in which it simply referenced that all police and firefighters and most health care providers reside in Louisiana and are not subject to the Court's subpoena power.

Seemingly, none of Plaintiffs' nonparty witnesses reside in this district, although the surviving Plaintiffs were transferred to medical facilities in Texas and thus current treating physicians could be called as witnesses. Defendant's defense will likely require testimony from some of the witnesses residing in Louisiana. Although Plaintiffs present affidavits to the Court from various witnesses indicating they are willing to voluntarily travel to Brownsville, Texas, to appear personally at the trial, their statements of willingness are qualified based on their ability to receive adequate leave from their jobs and compensation for travel expenses and lost wages. Undoubtedly, their task in testifying at this trial will be far more convenient if they are required to travel only minimal distances to the courthouse. Furthermore, good intentions aside, this Court would not have full subpoena power over these witnesses, and any subpoenas requiring the witnesses to travel over 100 miles would be subject to motions to quash under Federal Rule of Civil Procedure 45(c)(3).

Additionally, the location of the parties is considered in the Court's transfer analysis. It is obviously of some concern that the Plaintiffs reside in this district and are still recovering from their injuries. The collision giving rise to this lawsuit occurred on July 20, 2003. The surviving plaintiffs are now receiving on-going medical and rehabilitative treatment in the Harlingen, Texas area, within the Southern District of Texas. This treatment is likely to continue for months or years. The Court agrees that the convenience to these Plaintiffs is entitled to great consideration.

Conversely, Defendant Allied does not contend that it is inconvenienced per se by litigating in the Southern District or that one forum is inherently more convenient than the other. Allied is a large interstate carrier in the United States; Allied is incorporated in Delaware and headquartered in Indiana; and Allied does business in all 50 states.

The convenience of Allied, therefore, is neutral on the convenience issue because there is little discernable difference to Allied's convenience between Louisiana and Texas. See Mohamed v. Mazda Motor Corp., 90 F. Supp.2d 757, 776 (E.D. Tex. 2000).

Overall, nearly all nonparty witnesses for trial reside in Louisiana. As mentioned, Defendant points out the statements of those eyewitnesses and investigating officer that it feels are key witnesses. Some of these witnesses may be cumulative, but *all* of the witnesses to the accident itself and many of the treating physicians reside in Louisiana. As a result, Defendant has met its burden of demonstrating the convenience of those nonparty witnesses in the aggregate outweighs the inconvenience to Plaintiffs.

### B. Place of the Alleged Wrong

The car accident at issue in this case occurred on Interstate 10 between Butte La Rose and Whiskey Bay, Louisiana, which is within the Western District of Louisiana. Unlike many of the cases cited by the parties in their motions and responses, this case does not involve a products liability action or other action focusing on a product of some kind. Rather, Plaintiffs bring a claim of negligence involved in the collision on July 20, 2003.[2] See Mohamed, 90 F. Supp.2d at 776 (noting that the transfer analysis is different when the claim involves alleged negligent driving as opposed to defective design and manufacture of a product). Because the accident giving rise to injuries in this negligence action does not involve a product, and because it is more than mere

---

[2] The Court notes Plaintiffs have argued that Allied has failed to demonstrate the alleged wrong took place in Louisiana because "Allied's negligence in screening, hiring, training, and supervising the driver of the tractor-trailer vehicle in question, the falsification of driver's logs, and all of the violations of Department of Transportation regulations, did not occur in Louisiana." Pls' Response to Defendant's Motion to Transfer Venue, at p. 19 [Dkt. No. 32]. This argument minimizes the importance of the driver's negligence at the time of the accident. Furthermore, Plaintiffs' Third Amended Complaint does not specifically allege misconduct that occurred in Texas or in the Southern District. Rather, Plaintiffs allege negligence occurred in the screening, hiring, training, monitoring, and supervising of the driver of the tractor trailer in question without reference to the place of these alleged wrongs. Finally, to support their argument, Plaintiffs cite to cases that are distinguishable because they entail product liability generally or negligence occurring during the course of a flight where the location of the alleged wrong could not be pinpointed. See, e.g., Mohamed, 90 F. Supp.2d at 776-77; Blansett v. Continental Airlines, Inc., 203 F. Supp.2d 736, 738 (S.D. Tex. 2002). Plaintiffs' arguments will need to be fleshed out more in its choice of law briefing.

fortuity that the accident occurred in Louisiana and not Texas, the Court finds the location of the occurrence favors Louisiana. This is particularly so given the fact that the locus of the alleged wrong is a factor of primary importance to the Court. *See Henderson v. AT & T Corp.*, 918 F.Supp.1059, 1067 (S.D. Tex. 1996). *See also Lemery*, 244 F.Supp.2d at 732.

