

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

GUADALUPE AND AMELIA GUERRA, §
INDIVIDUALLY AND GUDALUPE §
GUERRA AS ADMINISTRATOR §
OF THE ESTATE OF CINDY GUERRA, §
DECEASED; AMELIA GUERRA AS §
TEMPORARY GUARDIAN OF THE §
ESTATE AND PERSON OF LISA §
GUERRA, AN INCAPACITATED §
PERSON; RENE GARZA AND §
PATRICIA GARZA, INDIVIDUALLY §
AND RENE GARZA AS §
ADMINISTRATOR OF THE ESTATE §
OF JENNIFER GARZA, DECEASED; §
GRACIELLA MARROQUIN AS §    CIVIL ACTION NO. B-03-142
TEMPORARY GUARDIAN OF THE §
ESTATE AND PERSON OF §
JOSE ANGEL ALFARO, JR., §
AN INCAPACITATED PERSON §
§
VS. §
§
§
ALLIED VAN LINES, INC. §

United States District Court
Southern District of Texas
FILED

JUL 1 9 2004

Michael N. Milby
Clerk of Court

## DEFENDANT'S RESPONSE TO PLAINTIFFS'
## MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

TO THE HONORABLE JUDGE HILDA TAGLE:

COMES NOW Defendant ALLIED VAN LINES, INC. (**"ALLIED"**) and files this

RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED

COMPLAINT.

### I.

Plaintiffs have amended their complaint three times.  After the Court has ordered a

venue transfer, they ask again to amend- their sole reason is to avoid the transfer.

The Court should not tolerate any further delay. It can and should presume that Plaintiffs plead and proved the best case they had concerning 28 U.S.C. §1404(a). The proposed amendment is futile on the issue of a transfer under section 1404(a).

## II.

Plaintiffs claim they need leave to amend to allege that the negligence in monitoring and supervising occurred in Texas. Dkt #52, ¶¶4-5. Their argument is that a Texas regulation adopts the federal regulations so that violating federal law on monitoring and supervision puts the place of the wrong in Texas. Dkt #53, pp. 2-6. Plaintiffs' Third Amended Complaint did not allege violations of specific federal or Texas regulations, but it did allege negligence *per se* and that Texas law controlled. Dkt # 35, ¶¶14, 24. Plaintiffs did argue that Allied and Gorski's conduct in Texas violated federal regulations concerning Gorski's driving time and Allied's supervision. Dkt #32 (p. 19), 45(p. 9). It can hardly be said that Fourth Amended Complaint alleges some new wrongdoing not previous discussed.

Assuming these allegations raise new claims, Plaintiffs have had four prior attempts and nine months to raise them. Plaintiffs replead once before Allied answered. Dkt #4. After Allied moved to transfer, they received leave to replead to drop Sorenson and plead Texas law controlled. Dkt #27, 28. After they responded to Allied's motion, they received leave to amend again. Dkt#35, 36.

## III.

The appropriate starting point for amendment of pleading is Fed.R.Civ.P. 15(a). Under

Rule 15(a), other than in circumstances which do not apply here, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Although Rule 15(a) evinces a bias in favor of granting leave to amend, such leave is not automatic; in deciding whether to allow amendment, a district court may consider such factors as undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir.1998); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

Although not specifically set out in the standard as previously stated, the Fifth Circuit has repeatedly recognized that the untimeliness of a motion to amend is a valid reason to deny it. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 524, 524 (5th Cir.1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir.1991); *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir.1981). Rule 15(a)'s generous standard is also tempered by the necessary power of a district court to manage a case. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003); *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir.1987).

The district court at some point may assume that Plaintiffs have had a fair opportunity to plead their best case. *Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985). The Court may consider that Plaintiffs filed three amended complaints before venue was resolved and thus had every chance to cure any deficiencies. *See Jacquez v. Procunier*, 801

F.2d 789, 792-93 (5th Cir. 1986). The Court may also consider that the request to file a fifth one comes on the heels of an adverse ruling. *See U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

First, their proposed amendment is a futile attempt to allege themselves out of a section 1404(a) transfer. As Allied's Response (dkt # 54) proves, the Court already considered their "new" arguments; the Texas regulations and Plaintiffs' experts do not call into question this Court's order, one that Plaintiffs admit is " . . .thorough and thoughtful, and reflects a difficult decision reached after careful consideration of voluminous briefing." (Pl. Motion at 1; dkt #53).

Second, the proposed amendment is a transparent attempt to bolster their claim that, under the choice of law analysis, Texas law will control. However, this Court wisely decided that the transferee court in Louisiana shall make the final ruling on choice of law and denied all other pending motions (including Allied's request to amend its Answer) as moot. Order, p. 9-10, dkt # 49. The Court should do the same to Plaintiffs' motion.

Third, Plaintiffs' motion causes delay which prejudices Allied. Once before Plaintiffs received an extension of time to respond to the venue motion. Dkt #27. Then three suits against Allied arising from the same collision were filed in Louisiana, one of which is currently in the Lafayette federal district court. Transfer to a venue where related cases are pending is valuable because of the judicial economy and savings to the parties of coordinating discovery. *See Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26 (1960). By dragging out this proceeding, Plaintiffs simultaneously disrupt this Court's

docket and deny Allied the benefits of consolidating all related cases in the same locality.

## CONCLUSION

In short, Plaintiffs' Motion for Leave to File Fourth Amended Complaint should be denied.

Respectfully submitted,

By: _____

**Tom Lockhart**
Texas State Bar No. 12473500
Texas Federal I.D. No. 2257
**Roger W. Hughes**
Texas State Bar No. 10229500
Texas Federal ID No. 5950

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, TX 78551-1429
Phone No.: (956)428-7495;
Fax:(956)428-2954

**John W. Waters, Jr.**
LA State Bar No. 13258
LA Federal I.D. No. 13258
**BIENVENU, FOSTER, RYAN
   & O'BANNON**
1010 Common Street, Suite 2200
New Orleans, LA  70112-2401
Phone: (504) 581-2146;
Fax: (504) 522-7859

Attorneys for *Defendant* ALLIED VAN LINES

## Certificate of Service

I hereby certify that on this the 19th day of July, 2004, a true and correct copy of the above and foregoing pleading was mailed to counsel for Plaintiffs as follows:

Mr. Richard Warren Mithoff                    *Via CM/RRR 7003 0500 0002 3732 3416*
Mr. William J. Stradley
Ms. Janie J. Jordan
**MITHOFF & JACKS, L.L.P.**
500 Dallas Street, Suite 3450
Houston, Texas 77002
*Attorneys for Plaintiffs*

Mr. Eduardo Rodriguez                                    *Via Ordinary Mail*
Mr. Joseph A. Rodriguez
Mr. R. Patrick Rodriguez
**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**
1201 East Van Buren
Brownsville, TX 78520

Kevin Dubose
ALEXANDER DUBOSE JONES
      & TOWNSEND, LLP
1844 Harvard
Houston, TX 77008

Russell J. Weintraub
727 E. 26th Street
Austin, TX 78705

TOM LOCKHART