

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUADALUPE GUERRA, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. B-03-142 (JURY) |
| ALLIED VAN LINES, INC., | § § | |
| *Defendant.* | § § | |

**United States District Court**
**Southern District of Texas**
**FILED**
**JUL 1 9 2004**
**Michael N. Milby**
**Clerk of Court**

---

## PLAINTIFFS' REPLY TO ALLIED'S RESPONSE TO MOTION TO RECONSIDER TRANSFER ORDER AND REQUEST FOR HEARING

---

MITHOFF & JACKS, L.L.P.

RICHARD WARREN MITHOFF
*Attorney-in-Charge for Plaintiffs*
State Bar No. 14228500
Federal I.D. No. 2102
WILLIAM J. STRADLEY
State Bar No. 19353000
Federal I.D. No. 397
JANIE L. JORDAN
State Bar No. 11012700
Federal I.D. No. 17407
HERRICK L. SOVANY
State Bar No. 24037533
Federal I.D. 33292
500 Dallas, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 [FAX]

**RUSSELL J. WEINTRAUB**
State Bar No. 21098500
*Of Counsel*
727 E. 26th Street
Austin, Texas 78705

RODRIGUEZ, COLVIN, CHANEY
& SAENZ, L.L.P.

EDUARDO ROBERTO RODRIGUEZ
State Bar No. 17144000
Federal I.D. No. 1944
R. PATRICK RODRIGUEZ
State Bar No. 24002861
Federal I.D. No. 22949
*Local Counsel*
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 [FAX]

ALEXANDER DUBOSE JONES
& TOWNSEND LLP

KEVIN DUBOSE
State Bar No. 06150500
Federal I.D. No. 20300
*Of Counsel*
1844 Harvard
Houston, Texas 77008
(713) 523-2358
(713) 522-4553 [FAX]

ATTORNEYS FOR PLAINTIFFS

## Table of Contents

Table of Contents .................................................................. ii

Table of Citations ................................................................. iii

Introduction ....................................................................... 1

Plaintiffs' Request For a Hearing. .................................................. 1

Overview .......................................................................... 3

      *Burden of Proof* ............................................................ 4

      *Nature of These Proceedings* ................................................ 7

Argument and Authorities .......................................................... 8

    I.    Allied does not deny that it committed wrongful acts in Texas. ......... 8

    II.   Allied does not deny that there are no key witnesses in Louisiana whose absence at trial would prejudice Allied. ..................... 11

    III.  Allied's arguments concerning the state court cases in Louisiana are inappropriate and inaccurate. ............................... 13

    IV.  Plaintiffs are not barred from presenting a Motion to Reconsider. ................................................. 14

Prayer ........................................................................... 15

Certificate of Service ............................................................. 17

## Table of Citations

**Cases**                                                                                                          **Page**

*American Fire & Casualty v. Wal-Mart Stores, Inc.*,
    791 F. Supp. 763 (W.D. Ark. 1992) .................................... 11

*Cates v. Creamer*,
    No. Civ.A. 7:00-CV-0121-R, 2001 U.S. Dist. Lexis 12533,
    2001 WL 1196058 (N.D. Tex. 2001 Aug. 7, 2001) ...................... 10

*Ford Motor Co. v. Bright*,
    34 F.3d 322 (5th Cir. 1994) ........................................ 14

*Lajaunie v. L & M Bo-Truc Rental, Inc.*,
    261 F. Supp.2d 751 (S.D. Tex. 2004) ................................. 4

*Perkins v. Dynasty Group Auto*,
    No. 08-01-00493-CV, 2003 Tex. App. Lexis 1046, 2003 WL 22810452
    (Tex. App.—El Paso 2003, no pet.) (memorandum opinion) .............. 10

*Peteet v. Dow Chem. Co.*,
    868 F.2d 1428 (5th Cir. 1989) ....................................... 4

*Time, Inc. v. Manning*,
    366 F.2d 690 (5th Cir. 1966) ........................................ 4

TO THE HONORABLE JUDGE HILDA TAGLE:

**Introduction**

The Plaintiffs, representing members of the Guerra, Garza, and Alfaro families who were either killed or severely burned because of the illegal conduct of Allied and its driver, have requested that this Court reconsider its preliminary ruling transferring venue from the Plaintiffs' place of residence—where they have lived for many years and where the survivors are still receiving medical care—to the Western District of Louisiana.

