IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GUADALUPE AND AMELIA GUERRA, § <br> INDIVIDUALLY AND GUDALUPE § <br> GUERRA AS ADMINISTRATOR § <br> OF THE ESTATE OF CINDY GUERRA, § <br> DECEASED; AMELIA GUERRA AS § <br> TEMPORARY GUARDIAN OF THE § <br> ESTATE AND PERSON OF LISA § <br> GUERRA, AN INCAPACITATED § <br> PERSON; RENE GARZA AND § <br> PATRICIA GARZA, INDIVIDUALLY § <br> AND RENE GARZA AS § <br> ADMINISTRATOR OF THE ESTATE § <br> OF JENNIFER GARZA, DECEASED; § <br> GRACIELLA MARROQUIN AS § <br> TEMPORARY GUARDIAN OF THE § <br> ESTATE AND PERSON OF § <br> JOSE ANGEL ALFARO, JR., § <br> AN INCAPACITATED PERSON § <br> Plaintiffs, § <br> § <br> VS. § <br> § <br> § <br> ALLIED VAN LINES, INC. § <br> Defendant. § | United States District ~~ <br> Southern Distric~ <br> FIL~ <br><br> AUG 0 5 2004 <br><br> Michael N. ~ <br> Clerk of Cou~~ <br><br><br><br> CIVIL ACTION NO. B-03-142 <br><br><br> TRIAL BY JURY REQUESTED |

**ORIGINAL ANSWER OF DEFENDANT, ALLIED VAN LINES, INC., TO PLAINTIFFS' THIRD AMENDED COMPLAINT SUBJECT TO AND WITHOUT WAIVING ITS MOTION TO TRANSFER VENUE (DKT. NO. 23) AND THE COURT ORDER TRANSFERRING VENUE (DKT. NO. 49)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, **ALLIED VAN LINES, INC. ("ALLIED")** and files this Original Answer in response to Plaintiffs' Third Amended Complaint Subject to and Without Waiving its Motion to Transfer Venue (Dkt. 23) and the Court Order Transferring Venue (Dkt. No. 49) and would show the Court as follows:

I.

### Affirmative Defense

ALLIED affirmatively denies that venue is proper in the Brownsville Division of the Southern District of Texas under 28 U.S.C. § 1391 and pursuant to 28 U.S.C. § 1406(a) this Court should dismiss this lawsuit or alternatively transfer this case to the Lafayette Division of the Western District of Louisiana where the subject accident occurred. ALLIED has filed, and the Court has granted, a 28 U.S.C. 1404a Motion for Transfer Venue to the Lafayette Division of the Western District of Louisiana.

II.

1. ALLIED admits Plaintiffs, Guadalupe, Amelia and Lisa Guerra, have sued in this action in the capacities they allege. Allied is presently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in ¶ 1 and therefore, denies the same.

2. ALLIED admits Plaintiffs, Rene Garza and Patricia Garza, have sued in this action in the capacities they allege. ALLIED is presently without knowledge or information

sufficient to form a belief as to the truth of the remainder of the allegations in ¶2 and therefore, denies the same.

3. ALLIED admits that Plaintiff Graciela Marroquin and Jose A. Alfaro, Jr., have sued in the capacities they allege. Allied is presently without knowledge or sufficient information to form a belief as to the truth of the remainder of the allegations in ¶ 3 and, therefore, denies same.

4. ALLIED admits it is incorporated in the State of Delaware but its principal place of business is in the State of Illinois, not Indiana. Allied admits that it is doing business in Texas, has been served, and has answered.

5. ALLIED admits this Court has jurisdiction as alleged in ¶ 5

6. ALLIED denies that venue is proper in the Brownsville Division of the Southern District of Texas pursuant to 28 U.S.C. § 1391. ALLIED is presently without knowledge or information sufficient to form a belief as to Plaintiffs' residence and probate proceedings and, therefore, denies the same. ALLIED admits that, solely for the purposes of 28 U.S.C. §1391(c), it is deemed to reside in the Southern District of Texas because it is subject to personal jurisdiction in Texas and the Southern District of Texas.

7. ALLIED admits the allegations in ¶ 7.

8. ALLIED admits the allegations in ¶ 8.

9. ALLIED admits the allegations in ¶ 9.

10. ALLIED is presently without knowledge or information sufficient to form a belief as to how Mr. Guerra was operating his vehicle and therefore denies that portion of ¶ 10.

ALLIED admits that a tractor trailer vehicle operated on its behalf either struck or caused another vehicle to strike the Guerras' vehicle.

11.  ALLIED admits that Cindy Guerra and Jennifer Garza died and Lisa Guerra and Jose Alfaro were seriously injured, but ALLIED is presently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in ¶11 and therefore, denies the same.

