IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 3 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| GUADALUPE AND AMELIA GUERRA, § <br> INDIVIDUALLY AND GUADALUPE GUERRA § <br> AS ADMINISTRATOR OF THE ESTATE OF § <br> CINDY GUERRA, DECEASED; AMELIA § <br> GUERRA AS TEMPORARY GUARDIAN OF § <br> THE PERSON AND ESTATE OF LISA § <br> GUERRA, AN INCAPACITATED PERSON; § <br> RENE GARZA AND PATRICIA GARZA, § <br> INDIVIDUALLY AND RENE GARZA AS § <br> ADMINISTRATOR OF THE ESTATE OF § <br> JENNIFER GARZA, DECEASED; AND § <br> GRACIELA MARROQUIN AS TEMPORARY § <br> GUARDIAN OF THE PERSON AND ESTATE § <br> OF JOSE ANGEL ALFARO, JR., AN § <br> INCAPACITATED PERSON § <br> § <br> VS. § <br> § <br> ALLIED VAN LINES, INC. § | CIVIL ACTION NO. B-03-142 <br><br> TRIAL BY JURY REQUESTED |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

COME NOW Plaintiffs and in support of their Motion for Leave to File Supplemental Authority, state as follows:

I.

The Court presently has pending before it Plaintiffs' Motion to Reconsider Transfer Order and request for oral hearing. In connection with this issue, Defendant, Allied Van Lines, Inc. ("Allied"), submitted to the Court its response brief in opposition, and Plaintiffs subsequently filed their reply brief in support.

Counsel for Plaintiffs just recently become aware of an unpublished Memorandum Order that this Court issued approximately two years ago in a case styled *Marca-Tel, S.A. De C.V. v. Thomas K. Garner; Westel, Inc., and Westel International, Inc.*, Civil Action No. B-02-034, (S.D. Tex., Brownsville, Sept. 27, 2002). In the *Marca-Tel* case, this Court denied a defendant's motion to transfer after examining and ruling on a number of issues that are factually analogous

1

to the present case. After reviewing a copy of the Order obtained off the U.S. District Court PACER system, Plaintiffs believe that this Court's decision in the *Marca-Tel* case provides additional authority that supports their Motion to Reconsider Transfer Order.

Given that it is an unpublished decision that is unavailable on Westlaw's electronic database, and the fact that Plaintiffs' counsel only just recently became aware of it, Plaintiffs respectfully request that that they be granted leave to submit the *Marca-Tel* Memorandum Order as additional authority in support of their Motion to Reconsider Transfer Order and that said Memorandum Order be made part of the record in this case. Plaintiffs additionally state that because its failure to include the *Marca-Tel* Memorandum Order in its previous filings was neither intentional nor the result of conscious indifference, and because said Order contains the reasoning and rational this Court employed in arriving at a decision on a similar motion, the Court should in the interest of justice grant Plaintiffs' Motion for Leave to Submit Supplemental Authority. For the Court's convenience, a true and correct copy of the *Marca-Tel* Memorandum Order is attached to this motion as Exhibit "A".

## II.
## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant its Motion for Leave to Submit Supplemental Authority and for any and all additional relief to which they may be entitled.

Respectfully submitted,

MITHOFF & JACKS, L.L.P.
Federal I.D. No. 17407
500 Dallas, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 [FAX]

By: _____
RICHARD WARREN MITHOFF
ATTORNEY IN CHARGE FOR PLAINTIFFS
State Bar No. 14228500
Federal I.D. No. 2102
WILLIAM J. STRADLEY
State Bar No. 19353000
Federal I.D. No. 397
JANIE L. JORDAN
State Bar No. 11012700

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 [Fax]
Local Counsel

By: _____
    Eduardo Roberto Rodriguez
    State Bar No. 17144000
    Federal I.D. No. 1944
    R. Patrick Rodriguez
    State Bar No. 24002861
    Federal I.D. No. 22949

