IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUADALUPE AND AMELIA GUERRA, INDIVIDUALLY AND GUDALUPE GUERRA AS ADMINISTRATOR OF THE ESTATE OF CINDY GUERRA, DECEASED; AMELIA GUERRA AS TEMPORARY GUARDIAN OF THE ESTATE AND PERSON OF LISA GUERRA, AN INCAPACITATED PERSON; RENE GARZA AND PATRICIA GARZA, INDIVIDUALLY AND RENE GARZA AS ADMINISTRATOR OF THE ESTATE OF JENNIFER GARZA, DECEASED; GRACIELLA MARROQUIN AS TEMPORARY GUARDIAN OF THE ESTATE AND PERSON OF JOSE ANGEL ALFARO, JR., AN INCAPACITATED PERSON | § § § § § § § § § § § § § § § § § § § | |
| VS. | § § § | CIVIL ACTION NO. B-03-142 |
| ALLIED VAN LINES, INC. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'**
**MOTION TO FILE SUPPLEMENTAL AUTHORITY**

**Tom Lockhart**
**Roger W. Hughes**
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, TX 78551-1429

**John W. Waters, Jr.**
**BIENVENU, FOSTER, RYAN**
  **& O'BANNON**
1010 Common Street, Suite 2200
New Orleans, LA  70112-2401


**ATTORNEYS FOR DEFENDANT**
**ALLIED VAN LINES**

TO THE HONORABLE JUDGE HILDA TAGLE:

COMES NOW Defendant ALLIED VAN LINES, INC. (**"ALLIED"**) and files this RESPONSE TO PLAINTIFFS' MOTION TO FILE SUPPLEMENTAL AUTHORITY.

Despite thorough prior briefing, Plaintiffs now seek to file a two-year-old unpublished opinion as "additional" authority in support of their motion for reconsideration of this court's order transferring this case to the Western District of Louisiana. Plaintiffs' request is both unhelpful and untimely.

Review of the unpublished decision demonstrates that it is neither analogous nor persuasive in relation to the instant case. *Marca-Tel, S.A. De C.V. v. Thomas K. Garner, Westel, Inc., and Westel Internat'l, Inc.*, Civil Action No. B-02-034 (S.D.Tex. Sept. 27, 2002), involved a sophistocated technology contract and fraud, not an automobile accident. The services provided in *Marca-Tel* contractually covered several areas in Texas as well as Mexico–unlike our automobile accident, the location of which is pinpointed in Louisiana. The plaintiff in *Marca-Tel,* brought suit in Brownsville, Texas, where some of technological services forming the basis of its complaint occurred. Moreover, the case involved a Texas contract, and there were no choice of law issues involved. Any Texas court could apply Texas state law, and the choice was merely between two Texas venues.

Moreover, as the *Marca-Tel* decision demonstrates, the defendants there wholly failed to carry their burden of proof in relation to virtually every relevant transfer factor. The *Marca-Tel* defendants failed to provide sufficient evidence concerning key witnesses allegedly inconvenienced by the suit's location, failed to show the relevance of documents they claimed justified transfer, failed to convince the court that litigation in the transfer forum would be less expensive, and failed to even acknowledge that plaintiffs' choice of forum was a factor. In short, the *Marca-Tel*

1

defendants did not bear their legal burden of demonstrating to the court that it should transfer the case from Brownsville to Austin Texas.

By contrast, Allied has provided this court with factually-based, well-reasoned arguments justifying the transfer of the instant case from Texas to Louisiana, where the automobile accident occurred. This court, in its sound discretion, granted Allied's motion and transferred the case to the Western District of Louisiana. The court's decision to do so was not an abuse of discretion, as plaintiffs' argue in their motion for reconsideration. Plaintiffs' motion for reconsideration should be denied.

## CONCLUSION

For these reasons and those stated in our prior briefs and the opinion of this Court, Defendant Allied Van Lines respectfully asks the Court to deny Plaintiffs' Motion for Reconsideration.

Respectfully submitted,

By: /s/ Roger W. Hughes
**Tom Lockhart**
Texas State Bar No. 12473500
Texas Federal I.D. No. 2257
**Roger W. Hughes**
Texas State Bar No. 10229500
Texas Federal ID No. 5950

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, TX 78551-1429
Phone No.: (956)428-7495;
Fax:(956)428-2954

**John W. Waters, Jr.**
LA State Bar No. 13258
LA Federal I.D. No. 13258
**BIENVENU, FOSTER, RYAN
 & O'BANNON**

        1010 Common Street, Suite 2200
        New Orleans, LA  70112-2401
        Phone: (504) 581-2146;
        Fax: (504) 522-7859

        Attorneys for *Defendant* ALLIED VAN LINES

<u>Certificate of Service</u>

I hereby certify that on this the 28th day of September, 2004, a true and correct copy of the above and foregoing document was mailed to counsel as follows:

| | |
|---|---|
| Mr. Richard Warren Mithoff<br>Mr. William J. Stradley<br>Ms. Janie J. Jordan<br>**MITHOFF & JACKS, L.L.P.**<br>500 Dallas Street, Suite 3450<br>Houston, Texas 77002<br>*Attorneys for Plaintiffs* | *Via CM/RRR 7003 0500 0002 3732 3874* |
| Mr. Eduardo Rodriguez<br>Mr. Joseph A. Rodriguez<br>Mr. R. Patrick Rodriguez<br>**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**<br>1201 East Van Buren<br>Brownsville, TX 78520 | *Via Ordinary Mail* |
| Kevin Dubose<br>**ALEXANDER DUBOSE JONES & TOWNSEND, LLP**<br>1844 Harvard<br>Houston, TX 77008 | *Via Ordinary Mail* |
| Russell J. Weintraub<br>727 E. 26th Street<br>Austin, TX 78705 | *Via Ordinary Mail* |

        /s/    Roger W. Hughes
        **ROGER W. HUGHES**