IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GUADALUPE GUERRA, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-03-142 (JURY) |
| ALLIED VAN LINES, INC., | § § | |
| Defendant. | § § | |

## PLAINTIFFS' MOTION TO COMPEL DEFENDANT ALLIED VAN LINES, INC. TO DESIGNATE EXPERTS

MITHOFF & JACKS, L.L.P.

RICHARD WARREN MITHOFF
*Attorney-in-Charge for Plaintiffs*
State Bar No. 14228500
Federal I.D. No. 2102
WILLIAM J. STRADLEY
State Bar No. 19353000
Federal I.D. No. 397
JANIE L. JORDAN
State Bar No. 11012700
Federal I.D. No. 17407
HERRICK L. SOVANY
State Bar No. 24037533
Federal I.D. 33292
500 Dallas, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 [FAX]

RODRIGUEZ, COLVIN, CHANEY
& SAENZ, L.L.P.

EDUARDO ROBERTO RODRIGUEZ
State Bar No. 17144000
Federal I.D. No. 1944
R. PATRICK RODRIGUEZ
State Bar No. 24002861
Federal I.D. No. 22949
*Local Counsel*
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 [FAX]

ATTORNEYS FOR PLAINTIFFS

TO THE HONORABLE HILDA TAGLE:

Plaintiffs file this Motion to Compel Defendant Allied Van Lines, Inc. ("Allied") to Designate Experts, and would respectfully show that Allied should either be compelled to take the depositions of Plaintiffs' experts and timely designate its experts and produce expert reports or be precluded from designating any experts.

## INTRODUCTION

This is a suit for severe personal injuries and deaths arising out of gross negligence on the part of Allied and its driver. An Allied tractor-trailer traveling at a high rate of speed struck the rear of a stopped vehicle in which the Plaintiffs or their family members were passengers, causing it to burst into flames. Two passengers in the vehicle were burned to death. Two survivors were severely burned over 65-80 percent of their bodies.

As of this date, Allied has refused to take the depositions of any of Plaintiffs' experts, thereby avoiding ever having to designate its experts under the provisions of this Court's ongoing scheduling order.

## CHRONOLOGY OF DISCOVERY AND MOTIONS

November 25, 2003: The parties filed the Joint Discovery/Case Management Plan (Dkt. #17) reflecting a Rule 26(f) telephone conference of November 11, 2003, which provides the following: (1) "The parties have agreed to this discovery plan"; (2) "Plaintiffs anticipate that they will be able to designate and provide reports from their experts by April 1, 2004 [and] Defendants anticipate that they will be able to designate and provide reports from their experts by May 17, 2004"; (3) "Defendants anticipate taking the depositions of Plaintiffs' expert witnesses that are designated and anticipate completing these depositions on or before the proposed discovery deadline of July 31, 2004"; and (4) "The planned discovery can reasonably be completed by July 31, 2004."
See Dkt. # 17, at pp. 4-5, ¶¶ 9.F & H, 10, 12.

January 23, 2004: Allied filed a Motion to Transfer Venue (Dkt. # 23).

January 26, 2004: Agreed Scheduling Order (Dkt. # 26) signed, in which the parties agreed that the Plaintiffs' experts would be named, with a report furnished, by May 3, 2004; Allied's experts would be named, with a report

furnished, within 30 days of the depositions of the Plaintiffs' experts; and discovery would be completed by August 2, 2004.

February 11, 2004 to March 31, 2004: Plaintiffs took eight depositions—two in Harlingen, Texas, and six in Fort Wayne, Indiana.

May 7, 2004: Plaintiffs designated and provided reports of ten expert witnesses, in compliance with the Agreed Scheduling Order.

May 24, 2004: Counsel for Allied advised counsel for Plaintiffs in a telephone conversation that Allied was not going to proceed with depositions of Plaintiffs' experts until this Court ruled on its Motion to Transfer Venue.

May 25, 2004: Plaintiffs, in light of this Court's discovery deadline of August 2, 2004, sent counsel for Allied a letter confirming Allied's position and placing Allied on notice that its position of unilateral abatement of discovery would cause Plaintiffs extreme prejudice. See App. A.

June 21, 2004: Court granted Allied's Motion to Transfer Venue.

June 22, 2004: Court granted Plaintiffs' Motion to Stay Transfer of Venue.

## ARGUMENT

Approximately seven (7) months ago, Plaintiffs timely designated and produced reports of their experts witnesses, in compliance with the Agreed Scheduling Order that is in effect. Since that time, Allied has refused to depose the Plaintiffs or their experts, and has refused to designate its own experts, thus bringing discovery to a complete standstill. Plaintiffs have sustained serious injuries and are entitled to proceed expeditiously toward the litigation of their claims before memories fade and evidence disappears.

Defendant Allied's refusal to engage in any deposition or discovery on the merits of the case pending a final ruling, whether by this Court or an appeal, is unreasonable, and will only result in further unconscionable delay.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request that the Court enter an Order requiring Allied to either take the depositions of Plaintiffs' experts and timely designate its experts and produce expert reports or be precluded from designating any experts, and for any and all other relief to which they are entitled.

Respectfully submitted,

MITHOFF & JACKS, L.L.P.

*/s/ Richard Warren Mithoff*
RICHARD WARREN MITHOFF
ATTORNEY IN CHARGE FOR PLAINTIFFS
State Bar No. 14228500
Federal I.D. No. 2102
WILLIAM J. STRADLEY
State Bar No. 19353000
Federal I.D. No. 397
JANIE L. JORDAN
State Bar No. 11012700
Federal I.D. No. 17407
HERRICK L. SOVANY
State Bar No. 24037533
Federal I.D. 33292
500 Dallas, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 [FAX]

*/s/ Eduardo Roberto Rodriguez*
Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal I.D. No. 1944
R. Patrick Rodriguez
State Bar No. 24002861
Federal I.D. No. 22949
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
Local Counsel
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 [Fax]

Counsel for Plaintiffs, Guadalupe and Amelia Guerra, individually and Guadalupe Guerra as administrator of the estate of Cindy Guerra, deceased; Amelia Guerra as temporary guardian of the person and estate of Lisa Guerra, an incapacitated person; Rene Garza and Patricia Garza, individually and Rene Garza as administrator of the estate of Jennifer Garza, deceased; and Graciela Marroquin as temporary guardian of the person and estate of Jose Angel Alfaro, Jr., an incapacitated person

## CERTIFICATE OF CONFERENCE

I, hereby certify that Plaintiffs' counsel has conferred with defense counsel regarding the filing of Plaintiffs' Motion to Compel Defendant Allied Van Lines, Inc. to Designate Experts. Counsel for Defendant, Allied Van Lines, Inc., is opposed to this Motion.

_____
R. Patrick Rodriguez

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of December, 2004, a true and correct copy of the foregoing instrument was forwarded to all counsel of record by certified mail, return receipt requested, and/or hand delivery,

Mr. Tom Lockhart
Mr. Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. John W. Waters, Jr.
Bienvenu, Foster, Ryan & O'Bannon
1010 Common St., Suite 2200
New Orleans, Louisiana 70112-2401

_____
R. Patrick Rodriguez