IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 4 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GUADALUPE GUERRA, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-03-142 (JURY) |
| ALLIED VAN LINES, INC., | § § | |
| Defendant. | § | |

**PLAINTIFFS' MOTION FOR SCHEDULING ORDER AND STATUS CONFERENCE**

MITHOFF & JACKS, L.L.P.

RICHARD WARREN MITHOFF
*Attorney-in-Charge for Plaintiffs*
State Bar No. 14228500
Federal I.D. No. 2102
WILLIAM J. STRADLEY
State Bar No. 19353000
Federal I.D. No. 397
JANIE L. JORDAN
State Bar No. 11012700
Federal I.D. No. 17407
HERRICK L. SOVANY
State Bar No. 24037533
Federal I.D. 33292
500 Dallas, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 [FAX]

RODRIGUEZ, COLVIN, CHANEY
& SAENZ, L.L.P.

EDUARDO ROBERTO RODRIGUEZ
State Bar No. 17144000
Federal I.D. No. 1944
R. PATRICK RODRIGUEZ
State Bar No. 24002861
Federal I.D. No. 22949
*Local Counsel*
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 [FAX]

ATTORNEYS FOR PLAINTIFFS

TO THE HONORABLE HILDA TAGLE:

Plaintiffs file this Motion for Scheduling Order and Status Conference in accordance with FRCP 16, and would respectfully show as follows:

### INTRODUCTION

This is a suit for severe personal injuries and deaths arising out of gross negligence on the part of Allied and its driver. An Allied tractor-trailer traveling at a high rate of speed struck the rear of a stopped vehicle in which the Plaintiffs or their family members were passengers, causing it to burst into flames. Two young girls, Jennifer Garza, age 9, and Cindy Guerra, age 18, were trapped in the car, and burned to death. Two survivors, Jose Angel Alfaro, Jr., age 21, and Lisa Guerra, age 21, were severely burned over 65-80 percent of their bodies. Both continue to need medical care and rehabilitation for their extensive injuries.

This Honorable Court granted Defendant's Motion to Transfer Venue, and the next day granted Plaintiffs' Motion to Stay said Order. These actions mooted the former scheduling order. *See,* Exhibit "A", Former Scheduling Order. As the Court may note from the Former Scheduling Order, all discovery should have been completed by August of this year. However, nearly six months after that deadline discovery is not yet complete and has reached a standstill. Plaintiffs therefore move the Court to enter a new Scheduling Order to facilitate the timely and orderly disposition of this matter.

### CHRONOLOGY OF DISCOVERY AND MOTIONS

November 25, 2003: The parties filed the Joint Discovery/Case Management Plan (Dkt. #17) reflecting a Rule 26(f) telephone conference of November 11, 2003, which provides the following: (1) "The parties have agreed to this discovery plan"; (2) "Plaintiffs anticipate that they will be able to designate and provide reports from their experts by April 1, 2004 [and] Defendants anticipate that they will be able to designate and provide reports from their experts by May 17, 2004"; (3) "Defendants anticipate taking the depositions of Plaintiffs' expert witnesses that are designated and anticipate completing these depositions on or before the proposed discovery deadline of July 31, 2004"; and (4) "The planned discovery can reasonably be completed by July 31, 2004."
See Dkt. # 17, at pp. 4-5, ¶¶ 9.F & H, 10, 12.

January 23, 2004: Allied filed a Motion to Transfer Venue (Dkt. # 23).

January 26, 2004: Agreed Scheduling Order (Dkt. # 26) signed, in which the parties agreed that the Plaintiffs' experts would be named, with a report furnished, by May 3, 2004; Allied's experts would be named, with a report furnished, within 30 days of the depositions of the Plaintiffs' experts; and discovery would be completed by August 2, 2004.

February 11, 2004 to March 31, 2004: Plaintiffs took eight depositions—two in Harlingen, Texas, and six in Fort Wayne, Indiana.

May 7, 2004: Plaintiffs designated and provided reports of ten expert witnesses, in compliance with the Agreed Scheduling Order.

**May 24, 2004: Counsel for Allied advised counsel for Plaintiffs in a telephone conversation that Allied was not going to proceed with depositions of Plaintiffs' experts until this Court ruled on its Motion to Transfer Venue.**

May 25, 2004: Plaintiffs, in light of this Court's discovery deadline of August 2, 2004, sent counsel for Allied a letter confirming Allied's position and placing Allied on notice that its position of unilateral abatement of discovery would cause Plaintiffs extreme prejudice. See App. A.