### C. Location of Sources of Proof

The location of books and records is of little importance in a personal injury action that does not involve documents concerning the design, manufacture, and marketing of certain products, which are generally more copious and perhaps less easily transmitted to opposing counsel. As Defendant has demonstrated in an attachment, many documents concerning medical treatment, medical bills, and other documents relating to the Plaintiffs' treatment, have already been turned over to Defendant. Furthermore, as one district court noted, "[n]otwithstanding, with advances in communication, transportation, and the preservation of testimony, costs and encumbrances that were once oppressive are now usually surmountable." *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 826-27 (S.D. Tex. 1993). In this case, this factor favors neither transfer nor retention of the case.

### D. Trial Expenses

Defendant does not present specific evidence indicating that a trial in the Southern District of Texas would be more costly than a trial in Louisiana, except to say, "on the whole it will be more burdensome for the Plaintiffs to attend trial in Louisiana that [sic] in Brownsville. Again, the non-party witnesses tip the balance. It will be less costly for them to attend trial in Louisiana." Def's Motion to Transfer Venue, at p. 18. It is fair to believe that the costs for the travel expenses, and the wage reimbursement on which many of the non-party witnesses rest their agreement to attend trial in Brownsville, will be greater than the costs of trying the case in Louisiana. However, some of this expense will be offset by requiring the Plaintiffs to travel from the Southern District of Texas to Louisiana. As a result, this factor favors transfer only minimally.

### E. Plaintiffs' Choice of Forum and Possibility of Delay

As previously mentioned, Plaintiffs' choice of forum is entitled to great deference. *See, e.g., Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp. 1392, 1395-96 (S.D. Tex. 1992). Nevertheless, a "plaintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative." *In re Horseshoe*, 337 F.3d at 434. Additionally, some delay is always possible when a case is transferred. In this case, discovery is not yet complete and trial is not set until jury selection in October. Only in "rare and special circumstances [will] a factor of 'delay' or of 'prejudice' . . . be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence." *Id.* Aside from the usual possibility of delay attendant with a transfer, there is no clear evidence that a special delay or prejudice should prevent this Court from transferring the case.

### F. Remaining Public Interest Factors

This Court should consider other public interest factors in its transfer determination such as court congestion in the transferee court, the local interest in adjudicating local disputes, unfairness of burdening citizens in an unrelated forum with jury duty, and the avoidance of unnecessary problems in conflict of laws. As Defendant points out, this Court and division have some of the busiest dockets in the Fifth Circuit and the country. As a result, court congestion at the least remains a neutral factor. Likewise, both Louisiana, where the accident occurred, and Texas, where the Plaintiff parties reside, have local interests in adjudicating this dispute –Louisiana's concern with promoting safety on its roadways and Texas's concern with properly compensating its injured citizens. Therefore, citizens of both forums would not be burdened by jury duty for a cause of action unrelated to their community and state. Defendant Allied has no greater connection to Texas or Louisiana in this lawsuit because the driver of the Allied truck was on his way from California to Florida and made stops in Houston, Texas, and passed through Louisiana. Thus, this factor too does not weigh either for or against transfer.

Finally, the Court assesses the avoidance of unnecessary problems in the conflict of laws. Although Defendant urges this Court to determine which law applies to the present dispute, the Court declines to do so. Plaintiffs have indicated they wish to

fully brief this issue, and the transferee court is obviously capable of making a full determination after the parties have properly briefed the subject. The Court notes, however, that under *Texas* choice of law principles, much weighs in favor of applying Louisiana law under the most significant relationship test. The injuries occurred in Louisiana and substantial conduct causing the injury occurred in Louisiana, despite Plaintiffs' arguments concerning the fortuity of the place of injury. See RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 6, 145 (1971); *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000). Furthermore, although Plaintiffs argue they wish to file a brief solely dedicated to the issue of applying Texas law, Plaintiffs currently cite to cases supporting the application of Texas law that are distinguishable because they involve product liability actions in which the place of injury was merely fortuitous and the conduct giving rise to the injury occurred somewhere other than the place of the injury. Again, we leave this detailed analysis the transferee court. This Court, however, perceives no *unnecessary* problems in the conflict of laws that would be caused by transfer.

## V. Conclusion

Admittedly, this case is a close call. However, after examining the numerous relevant venue factors applied to the specific facts in this case, the Court concludes that Defendant has carried its burden of demonstrating that a transfer to the Western Division of Louisiana where the accident giving rise to these injuries occurred is more convenient to the nonparty witnesses and promotes the interests of justice. The Court considered retaining this case based on the Plaintiffs' choice of forum and domicile within this district. However, after analyzing all the factors, the Court is satisfied that the appropriate considerations favor transfer and outweigh the substantial deference given to Plaintiffs' choice of forum.

The Court **GRANTS** Defendant's Motion to Transfer Venue [Dkt. No. 23], and **DENIES as moot** all other pending motions [Dkt. Nos. 42, 43, 45, & 47]. The Court **ORDERS** that this case be transferred to the District Court for the Western District of Louisiana.

DONE at Brownsville, Texas, this 21st day of June 2004.

_____
Hilda G. Tagle
United States District Judge