Plaintiffs filed a motion presenting the Court with arguments that previously have been raised, but augmenting those arguments with additional evidence and case law not previously presented to the Court. Allied has filed a Response that misplaces the burden of proof, misconstrues Plaintiffs' arguments, and misstates important facts. Most importantly, it *fails* to rebut Plaintiffs' undisputed evidence that: (1) Allied committed wrongful acts in Texas that were a proximate cause of the accident, and (2) Allied could not possibly be harmed if any Louisiana fact witnesses who are adverse to it—most, if not all of which will be called live at trial by Plaintiffs—are unable for some unavoidable reason to appear at trial to testify against Allied. Because those two factors formed the basis of the Court's decision to transfer, Plaintiffs respectfully request that the Court grant their request for a hearing, reconsider its ruling, and deny Allied's motion to transfer.

**Plaintiffs' Request for a Hearing**

Plaintiffs have substantially completed their discovery. Plaintiffs have complied with

1

the scheduling order in every respect. Plaintiffs are ready for trial in compliance with the orders of this Court.

Allied has elected to conduct limited discovery and has elected not to designate any expert witnesses. It has taken no depositions and has gathered no evidence of any significance. It has defied this Court's scheduling order, and has effectively declared it void. Allied has asked that its defiance of this Court be rewarded with a transfer of venue on the eve of trial.

Allied has not provided the Court with a single statement from a single witness in support of a single assertion. It cannot cite to a single sentence in any witness statement that would be supportive of any claims or defenses it may have. It cannot establish any inconvenience on the part of any witness because it has never asked any witness whether he or she would be inconvenienced, and has ignored the fact that witnesses—who have given statements to the police that are adverse to Allied—have agreed to appear at trial without any concern for their own alleged inconvenience. They have volunteered to come because they actually have an interest in the administration of justice.

Allied has not produced a single statement from a single witness—either fact witness or expert—to support any assertion of wrongful conduct in any state other than Texas. The *only* evidence in the record in support of wrongful conduct are those statements and expert reports gathered and produced by the Plaintiffs, which establish that the violations of Texas and federal regulations that led to the driver's sleep-deprived condition occurred in Texas.

2

In short, Allied has taken no depositions, has taken no statements, and has produced no evidence for only one reason: it recognizes that its venue arguments are without merit and cannot be supported by the record. It recognizes that no defense lawyer representing Allied in this case can truthfully assert, in good faith, in open court, and on the record, that Allied could in any way be harmed if one of the witnesses who will testify against Allied is unable to attend trial for some reason. As far as Plaintiffs are aware, it would be the first time in history that a defendant claimed to a court that it needed an opportunity to accumulate more evidence against itself, and would be unfairly deprived of the opportunity to do so if venue were not transferred.

Plaintiffs and their counsel have invested considerable time, money and energy in preparation for the agreed trial setting in October. Plaintiffs have endured unbelievable heartache and hardship.

Plaintiffs very respectfully assert that they are at least entitled to one day in court—just a hearing—so that they can appear before the Court to respectfully plead that they not be uprooted from their homes and place of treatment and transferred to Louisiana, which is the home of *none* of the parties, and which has not been shown to have *any* interest in the outcome of this case.

## Overview

Before dealing directly with Allied's treatment of the "place of wrong" and "convenience of witnesses" venue considerations, Plaintiffs make two observations that color

3

much of the argument that follows.

*Burden of Proof*

First, this briefing addresses Allied's motion to transfer venue for convenience. Allied, as the movant, bears the burden of proof. *Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp.2d 751, 753 (S.D. Tex. 2004) (citing *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)). Yet, Allied has conducted no discovery, and has attached no evidence relevant to the two factors of primary importance in this venue determination. Instead, it makes unsupported assertions of important facts, fails to meet its own burden of proof, and, in some instances, attempts to shift the burden to Plaintiffs. For example:

**Allied asserts that if it violated federal regulations in Texas, those regulations also were violated in Arizona, New Mexico, Louisiana, Florida and California.** *See* Response at 4, 8. In support of this statement, Allied attaches a copy of a Louisiana statute adopting federal regulations, and provides citations to New Mexico and Arizona statutes with similar provisions. Plaintiffs agree that Allied probably regularly violates regulations at one time or another in every state in the country. But Allied does not provide any factual evidence indicating that any violations of regulations by Allied or its driver, Gorski, in any state other than *Texas* were a proximate cause of *this accident*. The proximate cause occurred a few hours before Gorski rear-ended the Plaintiffs when he got into the driver's seat in Texas in a sleep-deprived state in violation of federal and Texas regulations.