12.  ALLIED admits that Lisa Guerra and Jose Alfaro suffered burns and injuries. ALLIED is presently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in ¶12 and therefore, denies the same.

13.  ALLIED admits the allegations in ¶ 13.

14.  ALLIED denies the allegations in ¶ 14.

15.  ALLIED denies the allegations in ¶ 15, which calls for legal conclusions.

16.  ALLIED denies the allegations in ¶ 16.

17.  ALLIED admits the allegations in ¶ 17.

18.  ALLIED denies the allegations in ¶ 18.

19.  ALLIED denies the allegations in ¶ 19.

20.  ALLIED denies the allegations in ¶ 20.

21.  ALLIED denies the allegations in ¶ 21.

22.  ALLIED denies the allegations in ¶ 22.

23.  ALLIED denies the allegations in ¶ 23.

24.  ALLIED denies the allegations in ¶ 24.

25.  ALLIED denies that Plaintiffs are entitled to their claims for relief contained in their Prayer, ¶ 25.

### III

### Choice of Law

ALLIED pleads the applicability of Louisiana Law.

### IV.

### Comparative Fault

If ALLIED is found to be at fault, which is denied, it is only responsible for its own degree or percentage of fault, and is not responsible for any degree or percentage of fault of others, whether a party to this action or not, including but not limited to any fault assignable to those that caused the traffic tie up before the accident in question or those responsible for the design, maintenance and operation of Interstate 10 where the accident occurred.

### V.

### Unconstitutionality of Punitive Damages

**These legal contentions are for the court only.** The claims for punitive, exemplary, or enhanced damages and/or any judgment for same are unenforceable due to the following:

  a.  On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages are criminal or quasi-criminal in nature, and Plaintiffs should therefore be required to prove the basis of such damages beyond a reasonable doubt; the failure to require Plaintiffs to do so amounts to a denial of due process and due course of law and of equal protection under the Constitutions of the United States of America and the States of Texas and/or Louisiana.

b.  On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would constitute a taking of property without due process of law in contravention of the due process and due course of law provision of the Constitutions of the United States of America and the States of Texas and/or Louisiana.

c.  On their face and as applied to the facts of this case, under Texas law the measure of damages is so vague and ambiguous that the basis of such damages cannot clearly and readily be identified in advance so as to guide the behavior of individuals and entities in their actions, thus constituting an ex post facto law, which is prohibited by the Constitutions of the United States of America and the States of Texas and/or Louisiana..

d.  On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States of America, as applied through the Fourteenth Amendment of the same constitution.

e.  On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would result in the imposition of grossly excessive or arbitrary punishment on Defendant in violation of the Fourteenth Amendment due process clause of the Constitution of the United States of America. *State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 Sup. Ct. 1513 (2003).

## V.

## LIMITATIONS ON EXEMPLARY/PUNITIVE DAMAGES

Assuming *arguendo* Texas law were to apply, the Texas Civil Practice and Remedies Code section 41.007 and 41.008 limit interest and the amount of punitive damages that can be awarded.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **ALLIED VAN LINES, INC.** prays that pursuant to 28 U.S.C. § 1406(a) this Court dismiss this lawsuit or

alternatively transfer this case to the Lafayette Division of the Western District of Louisiana where the subject accident occurred; and upon final hearing that it be discharged without liability and be granted all other relief, either in law or in equity, which the Court deems proper.

    Respectfully submitted,

**John W. Waters, Jr.**
LA State Bar No. 13258
LA Federal I.D. No. 13258
**BIENVENU, FOSTER, RYAN
   & O'BANNON**
1010 Common Street, Suite 2200
New Orleans, LA  70112-2401
Telephone No.:   (504) 581-2146
Telecopier No.:   (504) 522-7859

By: _____
**Tom Lockhart**
Texas State Bar No. 12473500
Texas Federal I.D. No. 2257
**Roger W. Hughes**
Texas State Bar No. 10229500
Texas Federal ID No. 5950
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, TX 78551-1429
Telephone No.:   (956) 428-7495
Telecopier No.:   (956) 428-2954

**ATTORNEYS FOR DEFENDANT
ALLIED VAN LINES**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of August, 2004, a true and correct copy of the above and foregoing pleading was mailed to counsel for Plaintiffs:

Mr. Richard Warren Mithoff
Mr. William J. Stradley
Ms. Janie J. Jordan
**MITHOFF & JACKS, L.L.P.**
500 Dallas Street, Suite 3450
Houston, Texas 77002
Attorneys for Plaintiffs
*Via Fax No. 713-739-8085*

Mr. Eduardo Rodriguez
Mr. Joseph A. Rodriguez
Mr. R. Patrick Rodriguez
**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**
P.O. Box 2155
Brownsville, TX 78520
*Via Fax No. 956-541-2170*

_____
TOM LOCKHART