Counsel for Plaintiffs, Guadalupe and Amelia Guerra, individually and Guadalupe Guerra as administrator of the estate of Cindy Guerra, deceased; Amelia Guerra as temporary guardian of the person and estate of Lisa Guerra, an incapacitated person; Rene Garza and Patricia Garza, individually and Rene Garza as administrator of the estate of Jennifer Garza, deceased; and Graciela Marroquin as temporary guardian of the person and estate of Jose Angel Alfaro, Jr., an incapacitated person

## CERTIFICATE OF CONFERENCE

    I hereby certify that Patrick Rodriguez has conferred with defense counsel regarding the filing of Plaintiffs' Motion for Leave to File Supplemental Authority, and that Counsel for Defendant, Allied Van Lines, Inc., is unopposed to this motion.

_____
R. Patrick Rodriguez

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record by certified mail, return receipt requested, and/or hand delivery, and/or fax transmission, this __23rd__ day of September, 2004.

| | |
|---|---|
| Mr. Tom Lockhart | Mr. John W. Waters, Jr. |
| Mr. Roger Hughes | Bienvenu, Foster, Ryan & O'Bannon |
| Adams & Graham, L.L.P. | 1010 Common St., Suite 2200 |
| P.O. Drawer 1429 | New Orleans, Louisiana 70112-2401 |
| Harlingen, Texas 78551-1429 | |

                                                R. Patrick Rodriguez

# U.S. District Court
## TXS - Southern District of Texas (Brownsville)

## CIVIL DOCKET FOR CASE #: 02-CV-34

### Marca-Tel S A De C V v. Garner, et al

Filed: 02/25/02
Assigned to: Judge Hilda G Tagle
Jury demand: Plaintiff
Demand: $0,000
Nature of Suit: 370
Lead Docket: None
Jurisdiction: Diversity
Cause: 28:1332 Diversity-Fraud

---

BEN J CUNNINGHAM
    mediator

    Ben J Cunningham
    [COR LD NTC]
    Galton Cunningham et al
    3825 Lake Austin Blvd
    Ste 403
    Austin, TX 78703
    512-477-9300

    Ben J Cunningham
    Galton Cunningham & Bourgeois
    Fax 512 477 9302
    3825 Lake Austin Blvd
    Suite 403
    Austin, Tx 78703
    512 477 9300

---

MARCA-TEL S A DE C V
    plaintiff

    Edward F Fernandes
    [COR LD NTC]
    Brobeck Phleger & Harrison LLP
    Fax No 512 330 4001
    4801 Plaza on the Lake
    Austin, Tx 78746
    512 330 4000

    Michael D Adams
    415-442-1010 fax
    [COR LD NTC]

24

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 2 7 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MARCA-TEL, S.A. DE C.V., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-02-034 |
| THOMAS K. GARNER; WESTEL, INC; and WESTEL INTERNATIONAL, INC., | § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

BE IT REMEMBERED that on September 27, 2002, the Court **DENIED** Defendants' Motion to Transfer Venue to the Western District of Texas, Austin Division [Dkt. No. 8], **DENIED** Defendants' Motion to Dismiss Under Rule 12(b)(6) and (7) [Dkt. No. 7], and **GRANTED** Plaintiff's Second Motion For Leave To Amend Its Complaint [Dkt. No. 18].

### I.  Background Facts

Plaintiff Marca-Tel, S.A. de C.V. ("Marca-Tel") has been in the business of providing international long distance telephone service since 1997 and owns a fiber-optic network in Mexico and Texas. It has contracts with Teléfonos de Mexico ("Tel-Mex") giving Marca-Tel the right to carry long distance service in Mexico.

The corporate Defendants Westel, Inc. and Westel International, Inc. (the "Westel Defendants" or "Westel") are also in the long distance telephone service business. The individual Defendant, Thomas Garner, is the president of both the Westel entities, and with his wife is the only shareholder in the companies. Westel owns switching equipment and uses third party fiber-optic networks. The Westel

1

Defendants' switching stations in Texas connect to a third party fiber-optic network, which connects to Marca-Tel's fiber-optic network.