June 21, 2004: Court granted Allied's Motion to Transfer Venue.

June 22, 2004: Court granted Plaintiffs' Motion to Stay Transfer of Venue.

## ARGUMENT

Since the Order staying the Order Transferring Venue, no discovery has occurred. The discovery process can and should move forward in the interest of resolving this matter pending a decision on the motion to transfer.

The court retains power under FRCP 16 to enter a Scheduling Order. Pretrial conferences and scheduling orders improve the quality of justice rendered in the federal courts by sharpening the preparation and presentation of cases, tending to eliminate trial surprise, and improving, as well as facilitating, the settlement process. *See* 6 Wright & Miller, Federal Practice and Procedure: Civil § 1522 (1971). Thus, judicial efficiency and the promotion of justice would be served pending resolution on the venue motion.

Moreover, failure to enter a new Scheduling Order will have a chilling effect on further discovery, promote uncertainty, and cause unnecessary delay. As Justice Thomas Reavley opined in *Southern Pacific Transp. Co. v. Stoot*, 530 S.W.2d 930 (Tex. 1975):

> Delay haunts the administration of justice. It postpones the rectification of wrong and the vindication of the unjustly accused. It crowds the dockets of the courts, increasing the costs for all the litigants, pressuring judges to take short cuts, interfering with the prompt and deliberate disposition of those causes in which all parties are diligent and prepared for trial, and overhanging the entire process with the pall of disorganization and insolubility. But even these are not the worst of what delay does. The most erratic gear in the justice machinery is at the place of fact finding, and the possibilities for error multiply rapidly as time elapses between the original fact and its judicial determination. If these facts are not fully and accurately determined, then the wisest judge cannot distinguish between merit and demerit. If we do not get the facts right, there is little chance for the judgment to be right.

*Id.* at 931.

The discovery process has not moved forward for the six months since the Former Scheduling Order was mooted. Despite Plaintiffs' efforts to continue the discovery process, Defendant has taken an obstructionist position, neither deposing Plaintiffs' experts nor designating defense experts. Defendant will not move forward with discovery in the absence of a new Scheduling Order. Therefore, Plaintiffs respectfully request that a new Scheduling Order be entered by the Court to avoid further and unnecessary delay.

### CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request that the Court enter a Scheduling Order outlining new deadlines for the discovery process, enter an Order for a Status Conference, and for any and all other relief to which they are entitled.

Respectfully submitted,

MITHOFF & JACKS, L.L.P.

RICHARD WARREN MITHOFF
ATTORNEY IN CHARGE FOR PLAINTIFFS
State Bar No. 14228500
Federal I.D. No. 2102
WILLIAM J. STRADLEY
State Bar No. 19353000
Federal I.D. No. 397
JANIE L. JORDAN
State Bar No. 11012700
Federal I.D. No. 17407
HERRICK L. SOVANY
State Bar No. 24037533
Federal I.D. 33292
500 Dallas, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 [FAX]

*/s/ Eduardo Roberto Rodriguez*
Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal I.D. No. 1944
R. Patrick Rodriguez
State Bar No. 24002861
Federal I.D. No. 22949
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
Local Counsel
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 [Fax]

Counsel for Plaintiffs, Guadalupe and Amelia Guerra, individually and Guadalupe Guerra as administrator of the estate of Cindy Guerra, deceased; Amelia Guerra as temporary guardian of the person and estate of Lisa Guerra, an incapacitated person; Rene Garza and Patricia Garza, individually and Rene Garza as administrator of the estate of Jennifer Garza, deceased; and Graciela Marroquin as temporary guardian of the person and estate of Jose Angel Alfaro, Jr., an incapacitated person

## CERTIFICATE OF CONFERENCE

I, hereby certify that Plaintiffs' counsel has conferred with defense counsel regarding the filing of Plaintiffs' Motion for Scheduling Order and for Status Conference. Counsel for Defendant, Allied Van Lines, Inc., is opposed to this Motion.

_____
Eduardo Roberto Rodriguez

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of January, 2005, a true and correct copy of the foregoing instrument was forwarded to all counsel of record by certified mail, return receipt requested, and/or hand delivery,

Mr. Tom Lockhart
Mr. Roger Hughes
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. John W. Waters, Jr.
Bienvenu, Foster, Ryan & O'Bannon
1010 Common St., Suite 2200
New Orleans, Louisiana 70112-2401

_____
Eduardo Roberto Rodriguez