4

**Allied asserts that Louisiana law will be applied in actions filed in Louisiana state court.** Response at 7, 12. In support, Allied merely cites to copies of the initial pleadings filed in each of those cases, indicating they were filed in Louisiana. There is no proof that any of those courts have made choice of law determinations or that violations of Texas or federal regulations form a significant part of the issues in those cases.

**Allied asserts that Louisiana is the only state where an alleged violation of regulations proximately caused the collision.** Response at 4, 7. Allied does not provide any evidence to support this statement. Plaintiffs, who do not have the burden of proof, have presented undisputed evidence that the violations of federal and Texas regulations that occurred in Texas were a proximate cause of the collision, *see* Motion to Reconsider at 7-8, App. G at 1-2, App. C at 13, and have presented evidence that Allied *concedes* through its national safety officer investigating this accident that it agrees with the investigating officer that violations occurred on July 19, 2003—at a time when Gorski was in Texas:

> Q. He says that he examined the two-week period from June 30, '03 to July 13, '03, and determined, using supporting documents, that there was a distinct pattern of inaccurate and/or false entries in those records. I assume you have not done any independent research that would indicate that that is a false conclusion?
>
> A. We have not done an independent study ourselves.
>
> Q. Do you believe that to be an accurate conclusion based on his study?
>
> A. Yes, I do.
>
> Q. He then goes through and itemizes each of those failures, which I won't take you through now because you have obviously been through them,

5

and concludes that, "It is apparent that there were several times that the duty status record was falsified in an attempt to conceal hours of on-duty time and also the driving time it took to get to the locations. *It is also my opinion that Mr. Gorski exceeded the 10-hour driving rule on 7-19-03 by two to five -- by two to four hours."*

*And you believe that to be an accurate statement as well based on his investigation?*

A. *Yes, I do.*

(emphasis added). *See* Motion to Reconsider App. I at 4-5.

**Allied asserts that whether the collision was caused by sleep deprivation "depends on many evidentiary factors."** Response at 11. Yet Allied has not identified any of those evidentiary factors, and, more importantly, has not offered any proof that the collision was caused by anything other than sleep deprivation. Plaintiffs, who do not have the burden of proof, have offered undisputed proof that sleep deprivation was a proximate cause of the collision. *See* Motion to Reconsider at 7-8, App. G at 1-2, App. C at 13.

**Allied asserts that the Plaintiffs have not shown that a transfer will cause delay.** Response at 12. Allied attempts to reverse the burden of proof. As the movant, Allied has the burden to show that the transfer would not cause delay, and it has completely failed to do so. This Court's initial opinion conceded that some delay would be inevitable, Dkt. #49 at 8, and the reality of federal dockets is that the delay will be significant and devastating to these families.

**Allied asserts that the Plaintiffs are too ill to attend trial, and that there is no evidence that they will be active participants at trial.** Response at 11. In support, Allied

6

cites to previously filed photographs depicting two of the surviving Plaintiffs in a burn treatment center after the accident. Although these Plaintiffs were then, and remain, in an excruciatingly painful and impaired condition, they have never represented that they do not plan to attend and participate in their own trial. Indeed, they do intend to attend their own trial—a right they still have—despite Allied's callous attempt to disrupt their lives further by making that right all the more difficult. Allied again attempts to reverse the burden, accusing Plaintiffs of not offering proof that they plan to attend their own personal injury trial. That argument is personally offensive to the Guerra, Garza and Alfaro families and hardly merits a response.

*Nature of These Proceedings*

Second, it is important to keep in mind that this proceeding involves nothing more than a motion to transfer venue for convenience. Although this Court has expressly stated its intention to withhold any ruling on "choice of law" until a proper motion and briefing by both sides directly addressing that issue have been filed, Allied repeatedly tries to introduce that issue into the argument. *See* Response at 2, 6, 12. Moreover, Allied raises arguments about whether federal regulations create a private cause of action, as if this were a motion to dismiss for failure to state a cause of action. *See generally* Response at 5-6. This is not a motion to dismiss, and this is not the time to raise that argument. The only reason for specifically raising the regulations at this point is to demonstrate by the *undisputed* evidence that a "wrong" under both federal and Texas law occurred in Texas that was a proximate

7

cause of this accident.