Marca-Tel and the Westel Defendants began a business relationship in 1997. Marca-Tel agreed to handle Westel's southbound international long distance telephone traffic that originated in the United States and terminated in Mexico. The telephone traffic traveled from Westel's switching station in Austin to Marca-Tel's network near McAllen and then on to Monterrey, Mexico, where Marca-Tel has its switching station. Westel also agreed to handle Marca-Tel's northbound telephone traffic. They agreed to use a particular fiber-optic pathway called the Westel I Trunk. They also developed a Westel II Trunk for future use when and if the Westel I Trunk reached maximum capacity.

Based on these agreements, Marca-Tel entered into a contract with Progress International L.L.C., a company owned by Westel. The contract, named the International Interconnection Agreement, memorialized the Marca-Tel–Westel agreement and concerned northbound and southbound routing of telephone traffic, the rates to be paid for services, and the process that would be employed for accounting the monthly minutes used. In accordance with the contract terms, Marca-Tel began receiving monthly reports from Westel, and Marca-Tel conversely sent its monthly reports to Westel. Shortly after entering into the agreement, Garner was hired as the Director General of Marca-Tel. The position of Director General is equivalent to the position of Chief Operating Officer. At the time, Westel indirectly owned 24.5% of Marca-Tel.

In its complaint, Plaintiff alleges the balance of this factual account. Garner and Westel embarked on a scheme to defraud Marca-Tel, which entailed making a substantial profit by using the Westel II Trunk to carry southbound traffic without payment to Marca-Tel. Concealing the scheme, Garner and Westel made misrepresentations to Marca-Tel regarding the volume of Westel southbound long distance traffic. Westel's monthly statements, upon which Marca-Tel relied, did not reflect the Westel II Trunk traffic. Westel also failed to pay for the "domestic long distance" traffic that Westel originated in Mexico on Marca-Tel's network. Additionally,

2

Westel failed to pay for 1-800 and "toll free" services sold to customers. In essence, Westel charged its customers for these services but failed to report the use to Marca-Tel. As a result, Westel and Garner made substantial profit by collecting customer payments without paying Marca-Tel for use of its Trunk II network used to carry southbound telephone traffic into Mexico. Marca-Tel subsequently suffered millions of dollars in damages.

II.   **Motion to Transfer Venue to the Western District of Texas**

Title 28 United States Code Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Defendant bears the burden of demonstrating to the Court that it should transfer the case. See Peteet v. Dow Chemical Co., 868 F.2d 1428, 1436 (5th Cir.1989); Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir.1966). The decision to transfer the case rests within the sound discretion of the Court, and its determination is reviewed under an abuse of discretion standard. See Peteet, 868 F.2d at 1436 ("A motion to transfer venue is addressed to the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion.").

"The Court weighs the following factors when deciding whether a venue transfer is warranted: the availability and convenience of witnesses and parties, the location of counsel, the location of pertinent books and records, the cost of obtaining attendance of witnesses and other trial expenses, the place of the alleged wrong, the possibility of delay and prejudice if transfer is granted, and the plaintiff's choice of forum, which is generally entitled to great deference." Smirch v. Allied Shipyard, Inc., 164 F. Supp. 2d 903, 912-13 (S.D. Tex. 2001). See also, e.g., Henderson v. AT & T Corp., 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); Continental Airlines, Inc. v. American Airlines, Inc., 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992) (discussing the importance of the plaintiff's choice of forum in light of the policies underlying § 1404(a)).

   A.   **The Availability and Convenience of Witnesses and Parties**

Defendants argue that they and all of their defense witnesses reside in the

3

Western District of Texas, while no witnesses reside in the Southern District of Texas. Plaintiff contends that many of the witnesses who live in Mexico cannot easily attend a trial in Austin, Texas, because of the inconvenience of international travel, the necessity of obtaining travel papers, and the lack of convenient flights from Monterrey, Mexico, to Austin.