## Argument and Authorities

I.   **Allied does not deny that it committed wrongful acts in Texas.**

Plaintiffs' motion for rehearing presents legal authorities and undisputed expert testimony establishing that Gorski was in violation of several federal and Texas regulations involving hours of service for truck drivers; that Allied violated those regulations by allowing Gorski to leave Texas in violation of federal and Texas regulations; that these violations caused him to be sleep-deprived when he left Texas and entered Louisiana; and that the accumulated sleep deprivation caused this collision. *See generally* Motion to Reconsider at 3-12. Allied does not squarely deny any of these allegations, except to assert that Allied's failure to monitor occurred at its offices in Indiana, and that Gorski's and Allied's violation of federal regulations in Texas could not have caused the collision in Louisiana. Allied, which has the burden of proof, offers no evidence to support these naked conclusions. Plaintiffs have offered undisputed evidence that wrongful acts occurred in Texas, and that they were a proximate cause of the collision. Plaintiffs also offer a reasonable explanation for their argument. Allowing Gorski to leave Texas in violation of federal and Texas regulations designed to guarantee that drivers have adequate sleep directly led to his sleep-deprived condition. And even though Allied's offices may have been in Indiana, it had all the technology by way of satellite monitoring devices and communications equipment on board its truck in *Texas*, and had the ability—indeed the obligation—to shut him down before

8

he left *Texas*. If Allied had enforced those regulations, it would not have allowed Gorski to leave after his stop in Highlands, Texas for another two days, and this collision never would have happened. Allied allowed him to leave after his stop in Highlands, Texas—which itself was a violation of federal and Texas regulations—in Texas.

Instead of confronting this core issue, Allied pursues rabbit trails that are either irrelevant, inaccurate, or unsupported by the record. First, it asserts that Allied and Gorski must have violated regulations in other states because other states have adopted the same federal regulations as Texas. Response at 3-4. Plaintiffs agree that Allied probably regularly violates regulations at one time or another in every state in the country. Yet Allied never demonstrates that the violations of regulations by Allied and Gorski in any state other than *Texas* were a proximate cause of *this accident*. More importantly, the relevant inquiry is not whether any wrongful conduct occurred in New Mexico or Arizona—no one is suggesting that venue be transferred to either of those states. The question is whether wrongful conduct that was a proximate cause of this accident occurred in the state where Plaintiffs chose to bring suit—Texas. Plaintiffs have conclusively proved that it did, and Allied has conceded that violations of the regulations occurred on July 19, 2003—when Gorski was in Texas. This argument is a red herring.

Second, Allied argues that the violation of federal driving regulations does not create a private cause of action. Response at 5-6. Plaintiffs strongly disagree and it is clear in any event that federal regulations can be admitted as evidence of standard of care, but until Allied

9

files a motion to dismiss for failure to state a cause of action, that issue is not ripe, and is irrelevant to determining whether, for venue purposes, wrongful acts were committed in Texas.

Finally, Allied cites two unpublished, summary judgment, choice-of-law cases in which victims of car wrecks in Texas attempted to sue in Texas, but invoke Florida law, because companies in Florida had provided cars to non-employee drivers there. *See* Response at 7 (citing *Cates v. Creamer*, No. Civ.A. 7:00-CV-0121-R, 2001 U.S. Dist. Lexis 12533, at *8, 2001 WL 1196058 (N.D. Tex. 2001 Aug. 7, 2001), and *Perkins v. Dynasty Group Auto*, No. 08-01-00493-CV, 2003 Tex. App. Lexis 1046, *10-12, 2003 WL 22810452 (Tex. App.—El Paso 2003, no pet.) (memorandum opinion)). *Cates* involved the rental of a car from Hertz in Florida. In *Perkins* a group of European travelers picked up a car from a Dynasty office in Florida and offered to drive it for free to another Dynasty office in California under Dynasty's "drive-away" program. In both cases the courts in Texas applied Texas law, not Florida law, because there was no evidence of wrongful conduct at the point of origin of the trip in Florida. Both cases are distinguishable from this one because: (1) the drivers were not employees of the defendants, Hertz and Dynasty; (2) Hertz and Dynasty had no ongoing duty to monitor the drivers' conduct; (3) the drivers did not violate federal regulations applicable to interstate truck drivers; and (4) there were no regulations placing Hertz or Dynasty in violation of federal regulations if they allowed these drivers to violate federal regulations. In short, just because no wrong was committed by the non-employer in

10

a state other than where the accident occurred in those cases, that has no bearing on whether Allied committed wrongful acts in Texas by allowing Gorski to violate hours-of-service regulations in Texas that proximately caused him to injure the Plaintiffs in Louisiana because of sleep deprivation.