"At an absolute minimum, Defendant must identify key witnesses and provide a brief summary of their likely testimony in an effort to demonstrate to the Court why it would be inconvenient for them to testify in [Brownsville]. Without a realistic and comprehensive summary of the testimony, it is impossible for the Court to determine if a witness' appearance is cumulative or unnecessary for trial." See McGinnis v. Eli Lilly & Co., 181 F. Supp. 2d 684, 688 (S.D. Tex. 2002) (citing LeBouef v. Gulf Operators, Inc., 20 F. Supp. 2d 1057, 1060 (S.D. Tex.1998)). Defendants wrote a letter to the Court after the hearing held on August 26, 2002, attempting to list trial witness and detail the topics on which they would testify. That letter is not a part of the record and is not considered.

Defendants have failed to persuade the Court that Brownsville, Texas, is an inconvenient venue for all of the witnesses, and, in fact, the trial's progression in Brownsville seemingly will make it more likely that all witnesses will be able to attend.

**B.    The Location of Counsel**

In the instant case, lead counsel for Plaintiff and Defendants are located in Austin, Texas. However, Plaintiff and Defendants have hired local counsel. The Court concurs with numerous other courts that of the factors listed in Smirch, 164 F. Supp. 2d at 912-13, the location of counsel is entitled to the least consideration.[1]

**C.    The Location of Pertinent Books and Records**

"When considering a motion to transfer venue, the location of documents and business records is usually given little weight, unless the documents are so voluminous their transport is a major undertaking." EEOC v. Mustang Mobile Homes, 88 F. Supp.

---

[1]Indeed, the vast majority of cases hold that this factor is entitled to little or no consideration at all. See 15 Wright, Miller & Cooper § 3850, at 412-13 n.5-6 (1986).

2d 722, 726 (W.D. Tex. 1999) (citations and internal quotations omitted). As in <u>Mustang Mobile Homes</u>, Defendants simply provide the location of the documents, but fail to show which documents are relevant, nor do they assert that those documents would be so voluminous "that transporting them would be impractical" or a "major undertaking." <u>Id</u>. As Defendants have provided only a cursory argument that the location of documents favors a transfer, they have not sustained their burden on this point.

### D. The Cost of Obtaining Attendance of Witnesses and Other Trial Expenses

As discussed above in Section II.A., Defendants have not convinced the Court that litigating the dispute in the Western District, Austin Division, would diminish trial costs, as compared to the corresponding cost of trying the case in Brownsville, such that a transfer of venue is warranted.

### E. The Place of the Alleged Wrong

Defendants argue that the contract was negotiated in Austin and the statements at issue were made in Austin, making the Western District of Texas the most convenient venue. Plaintiff alleges that additional acts forming the basis of the complaint took place in Monterrey, Mexico. Plaintiff also asserts that the telephone traffic, both northbound and southbound, traveled through switching stations and fiber-optic networks located in the Southern District of Texas. Because at least some of the alleged conduct forming the basis of the complaint occurred in the Southern District of Texas, this factor does not weigh in favor of transfer.

### F. The Possibility of Delay and Prejudice If Transfer Is Granted

Absent any delays that may be inherent in a transfer of venue, the Court cannot determine with specificity whether a transfer would delay the case or prejudice the parties. Consequently, this factor is given little weight and it alone is not dispositive as to the transfer of venue.