## II. Allied does not deny that there are no key witnesses in Louisiana whose absence at trial would prejudice Allied.

Allied begins by wrongly asserting that Plaintiffs' argument in its Motion to Reconsider adds nothing new. In response to the Motion to Transfer, Plaintiffs primarily argued that Allied has not met its burden of identifying any witnesses, or the substance of any testimony, that it would be deprived of, to its detriment, if the case were tried in Texas. Plaintiffs also offered proof that fact witnesses in Louisiana have expressed a willingness to submit to a videotaped deposition and to attend trial. Plaintiffs stand by those arguments, but did not repeat them in the Motion to Reconsider. Instead, they based much of their argument on an opinion in a similarly postured case, *American Fire & Casualty v. Wal-Mart Stores, Inc.*, 791 F. Supp. 763, 768 (W.D. Ark. 1992). In that case the court, relying on Wright & Miller's treatise, emphasized that the sheer number of witnesses is not as important as the location of the "key witnesses," and in a case in which there is no disagreement about what happened, and the primary issue at trial is causation—as it is here—the "key witnesses" are not the fact witnesses, but the experts. Tellingly, Allied never mentions that case, and never responds to the argument, except to cite to cases saying that the court need not transfer venue to the location of experts who are hired during suit. *See* Response at 11. Allied

11

misunderstands Plaintiffs' argument: Plaintiffs are not saying that venue should remain in Texas because Plaintiffs have retained experts in Texas. Plaintiffs are saying that Allied has not met its burden of proving that this factor favors Louisiana because the key witnesses are not in Louisiana. Allied never addresses that argument.

Allied repeatedly asserts that Plaintiffs have argued that certain witnesses are "immaterial." Response at 3, 10, 11. Plaintiffs have never said that any witness was immaterial. Plaintiffs merely cited authorities for the proposition that the convenience of witnesses factor in transfer of venue analysis should focus on the key witnesses in that particular case. That should be more important than a list of fact witnesses, all of whom are adverse to the party seeking to transfer venue and are not likely to be called to testify by that party in any event.

Allied also points out that some of the witnesses on damages will be in Louisiana because the surviving Plaintiffs received their initial treatment there. That is true—although witnesses about subsequent treatment and the prospects for the future will all be in South Texas—but if those witnesses are unable to attend trial, that will impact Plaintiffs, who have the burden of proof at trial on damages, not Allied. Using a potential logistical problem for the Plaintiffs to support its own motion to transfer venue is somewhat disingenuous.

Finally, Allied incorrectly asserts that Plaintiffs "again argue that Lisa Guerra and Jose Alfaro, Jr. are too ill to attend trial in Louisiana." Response at 11. Plaintiffs have never made that argument. Although they still suffer from painful and disfiguring physical injuries

12

inflicted by Allied, Lisa and Jose and the other family members will attend and actively participate in their trial despite Allied's callous attempt to disrupt their lives further by making their attendance all the more difficult. It will be a much greater hardship if that trial is in Louisiana, hundreds of miles from their home. Allied's use of these young people's disabilities, which Allied caused, to attempt to gain tactical advantage is offensive.

### III. Allied's arguments concerning the state court cases in Louisiana are inappropriate and inaccurate.

Allied argues that this case should be transferred to federal court in the Western District of Louisiana because three cases have been filed in Louisiana state court involving other persons injured in this multi-car collision.[1] First, that argument is inappropriate in this response to a Motion to Reconsider, because that was not a part of this Court's rationale in its initial decision, and, therefore, was not addressed in the Motion to Reconsider. Second, and more importantly, Allied's arguments asserting efficiency through consolidation are simply wrong. Cases in federal court and cases in state court cannot be consolidated. Moreover, even if the cases could be consolidated, it appears as though those cases have just been filed, and that no significant discovery has been undertaken. In this case, Plaintiffs have substantially completed all of the discovery that they need to try the case, and Allied has chosen not to pursue any discovery or to designate any experts. There would be no

---

[1] One of those cases subsequently was removed to federal court by Allied.