### G. The Plaintiff's Choice of Forum

Defendants argue that Plaintiff's choice of forum should be given little, if any, deference in this case because the Plaintiff is a non-resident. The cases cited by

5

Defendants do not stand for the proposition that the non-resident plaintiff's choice of forum is given no weight. Rather, the cases articulate the proposition that the residence of the plaintiff is simply one factor of many to be considered. In balancing all of the factors cited above, the Court finds that none considered, individually or in the aggregate, outweighs Plaintiff's choice of forum. See Lebouef v. Gulf Operators, Inc., 20 F. Supp. 2d 1057, 1061 (S.D. Tex. 1998). Cf. Americas Ins. Co. v. Engicon, Inc., 894 F. Supp. 1068, 1075 (S.D. Tex. 1995) (stating that plaintiff's choice of forum alone is not controlling but is among the factors to be considered).

For the reasons stated above, Defendants' Motion to Transfer Venue is hereby **DENIED**.

### III. Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)

Defendants argue that Plaintiff's conspiracy to commit fraud and aiding and abetting claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." A district court cannot dismiss a complaint or any part of it, for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A motion to dismiss under 12(b)(6) is disfavored and rarely granted. See Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 365 (5th Cir. 2000); Lowrey v. Texas A & M University System, 117 F.3d 242, 247 (5th Cir.1997). In deciding if the plaintiff has stated a claim upon which relief can be granted, the Court must accept all well-pleaded facts as true and resolve every doubt in favor of the plaintiff. Id. at 247. The plaintiff, however, must plead "'specific facts, not mere conclusory allegations . . . . or unwarranted deductions of fact,'" in order to avoid dismissal for failure to state a claim. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994)).

#### A. Plaintiff's conspiracy to commit fraud claim

Defendants argue that Plaintiff's conspiracy claim fails because an employee

6

acting in the course and scope of his duties cannot conspire with the corporation or other corporate agents acting in their agency capacity. Moreover, Defendant argues that a corporation cannot conspire with its own agents acting within the course and scope of their employment. Plaintiff responds that it has a valid claim because the alleged co-conspirators were Garner, who was acting in his capacity as Director General of Marca-Tel, and agents and employees of Westel.

Under Texas law, "[a]n actionable civil conspiracy requires a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983). Furthermore, "[a]s a matter of [Texas] law, a corporation or other company cannot conspire with itself, no matter how many of its agents participate in the complained of action." Elliott v. Tilton, 89 F.3d 260, 265 (5th Cir.1996). A corporate agent, however, can conspire with its corporation if the agent is not acting in his corporate capacity. See Texas-Ohio Gas, Inc. v. Mecom, 28 S.W.2d 129, 138 (Tex.App.–Texarkana 2000, no pet.); Fojtik v. First Nat'l Bank of Beeville, 752 S.W.2d 669, 673 (Tex.App.–Corpus Christi 1988), writ denied, 775 S.W.2d 632 (Tex.1989). "Although agents of a corporation cannot form a conspiracy while acting in their corporate capacity, agents can conspire with each other if they are acting in a different capacity or for a personal purpose of their own." Texas-Ohio Gas, 28 S.W.2d at 138. The complaint clearly alleges that Garner was acting in a capacity other than as an agent or employee of Westel –namely, as the Director General of Marca-Tel.

Defendants further argue that corporations cannot conspire with their subsidiaries and, as a corollary, corporations cannot conspire with related entities. Texas courts are divided on the issue of whether a corporation can conspire with its subsidiaries. Compare Atlantic Richfield Co. v. Misty Products, Inc., 820 S.W.2d 414, 420 (Tex.App.-Houston [14 th Dist.] 1991, writ denied) (holding as a matter of law, a parent corporation cannot conspire with its fully owned subsidiary), with Holloway v. Atlantic Richfield Co., 970 S.W.2d 641, 644 (Tex.App.-Tyler 1998, no writ) (holding that the rule that a parent corporation cannot conspire with its wholly owned subsidiary is only true in the antitrust context). In Grizzle v. Texas Commerce Bank N.A., 38 S.W.3d

7

265, 284 (Tex.App.–Dallas 2001, pet. granted), the court of appeals held that separate legal entities can conspire to commit a tort despite their relationship as corporation and wholly owned subsidiary. By Defendants' own admission, Westel, Inc. and Westel International, Inc. are merely related corporations and do not share a parent-subsidiary relationship [Defendants' Motion to Dismiss, p. 2-3 at ¶¶ 7-8]. Plaintiff's conspiracy cause of action, therefore, states a claim upon which relief may be granted.