13

advantage or efficiency to consolidating for discovery, even if the cases could be consolidated.

### IV. Plaintiffs are not barred from presenting a Motion to Reconsider.

Allied begins and ends its Response by begging the Court not to even entertain Plaintiffs' Motion to Reconsider. Sometimes Allied asserts that the arguments are the same as what has been presented before, so they should not be entertained for that reason. Response at 1, 2, 13. At other times, Allied argues that Plaintiffs are raising new arguments that have been waived. Response at 13-14. Even if matters could be simplified to that degree, if the Court cannot consider old arguments and cannot consider new arguments, there would never be any place for motions for reconsideration. That plainly is not the law.

The decision whether to reconsider a prior ruling, and whether to consider additional materials not attached to previous filings, is within the sound discretion of the trial court. *See Ford Motor Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994). The arguments presented in this Motion to reconsider are neither so old that they have already been fully presented to the Court, nor are they so new that they have been waived. Plaintiffs clearly have argued, and preserved their contentions that wrongful acts occurred in Texas, and that Allied will not be prejudiced by the loss of any witnesses who will testify against Allied if the case is not tried in Louisiana. The motion presents additional support for those arguments, and presents something new for the Court's consideration because it includes a more thorough discussion of evidence that was not thought necessary in response to the original Motion to Transfer

14

Venue, which *barely mentioned* both of these arguments. Dkt. # 23 at 17-18. Moreover, the motion cites new authorities to the Court that were not cited in previous briefing, some of which were in response to statements made in the Court's opinion that had not previously been raised in Allied's briefing (addressing, for example, the argument that the "fortuity" concept is only applied in airplane or products liability cases).

**Prayer**

For all these reasons, Plaintiffs respectfully request that the Court grant just one day—just part of one day—for a hearing before this Court, that the Court reconsider its decision to transfer this case to the Western District of Louisiana, and retain the case on this Court's docket. Plaintiffs also request any and all other relief to which they are entitled.

15

Respectfully submitted,

MITHOFF & JACKS, L.L.P.

*Of Counsel:*

RUSSELL J. WEINTRAUB
State Bar No. 21098500
727 E. 26th Street
Austin, Texas 78705

KEVIN DUBOSE
State Bar No. 06150500
Federal I.D. No. 20300
ALEXANDER DUBOSE JONES
    & TOWNSEND LLP
1844 Harvard
Houston, Texas  77008
(713) 523-2358
(713) 522-4553 [FAX]

RICHARD WARREN MITHOFF
*Attorney-in-Charge for Plaintiffs*
State Bar No. 14228500
Federal I.D. No. 2102
WILLIAM J. STRADLEY
State Bar No. 19353000
Federal I.D. No. 397
JANIE L. JORDAN
State Bar No. 11012700
Federal I.D. No. 17407
HERRICK L. SOVANY
State Bar No. 24037533
Federal I.D. 33292
500 Dallas, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 [FAX]

EDUARDO ROBERTO RODRIGUEZ
State Bar No. 17144000
Federal I.D. No. 1944
R. PATRICK RODRIGUEZ
State Bar No. 24002861
Federal I.D. No. 22949
*Local Counsel*
RODRIGUEZ, COLVIN, CHANEY
    & SAENZ, L.L.P
P.O. Box 2155
Brownsville, Texas  78522
(956) 542-7441
(956) 541-2170 [FAX]

ATTORNEYS FOR PLAINTIFFS

16

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record by certified mail, return receipt requested, and/or hand delivery, and/or fax transmission, this _____ day of July, 2004.

| | |
|---|---|
| Mr. Tom Lockhart<br>Mr. Roger Hughes<br>Adams & Graham, L.L.P.<br>P.O. Drawer 1429<br>Harlingen, Texas 78551-1429 | Mr. John W. Waters, Jr.<br>Bienvenu, Foster, Ryan & O'Bannon<br>1010 Common St., Suite 2200<br>New Orleans, Louisiana 70112-2401 |

_____
RICHARD WARREN MITHOFF

17