### B.    Plaintiff's aiding and abetting claim

Although the Texas Supreme Court has not yet had the occasion to recognize a cause of action for aiding and abetting, the Fifth Circuit has recognized, if only implicitly, an aiding and abetting cause of action under Texas law. See Thomas v. Barton Lodge II, Ltd., 174 F.3d 636, 647 (5th Cir. 1999) (holding limitations period is four years for a claim of fraud "based on a defendant's aiding and abetting a co-defendant"). Defendants' citation to case law defining the contours of aiding and abetting law under the Securities Exchange Act is not persuasive nor appropriately applied under the common law of Texas. Plaintiff has stated a cause of action for aiding and abetting fraud.

For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's claims for conspiracy to commit fraud and aiding and abetting fraud is hereby **DENIED**.

### IV.    Defendants' Motion to Dismiss Pursuant to Rule 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) states that to prevail, a defendant must show there is at least one party (1) who should be joined if feasible (a necessary party), (2) whose joinder is not feasible, and (3) in whose absence the action cannot proceed in equity and good conscience (an indispensable party).[2] The proponent of the motion

---

[2]Federal Rule of Civil Procedure 19(a) provides the factors for determining who is a necessary party:
> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated

8

holds the burden of demonstrating that an absent party is indispensable and that the action should be dismissed. See Nottingham v. General Am. Communications Corp., 811 F.2d 873, 880 (5th Cir.1987) (rejecting defendant's argument to dismiss because the defendant failed to establish the necessary grounds). Defendants argue that any alleged fraud would have necessarily included the participation of Don Gustavo de la Garza Ortega, Craig McBurnett and "others." This argument fails because it has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. See Temple v. Synthes Corporation, Ltd., 498 U.S. 5, 6 (1990); Lawlor v. National Screen Service Corp., 349 U.S. 322, 329-330 (1955); Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U.S. 111, 132 (1912).

Defendants also argue that Plaintiff's claims are based on its contract with Progress International L.L.C., a company owned by Westel, and thus, "Plaintiff should have brought those claims against Progress, a necessary party." [Defendants' Motion to Dismiss, p. 4 at ¶16]. This bald assertion alone, without benefit of legal or evidentiary support, does not convince the Court that Progress is a necessary party. Plaintiff has specifically pled claims that are not based on any contract it might have with Progress. Indeed, the causes of action are based in tort and quasi-contract against the named Defendants.

For the reasons stated above, Defendants' Motion to Dismiss for failure to join necessary parties is hereby **DENIED**.

### V.     Plaintiff Marca-Tel's Second Motion For Leave To Amend Its Complaint

The Court notes that Plaintiff's certificate of conference indicates that Defendants are opposed to Plaintiff's Motion for Leave to Amend. Defendants, however, did not respond to this motion or offer any legal or factual justification for

---

that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations ...

denying the motion. The amended complaint does not appear to have been filed for dilatory reasons or in bad faith and will not unduly delay this litigation. Therefore, Plaintiff Marca-Tel's Second Motion For Leave To Amend [Dkt. No. 18] is hereby **GRANTED**.

## VI.    Conclusion

For the reasons stated above, Defendants' Motion to Transfer Venue to the Western District of Texas, Austin Division [Dkt. No. 8] and Defendants' Motion to Dismiss Under Rule 12(b)(6) and (7) [Dkt. No. 7], are hereby **DENIED**. Moreover, Plaintiff Marca-Tel's Second Motion For Leave To Amend Its Complaint [Dkt. No. 18] is hereby **GRANTED**.

DONE at Brownsville, Texas, this 27th day of September, 2002.

Hilda G. Tagle
United States District Judge

10